# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262<br>Master File No. 1:11-md-2262-NRB<br><br><br>Hon. Naomi Reice Buchwald |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS |  |

**CONSOLIDATED COPY OF SUBMISSIONS RELATED TO DEFENDANTS'
<u>RULE 56.1 STATEMENT OF MATERIAL UNDISPUTED FACTS</u>**

Pursuant to the Court's direction [ECF No. 4545], Defendants hereby submit this consolidated copy of:

- Defendants' Rule 56.1 Statement of Material Undisputed Facts [ECF No. 4168], filed on October 4, 2024,

- Plaintiffs' Responses to Defendants' Rule 56.1 Statement of Material Undisputed Facts [ECF No. 4333], filed on November 22, 2024,

- Defendants' Reply to Plaintiffs' Response to Defendants' Statement of Material Undisputed Facts [ECF No. 4444], filed on January 21, 2025, and

- Errata to Plaintiffs' Responses to Defendants' Rule 56.1 Statement of Material Undisputed Facts [ECF No. 4526-2], filed on February 7, 2025.

For ease of review, the aforementioned submissions are reproduced below in the following order: (i) table of contents in Defendants' Rule 56.1 Statement of Material Undisputed Facts, (ii) preliminary statements in the aforementioned submissions, (iii) table of defined terms utilized in Defendants' Rule 56.1 Statement of Material Undisputed Facts, and (iv) statements of material undisputed fact contained in Defendants' Rule 56.1 Statement of Material Undisputed Facts followed by Plaintiffs' responses thereto and, where applicable, Defendants' replies thereto and/or Plaintiffs' errata to their responses. The segments of this document that come from filings by Plaintiffs are noted with light gray shading, and statements from Plaintiffs' Errata are shown in red text (and for ease of reference are also shown herein in redline in Plaintiffs' responses to Defendants' Statements of Material Undisputed Fact where applicable, notwithstanding that Plaintiffs' errata were submitted after Defendants replied to Plaintiff's responses). For purposes of this consolidated filing, all footnote numbers herein correspond to the original footnote numbers reflected in the above-referenced filings. Pagination in the table of contents below corresponds to pagination in this filing, not pagination in Defendants' Rule 56.1 Statement of Material Undisputed Facts as filed at ECF No. 4168.

## <u>TABLE OF CONTENTS IN DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL UNDISPUTED FACTS</u>

I.      PANEL BANKS ................................................................................................. 19

II.     SCOPE OF DISCOVERY .................................................................................. 20

III.    BACKGROUND .................................................................................................. 24

        A.      LIBOR ...................................................................................................... 24

                1.      Overview .......................................................................................... 24

                2.      BBA LIBOR Instruction .................................................................. 25

                3.      BBA Guidance and Commentary ..................................................... 27

                4.      BBA Witness Testimony .................................................................. 32

                5.      Foreign Exchange & Money Markets Committee ........................... 38

                6.      Wheatley Review .............................................................................. 41

        B.      Panel Bank Submission Processes ........................................................... 42

        C.      Interdealer Brokers .................................................................................. 119

IV.     THE RECORD DOES NOT SUPPORT PLAINTIFFS' CONSPIRACY
        ALLEGATIONS ................................................................................................ 124

        A.      There Is No Direct Evidence of a Conspiracy ....................................... 124

                1.      Panel Bank Witness Testimony ...................................................... 124

                2.      BBA Witness Testimony ................................................................ 165

                3.      Government Investigation Findings ................................................ 167

        B.      The Evidence Is Inconsistent with Plaintiffs' Conspiracy Allegations ............. 189

                1.      Expert Evidence Regarding Panel Bank Submissions and the Alleged
                        Conspiracy ...................................................................................... 191

                2.      Documents and Panel Bank Witness Testimony Indicating Absence of
                        Interbank Collaboration .................................................................. 213

                3.      Representative Facts Illustrating the Differing Financial Conditions of
                        the Panel Bank Defendants .............................................................. 251

V.      THE RECORD DOES NOT SUPPORT PLAINTIFFS' PERSISTENT
        SUPPRESSION ALLEGATIONS ..................................................................... 296

        A.      There Is No Evidence of Systematic or Persistent Suppression of LIBOR
                Submissions ............................................................................................. 296

                1.      Panel Bank Witness Testimony ...................................................... 296

                2.      Government Investigation Findings ................................................ 324

3.      Findings by Courts Adjudicating Private Actions with Similar Evidence.................................................................................. 336

B.      The Evidence Is Inconsistent with Plaintiffs' Allegations of Persistent Suppression.......................................................................................... 340

C.      The Evidence Is Inconsistent with Plaintiffs' Profit-Motive Theory of Suppression.......................................................................................... 360

D.      The Alternative Benchmark Plaintiffs Use to Estimate "But-For" LIBOR........ 368

## PRELIMINARY STATEMENT TO DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL UNDSIPUTED FACTS

Pursuant to Civil Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendants submit the following Statement of Material Undisputed Facts in Support of Their Joint Motion for Summary Judgment:

## PRELIMINARY STATEMENT TO PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL UNDSIPUTED FACTS

Pursuant to Local Civil Rule 56.1(b) of the United States District Courts for the Southern and Eastern Districts of New York, FFFP Plaintiffs and OTC Plaintiffs ("Plaintiffs") submit the following responses to Defendants' *Statement of Material Undisputed Facts in Support of Their Joint Motion for Summary Judgment* ("Defendants' Rule 56.1 Statement"). In addition, and pursuant to that same Rule, Plaintiffs are also separately submitting their *Plaintiffs' Joint Counterstatement of Rule 56.1 Statement of Material Undisputed Facts* ("PJC"). Plaintiffs note as follows regarding their responses to Defendants' Rule 56.1 Statement.

First, Plaintiffs have endeavored to jointly address each of Defendants' assertions in a short and concise manner, presenting objections, agreement, and/or disputes (together with supporting evidence) as appropriate. To the extent FFFP Plaintiffs and OTC Plaintiffs are asserting different objections, agreements, and/or disputes, each's position is set forth separately.

Second, the fact that Plaintiffs may not object to specific assertions or certain evidence presented by Defendants should not be construed as an admission that Plaintiffs believe the assertion or evidence to be admissible at trial, and Plaintiffs specifically reserve the right to object to any assertion or evidence presented by Defendants on any basis whatsoever.

Third, to the extent Plaintiffs' responses contain information concerning the specific USD LIBOR fix or specific USD LIBOR submissions of one or more Panel Banks, Plaintiffs are relying on the following: For 1m USD LIBOR, PX0301; for 3m USD LIBOR, PX0302; for 6m USD

LIBOR PX1528, and for 12m USD LIBOR, PX1529 (all exhibits are denoted as "PX####" and are attached to the Declaration of William Christopher Carmody in Opposition to Defendants' Join Motion for Summary Judgement on Upstream Issues ("Carmody Decl.").

    <u>Fourth</u>, to the extent Plaintiffs' responses contain information identifying the speakers in audio files, Plaintiffs are relying on deposition testimony, as well as the following: Bank of America's Second Amended R&Os to Plaintiffs' Third Set of ROGs) (February 12, 2024) (PX1579); Credit Suisse's Amended R&Os to Plaintiffs' Third Set of ROGs (May 21, 2024) (PX1668); JPMorgan's Revised R&Os to Plaintiffs' Third Set of ROGs) (January 26, 2024) (PX1696); Declaration of ███████ (April 30, 2024) (PX0706); Declaration of ███████ (May 13, 2024) (PX1669); Barclays' R&Os to Plaintiffs' Third Set of ROGs (March 21, 2024) (PX1665); Declaration of Peter Johnson (August 27, 2024) (PX0419); Citi's R&Os to Plaintiffs' Third Set of ROGs (March 21, 2024) (PX1667); Deutsche Bank's R&Os to Plaintiffs' Third Set of ROGs (March 21, 2024) (PX1670); HSBC's R&Os to Plaintiffs' Third Set of ROGs (March 21, 2024) (PX1675); Lloyds' Amended R&Os to Plaintiffs' Third Set of ROGs (March 28, 2024) (PX1702); Norinchukin's R&Os to Plaintiffs' Third Set of ROGs (March 21, 2024) (PX1581); Rabobank's R&Os to Plaintiffs' Third Set of ROGs (March 21, 2024) (PX1705); Portigon's R&Os to Plaintiffs' Third Set of ROGs (March 21, 2024) (PX1706).

    <u>Fifth</u>, Defendants have provided the Court a Table of Defined Terms, but the definitions in that Table are not presented as statements of fact, and even if they were, Defendants provide no evidentiary support for the asserted definitions. The Court may therefore disregard those definitions. *See Severino v. 436 W. L.L.C.*, No. 13-CV-3096 (VSB), 2015 WL 12559893, at *3 (S.D.N.Y. Mar. 19, 2015). However, solely for purposes of responding to Defendants' Rule 56.1 Statement, Plaintiffs will construe the terms contained in the Table as defining how Defendants

are using the terms in their Rule 56.1 Statement rather than assertions that the terms are actually defined as Defendants have defined them.

**General Objections.** In addition, many of Defendants' assertions are objectionable on six, overarching bases:

<u>First</u>, many of Defendants' "facts" are merely recitations of evidence. Defendants quote documents, audio recordings, and deposition testimony and ask Plaintiffs to admit or deny that Defendants have accurately quoted or characterized that material. To the extent that Plaintiffs admit such assertions, Plaintiffs are admitting only that the material specifically cited by Defendants is consistent with Defendants' specific assertion; this is the case even when Plaintiffs refer generally to the cited Exhibit(s) as opposed to the specific portions of the Exhibit(s) cited by Defendants. Plaintiffs expressly do not admit any inference to be drawn from the evidence cited by Defendants in their Rule 56.1 Statement, but to the extent any inferences can be drawn, those inferences must be drawn in Plaintiffs' favor. *See Von-Ary v. Cain, LLC*, No. 05 CIV. 991 (LAP), 2009 WL 1835934, at *1 (S.D.N.Y. June 26, 2009) ("To the extent possible, all facts are construed and all reasonable inferences are drawn in favor of Plaintiff, the non-moving party."). Notwithstanding, Plaintiffs have endeavored to refer to paragraphs or sections of their own Rule 56.1 Statement that further demonstrates that any inference to be drawn the record evidence supports Plaintiffs' claims in this litigation.

<u>Second</u>, Defendants' Rule 56.1 Statement includes assertions that relies on record evidence that cannot be presented in a form that would be admissible in evidence, contrary to Federal Rule of Civil Procedure 56(c)(2) and Local Civil Rule 56.1(d). The Court may properly disregard these assertions. *See Zoulas v. New York City Dep't of Educ.*, No. 1:18-CV-2718-GHW, 2021 WL 3932055, at *16 (S.D.N.Y. Sept. 1, 2021).

Third, Defendants' Rule 56.1 Statement includes assertions that relies on record evidence that are not, in fact, consistent with the assertion for which it is cited. The Court may properly disregard these assertions. *See Severino v. 436 W. L.L.C.*, No. 13-CV-3096 (VSB), 2015 WL 12559893, at *3 (S.D.N.Y. Mar. 19, 2015).

Fourth, Defendants' Rule 56.1 Statement improperly presents the opinions of their experts, which Plaintiffs' experts dispute, as facts. Expert opinions are not facts. The Court may properly disregard these assertions. *See Kravitz v. Binda*, No. 1:17-CV-7461-ALC-SN, 2022 WL 1052684, at *6 (S.D.N.Y. Apr. 4, 2022).

Fifth, Defendants' Rule 56.1 Statement improperly asserts as "facts" questions asked by Defendants' counsel of their own witnesses at depositions, or their witnesses' responses to those leading questions. The Court may properly disregard these assertions. *See FDIC v. Murex LLC*, 500 F. Supp. 3d 76, 118 n.32 (S.D.N.Y. 2020).

Sixth, Defendants' Rule 56.1 Statement includes assertions that are not "material," in that their trueness or falsity will not affect the outcome of these cases, or they are not "facts," in that they are opinions or legal conclusions.

Seventh, Defendants' Rule 56.1 Statement misquotes, mischaracterizes, or otherwise selectively presents the cited evidence.

Eighth, Defendants' Rule 56.1 Statement improperly asserts as "facts" legal conclusions that must ultimately be decided by the jury, such as whether the Panel Banks had entered into a contract, combination, conspiracy. The Court may properly disregard these assertions. *See Cameron v. City of New York*, 598 F.3d 50, 54 (2d Cir. 2010).

Finally, Defendants cite experts without reference to the cases in which they are proffered to testify. OTC Plaintiffs' experts (Dr. Bernheim and Dr. Cragg) have not been proffered in any

FFFP case and FFFP Plaintiffs' experts (Dr. Snow and Dr. Marx) have not been proffered in the OTC Plaintiffs' case. Each case in this MDL maintains its separate character, *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 406 (2015) ("[C]ases consolidated for MDL pretrial proceedings ordinarily retain their separate identities"), and FFFP Plaintiffs lack standing to admit or deny statements attributed to Drs. Bernheim and Cragg, and OTC Plaintiffs lack standing to admit or deny statements attributed to Drs. Snow and Marx. FFFP Plaintiffs and OTC Plaintiffs therefore do not respond to the asserted "facts" about the other plaintiffs' experts. For the sake of the record, FFFP Plaintiffs would adopt the response of OTC Plaintiffs to Defendants assertions regarding Dr. Bernheim and/or Dr. Cragg, and OTC Plaintiffs would adopt the response of FFFP Plaintiffs to Defendants' assertions regarding Dr. Snow and Dr. Marx.

In the interest of brevity, Plaintiffs have endeavored to use the below symbols to denote the above objections applicable to each of Defendants' assertions. By identifying (or by not identifying) their objections herein, Plaintiffs are not waiving any right—rather, Plaintiffs explicitly reserve the right—to object, on any basis whatsoever, to Defendants' attempted use or introduction of any evidence in these proceedings at any stage.

| | |
|---|---|
| a | Defendants' assertion accurately quotes the cited documents or testimony, but Plaintiffs dispute all inferences that Defendants may seek to draw in their favor from such assertions, documents, and/or testimony. |
| b | Defendants' cited evidence is incapable of being converted into admissible evidence and is therefore properly disregarded by the Court. *See* Fed. R. Civ. P. 56(c)(2). |
| c | Defendants' assertion is the offered opinion of their expert, not facts. |
| d | Defendants' assertion is either a question posed by a Defendant's counsel or a response to a leading question posed by a Defendant's counsel. |
| e | Defendants' assertion is not a "material" fact. |
| f | Defendants' assertion misquotes, mischaracterizes, or otherwise selectively presents the cited evidence. |

| g | Defendants' assertion or the evidence on which it relies is a legal conclusion, no facts. |

## PRELIMINARY STATEMENT TO DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL UNDSIPUTED FACTS

Defendants respectfully submit this reply ("Reply") to Plaintiffs' Responses to Defendants' Rule 56.1 Statement of Material Undisputed Facts ("56.1 Responses" or "56.1 Resps.") [ECF No. 4333]. Plaintiffs fail to identify a triable issue of material fact warranting denial of Defendants' motion for summary judgment. Indeed, Plaintiffs admit the overwhelming majority of the facts in Defendants' Rule 56.1 Statement of Material Undisputed Facts ("Defendants' Statement" or "Defs.' Stmt.") [ECF No. 4168]. Nonetheless, their strategy is to attempt to create the *appearance* of triable issues by (i) raising baseless disputes as to inferences that reasonably can be drawn from the record materials submitted; (ii) adding immaterial excerpts from the documents or testimony cited by Defendants that do not create a triable issue of material fact; (iii) raising invalid evidentiary or materiality objections to documents, admissible expert opinions, and deposition testimony; (iv) claiming to identify disputes purportedly supported by citations to exhibits that have been "intentionally omitted" from the Declaration of William Christopher Carmody in Opposition to Defendants' Joint Motion for Summary Judgment on "Upstream Issues" ("Carmody Declaration" or "Carmody Decl.") [ECF No. 4280]; (v) invoking general objections in response to admitted facts; (vi) including general objections which are not incorporated into specific responses; and (vii) offering legal arguments without contravening evidence. At the end of the day, there is no evidence, and no reasonable inferences can be drawn from Plaintiffs' 56.1 Responses, that Defendants persistently suppressed their USD LIBOR submissions or conspired to persistently suppress their USD LIBOR submissions throughout the Relevant Period.

Plaintiffs' 56.1 Responses should be disregarded on at least twelve grounds. *First*, despite admitting the overwhelming majority of the factual statements set forth in Defendants' Statement, Plaintiffs' specific responses frequently seek to create the illusion of a dispute by loading their admissions with gratuitous qualifications and conclusory assertions, and by arguing that certain sweeping inferences should not be drawn from a particular factual statement—notwithstanding that Defendants do not claim such inferences.[1]  Plaintiffs' manufactured disputes, done by cross-references to their Joint Counterstatement of Rule 56.1 Statements of Material Undisputed Facts ("Joint Counterstatement" or "Pls.' Counterstmt.") [ECF No. 4331], are insufficient to create a triable issue of material fact because (i) Plaintiffs do not dispute the accuracy of Defendants' factual assertions, *Geoghan v. Long Island R.R.,* 2009 WL 982451, at *6 (E.D.N.Y. Apr. 9, 2009) ("Since plaintiff's response does not dispute the accuracy of the assertion, the assertion is deemed to be admitted by plaintiff for purposes of this motion."); and (ii) the Joint Counterstatement fails to put forward evidence that gives rise to a triable issue of material fact, *see Costello v. N.Y. State Nurses Ass'n*, 783 F. Supp. 2d 656, 661 n.5 (S.D.N.Y. 2011) ("If the non-moving party controverts any statement, the non-moving party must cite to evidence that would be admissible at trial to show that the controverted statement is, in fact, in dispute."); *see also generally* Defendants' Responses to Plaintiffs' Rule 56.1 Joint Counterstatement of Material Undisputed Facts ("Defendants' Counterstatement Response" or "Defs.' Counterstmt. Resps.").  Such manufactured disputes—to the extent that they are truly disputes at all—do not create a triable issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Factual disputes that are irrelevant or unnecessary will not be counted.").

---

[1] *See* 56.1 Resps. ¶¶ 17, 19-26, 30, 36-38, 40, 43-44, 49-55, 60-63, 66, 68-76, 79, 81, 84-88, 91-93, 95, 99-100, 102, 108-110, 118-122, 125, 127-130, 132-136, 139-142, 148-152, 156-163, 165, 174-181, 183-185, 187-192, 197-207, 209-282, 284-285, 287-289, 291, 294, 297-301, 304, 306, 308-310, 313, 315, 318, 322-324, 361-419, 424-469, 489-493, 508-562, 564-595, 602-605, 611-635.

*Second*, Plaintiffs' specific responses frequently admit Defendants' statements of fact but interject immaterial excerpts from the documents or testimony cited by Defendants.[2]  These interjections do not create a triable issue of material fact.  *Risco v. McHugh*, 868 F. Supp. 2d 75, 85 n.2 (S.D.N.Y. 2012) ("[T]he Statement improperly interjects arguments and/or immaterial facts in response to facts asserted by Defendant, without specifically controverting those facts."); *Buckman v. Calyon Secs. (USA) Inc.*, 817 F. Supp. 2d 322, 328 n.42 (S.D.N.Y. 2011) ("56.1 statements not explicitly denied by plaintiff are deemed admitted.").

*Third*, Plaintiffs object that Defendants' Statement "includes assertions that relies [*sic*] on record evidence that cannot be presented in a form that would be admissible in evidence" and state the Court "may properly disregard these assertions."  56.1 Resps. at 3.  Because Plaintiffs' objections fail to identify controverting evidence, the Court should disregard them as to Defendants' statements that Plaintiffs admit.[3]  *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 314 (2d Cir. 2008) ("An objection to the admissibility of a document is not the equivalent of a contention that the document's contents are untrue.").  As to statements that Plaintiffs dispute, Plaintiffs fail to show that any particular evidence relied on by Defendants is inadmissible or incapable of being converted into admissible evidence.[4]

*Fourth*, Plaintiffs object that Defendants' Statement "improperly presents the opinions of their experts, which Plaintiffs' experts dispute, as facts."  56.1 Resps. at 3-4.  Admissible expert

---

[2] *See* 56.1 Resps. ¶¶ 15, 19-24, 30, 43, 72, 135, 217, 356-357, 370, 372, 374, 376-380, 387, 392-394, 405-406, 412-413, 415, 551.

[3] *See* 56.1 Resps. ¶¶ 4-11, 17, 24-25, 29-30, 45, 50-55, 61, 63, 71, 76, 84, 99, 108-109, 111-117, 121-122, 127, 130, 132, 139, 142, 169, 178-181, 185, 188-189, 198-207, 210, 215, 217-218, 222, 225, 227-232, 235, 240-249, 253-257, 264-277, 279-282, 284-285, 288-289, 291, 294, 297-301, 304, 306, 308-310, 313, 315, 318, 322-324-, 327-332, 336-338, 341-348, 363-371, 383-390, 395-396, 407, 426-429, 440-441, 450-455, 457, 459-462, 464-466, 469, 472-487, 489, 495-506, 508-519, 521-522, 527-528, 532, 536-537, 539-541, 544-547, 553, 556-559, 561-562, 564, 566, 568-569, 572, 575-591, 593-594, 596-605, 636-637.

[4] *See* 56.1 Resps. ¶¶ 10, 28, 110, 118-120, 187, 208, 212-214, 216, 220, 224, 258-260, 287, 325-327, 463, 468, 520, 534-535, 542, 560, 563, 592, 611, 629.

opinions may properly be relied on in a 56.1 Statement. *Olin Corp. v. Lamorak Ins. Co.*, 332 F. Supp. 3d 818, 838 (S.D.N.Y. 2018) (denying motion to strike portion of 56.1 statement relying on expert opinion, because "the summary judgment standard requires a court to consider all relevant admissible evidence, and there can be no question that expert opinions, as a general matter, are admissible so long as they meet the criteria set forth in Federal Rule of Evidence 702") (cleaned up). Plaintiffs do not contest the admissibility of the expert opinions offered by Defendants except as to limited portions of Dr. Carlton's analysis, and therefore Plaintiffs' objections to Defendants' statements of fact supported by expert opinions[5] have no legal basis. As to their limited objections to Dr. Carlton's testimony, Plaintiffs are simply wrong for the reasons set forth in Defendants' opposition to Plaintiffs' *Daubert* motion.

*Fifth*, Plaintiffs object that Defendants' Statement "improperly asserts as 'facts' questions asked by Defendants' counsel of their own witnesses at depositions." 56.1 Resps. at 4. Plaintiffs make this objection only to close-ended deposition testimony, where it is necessary to know the question asked in order to understand the testimony.[6] However, close-ended testimony is admissible and therefore may be relied on in support of a motion for summary judgment. *Patino v. Brady Parking, Inc.*, 2017 WL 5198192, at *4 (S.D.N.Y. Oct. 31, 2017) (considering material facts as undisputed based on testimony such as "Q. '... Prior to 2011, was Brady Parking, Inc. in business?' A. 'Yes.'").

*Sixth*, Plaintiffs object that certain testimony in Defendants' Statement was elicited by leading questions. *See* 56.1 Resps. at 4. The Court may disregard these boilerplate objections—Plaintiffs fail to establish that any of the testimony to which they object is inadmissible; indeed,

---

[5] *See* 56.1 Resps. ¶¶ 328-332, 336-338, 360, 607-610, 612-620, 622-626.
[6] *See* 56.1 Resps. ¶¶ 39, 258, 259, 629.

Plaintiffs repeatedly make this objection[7] without addressing circumstances that allow leading questioning[8] or specifying what makes the questions at issue, in fact, leading. *S.E.C. v. Cole*, 2015 WL 5737275, at *4 (S.D.N.Y. Sept. 19, 2015) (rejecting blanket objections and unsupported boilerplate assertions). In any case, Plaintiffs' admissibility objection does not create a triable issue of material fact. Plaintiffs do not contest the accuracy of Defendants' statements, and any testimony purportedly resulting from leading questioning could be elicited through non-leading questioning at trial. *See Macshane v. City of N.Y.*, 2015 WL 1298423, at *4 n.4 (E.D.N.Y. Mar. 23, 2015) ("[A] transcript of a deposition . . . may not be in a form that is admissible, but the underlying testimony would be admissible at trial subject to its compliance with the Federal Rules of Evidence, and therefore may be considered by the Court at the summary judgment phase."), *aff'd sub nom. Herlihy v. City of N.Y.*, 654 F. App'x 40 (2d Cir. 2016); *Major League Baseball*, 542 F.3d at 314 ("An objection to the admissibility of a document is not the equivalent of a contention that the document's contents are untrue.").

*Seventh*, Plaintiffs object that Defendants' Statement "includes assertions that are not 'material,' in that their trueness or falsity will not affect the outcome of these cases." 56.1 Resps. at 4.[9] The Court is under no obligation to accept Plaintiffs' self-serving interpretation of what facts are material. *See Cooper v. City of New Rochelle*, 925 F. Supp. 2d 588, 605 n.13 (S.D.N.Y. 2013) (rejecting challenge on basis of relevance and materiality to a statement contained in a 56.1

---

[7] *See* 56.1 Resps. ¶¶ 39, 84, 99, 130, 132, 189, 198-208, 210, 212-215, 218, 220, 222, 225, 227, 229-232, 235, 240-245, 247-249, 253-259, 264-267, 269-273, 276-277, 279-281, 381-382, 454-455, 459, 522, 535-536, 539-542, 544-547, 556-559, 561-562, 564, 566, 629.

[8] *See, e.g.*, 56.1 Resps. ¶ 132 (objecting to testimony as leading questioning); Paskowitz Decl. [ECF No. 4180], Ex. 5 (S. Lawry Dep. Tr. 242:16-18) (███████████████████████████████████████████); *see also United States v. Mohamed*, 2022 WL 3703200, at *9 (E.D.N.Y. Aug. 26, 2022) (finding objections not made during deposition waived).

[9] *See* 56.1 Resps. ¶¶ 5-11, 17, 24, 28, 30, 39, 63, 76, 108-122, 166-167, 169, 172, 174-175, 180-181, 183, 185, 187-190, 194-197, 208, 216-217, 224, 228, 236, 246, 264-282, 284-285, 287-289, 291, 294, 297-301, 304, 306, 308-310, 313, 315, 318, 322-332, 341-348, 370, 372-373, 381-382, 397-398, 422-429, 440-441, 450-453, 457, 460-466, 468-469, 472-487, 489-493, 495-506, 508-522, 534, 553, 560, 563, 571-605, 607-628, 630-637.

Statement).  In any case, this qualification does not create a triable issue of material fact because, again, Plaintiffs do not dispute the accuracy of Defendants' factual assertions with any supporting evidence.  *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 458 n.1 (S.D.N.Y. 2011) ("Responses . . . which do not point to any evidence in the record that may create a genuine issue of material fact, do not function as denials, and will be deemed admissions of the stated fact.").  Moreover, it is proper for Defendants' Statement to include background information pertinent to the issues in dispute.  *See Mizel Roth IRA ex rel. Consol. Asset Funding 3 LP v. Unified Cap. Partners 3 LLC*, 2022 WL 3359759, at *1-2 (S.D.N.Y. Aug. 15, 2022) (citing defendants' statement of facts in "Factual Background" section of ruling).

*Eighth*, Plaintiffs' 56.1 Responses include citations to exhibits that Plaintiffs intentionally omitted as attachments to the Carmody Declaration.  In their preliminary statement, Plaintiffs rely upon fourteen exhibits to identify speakers in audio files produced by Defendants, yet Plaintiffs intentionally omitted thirteen of those exhibits.[10]  To the extent Plaintiffs rely upon omitted exhibits to identify speakers in audio files, the Court should disregard Plaintiffs' identifications.  The Court should also deem Defendants' statements admitted by Plaintiffs to the extent Plaintiffs rely on exhibits that Plaintiffs intentionally omitted.[11]

*Ninth*, the preamble to Plaintiffs' 56.1 Responses includes nine general objections that Plaintiffs incorporate by reference into their specific responses through seven superscript letter annotations, even to specific statements Plaintiffs admit.  *See* 56.1 Resps. at 2-5.  Plaintiffs' assertion of these general objections to statements of material undisputed facts they admit[12] lack any effect.  *Farooqi v. N.Y. Dep't of Educ.*, 2021 WL 1549981, at *1 n.1 (S.D.N.Y. Apr. 20, 2021)

---

[10] *See* 56.1 Resps. at 2; Carmody Decl. ¶¶ 750, 1647, 1738.
[11] *See* 56.1 Resps. ¶¶ 7, 27, 172, 197, 346, 347, 606, 623-626.
[12] *See* 56.1 Resps. ¶¶ 4-11, 15, 29, 45, 67, 80, 111-116, 169, 194, 196, 328-332, 336, 355-357, 360, 422-423, 470, 495-506, 596-601, 628, 630-631, 634.

("In several instances in [Plaintiff's] 56.1 statement, she admits to a fact but also objects based on [the] Federal Rule[s] of Evidence . . . with no further explanation.  This is insufficient to create an issue of material fact.").  Where Plaintiffs offer only general objections to dispute a statement of material undisputed fact,[13] those too fail to create a triable issue of material fact.  *Frederick v. Cap. One Bank (USA), N.A.*, 2018 WL 1583289, at *2 (S.D.N.Y. Mar. 27, 2018) ("[T]o the extent Defendants' statements are *only* disputed by reference to 'general objections,' the Court will deem them undisputed.") (emphasis in original).

*Tenth*, Plaintiffs object that Defendants' Statement contains statements that "are not 'facts,' in that they are opinions."  56.1 Resps. at 4.  Plaintiffs do not incorporate this general objection into any of their specific responses to statements of fact based on fact witness testimony and so it has no effect.  *Frederick*, 2018 WL 1583289, at *2 (general objections alone insufficient to create genuine dispute of material fact).  Moreover, as discussed above, this objection is invalid as to expert opinions.

*Eleventh*, Plaintiffs object that Defendants' Statement includes "legal conclusions" regarding "whether the Panel Banks had entered into a contract, combination, [or] conspiracy."  56.1 Resps. at 4.  Plaintiffs offer this objection to statements regarding witnesses' personal understandings of (i) the absence of any collusive agreement with respect to USD LIBOR, and (ii) whether Defendants suppressed their USD LIBOR submissions.[14]  These objections are invalid.  A fact witness's personal perceptions and subjective beliefs about agreements or actions are proper lay witness testimony, whereas professional or expert testimony regarding the legality of the same agreements or acts is excludable.  *See United States v. Patel*, 2023 WL 2643815, at *41 (D. Conn.

---

[13] *See* 56.1 Resps. ¶ 10, 208, 326.
[14] *See* 56.1 Resps. ¶¶ 198-199, 210, 218, 225, 227, 229, 230-232, 241-244, 247-249, 253-255, 258-259, 264-266, 275.

Mar. 27, 2023) (allowing lay witness testimony on personal perceptions and subjective beliefs concerning agreements in an antitrust proceeding) (citing Fed. R. Evid. 602, 701).

*Twelfth*, certain of Plaintiffs' responses offer arguments supported only by legal authority as to the supposed irrelevance of certain statements of fact in Defendants' Statement.[15]  Statements of fact disputed with only legal argument as opposed to controverting evidence are deemed admitted.  *See Leeber Realty LLC v. Trustco Bank*, 316 F. Supp. 3d 594, 600 (S.D.N.Y. 2018) ("[L]egal objections Defendant raises . . . do not actually respond to or dispute the specific facts, supported by citations to admissible record evidence.").

Defendants set forth below specific objections and replies to certain of Plaintiffs' 56.1 Responses.  In an effort to streamline the Court's review, Defendants address below only those responses and objections by Plaintiffs that are deficient for reasons in addition to the twelve reasons addressed above—even though many of the general objections above also apply below. To facilitate the Court's review, Defendants maintain the original paragraph and footnote numbering from Defendants' Statement in their specific replies to Plaintiffs' 56.1 Responses.  This Reply also adopts the Table of Defined Tems and Defendant-specific defined terms within Defendants' Statement, and citations to Plaintiffs' Exhibits are denominated as "PX__."  While Defendants do not separately address Plaintiffs' responses and objections to each statement of fact in Defendants' Statement individually, this should not be construed as (i) an admission that Plaintiffs' unaddressed responses and objections are valid; or (ii) a waiver of any argument or other response.  Similarly, Defendants separately respond to Plaintiffs' Joint Counterstatement in

---

[15] Plaintiffs' legal objections include: (i) "**DISPUTED** that there is any requirement that a price-fixing conspiracy involves 'an agreement on a specific level or magnitude of suppression,'" *see* 56.1 Resps. ¶ 7; (ii) "**DISPUTED** that testimony regarding alleged good intent or altruistic motives is irrelevant in a *per se* antitrust case such as this one," *see id.* ¶¶ 7, 210, 273, 275, 341-345, 532, 534, 539; (iii) "**DISPUTED** that Dr. Asker's [or Dr. Hubbard's] computations have any relevance to Defendants' antitrust liability," *see id.* ¶¶ 341-345.

Defendants' Counterstatement Response.   Accordingly, Defendants do not address herein Plaintiffs' cross-references to Plaintiffs' Joint Counterstatement; that should not be misconstrued as an admission as to any of Plaintiffs' statements in those cross-references.  Defendants refer the Court to and incorporate herein Defendants' Counterstatement Response.  Defendants specifically reserve the right to object to any assertion or evidence presented by Plaintiffs on any basis whatsoever.

## TABLE OF DEFINED TERMS IN DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL UNDSIPUTED FACTS [1]

| Term | Definition |
|---|---|
| 1M | 1-month |
| 3M | 3-month |
| 6M | 6-month |
| 12M | 12-month |
| BaFin | German Federal Financial Supervisory Authority |
| Bank of America | Bank of America, N.A. |
| Barclays | Barclays Bank PLC |
| BBA | British Bankers' Association |
| BBA LIBOR Instruction | The LIBOR instruction published by the BBA that was in place from 1998 and throughout the Relevant Period |
| CCB | Canadian Competition Bureau |
| CFTC | U.S. Commodity Futures Trading Commission |
| Citi | Citibank, N.A. |
| Credit Suisse | Credit Suisse AG London Branch |
| DAPs | Direct Action Plaintiffs |
| Deutsche Bank | Deutsche Bank AG |
| DFS | New York State Department of Financial Services |
| DOJ | U.S. Department of Justice |
| DPA | Deferred prosecution agreement |

---

[1] This table defines certain capitalized terms used herein. Defendant-specific terms are defined in the body of this Statement.

| Term | Definition |
|------|------------|
| EC | European Commission |
| Fannie Mae | Federal National Mortgage Association |
| FCA | U.K. Financial Conduct Authority (f/k/a U.K. Financial Services Authority) |
| FDIC | Federal Deposit Insurance Corporation |
| FFFP Plaintiffs | Fannie Mae, Freddie Mac, FDIC, and the Principal Plaintiffs, collectively |
| FINMA | Swiss Financial Market Supervisory Authority |
| FRAs | Forward rate agreements |
| Freddie Mac | Federal Home Loan Mortgage Corporation |
| FX | Foreign exchange |
| FXMMC | Foreign Exchange & Money Markets Committee |
| GBP | British Pound Sterling |
| HBOS | Bank of Scotland plc |
| HSBC | HSBC Bank plc |
| IBA | ICE Benchmark Administration Limited |
| JPMorgan | JPMorgan Chase Bank, N.A. |
| JPY | Japanese Yen |
| LBG | Lloyds Banking Group plc |
| LIBOR | London Interbank Offered Rate |
| LID Transactions | Panel Bank interbank borrowing transactions made through cash or certificates of deposit in the London market, with a principal amount of $100,000 to $100,000,000 |

| Term | Definition |
|------|-----------|
| Lloyds Bank | Lloyds Bank plc (f/k/a Lloyds TSB Bank plc) |
| MAS | Monetary Authority of Singapore |
| MDL | The above-captioned multidistrict litigation |
| MUFG | MUFG Bank, Ltd. (f/k/a The Bank of Tokyo-Mitsubishi UFJ, Ltd.) |
| NatWest | NatWest Markets plc (f/k/a The Royal Bank of Scotland Group plc) |
| Norinchukin | The Norinchukin Bank |
| NPA | Non-prosecution agreement |
| OIS | Overnight index swap |
| OTC | Over the counter |
| OTC Plaintiffs | Mayor and City Council of Baltimore, City of New Britain, Vistra Energy Corp., Yale University, Jennie Stuart Medical Center, Inc., and SEIU Pension Plans Master Trust, collectively |
| PAG | Property Alliance Group Limited |
| Panel Banks | Bank of America, Barclays, Citi, Credit Suisse, Deutsche Bank, HSBC, JPMorgan, Lloyds Bank, MUFG, NatWest, Norinchukin, Portigon, Rabobank, RBC, and UBS for the Relevant Period, and HBOS and SocGen for portions of the Relevant Period |
| Plaintiffs | DAPs and OTC Plaintiffs, collectively |
| Portigon | Portigon AG (f/k/a WestLB AG) |
| Principal Plaintiffs | Principal Financial Group and Principal Funds, Inc. |
| Rabobank | Coöperatieve Rabobank U.A. (f/k/a Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.) |

17

| Term | Definition |
|---|---|
| RBC | Royal Bank of Canada |
| Relevant Period | As to the OTC action, August 2007 through August 2009 and, as to DAPs' actions, August 2007 through May 2010 |
| Reuters | Thomson Reuters |
| S&P | Standard & Poor's |
| SEC | U.S. Securities and Exchange Commission |
| SFO | U.K. Serious Fraud Office |
| SocGen | Société Générale |
| State AGs | Working group of various U.S. State Attorneys General |
| TARP | Troubled Asset Relief Program |
| U.K. | United Kingdom |
| U.S. | United States |
| UBS | UBS AG |
| USD | U.S. Dollars |
| USD LIBOR | U.S. Dollar LIBOR |
| WEKO | Swiss Competition Authority |
| Wheatley Review | A report of an independent review of and recommendations concerning the LIBOR setting process published in September 2012 by Martin Wheatley (Managing Director of the FSA and Chief Executive Officer–Designate of the FCA); the review was mandated by the U.K. Parliament |

**STATEMENTS OF MATERIAL UNDISPUTED FACT IN DEFENDANTS' RULE 56.1 STATEMENT, PLAINTIFFS' RESPONSES THERETO AND, WHERE APPLICABLE, DEFENDANTS' REPLIES AND/OR PLAINTIFFS' ERRATA TO THEIR RESPONSES**

## I.    PANEL BANKS

1.    Throughout the Relevant Period,[2] Bank of America, Barclays, Citi, Credit Suisse, Deutsche Bank, HSBC, JPMorgan, Lloyds Bank, MUFG, NatWest, Norinchukin, Portigon, Rabobank, RBC, and UBS were USD LIBOR Panel Banks.[3]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,f)] that the specific legal entities responsible for making USD LIBOR submissions during the Relevant Period were as follows: "Bank of America, N.A., The Bank of Tokyo-Mitsubishi UFJ, Ltd., Barclays Bank PLC, Citibank, N.A., Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A., Credit Suisse AG, Deutsche Bank AG, Bank of Scotland plc, HSBC Bank plc, JPMorgan Chase Bank, N.A., Lloyds Bank plc, The Norinchukin Bank, Royal Bank of Canada, The Royal Bank of Scotland Group plc, Société Générale S.A., UBS AG, and WestLB AG." Blakemore Decl., ¶ 62. Plaintiffs collectively refer to these entities as the "Panel Banks" below.

2.    HBOS plc, through its subsidiaries HBOS Treasury Services plc (until September 2007) and later Bank of Scotland plc, was a USD LIBOR Panel Bank from August 2007 until February 2009. [4] The final day on which HBOS submitted on the USD LIBOR panel was February

---

[2] For purposes of the OTC action, the Relevant Period is August 2007 through August 2009. *See* Declaration of Patrick W. Blakemore ("Blakemore Decl."), Ex. 1 (Opening Report of Dr. Douglas Bernheim, dated Apr. 19, 2024 ("Bernheim Opening"), ¶ 24) (defining "Class Period" as "August 2007 to August 2009"). For purposes of the FFFP actions and all other DAPs' actions, the Relevant Period is August 2007 through May 2010. *See* Blakemore Decl., Ex. 2 (Opening Report of Dr. Karl Snow, dated Apr. 19, 2024 ("Snow Opening")), ¶ 14 (defining "Conduct Period" as "August 2007 through at least May 2010"); *see also In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2019 WL 1331830, at *18 (S.D.N.Y. Mar. 25, 2019). Unless otherwise noted, references herein to Relevant Period refer to August 2007 through May 2010.
[3] Blakemore Decl. ¶ 62.
[4] Declaration of Marc J. Gottridge ("Lloyds Bank Decl."), Ex. ■ (Feb. 22-23, 2024 Dep. of ■■■■ Tr. (HBOS) ("■■■ Dep. Tr.") 33:13-17).

6, 2009.[5] That followed the acquisition of HBOS by Lloyds Bank's parent company, later renamed LBG, in a transaction that closed on January 16, 2009.[6]

**PLAINTIFFS' RESPONSE: ADMITTED.**

3.    SocGen joined the USD LIBOR panel in February 2009 and served as a USD LIBOR Panel Bank through November 2017.[7]

**PLAINTIFFS' RESPONSE: ADMITTED** that the first day that SocGen made a USD LIBOR submission was February 10, 2009.

4.    SocGen and MUFG have been dismissed from all MDL actions filed against them.[8]

**PLAINTIFFS' RESPONSE: ADMITTED.**[(a,b)]

## II.    SCOPE OF DISCOVERY

5.    The Panel Banks collectively produced to regulators, and later reproduced to Plaintiffs, "over 3.4 million documents, spanning 15.9 million pages and 88,000 audio files, from over 500 custodians, generally from a period of August 2007 to May 2010" concerning USD LIBOR.[9] Additional discovery in the MDL—which focused on, among other things, Panel Bank interactions with interdealer brokers, the role of the FXMMC, and witness statements (including statements provided during regulatory investigations)[10]—resulted in aggregate productions by the Panel Banks of almost 3.8 million documents and over 93,000 audio files.[11] Panel Bank

---

[5] *Id.*, Ex. ▮ (▮▮▮ (HBOS) Dep., Ex. 13, at 9).
[6] *Id.*, Ex. 3 (LBG Annual Report and Accounts 2008 ("LBG 2008 Report") 2).
[7] Blakemore Decl., Ex. 3 (DPA Statement of Facts ¶ 8, *United States of America v. Société Générale S.A.*, No. 18-CR-253 (DLI) (June 4, 2018), https://www.justice.gov/opa/press-release/file/1068521/dl ("SocGen DOJ DPA")).
[8] *Id.* ¶ 63.
[9] Mem. Order 1-2, *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 1:11-md-02262-NRB (S.D.N.Y. Apr. 10, 2023), ECF No. 3655. Unless otherwise noted, ECF numbers cited herein reference filings on the MDL docket rather than the docket for a particular action in the MDL.
[10] Blakemore Decl. ¶ 64.
[11] *Id.* ¶ 65.

productions included data reflecting USD borrowing and lending transactions throughout the Relevant Period.[12]

**PLAINTIFFS' RESPONSE: ADMITTED.**[(a,b,e)]

6.    Plaintiffs served on Defendants more than 700 interrogatories (inclusive of subparts) and more than 300 requests for admission of facts.[13]

**PLAINTIFFS' RESPONSE: ADMITTED.**[(a,b,e)]

7.    Defendants served on Plaintiffs contention interrogatories requesting that Plaintiffs detail the alleged conspiracy, *e.g.*, what Defendants agreed to do, communications reflecting the purported agreement, and the degree to which LIBOR was suppressed.[14] At the close of discovery, Plaintiffs admitted that the alleged conspiracy among the Panel Banks "did not involve an agreement on a specific level or magnitude of suppression."[15]

**PLAINTIFFS' RESPONSE:    ADMITTED**[(a,b,e,f)] that Defendants served contention interrogatories on Plaintiffs, and that Plaintiffs responded, in relevant part, as follows, to Interrogatory No. 6: "Defendants' Conspiracy was to suppress LIBOR by underreporting the rate at which they could borrow funds, were they to do so by asking for and then accepting inter-bank offers in reasonable market size just prior to 11:00 a.m. London time. While the Panel Banks would communicate target or consensus LIBOR fixes and LIBOR submissions (directly and through Interdealer Brokers) around which the Panel Banks would make their LIBOR submissions, the Conspiracy did not involve an agreement on a specific level or magnitude of suppression." Carmody Decl., PX0418 (OTC Plaintiffs' Second Amended Responses to Defendants

---

[12] *Id.* ¶ 66.
[13] *Id.* ¶ 67.
[14] *Id.* ¶ 68.
[15] *Id.*, Ex. 4 (DAPs' Am. Resp. and Obj. to Defs.' First Set of Interrogs. 120, Sept. 6, 2024).

Interrogatories); PX1319 (DAPs' Responses to Defendants' Interrogatories).

**OTC PLAINTIFFS' ADDITIONAL RESPONSE:** **DISPUTED** that there is any requirement that a price-fixing conspiracy involves "an agreement on a specific level or magnitude of suppression." *See United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 222 (1940) ("[P]rices are fixed . . . if the range within which purchases or sales will be made is agreed upon, if the prices paid or charged are to be at a certain level or on ascending or descending scales, if they are to be uniform, or if by various formulae they are related to the market prices. They are fixed because they are agreed upon."); ABA Model Jury Instructions in Civil Antitrust Cases, Ch. 2 Instruction Nos. A.1 (2d ed. 2016) ("An agreement between competing firms can violate this rule even if there is not an agreement on the exact price to be charged. . . . It is also illegal for competitors to agree on a plan or scheme that will tend to stabilize prices.").

8.      Plaintiffs deposed 59 current or former Panel Bank employees (including primary or backup USD LIBOR submitters for 12 Panel Banks, submitters' supervisors, executives whose reporting lines included individuals responsible for USD LIBOR submissions, employees who traded in LIBOR-linked derivatives, and FXMMC members) and three former BBA employees.[16]

---

[16] *Id.* ¶ 69; *see also id.* ¶¶ 24-25, 29-30, 73-76 (identifying deposition transcripts attached as Exhibits 17-18, 22-23, 55-58); Declaration of Stephen H. O. Clarke ("Barclays Decl.") ¶¶ 4-7 (identifying deposition transcript excerpts attached as Exhibits ▇); Declaration of Jason Hall ("Credit Suisse Decl.") ¶¶ 2-5 (identifying deposition transcript excerpts attached as ▇▇▇▇▇▇); Declaration of Andrew A. Ruffino ("Citi Decl.") ¶¶ 2, 4 (identifying deposition transcript excerpts attached as Exhibits 7-10); Declaration of Hallie S. Goldblatt ("Deutsche Bank Decl.") ¶¶ 2-4 (identifying deposition transcript excerpts attached as Exhibits 1-3); Declaration of J. Matthew Goodin ("▇▇▇▇") ¶¶ 5-7 (identifying deposition transcript excerpts attached as Exhibits ▇); Declaration of Alan C. Turner ("JPMorgan Decl.") Exhibits ▇ (deposition transcript excerpts of ▇▇▇▇▇▇▇▇▇▇); Lloyds Bank Decl. ¶¶ 3, 6-8, 10 (identifying deposition transcript excerpts attached as Exhibits 1, 4-6, 8); Declaration of Tom A. Paskowitz ("Norinchukin Decl.") ¶¶ 3-5, 7 (identifying deposition transcript excerpts attached as Exhibits 1-3, 5); Declaration of Steven J. Fink ("Portigon Decl.") ¶¶ 3-5 (identifying deposition transcript excerpts attached as Exhibits 1-3)); Declaration of Mark D. Villaverde ("Rabobank Decl.") ¶¶ 5-8 (identifying deposition transcript excerpts attached as Exhibits 3-6); Declaration of Jefferson E. Bell ("UBS Decl.") ¶ 7 (identifying ▇ UBS factual witnesses); Declaration of David S. Lesser ("NatWest Decl.") ¶ 13 (identifying four NatWest factual witnesses)).

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Plaintiffs questioned fifty-nine (59) witnesses under oath, including many of which were taken via procedures dictated by foreign law.

9.     Plaintiffs did not depose any current or former RBC employees.[17]

**PLAINTIFFS' RESPONSE: ADMITTED.**[(a,b,e)]

10.     Plaintiffs served more than 100 third-party subpoenas, including on certain Panel Bank affiliates, U.S. interdealer brokers, financial derivatives exchanges, the BBA, and Reuters.[18]

**OTC PLAINTIFFS' RESPONSE: ADMITTED.**[(a,b,e)]

**FFFP PLAINTIFFS' RESPONSE: DISPUTED**[(a,b,e)] that FFFP Plaintiffs requested or received discovery during the class certification stage of these proceedings.

11.     Plaintiffs also applied for and obtained letters of request from this Court pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters to take depositions abroad of eight individual interdealer brokers formerly employed by BGC, Tullett Prebon, Tradition, and ICAP,[19] which entities, Plaintiffs allege, participated in or facilitated the conspiracy to suppress LIBOR.[20] Plaintiffs ultimately did not depose any of those persons.[21]

**PLAINTIFFS' RESPONSE: ADMITTED.**[(a,b,e)]

---

[17] Blakemore Decl. ¶ 70.
[18] *Id.* ¶ 71.
[19] ECF Nos. 3822, 3892.
[20] Blakemore Decl., Ex. 5 (OTC Plaintiffs' Am. Resp. and Obj. to Defs.' First Set of Interrogs. 43-47, Sept. 6, 2024); *id.*, Ex. 4 (DAPs' Am. Resp. and Obj. to Defs.' First Set of Interrogs. 45-49, Sept. 6, 2024).
[21] *Id.* ¶ 72.

## III.    BACKGROUND

### A.    LIBOR

#### 1.    Overview

12.    The BBA was a trade association for the U.K. banking sector[22] that introduced LIBOR in 1986.[23]

**PLAINTIFFS' RESPONSE: ADMITTED.**

13.    During the Relevant Period:

a.    The BBA administered USD LIBOR.[24]

b.    USD LIBOR was calculated for 15 maturities, or tenors, ranging from overnight to 12 months.[25]

c.    There were more than 700 days (*i.e.*, all business days) on which Panel Banks made USD LIBOR submissions.[26]

d.    The Panel Banks collectively made more than 171,000 USD LIBOR submissions across all 15 tenors.[27]

**OTC PLAINTIFFS' RESPONSE: ADMITTED** as to Paragraph 13(a) and 13(b). **DISPUTED** as to Paragraphs 13(c) and 13(d), as those numbers reflect the FFFP Plaintiffs' Relevant Period.

**FFFP PLAINTIFFS' RESPONSE: ADMITTED**.

---

[22]    *Id.*, Ex. 6 (*What Is the BBA?*, BBA (July 24, 2008), https://web.archive.org/web/20080925051107/http://www.bba.org.uk/bba/jsp/polopoly.jsp?d=840&a=11700).

[23]    *Id.*, Ex. 7 (Opening Report of Dr. Leslie Marx, dated Apr. 19, 2024 ("Marx Opening") ¶¶ 18, 20); *Id.*, Ex. 2 (Snow Opening ¶ 23).

[24]    *Id.*, Ex. 8 (*BBA LIBOR – Frequently Asked Questions*, BBA (Apr. 28, 2008), https://web.archive.org/web/20081222223338/http://www.bba.org.uk/bba/jsp/polopoly.jsp?d=225&a=1416&artpage =all).

[25]    *Id.*, Ex. 8 (*BBA LIBOR – Frequently Asked Questions*, *supra* note 24).

[26]    *Id.*, Ex. 9 (Opening Report of Prof. Glenn Hubbard, dated Apr. 19, 2024 ("Hubbard Opening"), ¶ 63).

[27]    *Id.*, Ex. 9 (Hubbard Opening ¶¶ 17 (15 LIBOR tenors), 41 (16 Panel Banks), 63 (715 submission days)).

14.     Reuters served as the BBA's designated distributor of LIBOR rates and, in that role, collected LIBOR submissions from the Panel Banks, calculated LIBOR as a trimmed mean by discarding the submissions in the highest and lowest quartiles and averaging the remaining submissions, and published LIBOR at approximately 11:30 a.m. London time.[28]

**PLAINTIFFS' RESPONSE: ADMITTED.**

### 2.     BBA LIBOR Instruction

15.     Beginning in 1998,[29] and throughout the Relevant Period, the BBA LIBOR Instruction provided:

A. An individual BBA LIBOR Contributor Panel Bank will contribute the rate at which it could borrow funds, were it to do so by asking for and then accepting inter-bank offers in reasonable market size just prior to 1100.

B. Rates shall be contributed for currencies, maturities and fixing dates and according to agreed quotation conventions.

C. Contributor Banks shall input their rate without reference to rates contributed by other Contributor Banks.

D. Rates shall be for deposits:

- made in the London market in reasonable market size;

- that are simple and unsecured;

- governed by the laws of England and Wales;

- where the parties are subject to the jurisdiction of the courts of England and Wales.

E. Maturity dates for the deposits shall be subject to the ISDA Modified Following

---

[28] *Id.*, Ex. ▮ (Witness Statement of ▮▮▮▮, dated Nov. 20, 2014 ("▮ Witness Statement"), ¶¶ 8, 39 (marked as Exhibit JE 1 to Mar. 21, 2024 Deposition of ▮▮▮▮)); *see also id.*, Ex. 7 (Marx Opening ¶ 46).

[29] *Id.*, Ex. 11 (IBA, Position Paper on the Evolution of ICE LIBOR 7 (Oct. 20, 2014), https://www.ice.com/publicdocs/ICE_LIBOR_Position_Paper.pdf); *see also* Am. Compl. ¶ 62 n.61, *Fed. Deposit Ins. Corp. v. Bank of America Corp.*, 1:14-cv-1757-NRB (S.D.N.Y. Oct. 7, 2014), ECF No. 23 ("FDIC Compl."); Blakemore Decl., Ex. 12 (*Supplementary Memorandum from the British Bankers' Association*, U.K. Parliament (May 22, 2008), https://publications.parliament.uk/pa/cm200708/cmselect/cmtreasy/536/536we05.htm).

Business Day convention, which states that if the maturity date of a deposit falls on a day that is not a Business Day the maturity date shall be the first following day that is a Business Day, unless that day falls in the next calendar month, in which case the maturity date will be the first preceding day that is a Business Day.

F. Rates shall be contributed in decimal to at least two decimal places but no more than five.

G. Contributor Banks will input their rates to the Designated Distributor between 1100hrs and 1110hrs, London time.

The Designated Distributor will endeavour to identify and arrange for the correction of manifest errors in rates input by individual Contributor Banks prior to 1130.

The Designated Distributor will publish the average rate and individual Contributor Banks' rates at or around 1130hrs London time.

Remaining manifest errors may be corrected over the next 30 minutes. The Designated Distributor then will make any necessary adjustments to the average rate and publish it as the BBA LIBOR Fixing at 1200hrs.[30]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,f)] that Exhibit 13 to the Blakemore Declaration contains the quote in Paragraph 15, as well as the following: "In the event that it is not possible to conduct the BBA LIBOR Fixing in the usual way, the BBA, in consultation with the Contributor Banks, the BBA LIBOR Steering Group and other market practitioners, will use its best efforts to set a substitute rate. This will be the BBA LIBOR Fixing for the currency, maturity and fixing date in question. Such substitute fixing will be communicated to the market in a timely fashion." Blakemore Decl., Ex. 30.

16.     Prior to 1998, the operative LIBOR instruction published by the BBA asked Panel Banks a different question: "At what rate do you think interbank term deposits will be offered by

---

[30] *Compare* Blakemore Decl., Ex. 13 (*The BBA LIBOR Fixing & Definition*, BBA (Nov. 7, 2002), https://web.archive.org/web/20080930203457/http://www.bba.org.uk/bba/jsp/polopoly.jsp?d=225&a=1413&artpage =all.) *with id.*, Ex. 14 (*Welcome to bbalibor: The Basics*, British Bankers' Ass'n, https://web.archive.org/web/20101013074550/http://www.bbalibor.com/bbalibor-explained/the-basics, last visited Sept. 29, 2024 (archived Oct. 13, 2010)).

one prime bank to another prime bank for a reasonable market size today at 11am?"[31]

**PLAINTIFFS' RESPONSE**: **ADMITTED.**

17.    In an October 2014 position paper, IBA—which in February 2014 replaced the BBA as administrator of LIBOR [32]—noted that the BBA LIBOR Instruction as formulated throughout the Relevant Period was seen as "a hypothetical transaction rate," not "a hypothetical offered rate," stating:

> The current definition was adopted as the standard after a review by the BBA in 1998. Up until then, submissions were based on the following question: "At what rate do you think interbank term deposits will be offered by one prime bank to another prime bank for a reasonable market size today at 11am?" This contrasts with the current definition which is, "At what rate could you borrow funds, were you to do so by asking for and then accepting inter-bank offers in a reasonable market size just prior to 11 am?". This was seen as effectively changing the rate from a hypothetical offered rate to a hypothetical transaction rate.[33]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 17. **DISPUTED** that ██████████████████████████████████████████████████████ ██████████████████████████████ *See* PJC ¶ 263. **DISPUTED** that ███████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████ *See* PJC ¶ 267.

### 3.    BBA Guidance and Commentary

18.    Certain materials distributed by the BBA prior to and during the Relevant Period

---

[31] FDIC Compl. ¶ 62 n.61; Blakemore Decl., Ex. 12 (*Supplementary Memorandum from the British Bankers' Association*, *supra* note 29).

[32] Blakemore Decl., Ex. 15 (IBA, ICE LIBOR Evolution 3 (Apr. 25, 2018), https://www.ice.com/publicdocs/ICE_LIBOR_Evolution_Report_25_April_2018.pdf).

[33] *Id.*, Ex. 11 (Position Paper on the Evolution of ICE LIBOR, *supra* note 29).

provided guidance on the BBA LIBOR Instruction.[34]

**PLAINTIFFS' RESPONSE: ADMITTED.**

19.     In a June 2008 consultation paper "Understanding the Construction and Operation of BBA LIBOR - Strengthening for the Future," the BBA explained that the term "funds" in the BBA LIBOR Instruction is meant to capture "unsecured interbank cash or cash raised through primary issuance of interbank Certificates of Deposit."[35] In the same June 2008 publication, the BBA explained that the phrase "reasonable market size" "is not specifically defined" and that this lack of specificity "is intentional, as reasonable market size will vary according to prevailing liquidity and credit conditions as well as between currencies and even quoting banks [and] could change weekly or even daily."[36]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,f)] that Exhibit 16 to the Blakemore Declaration contains the quotes in Paragraph 19, as well as the following: "[I]t would appear that reasonable market size is a concept that is understood by all market participants." Blakemore Decl., Ex. 16.

**DISPUTED** that ████████████████████████████████████████████████

████████████████████████████████████████████████████ *See* PJC

¶ 52. **DISPUTED** ████████████████████████████████████████

---

[34] *See id.*, Ex. 16 (BBA, Understanding the Construction and Operation of BBA LIBOR - Strengthening for the Future 10 (June 10, 2008), https://archive.org/details/403811-bba-libor-report-june-2008); Barclays Decl., Ex. 54 ("BBA LIBOR Panel Review" Letter to Panel Banks, May 20, 2008, BAR-OTC-001158697 at -698); Citi Decl., Ex. ███████████████████████████, May 14, 2007, Citi-USD02230214); Barclays Decl., Ex. 56 ("BBA LIBOR Panel Review" Letter to Panel Banks, Apr. 2, 2009, BAR-DAP-000133086 at -087); *id.*, Ex. 57 ("BBA LIBOR Panel Review" Letter to Panel Banks, Jan. 4, 2010, BAR-DAP-000144437 at -437-438); Rabobank Decl., Ex. 1 (Guidelines for Contributing BBA LIBOR Rates, Oct. 19, 2009, RABO_METZLER_0096507 at -507-508); *id.*, Ex. 2 (Terms of Reference for LIBOR Contributor Banks, July 15, 2009, RABO_METZLER_0078539 at -539-541); Blakemore Decl., Ex. 14 (*Welcome to bbalibor: The Basics, supra* note 30).

[35] Blakemore Decl., Ex. 16 (Understanding the Construction and Operation of BBA LIBOR - Strengthening for the Future, *supra* note 34).

[36] *Id.*, Ex. 16 (Understanding the Construction and Operation of BBA LIBOR - Strengthening for the Future, *supra* note 34, at 9); *see also* Barclays Decl., Ex. 55 (BBA LIBOR Consultation Feedback Statement, Aug. 5, 2008, BAR-DAP-000297345 at -352-353).

████████████████████████████████████████████████ *See* PJC ¶ 43.

20.    In its August 5, 2008 "BBA LIBOR Consultation Feedback Statement" issued in response to feedback regarding the June 2008 consultation paper, the BBA further explained that "what is meant by ['reasonable market size'] will always require an element of judgement," and that a LIBOR submission "must be formed from that bank's perception of its cost of funds in the interbank market."[37]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,f)] that Exhibit 55 to the Barclays Declaration contains the quote in Paragraph 20, as well as the following: "the FX and MM Committee has decided to retain the concept in its current form"; "[c]ontributors must represent rates formed in London and not elsewhere"; "[c]ontributions must be for the currency concerned, not the cost of producing one currency by borrowing in another currency and accessing the required currency via the foreign exchange markets"; and "[t]he rates must be submitted by members of staff at a bank with primary responsibility for management of a bank's cash, rather than a bank's derivative book." Barclays Decl., Ex. 55. **DISPUTED** that ████████████████████████████ ████████████████████████████████████████████████ *See* PJC ¶ 43.

21.    In an October 19, 2009 document titled "Guidelines for Contributing BBA LIBOR Rates," the BBA stated that "a bank's LIBOR submissions are its own perception of where it could take funds," that "the rates submitted into the process are a bank's own view of its cost of funds" and that "[i]f a bank has taken money or been given a firm quote at two different tenors it should be able to use this, with the addition of its internal view on where markets and rates are headed, to

---

[37] Barclays Decl., Ex. 55 (BAR-DAP-000297345 at -352-353).

form a view on its cost of funds at points between or beyond where it has traded."[38] In the same document, the BBA also emphasized that "if one morning a bank funds at considerably below (or for that matter, above) its most recent quoted LIBOR submission it does not follow that the bank should change its LIBOR to this rate for the day," because the market was "still stressed and volatile."[39] Accordingly, the BBA advised that each Panel Bank "should have a reasonable expectation that, ceteris paribus, the rate it submits today should still hold tomorrow morning."[40]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,f)] that Exhibit 1 to the Rabobank Declaration contains the quotes in Paragraph 21, as well as the following: "[t]his document is not meant to be exhaustive, and should be read in conjunction with the definition of BBA LIBOR, as found on the BBA LIBOR website"; "LIBOR is the rate at which an individual Contributor Panel bank could borrow funds, were it to do so by asking for and then accepting inter-bank offers in reasonable market size, just prior to 11.00 London time"; and "contributors should not ask intermediaries where they believe LIBOR rates will set on a given day and use this as a basis for submissions" because "[t]his misses the point of the benchmark, and is a circular process that would rapidly lead to inaccurate rates." Rabobank Decl., Ex. 21. **DISPUTED** that any ███████████

████████████████████████████████████████████████████

*See* PJC ¶ 263.

22.    In its Terms of Reference for LIBOR Contributor Banks, amended as of July 15, 2009, the BBA advised the Panel Banks that "[t]he rate at which each contributor submits must be formed from that bank's perception of its cost of funds in the interbank market" and that each Panel Bank must "supply an appropriate rate that is, as far as possible, a fair and accurate reflection

---

[38] Rabobank Decl., Ex. 1 (RABO_METZLER_0096507 at -507).
[39] *Id.*, Ex. 1 (RABO_METZLER_0096507 at -508).
[40] *Id.*, Ex. 1 (RABO_METZLER_0096507 at -508).

of that bank's opinion of its cost of funds."[41] In the same document and in its June 10, 2008 consultative paper regarding LIBOR, the BBA stated that LIBOR submissions "must be formed from that bank's perception of its cost of funds in the interbank market. In the event that a given period has no market offer then the contributing Bank is required to use its market knowledge to supply an appropriate rate that is, as far as is possible, a fair and accurate reflection of that bank's opinion of its cost of funds."[42]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,f)] that Exhibit 2 to the Rabobank Declaration contains the quotes in Paragraph 22, as well as the following: "In the event that a given period has no market offer then the contributing Bank is required to use its market knowledge to supply an appropriate rate . . . ." Rabobank Decl., Ex. 2. **DISPUTED** that ███████████████████████

███████████████████████████████████████████

*See* PJC ¶ 263.

23.     On the BBA's website, in a section entitled "Welcome to bbalibor: The Basics," the BBA stated that LIBOR "represents the lowest real-world cost of unsecured funding in the London market" and that "submissions are based upon the lowest perceived rate that a bank on a certain currency panel could go into the inter-bank money market and obtain sizable funding, for a given maturity."[43] In the same webpage, the BBA stated that LIBOR submissions "are not necessarily based on actual transaction[s]" because "it would not be possible to create the suite of [BBA LIBOR] rates if this was a requirement, as not all banks will require funds in marketable size each day in each of the currencies and maturities they quote."[44] The BBA also stated that even

---

[41] *Id.*, Ex. 2 (RABO_METZLER_0078539 at -539).
[42] *Id.*, Ex. 2 (RABO_METZLER_0078539 at -539); Blakemore Decl., Ex. 16 (Understanding the Construction and Operation of BBA LIBOR - Strengthening for the Future, *supra* note 34, at 9).
[43] Blakemore Decl., Ex. 14 (*Welcome to bbalibor: The Basics, supra* note 30).
[44] *Id.*, Ex. 14 (*Welcome to bbalibor: The Basics, supra* note 30).

where rates are not based on actual transactions, that "does not mean the rates do not reflect the true cost of interbank funding. A bank will know what its credit and liquidity risk profile is from rates at which it has dealt, and can construct a curve to predict accurately the correct rate for currencies or maturities in which it has not been active."[45]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,f] Exhibit 14 to the Blakemore Declaration contains the quotes in Paragraph 23, as well as the following: "bba libor is a benchmark; giving an indication of the average rate a leading bank, for a given currency, can obtain unsecured unfunding for a given period in a given currency"; "[t]he key concept is that bbalibor is based upon the offered rate, and not the bid rate"; and "[t]herefore, with all due to consideration to current economic situations, bbalibor submissions from panel members will be on average the lowest interbank unsecured loan offers within the money market that are on offer." Blakemore Decl., Ex. 14.

**DISPUTED** that ██████████████████████████████████████████████

████████████████████████████████ *See* PJC ¶ 263.

### 4. BBA Witness Testimony

24.    During the Relevant Period, ████████████ was LIBOR Manager and then LIBOR Director at the BBA.[46] ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████[47] ████████████████████████:

---

[45] *Id.*, Ex. 14 (*Welcome to bbalibor: The Basics, supra* note 30).
[46] *Id.*, Ex. ██ (██████ Witness Statement ¶ 10).
[47] *Id.*, Ex. ██ (██████ Witness Statement ¶ 53).







**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e,f] that Exhibit ■ to the Blakemore Declaration contains the quotes in Paragraph 24, as well as the following: ██████████████

████████████████████████████████████████████████

██████████████ Blakemore Decl., Ex. 10 at ¶ 52. **DISPUTED** ████████████

████████████████████████████████████████████████

██████████ *See* PJC ¶ 263. **DISPUTED** that ███████████████

████████████████████████████████████████████████

████████████████ *See* PJC ¶ 52. **DISPUTED** that ████████████

---

[48] *Id.*, Ex. ■ (██████ Witness Statement ¶¶ 49-53, 82).



*See* PJC ¶

265. **DISPUTED** that ██████████████████

██████████████████████████████████

████████████████ *See* PJC ¶ 266.

25. ████████████████████████

    a. ████████████████████████

████████████████████████████

██[49]

    b. ████████████████████████

████████████████████████████

████████████[50]

    c. ████████████████████████

████████████████████████[51]

    d. ████████████████████████

████████████████████[52]

    e. ████████████████████████

████████████████[53]

    f. ████████████████████████

---

[49] *Id.*, Ex. ██ (Mar. 21, 2024 Dep. of ██████ (BBA) Tr. ("██████ Dep. Tr.") 33:1-6).
[50] *Id.*, Ex. ██ (██████ Dep. Tr. 174:6-175:3).
[51] *Id.*, Ex. ██ (██████ Dep. Tr. 175:12-21).
[52] *Id.*, Ex. ██ (██████ Dep. Tr. 68:23-69:7).
[53] *Id.*, Ex. ██ (██████ Dep. Tr. 72:25-74:7).



g.

h.

i.

j.

54 *Id.*, Ex. ▮ (▮▮▮▮ Dep. Tr. 177:10-14).
55 *Id.*, Ex. ▮ (▮▮▮▮ Dep. Tr. 177:15-178:2).
56 *Id.*, Ex. ▮ (▮▮▮▮ Dep. Tr. 178:23-179:28).
57 *Id.*, Ex. ▮▮ ▮▮▮ Dep. Tr. 184:3-187:4).



██████████[58]

k. ████████████████████████████████

█████████████████████████████[59]

l. ████████████████████████████████

████████████████████████████████

████████████████████████████████

█████████████[60]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,b] that Exhibit ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 25. **DISPUTED** that ██████████████████ ████████████████████████████████████████████████ *See* PJC ¶ 263. **DISPUTED** that ██████████████████ ████████████████████████████████████████████ ██████ *See* PJC ¶ 267. **DISPUTED** that ████████████████ ████████████████████████████████████████████████████ *See* PJC ¶ 52. **DISPUTED** that ██████ ████████████████████████████████ *See* PJC ¶ 43. **DISPUTED** that ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████ *See* PJC ¶ 265. **DISPUTED** that ██████████ ████████████████████████████████████████████████████

---

[58] *Id.*, Ex. ██ (██████ Dep. Tr. 96:9-14).
[59] *Id.*, Ex. ██ (██████ Dep. Tr. 189:4-7).
[60] *Id.*, Ex. ██ (██████ Dep. Tr. 188:1-20).



See PJC ¶ 266.

### 5. Foreign Exchange & Money Markets Committee

26. The FXMMC was ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮[61] The FXMMC also ▮▮▮▮▮▮▮▮

▮▮▮▮[62]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,f] that Mr. ▮▮▮ testified that ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ Blakemore

Decl., Ex. ▮ (▮▮▮▮ Dep.) at 45:6-45:4; 47:18-19. **DISPUTED** that ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

See, e.g., PJC §§ III.A; III.C; III.D; IX.A; & IX.C.

27. ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮[63] ▮▮▮▮▮▮▮▮▮▮▮▮

a. ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮[64]

▮▮▮▮[65] ▮▮▮▮[66] ▮▮▮▮[67]

---

[61] *Id.*, Ex. ▮ (▮▮▮ Dep. Tr. 45:7-9; 47:12-15).
[62] *Id.*, Ex. ▮ (▮▮▮ Dep. Tr. 47:18-19).
[63] *Id.*, Ex. ▮ (▮▮▮ Dep. Tr. 46:5-11).
[64] *Id.*, Ex. ▮ (▮▮▮▮ Dep. of ▮▮▮▮ Tr. (Bank of America) ("▮▮▮ Dep. Tr.") 240:3-8).
[65] Barclays Decl., Ex. ▮ (Mar. 20, 2024 Dep. of ▮▮▮ Tr. (Barclays) ("▮▮▮ Dep. Tr.") 31:24-32:2).
[66] *Id.*, Ex. ▮ (▮▮▮▮).
[67] Citi Decl., Ex. ▮ (Mar. 26, 2024 Dep. of ▮▮▮ Tr. (Citi) ("▮▮▮ Dep. Tr.") 96:20-22).



b. ███████████████████████████████████

███████████████████████.[78]

c. ███████████████████████████████████

███████████████████[79]

**PLAINTIFFS' RESPONSE: ADMITTED** that ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[68] Credit Suisse Decl., Ex. █ (██████████████████████████████, CS_00043203); *id.*, Ex. 6 (Minutes of the Mar. 25, 2010 FXMMC Meeting, CSAG_00088662 at -663).

[69] Deutsche Bank Decl., Ex. 1 (Mar. 22, 2024 Dep. of ██████████ Tr. (Deutsche Bank) ("█████ Dep. Tr.") 40:11-21); *id.*, Ex. 2 (Mar. 20, 2024 Dep. of ██████████ Tr. (Deutsche Bank) ("█████ Dep. Tr.") 178:23-179:21); *id.*, Ex. 3 (Feb. 13, 2024 Dep. of ██████████ Tr. (Deutsche Bank) ("█████ Dep. Tr.") 23:18-25).

[70] Lloyds Bank Decl. Ex. █ (Mar. 27, 2024 Dep. of ██████████ Tr. (HBOS) ("█████ Dep. Tr.") 74:23-75:7) (██████████████████████████████).

[71] HSBC Decl., Ex. █ (Mar. 15, 2024 Dep. of ██████████ Tr. (HSBC) ("█████ Dep. Tr.") 178:18-22).

[72] JPMorgan Decl., Ex. █ (██████████████████, JPM_MDL1_USD_00086727).

[73] Lloyds Bank Decl., Ex. █ (Feb. 1-2, 2024 Dep. of ██████████ Tr. (Lloyds Bank) ("█████ Dep. Tr.") 76:17-21); *id.*, Ex. █ (Mar. 21-22, 2024 Dep. of ██████████ Tr. (Lloyds Bank) ("█████ Dep. Tr.") 64:1-12).

[74] NatWest Decl., Ex. A (████████████████████████████, RBS_MDL_001716720).

[75] Blakemore Decl., Ex. █ (Mar. 25, 2024 Dep. of ██████████ Tr. (SocGen) ("█████ Dep. Tr.") 17:10-13).

[76] UBS Decl., Ex. █ (█████████████████████████████████████, MDL_OTC_UBS_1117041 at -041).

[77] *Id.*, Ex. █ (█████████████████████████████, MDL_OTC_UBS_1047160 at -160).

[78] Rabobank Decl., Ex. █ (████████ Dep. of ██████████ Tr. (Rabobank) ("█████ Dep. Tr.") 85:6-8); *id.*, Ex. █ (██████████ Dep. of ██████████ Tr. (Rabobank) █████ Dep. Tr.") 121:17-24); Portigon Decl., Ex. █ (██████████ Dep. of ████████████████████ 113:13-114:19); Norinchukin Decl., Ex. █ (Feb. 22, 2024 Dep. of ██████████ Tr. (Norinchukin) ("█████ Dep. Tr.") 144:10-17); Blakemore Decl., Ex. 19 (June 25, 2024 Dep. of Leslie Marx Tr. ("L. Marx June 25, 2024 Dep. Tr.") 183:22-184:2).

[79] Blakemore Decl., Ex. 20 (Rebuttal Report of Prof. John Asker Replying to the May 28, 2024 Expert Report of Dr. Leslie Marx, dated June 18, 2024 ("Asker FFFP Reb."), ¶ 47); *id.*, Ex. 7 (Marx Opening, Fig. 7); *id.*, Ex. 19 (L. Marx June 25, 2024 Dep. Tr. 183:22-184:2); Norinchukin Decl., Ex. █ (█████ Dep. Tr. 144:10-17); Rabobank Decl., Ex. █ (██████████ Dep. Tr. 121:17-122:14).

██████████████████████████████████████████████████████

████████████████████ **DISPUTED** that ██████████████████████

██████████████████████████████████████████████████████

████████████████████████████ *See* Carmody Decl., PX1174 (Citi-

USD00045014) at 014 ████████████████████); PX0208 (LBG-USD-

000001127) (██████████████████).

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 27:**
Plaintiffs fail to identify any evidence sufficient to create a triable issue of material fact concerning the statement in paragraph 27. In addition, Plaintiffs cite PX1174, which was not introduced by Plaintiffs. *See* Carmody Decl. ¶ 1293 ("Exhibit 1172-Exhibit 1175 have been intentionally omitted."). Plaintiffs therefore fail to cite admissible evidence to controvert Defendants' statement in paragraph 27 (██████████████████████████████████████████████████
██████████), and the Court should deem Defendants' statement admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

28. ██████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████[81]

**PLAINTIFFS' RESPONSE: DISPUTED**[(b,e)] that ██████████████████████

██████████████████████ *See* Carmody Decl., PX1113 (██████████

██████████████████████████████████████).

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 28:**
Plaintiffs fail to identify any evidence sufficient to create a triable issue of material fact concerning the statement in paragraph 28. As an initial matter, Plaintiffs mischaracterize Defendants' statement, which does not say that "non-Panel Bank employees were *members* of the FXMMC *throughout* the Relevant Period." ██████████████████████████████████████

██████████████████████████████████████████████████████

---

[80] Blakemore Decl., Ex. ██ (████ Witness Statement ¶ 23 ██████████████████████
[81] *Id.*, Ex. 20 (Asker FFFP Reb. ¶ 48).



*See* Supplemental Declaration of Patrick W. Blakemore in Further Support of Defendants' Joint Motion for Summary Judgment on "Upstream" Issues ("Blakemore Reply Decl."), Ex. 7 (Marx Opening Back-up Materials, ██████).

The Court should deem Defendants' statement admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

### 6.    **Wheatley Review**

29.    In September 2012, following an independent review of LIBOR mandated by the U.K. Parliament, Martin Wheatley, Managing Director of the U.K. Financial Services Authority and Chief Executive Officer-Designate of the FCA, published a review of and recommendations concerning the LIBOR setting process known as the Wheatley Review.[82]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b)]

30.    Discussing the BBA LIBOR Instruction in effect in September 2012 (which posed the same question as the BBA LIBOR Instruction in effect during the Relevant Period),[83] the Wheatley Review stated that "LIBOR is intended to be a representation of unsecured inter-bank term borrowing costs" and that "contributors are required to provide a submission based on that particular bank's cost of borrowing unsecured cash for specific currencies and maturities."[84] The Wheatley Review also recommended submission guidelines that "place greatest weight on the inter-bank deposit transactions of contributing banks, in accordance with the current definition of

---

[82] *Id.*, Ex. 21 (Martin Wheatley, Wheatley Review of LIBOR: Final Report 5 (Sept. 2012), https://assets.publishing.service.gov.uk/media/5a7b3fe2e5274a319e77e076/wheatley_review_libor_finalreport_280 912.pdf).

[83] *Id.*, Ex. 13 (*The BBA LIBOR Fixing & Definition, supra* note 30); *cf. id.*, Ex. 12 (Position Paper on the Evolution of ICE LIBOR, *supra* note 29) (noting that the LIBOR definition in place since 1998 reflected a "hypothetical transaction rate" rather than a "hypothetical offered rate," as previously formulated).

[84] *Id.*, Ex. 21 (Wheatley Review of LIBOR: Final Report, *supra* note 82, at 61, 75).

LIBOR."[85]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e,f)] that the LIBOR Instruction in effect in September 2012 was the same as the LIBOR Instruction in effect during the Relevant Period and that Exhibit 21 to the Blakemore Declaration contains the quotes in Paragraph 30, as well as the following: "Banks and individuals working for banks have an incentive to attempt to manipulate submissions" and "[LIBOR] is a benchmark that gauges the interest rate, credit premium and liquidity premium that a leading bank would expect to be offered by another similar institution." Blakemore Decl., Ex. 21 at 75. **DISPUTED** that ███████████████████ ████████████████████████████████████████████ *See* PJC ¶ 263. **DISPUTED** that ████████████████████████████████████████ ████████████████████████████████████████████ *See* PJC ¶ 267. **DISPUTED** that ████████████████████████████████ ███████████████████████████████████ *See* PJC ¶ 52. DISPUTED that ████████████████████████████████████████ ████████████████████████ See PJC ¶ 43.

### B.    Panel Bank Submission Processes

*Bank of America*

31.    During the Relevant Period, ███████████████████████ ████████████████████████████████████████████████

---

[85] *Id.*, Ex. 21 (Wheatley Review of LIBOR: Final Report, *supra* note 82, at 29).



███ [86] had primary responsibility for making Bank of America's LIBOR submissions.[87]

**PLAINTIFFS' RESPONSE: ADMITTED.**

32. ████████████████████████████████████████

████████████████████████████████████████████

████████████ [88]

**PLAINTIFFS' RESPONSE: ADMITTED.**

33. ████████████████████████████████████████

████████████████████████████████████████████ [89]

**PLAINTIFFS' RESPONSE: ADMITTED**.

34. ████████████████████████████████████████

████████████████████████ ██ [90]████████████

████████████████████ [91]

**PLAINTIFFS' RESPONSE: ADMITTED** that ██████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ *See* Carmody Decl.,

---

[86] *Id.*, Ex. ██ (███████ Dep. of ██████ Tr. (Bank of America) ("████ Dep. Tr.") 58:13-59:10; 64:19-66:16); *id.*, Ex. ██ █████ Dep. of ████████ Tr. (Bank of America) ("████ Dep. Tr.") 41:20-42:5).

[87] *Id.*, Ex. ██ (██████ Dep. Tr. 36:3-37:18); *id.*, Ex. ██ ████ Dep. of ██████ Tr. (Bank of America) ("████████ Tr.") 31:2-34:4).

[88] *Id.*, Ex. ██ (██████ Dep. Tr. 26:11-20; 240:3-8). *See generally id.*, Ex. 37 (██████ Dep. Tr.).

[89] *Id.*, Ex. ██ (█████ Dep. Tr. 17:16-18; 24:15-23). Ms. ██████████████████████████. *See generally id.*, Ex. ██ (████ Dep. Tr.).

[90] *Id.*, Ex. ██ (██████ Dep. Tr. 30:20-31:5).

[91] *Id.*, Ex. ██ (██████ Dep. Tr. 32:9-32:15).

PX1475 (███████ Dep. at 41:11-42:13).

35. ████████████████████████████████████████████

████[92]██████████████████████████████████████████

████████████████████████████████████████████████

████[93]

**PLAINTIFFS' RESPONSE: DISPUTED.** *See* Carmody Decl., PX1474 (███████ Dep. at 217:10-218:1 (████████████████████████████████████████████████

██████████████████████████)); PX0733 (███████ Dep. at 72:14-20 (same)); *see also* PJC ¶ 268.

36. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████[94]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Blakemore Declaration is consistent with the assertion in Paragraph 36. **DISPUTED** that ██████████████

████████████████████████████████████████████████

██████████ *See* PJC ¶ 268. **DISPUTED** that ██████████████████████

████████████████████████████████████ *See* PJC ¶ 263.

37. ████████████████████████████████████████████

---

[92] *See, e.g., id.*, Ex. █ (███████ Dep. Tr. 45:6-19); *id.*, Ex. █ (███████ Dep. Tr. 68:3-10); *id.*, Ex. █ (███████ Dep. Tr. 50:6-13).
[93] *Id.*, Ex. █ (███████ Dep. Tr. 89:1-12); *see also id.*, Ex. █ (███████ Dep. Tr. 59:16-60:14).
[94] *Id.*, Ex.█ (███████ Dep. Tr. 193:7-194:1); *see also id.*, Ex. █ (███████ Dep. Tr. 357:13-24).

████████████████████████████████████████████[95]████████

████████████████████████████.[96] ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████[97]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits ██ and ██ to the Blakemore Declaration are consistent with the assertion in Paragraph 37. **DISPUTED** that ████████ *See* PJC ¶ 267.

**DISPUTED** that ███████████████████████████████████████████

████████████████████████████████ *See* PJC ¶ 263. **DISPUTED** that ██

███████████████████████████████████████████████████████

████████████████████████ *See* PJC ¶ 268.

38.    ████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████[98]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 38. **DISPUTED** that ████████████████████

---

[95] *Id.*, Ex. ██ (████████ Dep. Tr. 217:10-218:1).
[96] *Id.*, Ex. ██ (████████ Dep. Tr. 72:14-72:20).
[97] *Id.*, Ex. ██ (████ Dep. Tr. 217:10-218:1).
[98] *Id.*, Ex. ██ (████████ Dep. Tr. 193:7-194:1).



*See* PJC ¶ 268. **DISPUTED** that

*See* PJC ¶ 263. **DISPUTED** that

*See* PJC ¶ 52.

**DISPUTED** that

. *See* PJC ¶ 266

39.

99      100

101

102

103

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,d,e,f)] that Exhibits ██, ██, and ██ to the Blakemore

Declaration contains the quotations in Paragraph 39. **DISPUTED** that the

*See* Blakemore Decl., Ex. 57

---

99 *Id.*, Ex. ██ (██ Dep. Tr. 83:12-85:5).
100 *Id.*, Ex. ██ (██ Dep. Tr. 106:20-23).
101 *Id.*, Ex. ██ (██ Dep. Tr. 149:1-13).
102 *Id.*, Ex. ██ (██ Dep. Tr. 114:6-14).
103 *Id.*, Ex. ██ (██ Dep. Tr. 287:22-288:4); *see also id.*, Ex. ██ (██ Dep. Tr. 69:17-23; 146:22-147:5; 238:23-239:11)

(███████ Dep.) at 287:22-288:4. **DISPUTED** that ████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 266. **DISPUTED** that ████████████████

███████████████████████████████████████████████████████████

████████████████████████ *See* PJC ¶ 266.

40.    ████████████████████████████████████████████

████████████████████████████████ ████ [104] ████████████████████████

████████████████████████████████ [105]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 40. **DISPUTED** that ████████████████████████████

████████████████████████████ *See* PJC ¶ 268. **DISPUTED** that

███████████████████████████████████████████████████████████

████████████████████████████████████ *Id.*

41.    ████████████████████████████████████████████

███████████████████████████████████████████ [106] ████████████████

██████████████████████████████████ [107]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 41. **DISPUTED** that ████████████████████████

███████████████████████████████████████████████████████████

---

[104] *Id.*, Ex. ██ (████ Dep. Tr. 64:19-65:7).
[105] *Id.*, Ex. ██ (████ Dep. Tr. 69:14-16).
[106] *Id.*, Ex. ██ (████ Dep. Tr. 68:23-69:4).
[107] *Id.*, Ex. ██ ████ Dep. Tr. 69:5-8).

███████████████████ *See* PJC ¶ 268.

**Barclays**

42.    ███████████████████████████████████

███████████ [108] ████████████████████████████

████████████████████ [109]

**PLAINTIFFS' RESPONSE: ADMITTED**.

43.    ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████ [110]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits █ and █ to the Barclays are consistent with the assertions in Paragraph 43, and that Exhibit █ also contains the following: ███████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[108] Barclays Decl., Ex. █ (Feb. 7, 2024 Dep. of ████████ Tr. (Barclays) ███████ Dep. Tr.") 39:2-5; 254:14-18).

[109] *Id.*, Ex. █ (███████ Dep. Tr. 39:2-8).

[110] *Id.*, Ex. █ (███████ Dep. Tr. 39:2-5; 254:14-15); *id.*, Ex. █ (███████████████████████).



*See* Barclays Decl., Ex. ▉. **DISPUTED** that

PJC ¶ 266. **DISPUTED** that

. *See* PJC ¶ 269.

44.

[111]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ▉ to the Barclays Declaration is consistent with the assertion in Paragraph 44. **DISPUTED**

*See* PJC ¶ 265. **DISPUTED** that

*See* PJC ¶ 266. **DISPUTED** that

. *See* PJC ¶ 269.

45.

---

[111] *Id.*, Ex. ▉ (▉▉▉▉▉. Tr. 147:13-19).

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████ [112]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b)] that Exhibits ██ and ██ to the Barclays Declaration are consistent with the assertions in Paragraph 45.

*Citi*

46.     Citi's London Risk Treasury Desk was responsible for determining and transmitting USD LIBOR submissions.[113]

**PLAINTIFFS' RESPONSE: ADMITTED**.

47.     ████████████ was Citi's European Desk Head for G10 Risk Treasury[114] and had oversight responsibility with respect to Citi's USD LIBOR submissions, including supervising the personnel who determined the submissions.[115]

**PLAINTIFFS' RESPONSE: ADMITTED**.

48.     ████████████ was Citi's principal USD LIBOR submitter during the Relevant Period, and ████████████ served as a secondary and backup submitter.[116]

**PLAINTIFFS' RESPONSE: ADMITTED**.

49.     Citi personnel testified that they understood that the BBA LIBOR Instruction to pertain to rates that a bank ████████████████████████" and that the "████████" language

---

[112] *Id.*, Ex. ██ (████████████████████████████████████████); *id.*, Ex. ████████████
████████████████████████

[113] Citi Decl., Ex. ██ (Declaration of ████████████ ("████████ Decl."), dated May 23, 2016, ¶ 5).

[114] *Id.*, Ex. ██ (████████ Decl. ¶ 3); *id.*, Ex. ██ ████████████████████████
, Mar. 2009, Citi-USD02412770 at -772-773).

[115] *Id.*, Ex. ██ (████████ Decl. ¶¶ 3, 5); *id.*, Ex. ██ (████████ Dep. Tr. 23:18-23).

[116] *Id.*, Ex. 4 (Citi-USD02412770 at -722-773); *id.*, Ex. ██ (████████ Dep. Tr. 204:9-11).

was ███████████████████████████████[117]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits ██████ to the Citi Declaration are consistent with the assertions in Paragraph 49. **DISPUTED** that ██████████████████████████████████████████████████████████████ *See* PJC ¶ 263. **DISPUTED** that ████████████████████████████████████████████ ████████████████████████████████████████████ *See* PJC ¶ 271.

50.    Citi's general practice was that ███████████████████████████ ████████████████████ and ████████████████████████████ ████████████████████████████████[118]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit █ to the Citi Declaration is consistent with the assertion in Paragraph 50. **DISPUTED** that ██████████████████ ████████████████████████████████████████████ *See* PJC ¶ 271. **DISPUTED** that ████████████████████████████████ ████████████████████████████████ *See* PJC ¶ 263.

51.    Citi's submitters exercised their judgment in determining submissions based on a ██████████████████████████████████████ from multiple sources, including ████████████████████████████████████████████████ ██████████[119]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit █ to the Citi Declaration is consistent with the assertion in Paragraph 51. **DISPUTED** that ████████████████████████

---

[117] *Id.*, Ex. █ (████████ Dep. Tr. 161:19-21); *see also id.*, Ex. █ (████████ Dep. Tr. 44:7-17); *id.*, Ex. █ (Jan. 26, 2024 Dep. of ████████ Tr. (Citi) ("████████ Dep. Tr.") 77:12-17; 90:21-91:4).
[118] *Id.*, Ex. █ (████████████████████, Apr. 18, 2018, Citi-USD-02559251).
[119] *Id.*, Ex. █ (Citi-USD02412770 at -786).

*See* PJC ¶ 271. **DISPUTED** that ████████████████████████████████
████████████████████████████████████ *See* PJC ¶ 263.

52. ██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████ [120] ████████████████████████████

██████████ [121] .

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit █ to the Citi Declaration is consistent

with the assertion in Paragraph 52. **DISPUTED** that ████████████████████████

████████████████████████████████████ *See* PJC ¶

263. **DISPUTED** that █████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████ *See* PJC ¶ 265. **DISPUTED** that ██████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████ *See* PJC ¶ 266. **DISPUTED** that ███████████

████████████████████████████████████████

██████████████████ *See* PJC ¶ 271.

---

[120] *Id.*, Ex. █ (Witness Statement of ███████████████, dated Nov. 25, 2014 ("███████ Witness Statement"), ¶ 29).
[121] *Id.*, Ex. █ (███████ Witness Statement ¶ 27).

53.    The information considered by Citi's submitters in exercising their judgment included, among other things:



**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b)] that Exhibits █, █, and █ to the Citi Declaration support the assertions in Paragraph 53. **DISPUTED** that ████████████████████████████████████████████████████ *See* PJC ¶ 263. **DISPUTED** that ████████



████████████████████████████ *See* PJC ¶ 265. **DISPUTED** that █

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████ *See* PJC ¶ 266. **DISPUTED** that ████

████████████████████████████████████████████████████

████████████ *See* PJC ¶ 267. **DISPUTED** that ████

████████████████████████████████████████████████████

████████ *See* PJC ¶ 52. **DISPUTED** that ████████

---

[122] *Id.*, Ex. █ (Citi-USD02412770 at -785); *see also id.*, Ex. █ (████████ Witness Statement ¶¶ 25-27) ████████████████████████████ ; *id.*, Ex. █ ( Witness Statement ¶ 45); *id.*, Ex. █ (████████ Dep. Tr. 53:4-22).



*See* PJC ¶ 271.

54. ██████████████████████████████████

████████████████████████████████████

██████ [123]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit █ to the Citi Declaration is consistent with the assertion in Paragraph 54. **DISPUTED** that ████████████████████████████████ *See* PJC ¶ 263. **DISPUTED** that ███████████████████████████████ ████████████████████████████ *See* PJC ¶ 271.

55. ██████████████████████████████████

████████████████████████████████████

██████ [124]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit █ to the Citi Declaration is consistent with the assertions in Paragraph 55. **DISPUTED** that █████████████ ████████████████████████████████████ *See* PJC ¶ 263. **DISPUTED** that ████████████████████████████ ████████████████████████████████████ *See* PJC ¶ 271.

---

[123] *Id.*, Ex. █ (████████ Witness Statement ¶ 26).
[124] *Id.*, Ex. █ (████████ Witness Statement ¶¶ 33, 35).

*Credit Suisse*

56. ██████████████████████████████████████████

████████████████████████████████████████[125]

**PLAINTIFFS' RESPONSE: DISPUTED** that ████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████ *See* Carmody Decl., PX-1484 (████████ Dep. at 56:8-57:25 (**Credit Suisse**:

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████ *id.* (████████ Dep. at

83:9-84:13 (██████████████████████████████████

[125] Credit Suisse Decl., Ex. █ (████████ Dep. of ████████ Tr. (Credit Suisse) ("████████ Dep. Tr.") 67:23-69:23); *id.*, Ex. █ (████████ Dep. of ████████ Tr. (Credit Suisse) ("████████ Dep. Tr.") 60:23-62:25).



. *See id.* ( ▮▮▮ Dep. at 54:2-55:20 ▮▮

57.

[126]

---

[126] *Id.*, Ex. ▮ (▮▮▮ Dep. Tr. 61:9-13); *id.*, Ex. ▮ (▮▮▮ Dep. of ▮▮▮ Tr. (Credit Suisse) ("▮.
▮▮. Tr.") 10:7-17).

**PLAINTIFFS' RESPONSE**: ADMITTED.

58. ██████████████████████████████████████████

████████████████████████████████████████████████

████████████████[127]

**PLAINTIFFS' RESPONSE**: ADMITTED.

59. ██████████████████████████████████████████

████████████████[128]

**PLAINTIFFS' RESPONSE**: ADMITTED.

60. ██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████[130]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibits ████ and █ to the Credit Suisse Declaration are consistent with the assertion in Paragraph 60. **DISPUTED** that ████████████

████████████████████████████████████████████████

████████████████████████████ *See* PJC ¶ 267. **DISPUTED** that ████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[127] *Id.*, Ex. ████ Dep. Tr. 61:9-13; 17:23-25); *id.*, Ex. █ (████ Dep. Tr 118:9-12).
[128] *Id.*, Ex. █ (████ Dep. Tr. 118:21-119:6).
[129] *Id.*, Ex. █ (████ Dep. Tr. 251:2-19); *see also id.*, Ex. █ ████████████
CSUK_0117727).
[130] *Id.*, Ex. █ (████ Dep. Tr. 299:2-6); *id.*, Ex. █ (████ Dep. Tr. 197:5-198:4).

█████████████████████████ *See* PJC ¶ 263. **DISPUTED** that ████████████

████████████████████████████████████████████████

█████████████████ *See* PJC ¶ 273.

61.    ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████ ██ ██████████████████████████████████████

███████████████████████[132]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibits █, █, █, and █ to the Credit Suisse

Declaration are consistent with the assertion in Paragraph 61. **DISPUTED** that ████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████ *See* PJC ¶ 265. **DISPUTED** that █████████████

████████████████████████████████████████████████

████████████████████████████████████████████ *See*

PJC ¶ 266. **DISPUTED** that ████████████████████████████

████████████████████████████████████████ *See* PJC ¶

273.

62.    ████████████████████████████████████████

---

[131] *Id.*, Ex. █ (██████ Dep. Tr. 66:20-67:3).
[132] *Id.*, Ex. █ (██████ Dep. Tr. 251:13-19); *see also id.*, Ex. █ (█
████████████ Nov. 28, 2008, CSAG_00141153); *id.*, Ex. █ (█████████
████████ CSAG_00087795).



[133]

[134]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits ▌, ▌, and ▌ to the Credit Suisse Declaration are consistent with the assertions in Paragraph 62. **DISPUTED** that ▌

▌ *See* PJC ¶ 267. **DISPUTED** that ▌

▌ *See* PJC ¶ 265. **DISPUTED** that ▌

▌ *See* PJC ¶ 266. **DISPUTED** that ▌

▌

*See* PJC ¶ 273.

---

[133] *Id.*, Ex. ▌ (▌ Dep. Tr. 64:4-25).
[134] *Id.*, Ex. ▌ (▌ Dep. Tr. 85:9-86:3; 122:16-123:6; 134:8-13; 295:10-20; 296:11-18); *id.*, Ex. ▌ Dep. of ▌ Tr. (Credit Suisse) ("▌ Dep. Tr.") 316:25-317:13).

63. ███████████████████████████████████████████

████████████████████████████████████████████[135]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit 2 is consistent with the assertion in

Paragraph 63. **DISPUTED t**hat Credit Suisse's LIBOR submission process during the Relevant

Period was consistent with the LIBOR instructions. *See*, *e.g.*, Carmody Decl., PX0747 (████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████ *id*. (████████ Dep. at 85:20-89:2 (████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████ **DISPUTED** that ████████████████████████

███████████████████████████████████████████

*See* PJC ¶ 273.

*Deutsche Bank*

---

[135] *Id.,* Ex. █ (████████ Dep. Tr. 178:21-179:6) ████████████████████████

██████████████████████

64.    During the Relevant Period, Deutsche Bank made USD LIBOR submissions from London.[136] The individuals at Deutsche Bank responsible for determining Deutsche Bank's USD LIBOR submissions were ███████████████████[137]

████████████████████████████████

████[138]██████████████████████████

████████████[139]██████████████████

████[140]

**PLAINTIFFS' RESPONSE**: **ADMITTED**.

65.    ████████████████████████████

████████████[141]

**PLAINTIFFS' RESPONSE**: **ADMITTED**.

66.    ████████████████████████████

████████████████████████████████

████████[142]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a)] that Exhibit 1 to the Deutsche Bank Declaration is consistent with the assertions in Paragraph 66. **DISPUTED** that any inference can be drawn from this assertion that Deutsche Bank was not collusively suppressing its USD LIBOR submissions

---

[136] Deutsche Bank Decl., Ex. 1 (██████ Dep. Tr. 17:14-19).
[137] *Id.*, Ex. 2 (██████ Dep. Tr. 25:2-9); *id.*, Ex. 1 (██████ Dep. Tr. 29:3-19); *id.*, Ex. 3 (██████ Dep. Tr. 28:23-29:1); *see also id.*, Ex. 4 (Deutsche Bank's Suppl. Resp. and Obj. to Pls.' First Coordinated Set of Interrogs. 8, Nov. 15, 2016).
[138] *Id.*, Ex. 2 (██████ Dep. Tr. 22:10-20; 25:2-9); *id.*, Ex. 1 (██████ Dep. Tr. 29:7-17).
[139] *Id.*, Ex. 1 (██████ Dep. Tr. 24:24-25:3).
[140] *Id.*, Ex. 2 (██████ Dep. Tr. 22:21-23); *id.*, Ex. 1 (██████ Dep. Tr. 25:1-21).
[141] *Id.*, Ex. 1 (██████ Dep. Tr. 29:14-19); *id.*, Ex. 4 (Deutsche Bank's Suppl. Resp. and Obj. to Pls.' First Coordinated Set of Interrogs. 8, Nov. 15, 2016).
[142] *See id.*, Ex. 1 (██████ Dep. Tr. 44:24-45:5).

during the Relevant Period. *See* PJC ¶ 274. **DISPUTED** that any inference can be drawn from this assertion that Deutsche Bank did not direct its USD LIBOR submitters to suppress Deutsche Bank's USD LIBOR submissions during the Relevant Period. See PJC ¶ 275.

67. 

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit 3 to the Deutsche Bank Declaration is consistent with the assertion in Paragraph 67.

68. 

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits 5, 6, and 7 to the Deutsche Bank Declaration are consistent with the assertion in Paragraph 68. **DISPUTED** that ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* PJC ¶ 274. **DISPUTED** that ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ See PJC ¶ 275.

69. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[143] *Id.*, Ex. 3 (▮▮▮▮▮ Dep. Tr. 29:7-20).
[144] *Id.*, Ex. 3 (▮▮▮▮▮ Dep. Tr. 117:6-14).
[145] *Id.*, Ex. 5 (▮▮▮▮ (Deutsche Bank) Dep., Ex. ▮▮ 0014 (DB-USDMDL 00058701)); *id.*, Ex. 6 (▮ (Deutsche Bank) Dep., Ex. ▮ 0011 (DB-USDMDL 00908672)); *see also id.*, Ex. 7 (▮▮ (Deutsche Bank) Dep., Ex. ▮ 0014A, at 1-2 (transcript of DB-USDMDL 01360420)).



██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████ [146]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a] that Exhibit 1 to the Deutsche Bank Declaration is

consistent with the assertion in Paragraph 69. **DISPUTED** that ████████████████████

██████████████████████████████████████████████████

████████████████████ *See* PJC ¶ 274. **DISPUTED** that ████████████████████

██████████████████████████████████████████████████

██████████████████████████ *See* PJC ¶ 275.

70.    ████████████████████████████████████████

████████████████ [147] ██████████████████████████████

██████████████████████████████████████████████████

████████████████ [148]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,f] that Exhibit 2 to the Deutsche Bank Declaration

is consistent with the assertions in Paragraph 70. **DISPUTED** that ████████████████

██████████████████████████████████████████ *See* Carmody

Decl., PX1488 (████████. Dep. at 45:23-46:8 **(Deutsche Bank**: ████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

[146] *Id.*, Ex. 1 ████████ Dep. Tr. 30:17-25; 80:13-22).
[147] *See id.*, Ex. 2 ████████ Dep. Tr. 25:20-24; 204:11-205:17).
[148] *See id.*, Ex. 2 ████████ Dep. Tr. 25:20-24; 204:17-24).



)). **DISPUTED** that

*See* PJC ¶ 274.

71.

[149]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibits 2, 8, 9, 10, 11, and 12 are consistent

with the assertions in Paragraph 71 are consistent with the assertion in Paragraph 71. **DISPUTED**

that

*See* PJC ¶ 265. **DISPUTED** that

*See* PJC ¶ 266. **DISPUTED** that

*See* PJC ¶ 274.

72.

---

[149] *Id.*, Ex. 2 ▮ Dep. Tr. 46:4-6); *id.*, Ex. 1 (▮ Dep. Tr. 51:10-18); *see also, e.g.*, *id.*, Ex. 8 (Bloomberg Chat Between ▮ (Deutsche Bank) and ▮ (ICAP), Aug. 30, 2007, DB-USDMDL 00310643); *id.*, Ex. 9 (Bloomberg Chat Between ▮ (Deutsche Bank) and ▮ (ICAP), Sept. 13, 2007, DB-USDMDL 00314450); *id.*, Ex. 10 (Bloomberg Chat Between ▮ (Deutsche Bank) and ▮ (Tullett Prebon), Jan. 21, 2008, DB-USDMDL 00341013); *id.*, Ex. 11 (Bloomberg Chat Between ▮ (Deutsche Bank) and ▮. ▮ (ICAP), May 1, 2008, DB-USDMDL 00378252); *id.*, Ex. 12 (Email from ▮ (Tullett Prebon) to ▮ (Deutsche Bank), Oct. 28, 2008, DB-USDMDL 01275189).

████████████████████████████████████████████████████████ [150]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit 2 to the Deutsche Bank Declaration contains the quote in Paragraph 72, as well as the following: testimony from that Deutsche Bank

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████ Deutsche Bank Dec. Ex. 2 (███████ Dep.) at 127:5-23). **DISPUTED** that ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ *See* PJC ¶ 265. **DISPUTED** that ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ *See* PJC ¶ 266. **DISPUTED** that ████████████████████████████

████████████████████████████████████████████████████████

████████ *See* PJC ¶ 274.

73.     ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████ [151]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit 2 to the Deutsche Bank Declaration is consistent with the assertion in Paragraph 73. **DISPUTED** that ████████████████████████

---

[150] *Id.*, Ex. 2 (███████ Dep. Tr. 127:16-20).
[151] *Id.*, Ex. 2 (███████ Dep. Tr. 128:8-11).

████████████████████████████████████████████████████████

███████████████████ *See* PJC ¶ 274.

74.    ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████[152]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit 1 to the Deutsche Bank Declaration is consistent with the assertion in Paragraph 74. **DISPUTED** that ████████████████████

████████████████████████████████████████████████████████

███████████████████ *See* PJC ¶ 274.

75.    ████████████████████████████████████████████

████████████████[153]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit 2 to the Deutsche Bank Declaration is consistent with the assertion in Paragraph 75. **DISPUTED** that ████████████████████

████████████████████████████████████████████████████████

███████████████████ *See* PJC ¶ 274.

76.    ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████.[154]

---

[152] *Id.*, Ex. 1 (███████ Dep. Tr. 49:10-20).
[153] *Id.*, Ex. 2 (███████ Dep. Tr. 128:8-14).
[154] *Id.*, Ex. 2 ███████ Dep. Tr. 48:11-15); *see, e.g.*, *id.*, Ex. 13 (Bloomberg Chat Between ███████ and ███████, Oct. 18, 2007, DB-USDMDL 00321438) (███████████████████████); *id.*, Ex. 14 (Bloomberg Chat Between ███████ ███████, and ███████, Aug. 12, 2007, DB-USDMDL 00308572) (███████████████████████

█████████████████████████████████████████████████████████████ [155]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibits 1, 2, 13, 14, 15, and 16 to the

Deutsche Bank Declaration are consistent with the assertions in Paragraph 76. **DISPUTED** that

█████████████████████████████████████████████████████████████

████████████████████████████████████ *See* PJC ¶ 274.

*HBOS*

77.    █████████████████████████████████████████████████

███████████████████████ [156] █████████████████████████████████

█████████████████████████████ ███ [157] ███████████████ [158]

**PLAINTIFFS' RESPONSE: ADMITTED**.

78.    █████████████████████████████████████████████████ [159]

**PLAINTIFFS' RESPONSE: ADMITTED**.

79.    █████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████ [160]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Lloyds Bank Declaration is

consistent with the assertion in Paragraph 79. **DISPUTED** that ███████████████

─────────────────

█████████████████████████████████████████████████ "); *id.*, Ex. 15
(Bloomberg Chat Between ███████ and ███████, Sept. 17, 2007, DB-USDMDL 00315516) (trader requesting
high LIBOR); *id.*, Ex. 16 (Bloomberg Chat ██████████████████ Dec. 13, 2007, DB-USDMDL
00336481) (███████████████

[155] *Id.*, Ex. 2 (██████ Dep. Tr. 204:25-205:2; 205:18-206:7); *see also id.*, Ex. 1 ██████ Dep. Tr. 215:15-17).
[156] Lloyds Bank Decl., Ex. █ ████████ Dep. Tr. 36:10-22; 241:8-11).
[157] *Id.*, Ex. █ (████ (HBOS) Dep., Ex. 28, at 2 (LBG-FDIC-000015887)).
[158] *Id.*, Ex. █ (███████ Dep. Tr. 60:21-24; 70:21-71:4).
[159] *Id.*, Ex. █ (█████ Dep. Tr. 72:1-73:10).
[160] *Id.*, Ex. █ (██████ Dep. Tr. 82:6-83:4).



See PJC ¶ 276.

80. ████████████████████████████████

████████████████ [161]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit █ to the Lloyds Bank Declaration is consistent with the assertion in Paragraph 80.

81. ████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████ [162]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit █ to the Lloyds Bank Declaration is consistent with the assertions in Paragraph 81. **DISPUTED** that ████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████. See PJC ¶ 265. **DISPUTED** that ████████████████

████████████████████████████████

████████████████████████████████ See PJC ¶ 266. **DISPUTED** that ████████████████████████████████

████████████████████████████ See PJC ¶ 276.

---

[161] *Id.*, Ex. █ (████████ Dep. Tr. 91:21-92:6).
[162] *Id.*, Ex. █ (████████ Dep. Tr. 74:8-75:3).

*HSBC*

82.    During the Relevant Period, ████████████████████████ in London

was responsible for submitting HSBC's USD LIBOR rates.[163]

**PLAINTIFFS' RESPONSE: ADMITTED**.

83.    ████████ served as HSBC's primary USD LIBOR submitter during the

Relevant Period.[164] ████████ served as HSBC's backup USD LIBOR submitter during most

of the Relevant Period.[165]

**PLAINTIFFS' RESPONSE: ADMITTED**.

84.    ████████████████████████████████████████

████████████████████████.[166]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d)] that Exhibits ████ to the HSBC Declaration

are consistent with the assertion in Paragraph 84. **DISPUTED** that ████████████

████████████████████████████████████████

████████████ *See* PJC ¶ 278.

85.    ████████████████████████████████████

████████████████████████[167] ████████████████

████████████████████████████████████████

████████████████████[168]

---

[163] HSBC Decl., Ex. █ ████████ Dep. of ████████ Tr. (HSBC) ("████████ Dep. Tr.") 19:11-16.
[164] *Id.*, Ex. █ (████████ Dep. Tr. 28:10-11).
[165] *Id.*, Ex. █ (████████ Dep. of ████████ Tr. (HSBC) ("████████ Dep. Tr.") 116:22-117:2).
[166] *Id.*, Ex. █ (████████ Dep. Tr. 37:10-23; 38:17-39:5; 281:20-23; 323:16-324:3); *id.*, Ex. █ (████████ Dep. Tr. 33:10-20; 43:10-44:5; 119:6-10).
[167] *Id.*, Ex. █ (████████ Dep. Tr. 66:22-67:11); *id.*, Ex. █ (████████ Dep. Tr. 43:10-44:5).
[168] *Id.*, Ex. █ (████████ Dep. Tr. 66:22-67:11); *id.*, Ex. █ (████████ Dep. Tr. 43:10-44:5).

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a] that Exhibits ███ to the HSBC Declaration are consistent with the assertion in Paragraph 85. **DISPUTED** that ████████████

██████████████████████████████████████████████

████████████ *See* PJC ¶ 278.

86.    ██████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████[169]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a] that Exhibit █ to the HSBC Declaration is consistent with the assertion in Paragraph 86. **DISPUTED** that ████████████

██████████████████████████████████████████████

████████████ *See* PJC ¶ 278.

87.    ██████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████[170]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a] that Exhibit █ to the HSBC Declaration is consistent with the assertion in Paragraph 87. **DISPUTED** that ████████████

██████████████████████████████████████████████

████████████ *See* PJC ¶ 278.

88.    ██████████████████████████████████████

---

[169] *Id.*, Ex. █(████████ Dep. Tr. 50:21-51:2; 122:18-25; 280:4-10).
[170] *Id.*, Ex. █████████ Dep. Tr. 280:11-281:1).

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████ [171]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the HSBC Declaration is consistent with the assertion in Paragraph 87. **DISPUTED** that ████████████████████

███████████████████████████████████████████████████████

██████████████ *See* PJC ¶ 278.

*JPMorgan*

89.    ████████████ was JPMorgan's primary USD LIBOR submitter between the end of 2007 through at least the end of 2009.[172] On occasion, ████████████████████████ ████████████████████ made JPMorgan's USD LIBOR submissions when ████████ was unavailable.[173]

**PLAINTIFFS' RESPONSE: ADMITTED**.

90.    ████████████ was based in London as the ████████████████████████ █████████████████████████████.[174] ████████ reported to ████████████████, the ████████████████████████████ from 2007 through 2010.[175]

**PLAINTIFFS' RESPONSE: ADMITTED**.

91.    ████████████ testified that █████████████████████████████████████████

---

[171] *Id.*, Ex. █ (████████ Dep. Tr. 72:13-73:5; 73:11-16).
[172] *See* JPMorgan Decl., Ex. █ (████████ Dep. of ████████████ Tr. (JPMorgan) ("████████ Dep. Tr.") 39:15-21).
[173] *Id.*, Ex. █ (████████ Dep. Tr. 38:15-16).
[174] *Id.*, Ex. █ (████████ Dep. Tr. 28:10-22).
[175] *Id.*, Ex. █ (████████ Dep. Tr. 28:24-25). "EMEA" stands for Europe, the Middle East, and Africa. JPMorgan Decl., Ex. █ (████████ Dep. of ████████████ Tr. (JPMorgan) ("████████ Dep. Tr.") 36:3-5).

██████████████████████[176] ██████████████ testified that she considered ████████████

████████████████████████████████████████████████████████████████████████████████

██████████████████████, to determine JPMorgan's submissions. [177] ██████████████ also

considered ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████[178]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the JPMorgan Declaration is

consistent with the assertions in Paragraph 91. **DISPUTED** that ████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ *See* PJC ¶ 280. **DISPUTED** that ████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████ *See* PJC ¶ 279. **DISPUTED** that ██████████████████

████████████████████████████████████████████████████████████████████████████████

████████ *See* PJC ¶ 18.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 91:**
Plaintiffs dispute that ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████ ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

Further, Plaintiffs' statements citing paragraphs of the Joint Counterstatement are unsupported for
the reasons explained in Defendants' Counterstatement Response. *See* Defs.' Counterstmt. Resps.
¶¶ 18, 279-280. The Court should therefore deem Defendants' statement in paragraph 91 admitted
by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

92.    ██████████████    communicated    ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

---

[176] *Id.*, Ex. █ (██████████ Dep. Tr. 44:21-24; 46:11-47:25; 54:13-16).
[177] *Id.*, Ex. █ (██████████████ Dep. Tr. 50:18-22; 55:24-56:8; 84:11-14); *see also id.*, Ex. █ (██████████ Dep. Tr. 58:14-23;
90:3-6; 133:9-134:20); *id.*, Ex. █ (████████████████████████████████████████████████████,
JPM_MDL1_USD_00081264).
[178] *See id.*, Ex. █ (██████████ Dep. Tr. 82:6-8; 82:17-18; 82:22-24; 83:4-5).

███████████████████[179] █████████ testified that ██████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████[180]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits █ and █ to the JPMorgan Declaration

are consistent with the assertions in Paragraph 92. **DISPUTED** that ████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ *See*

PJC ¶ 265. **DISPUTED** that ████████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████ *See* PJC ¶ 266. **DISPUTED**

that ███████████████████████████████████████████████████████████████

████████████████████████████████████ *See* PJC ¶ 279.

93.   ███████████████████████████████████████ JPMorgan's USD

LIBOR submission was based on ███████████████████████████████████

████████████████████.[181] ██████████████████████████████████████████

JPMorgan had to ████████████████████████████████████████████████████

---

[179] *Id.* Ex. █ (█████████ Dep. Tr. 132:3-4; 147:25-148:6; 141:15-20); *see id.*, Ex. 5 (JPM_MDLl_USD_00081264); *see also id.*, Ex. █ (█████████ Dep. Tr. 101:3-17).
[180] *Id.*, Ex. █ (█████████ Dep. Tr. 89-90; 84:1-23; 133:9-21) ██████████████████████████
██████████████████).
[181] *Id.*, Ex. █ (█████████ Dep. Tr. 85:7-17; 82:19-83:5; 83:9-17) ████████████████████████
████████████████████████████████████████ *id.*, Ex. █ (█████ Dep. Tr. 81:10-17)
████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████ [182]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibits █ and █ to the JPMorgan Declaration are consistent with the assertions in Paragraph 92. **DISPUTED** that ███████████████

████████████████████████████████████████████████████████

██████ *See* PJC ¶ 263. **DISPUTED** that ██████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ *See* PJC ¶ 265.

**DISPUTED** that ████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████ *See* PJC ¶ 266. **DISPUTED** that

████████████████████████████████████████████████████████

██████████████████████████ *See* PJC ¶ 279.

*Lloyds Bank*

94.    ███████████████████████████████████████████████

██ ████ [183] ████████████████████████████ [184]

**PLAINTIFFS' RESPONSE**: **ADMITTED**.

95.    ███████████████████████████████████████████████

███████████████████████████ [185]

---

[182] *Id.*, Ex. █ (████████ Dep. Tr. 127:4-14).
[183] Lloyds Bank Decl., Ex. █ (████████ Dep. Tr. 75:25-76:4).
[184] *Id.*, Ex. █ (████████ Dep. Tr. 33:14-21).
[185] *Id.*, Ex. █ (████████ Dep. Tr. 55:20-56:14).

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that the Exhibit █ to the Lloyds Bank Declaration is consistent with the assertion in Paragraph 95. **DISPUTED** that ████████████████████████████

██████████████████████████████████████████████████

████████████████████ *See* PJC ¶ 281.

96.  ████████████████████████████████████████

████ [186]

**PLAINTIFFS' RESPONSE: ADMITTED.**

97.  ████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████ [187] ██████████████████████ [188]

**PLAINTIFFS' RESPONSE: ADMITTED**.

98.  ████████████████████████████████████

███████████████████████████████████████████. [189]

**PLAINTIFFS' RESPONSE: ADMITTED**.

99.  ████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

---

[186] *Id.*, Ex. █ (█████ Dep. Tr. 61:21-62:6).
[187] *Id.*, Ex. █ (Mar. 13-14, 2024 Dep. of █████ Tr. (Lloyds Bank) ("█████ Dep. Tr.") 45:22-46:2; 63:23-64:16).
[188] *Id.*, Ex. █ (█████ Dep. Tr. 28:9-19).
[189] *Id.*, Ex. █ (█████ Dep. Tr. 55:13-23).

██████████████████████ [190]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a,b,d] that Exhibits ██ and ██ to the Lloyds Bank Declaration are consistent with the assertion in Paragraph 99. **DISPUTED** that ████████████ ████████████████████████████████████████████████████████ ████████████████ *See* PJC ¶ 263.

100. ████████████████████████████████████████████

████████████████████████████████████ [191] ███████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████. [192]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibits ██ and ██ to the Lloyds Bank Declaration are consistent with the assertions in Paragraph 100. **DISPUTED** that ████████████ ████████████████████████████████████████████████████████ ████████████████████████ *See* PJC ¶ 52. **DISPUTED** that ████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ *See* PJC ¶ 265. **DISPUTED** that ████████████████████████████████████████ ████████████████████████████████████████████████████████

[190] *Id.*, Ex. ██ (████████ Dep. Tr. 255:4-256:3); *Id.*, Ex. ██ (████████ Dep. Tr. 247:17-22).
[191] *Id.*, Ex. ██ (████████ Dep. Tr. 71:12-72:4).
[192] *Id.*, Ex. ██ (████████ Dep. Tr. 236:9-238:14).

█████████████████████████████████████. *See* PJC ¶ 266. **DISPUTED**

that ███████████████████████████████████████████

███████████████████████████████████. *See* PJC ¶ 281.

*MUFG*

101.    ████████████████████████████████████

██████.[193]

**PLAINTIFFS' RESPONSE: ADMITTED**.

102.    ████████████████████████████████████

████████████████████████████████████████████████

███████.[194]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Blakemore Declaration is

consistent with the assertions in Paragraph 102. **DISPUTED** that ██████████████

████████████████████████████████████████████

██████████ *See* PJC ¶ 282.

103.    ████████████████████████████████████

██████.[195]

**PLAINTIFFS' RESPONSE: ADMITTED.**

*NatWest*

104.    ████████████████████████████████████

[193] Blakemore Decl., Ex. █ (Apr. 18, 2024 Dep. of ████████████ (MUFG) ("███████ Dep. Tr.") 9:24-10:1).
[194] *Id.*, Ex. █ (Apr. 18, 2024 Dep. of ████████████ (MUFG) ("████████ Dep. Tr.") 25:20-26:2; 26:17-20).
[195] *Id.*, Ex. █ (████████ Dep. Tr. 26:10-11).

█████████████████████████████████████████████████████ [196]

**PLAINTIFFS' RESPONSE: ADMITTED**.

105.    ████████████████████████████████████████████████████

█████████████████████████████ [197]

**PLAINTIFFS' RESPONSE: ADMITTED**.

106.    ████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████ [198]

**PLAINTIFFS' RESPONSE: ADMITTED.**

107.    ████████████████████████████████████████████████████

██████████████████████████████████ [199]

**PLAINTIFFS' RESPONSE: ADMITTED**.

108.    ████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████ [200]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibits █ and █ to the NatWest Declaration
are consistent with the assertions in Paragraph 108. **DISPUTED** that █████████████████████

██████████████████████████████████████████████████████████

---

[196] *See* NatWest Decl., Ex. █ (████████ Dep. of ████████ Tr. (NatWest) ("████████ Dep. Tr.") 185:17-187:11);
*id.*, Ex. █ (████████ (NatWest) Dep., Ex. 70, ¶¶ 8-9 (RBS_MDL_001845435)).
[197] *See id.*, Ex. █ (████████ (NatWest) Dep., Ex. 70, ¶¶ 8-9 (RBS_MDL_001845435)).
[198] *See id.*, Ex. █ (████████ (NatWest) Dep., Ex. 70, ¶¶ 1, 6 (RBS_MDL_001845435)).
[199] *See id.*, Ex. █ (████████ (NatWest) Dep., Ex. 70, ¶¶ 1, 24 (RBS_MDL_001845435)); *see also id.*, Ex. █ (
Dep. Tr. 12:8-14).
[200] *See id.*, Ex. █ (████████ (NatWest) Dep., Ex. 70, ¶ 19 (RBS_MDL_001845435)); *see also id.*, Ex. █ (
Dep. Tr. 227:17-228:4).

████ . *See* PJC ¶ 263. **DISPUTED** that ████████████████████

███████████████████████████████████████████

*See* PJC ¶ 283. **DISPUTED** that ████████████████████████

███████████████████████████████ *See* PJC ¶ 285.

109.    ██████████████████████████████████████████

████████████████ [201]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit ██ to the NatWest Declaration is consistent with the assertion in Paragraph 109. **DISPUTED** that any ████████████

████████████████████████████████████████████

██████████████████ *See* PJC ¶ 283. **DISPUTED** that ████████████████

████████████████████████████████████████████

██████████████████████ *See* PJC ¶ 284.    **DISPUTED**    that    ███

████████████████████████████████████████████

████████████████████ *See* PJC ¶ 285.

110.    ██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ [202]

**PLAINTIFFS' RESPONSE: DISPUTED**[(b,e,f)] that Exhibit ██ to the NatWest Declaration supports the assertion in Paragraph 110. *See* NatWest Decl., Ex. ██ at ¶¶ 19-20 (stating that ███

---

[201] *See id.*, Ex. ██ (████████ (NatWest) Dep., Ex. 70, ¶ 19 (RBS_MDL_001845435)).
[202] *See id.*, Ex. ██ ████████ (NatWest) Dep., Ex. 70, ¶¶ 20, 32-33 (RBS_MDL_001845435)); *see also id.*, Ex. ██ (██. ████ Dep. Tr. 227:15-228:4).



*See* PJC ¶ 285. **DISPUTED** that

*See* PJC ¶ 283.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 110:**  Plaintiffs "dispute" Defendants' statement of fact set forth in paragraph 110 only by misconstruing the assertion.  Paragraph 110 states that the rate on ██████████ ██████████████████████████████████████████████████████████  Paragraph 110 does not state that NatWest's USD LIBOR submitter during the Relevant Period, ██████████, "actually set" or "physically set" the bid rate or offer rate.  The Court should deem Defendants' statement admitted because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement.  Fed. R. Civ. P. 56(c), (e).

111.

.[203]

**PLAINTIFFS' RESPONSE:  ADMITTED**[(a,b,e)] that Exhibit ██ to the NatWest Declaration is consistent with the assertion in Paragraph 111.

112.

[204]

---

[203] *See id.*, Ex. ██ (██████ (NatWest) Dep., Ex. 70, ¶¶ 19, 33 (RBS_MDL_001845435)).

[204] *See id.*, Ex. ██ (██████ (NatWest) Dep., Ex. 70, ¶¶ 19, 32-33 (RBS_MDL_001845435)); *id.*, Ex. ██ (█████



**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit ▮ to the NatWest Declaration is consistent with the assertions in Paragraph 112.

113. ▮▮▮▮▮

▮▮▮▮▮

▮▮▮▮[205]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit ▮ to the NatWest Declaration is consistent with the assertion in Paragraph 113.

114. ▮▮▮▮▮

▮▮▮▮▮

▮.[206]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit ▮ to the NatWest Declaration is consistent with the assertion in Paragraph 114.

115. ▮▮▮▮▮

▮▮▮▮▮

▮▮▮[207]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit ▮ to the NatWest Declaration is consistent with the assertion in Paragraph 115.

---

[205] *See id.*, Ex. ▮ (▮▮ (NatWest) Dep., Ex. 70, ¶ 33 (RBS_MDL_001845435)).
[206] *See id.*, Ex. ▮ (▮▮▮ (NatWest) Dep., Ex. 70, ¶ 19 (RBS_MDL_001845435)).
[207] *See id.*, Ex. ▮ (▮▮▮ (NatWest) Dep., Ex. 70, ¶¶ 33, 37 (RBS_MDL_001845435)).

116. ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████[208]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit █ to the NatWest Declaration is consistent with the assertion in Paragraph 116.

117. ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████[209]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit █ to the NatWest Declaration is consistent with the assertion in Paragraph 117.

118. ███████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████[210]

**PLAINTIFFS' RESPONSE: DISPUTED**[b,e,f] that Exhibit █ to the NatWest Declaration is consistent with the assertion in Paragraph 117. *See* PJC ¶ 285. **DISPUTED** that ███████

███████████████████████████████████████████████

████████████████████████ *See* PJC ¶ 283.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 118:** Plaintiffs "dispute" Defendants' statement of fact set forth in paragraph 118 only by misconstruing the assertion. Paragraph 118 states that ██████████████████████████████ ████████████ Paragraph 118 does not state that NatWest's USD LIBOR submitters did not have any degree of discretion concerning where to set NatWest's USD LIBOR submissions. *See* Defs.'

---

[208] *See id.*, Ex. █ (█████ (NatWest) Dep., Ex. 71, ¶¶ 8-9 (RBS_MDL_001845484)).
[209] *See id.*, Ex. █ (█████ (NatWest) Dep., Ex. 70, ¶ 20 (RBS_MDL_001845435)).
[210] *See id.*, Ex. █ (█████ (NatWest) Dep., Ex. 70, ¶¶ 34, 38 (RBS_MDL_001845435)).

Counterstmt. Resps. ¶ 285.  The Court should deem Defendants' statement admitted because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement.  Fed. R. Civ. P. 56(c), (e).



119.  ████████████████████████████████████████████████

████████████████████████████████████████████.[211]

**PLAINTIFFS' RESPONSE: DISPUTED**[(b,e,f)] that Exhibit ██ to the NatWest Declaration is consistent with the assertion in Paragraph 117. *See* PJC ¶ 285. **DISPUTED** that ██████████

████████████████████████████████████████████████████

██████████████████████ *See* PJC ¶ 283.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 119:**  Plaintiffs "dispute" Defendants' statement of fact set forth in paragraph 119 only by misconstruing the assertion.  Paragraph 119 states that the ████████████████████████ ████████████████████████████████████████ Paragraph 119 does not state that NatWest's USD LIBOR submitters did not have any degree of discretion concerning where to set NatWest's USD LIBOR submissions.  *See* Defs.' Counterstmt. Resps. ¶ 285.  The Court should deem Defendants' statement admitted because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement.  Fed. R. Civ. P. 56(c), (e).

120.  ████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████[212]

**PLAINTIFFS' RESPONSE**: **DISPUTED**[(b,e,f)] that Exhibit ██ to the NatWest Declaration is consistent with the assertion in Paragraph 117. *See* PJC ¶ 285. **DISPUTED** that ██████████

████████████████████████████████████████████████████

██████████████████████ *See* PJC ¶ 283.

---

[211] *See id.*, Ex. █ (████████ (NatWest) Dep., Ex. 70, ¶¶ 34, 38 (RBS_MDL_001845435)).
[212] *See id.*, Ex. █ (████████ (NatWest) Dep., Ex. 70, ¶ 38 (RBS_MDL_001845435)); *see also id.*, Ex. █ (Transcript of ████████████████████████████ in *Property All. Grp. Ltd. v. Royal Bank of Scotland plc*, [2016] EWHC 3342 (Ch), Dec. 21 2016, RBS_MDL_001845014 at -046); *id.*, Ex. █ (████████ (NatWest) Dep., Ex. 71, ¶ 5 (RBS_MDL_001845484)).

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 120:** Plaintiffs "dispute" Defendants' statement of fact set forth in paragraph 120 only by misconstruing the assertion. Paragraph 120 states that NatWest's USD LIBOR submission was a ███████████████████████████████████████████████████████████ Paragraph 120 does not state that NatWest's USD LIBOR submitters did not have any degree of discretion concerning where to set NatWest's USD LIBOR submissions. *See* Defs.' Counterstmt. Resps. ¶ 285. The Court should deem Defendants' statement admitted because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement. Fed. R. Civ. P. 56(c), (e).

121. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████[213]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,c] that Exhibit ██ to the NatWest Declaration is consistent with the assertion in Paragraph 121. **DISPUTED** that ████████████████████

████████████████████████████████████████

████ *See* PJC ¶ 285. **DISPUTED** that ███████████████████████

████████████████████████████████████████

*See* PJC ¶ 283.

122. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████[214]

---

[213] *See id.*, Ex. █ (████████ (NatWest) Dep., Ex. 71, ¶¶ 8-9 (RBS_MDL_001845484)).
[214] *See id.*, Ex. █ (████████ (NatWest) Dep., Ex. 71, ¶¶ 10 (RBS_MDL_001845484)).

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit █ to the NatWest Declaration is consistent with the assertion in Paragraph 122. **DISPUTED** that ███████████████ ████████████████████████████████████████. *See* PJC ¶ 264. **DISPUTED** that ███████████████████ █████████████████████████████████ *See* PJC ¶ 283. **DISPUTED** that ███████████████████ █████████████████████████████████████████ ██████ *See* PJC ¶ 284.

*Norinchukin*

123.    ████████████████████████████████████ ████████████████████████████████████████ ████████████████████[215]

**PLAINTIFFS' RESPONSE: ADMITTED**.

124.    During the Relevant Period, ████████████ was the individual with primary responsibility for determining Norinchukin's USD LIBOR submissions.[216] ███████████ was a money market dealer in the Treasury Department of Norinchukin's London Branch.[217]

**PLAINTIFFS' RESPONSE: ADMITTED**.

125.    When ███████████ set Norinchukin's USD LIBOR submissions, ████████████ ██████████████████████.[218]

---

[215] Norinchukin Decl., Ex. █ (██████ Dep. Tr. 58:13-23); *id.*, Ex. █ (Feb. 27, 2024 Dep. of ██████████ Tr. (Norinchukin) ("██████ Dep. Tr.") 37:17-22).
[216] *Id.*, Ex. █ (████████ Dep. Tr. 177:24-178:1).
[217] *Id.*, Ex. █ (██████████ Dep. Tr. 24:6-7; 25:24-26:1).
[218] *Id.*, Ex. █ (██████ Dep. Tr. 41:13-42:1); *id.*, Ex. █ (██████████ Dep. Tr. 243:3-6).

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ▉ to the Norinchukin Declaration is consistent with the assertion in Paragraph 125. **DISPUTED** that ▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ *See* PJC ¶ 286.

126.    ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉.[219]

**PLAINTIFFS' RESPONSE: ADMITTED** that Exhibit ▉ to the Norinchukin Declaration is consistent with the assertion in Paragraph 126.

127.    In determining Norinchukin's USD LIBOR submissions, ▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉[220] ▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉[221]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibits ▉ and ▉ to the Norinchukin Declaration are consistent with the assertions in Paragraph 127. **DISPUTED** that ▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* PJC ¶ 286.

128.    To do so, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉.[222]



---

[219] *Id.*, Ex. ▉ (▉▉▉▉ Dep. Tr. 41:13-42:1); *id.*, Ex. ▉ (▉▉▉▉▉ Dep. Tr. 27:5-13); *id.*, Ex. ▉ (Mar. 26, 2024 Dep. of ▉▉▉▉ Tr. (Norinchukin) ("▉▉▉▉ Dep. Tr.") 23:9-17).
[220] *Id.*, Ex. ▉ (▉▉▉▉ Dep. Tr. 151:22-152:4); *id.*, Ex. ▉ (▉▉▉ (Norinchukin) Dep., Ex. 35, at 2 (NB-USDMDL-00279742)).
[221] *Id.*, Ex. ▉ (▉▉▉▉ (Norinchukin) Dep., Ex. 36, at 2 (NB-USDMDL-00279747)).
[222] *Id.*, Ex. ▉ (▉▉▉▉ Dep. Tr. 27:19-28:10).

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a] that Exhibit ▮ to the Norinchukin Declaration is consistent with the assertions in Paragraph 128. **DISPUTED** that ▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *See*

PJC ¶ 265. **DISPUTED** that ▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *See* PJC ¶ 266. **DISPUTED**

that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆ *See* PJC ¶ 286.

129.    After reviewing this information, ▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆[223]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a] that Exhibit ▮ to the Norinchukin Declaration is consistent with the assertions in Paragraph 129. **DISPUTED** that ▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

See *PJC* ¶ 263. **DISPUTED** that ▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆ *See* PJC ¶ 267. **DISPUTED** that ▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *See* PJC ¶

52. **DISPUTED** that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆



---

[223] *Id.*, Ex. ▮ (▆▆▆▆▆ Dep. Tr. 28:15-29:4).

████████████████████████████████████████ *See* PJC ¶ 286.

130.    While ████████████████████████████████████

██████████████████████████[224] Rather, ████████████████

████████████████████████[225]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,d)] that Exhibit █ to the Norinchukin Declaration is

consistent with the assertions in Paragraph 130. **DISPUTED** that ██████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████ *See* PJC ¶ 266. **DISPUTED** that ████████████████████████

████████████████████████████████████████████

████████ *See* PJC ¶ 286.

131.    During the Relevant Period, ████████████ was Norinchukin's backup USD LIBOR

submitter.[226] ████████████ was a money market dealer in the Treasury Department of Norinchukin's

London Branch.[227]

**PLAINTIFFS' RESPONSE**: **ADMITTED**.

132.    When ████████████ determined Norinchukin's USD LIBOR submissions, ████

████████████████████████[228]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,d)] that Exhibit █ to the Norinchukin Declaration is

consistent with the assertions in Paragraph 132. **DISPUTED** that ████████████████

[224] *Id.*, Ex. █ (████████ Dep. Tr. 175:20-25).
[225] *Id.*, Ex. █ ████████ Dep. Tr. 246:18-247:6).
[226] *Id.*, Ex. █ (Feb. 29, 2024 Dep. of ████████ Tr. (Norinchukin) ████████ Dep. Tr.") 26:22-27:5).
[227] *Id.*, Ex. █ ████████ Dep. Tr. 14:3-15).
[228] *Id.*, Ex. █ ████████ Dep. Tr. 242:16-18).

████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 286.

133.    ████████████████████████████████████████

████████████████████████████████████████████.[229]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a] that Exhibits █ and █ to the Norinchukin

Declaration are consistent with the assertions in Paragraph 133. **DISPUTED** that ████████

████████████████████████████████████████████

████████████████████ *See* PJC ¶ 286.

134.    In determining Norinchukin's USD LIBOR submissions, ██████████

████████████████████████████████████████████

███[230]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a] that Exhibit █ to the Norinchukin Declaration is

consistent with the assertions in Paragraph 134. **DISPUTED** that ████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████ *See* PJC ¶ 266. **DISPUTED** that ████████████████

████████████████████████████████████████████

████ *See* PJC ¶ 286.

135.    To do so, ████████████████████████████████████

████████████████████████████████████████████

---

[229] *Id.*, Ex. █ (████████ Dep. Tr. 41:13-42:1); *id.*, Ex. █ (████████ Dep. Tr. 23:9-17).
[230] *Id.*, Ex. █ (████████ Dep. Tr. 44:16-21).

████ ,,231 ██████████████ . 232

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,f)] that Exhibit █ to the Norinchukin Declaration

contains the quote in Paragraph 135, as well as the following: ███████████████

████████████████████████████████████

████████████████████████████████████

███████████ Norinchukin Decl., Ex. █ **DISPUTED** that █████████████

████████████████████████████████████

███████████ *See* PJC ¶ 286.

136.    ████████████████████████████████

████████████████████████████████████

████ ,,233 █████████████████████████████ 234

████████████████████████████████████

████████████████████████████ 235

**PLAINTIFFS' RESPONSE: ADMITTED**[(a)] that Exhibit █ to the Norinchukin Declaration is

consistent with the assertion in Paragraph 135. **DISPUTED** that ███████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████ *See*

PJC ¶ 265. **DISPUTED** that ███████████████████████

████████████████████████████████████

---

231 *Id.*, Ex. █ (████ Dep. Tr. 85:23-86:6).
232 *Id.*, Ex. █ (████ Dep. Tr. 161:6-10).
233 *Id.*, Ex. █ (████ Dep. Tr. 46:19-47:7).
234 *Id.*, Ex. █ (████ Dep. Tr. 192:6-18).
235 *Id.*, Ex. █ (████ Dep. Tr. 192:6-18).

██████████████████████████████████████████████ *See* PJC ¶ 266. **DISPUTED**

that ██████████████████████████████████████████

██████████████████████████████████████ *See* PJC ¶ 286.

137.   ████████████████████ during the Relevant Period, ██████████████

████   were  both  unavailable  and  ████████  determined  Norinchukin's  USD  LIBOR

submissions.[236]

**PLAINTIFFS' RESPONSE: ADMITTED**.

138.   During the Relevant Period, ████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████.[237]

**PLAINTIFFS' RESPONSE: ADMITTED**.

139.   In determining Norinchukin's USD LIBOR submissions, ███████████████

███████████████████████████████████████████████████████████

█████████████████████████[238]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b)] that Exhibit █ to the Norinchukin Declaration is

consistent with the assertions in Paragraph 139. **DISPUTED** that a ████████████████

███████████████████████████████████████████████████████████

See *PJC* ¶ 263. **DISPUTED** that ████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

---

[236] *Id.*, Ex. █ (██████ Dep. Tr. 41:1-10).
[237] *Id.*, Ex. █ (██████ Dep. Tr. 34:21-23; 39:15-18).
[238] *Id.*, Ex. █ (██████ Dep. Tr. 220:21-221:16).



*See* PJC ¶ 265. **DISPUTED** that

*See* PJC ¶ 266. **DISPUTED** that

*See* PJC ¶ 286.

140.                          , when          set USD LIBOR,

[239]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ▮ to the Norinchukin Declaration is consistent with the assertions in Paragraph 141. **DISPUTED** that

*See* PJC ¶ 286.

141.

[240]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits            to the Norinchukin Declaration are consistent with the assertions in Paragraph 142. **DISPUTED** that

*See* PJC ¶ 286.

142.    The individuals responsible for setting Norinchukin's USD LIBOR submissions

---

[239] *Id.*, Ex. ▮ (          Dep. Tr. 41:13-42:1).
[240] *Id.*, Ex. ▮ (          Dep. Tr. 41:24-42:1); *id.*, Ex. ▮ (          Dep. Tr. 23:9-17).



██████████████████████████████████████████████████████ [241]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b)] that Exhibits █ and █ to the Norinchukin

Declaration are consistent with the assertions in Paragraph 143. **DISPUTED** that ████████████

█████████████████████████████████████████████████████

█████████████████████████ *See* PJC ¶ 286.

143.    The individuals responsible for setting Norinchukin's USD LIBOR submissions

█████████████████████████████████████████████████████

██████████████████████████.[242]

**PLAINTIFFS' RESPONSE:** **DISPUTED** that Norinchukin's USD LIBOR submittors ████████

█████████████████████████████████████████████████████

██████████████████████████, because other evidence contravenes this conclusion. Carmody

Decl., PX████ (████████ Dep. at 173:9-19 **(Norinchukin**: ████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████



**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO.**
**143:** Plaintiffs dispute that ████████████, Norinchukin's primary USD LIBOR submitter, ████

████████████████████ But Plaintiffs have not proffered any evidence that

████████████████████████████████████████████████████

████████████████ *See* Defs.' Stmt. ¶ 633

████████████████; *infra* Reply to 56.1 Resps. to ¶ 633.  The Court should deem Defendants' statement

---

[241] *Id.*, Ex. █ (████████ Dep. Tr. 223:4-11).
[242] *Id.*, Ex. █ (████████ Dep. Tr. 225:19-23); *id.*, Ex. █ (████████ Dep. Tr. 37:9-16).

admitted because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement.  Fed. R. Civ. P. 56(c), (e).

144.  The individuals responsible for setting Norinchukin's USD LIBOR submissions



**PLAINTIFFS' RESPONSE: ADMITTED.**

*Portigon*

145.

**PLAINTIFFS' RESPONSE: ADMITTED**.

146.

**PLAINTIFFS' RESPONSE: ADMITTED**.

147.

**PLAINTIFFS' RESPONSE: ADMITTED**.

148.

---

[243] *Id.*, Ex. ▮ (▮ Dep. Tr. 225:25-226:5).
[244] Portigon Decl., Ex. ▮ (Mar. 14, 2024 Dep. of ▮) ▮ 19:21-20:2).
[245] *Id.*, Ex. ▮ (▮ Dep. Tr. 19:21-20:2; 38:9-12).
[246] *Id.*, Ex. ▮ (▮ Dep. Tr. 26:19-22); *id.*, Ex. ▮ (Mar. 12, 2024 Dep. of ▮) (▮ 15:08-13).
[247] *Id.*, Ex. ▮ (▮ Dep. Tr. 38:13-17); *id.*, Ex. ▮ (▮ Dep. Tr. 37:19-22).



████████████████████████[248] █████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████[249]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits █ and █ to the Portigon Declaration

are consistent with the assertions in Paragraph 148. **DISPUTED** that ████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████. *See*

PJC ¶ 265. **DISPUTED** that ███████████████████████████████████████

████████████████████████████████████████████████ *See* PJC ¶ 287.

149.    ████████████████████████████████████████████████

████████████████████████████████[250] █████████████████████████████████

████████████████████████████[251] █████████████████████████████████████

████████████████████████████████████████████████████████████████[252]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits █ and █ to the Portigon Declaration

are consistent with the assertions in Paragraph 149. **DISPUTED** that ████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████ *See* PJC ¶ 266. **DISPUTED** that ████████████████

[248] *Id.*, Ex. █ (████████ Dep. Tr. 40:21-23); *id.*, Ex. █ (████████ Dep. Tr. 136:13-14; 146:15-21).
[249] *Id.*, Ex. █ (████████ Dep. Tr. 40:24-41:11); *id.*, Ex. █ (████████ Dep. Tr. 59:22-25; 146:15-21).
[250] *Id.*, Ex. █ (████████ Dep. Tr. 59:16-25).
[251] *Id.*, Ex. █ (████████ Dep. Tr. 46:16-20); *id.*, Ex. █ (████████ Dep. Tr. 59:8-21).
[252] *Id.*, Ex. █ (████████ Dep. Tr. 60:14-17).



███████████████████████████████████████

██████████ *See* PJC ¶ 287.

150. ███████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████[253]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Portigon Declaration is consistent with the assertions in Paragraph 150. **DISPUTED** that ███████████

███████████████████████████████████████

██████ *See* PJC ¶ 43.

151. ████████████████████████████ ████ ████

████████████████████████.[255] ███████████

██████████████████████[256]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits █ and █ to the Portigon Declaration are consistent with the assertions in Paragraph 151. **DISPUTED** that ██████████

███████████████████████████████████████

██████ *See* PJC ¶ 263. **DISPUTED** that ████████████████████

███████████████████████████████████████

*See* PJC ¶ 287.

---

[253] *Id.*, Ex. █ (███████ Dep. Tr. 54:15-55:14).
[254] *Id.*, Ex. █ (███████ Dep. Tr. 88:20-23); *id.*, Ex. █ (███████ Dep. Tr. 45:22-46:2).
[255] *Id.*, Ex. █ (███████ Dep. Tr. 210:14-18).
[256] *Id.*, Ex. █ (███████ Dep. Tr. 40:3-8).

152.    ████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████ [257]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Portigon Declaration is consistent with the assertion in Paragraph 152. **DISPUTED** that ████████████████████████

████████████████████████████████████████████████

██████████████ *See* PJC ¶ 287.

*Rabobank*

153.    During the Relevant Period, Rabobank made its USD LIBOR submissions from London (until December 2008) and Utrecht, Netherlands (beginning in January 2009). [258]

**PLAINTIFFS' RESPONSE: ADMITTED**.

154.    Rabobank's primary USD LIBOR submitters during the Relevant Period were

████████████████████████████████████████████████

██████████████████████ [259]

**PLAINTIFFS' RESPONSE: ADMITTED**.

155.    Rabobank's backup USD LIBOR submitters during the Relevant Period were

████████████████████████████████████████████████

██████████████████████████████. [260]

---

[257] *Id.*, Ex. ██████ Dep. Tr. 57:2-9).
[258] Rabobank Decl., Ex. █ ████████ Dep. Tr. 20:8-12; 23:1-11).
[259] *Id.*, Ex. 7 (Rabobank's Suppl. Resp. and Obj. to Interrog. No. 1 of Pls.' First Coord. Set of Interrogs. 4-5, Nov. 10, 2016).
[260] *Id.*, Ex. 7 (Rabobank's Suppl. Resp. and Obj. to Interrog. No. 1 of Pls.' First Coord. Set of Interrogs. 4-5, Nov. 10, 2016).

**PLAINTIFFS' RESPONSE**: ADMITTED.

156. █████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ [261]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit █ to the Rabobank Declaration is consistent with the assertion in Paragraph 156. **DISPUTED** that ████████████████

████████████████████████████████████████████

*See* PJC ¶ 263. **DISPUTED** that ███████████████████████████

████████████████████████████████████████ *See* PJC

¶ 288.

157. █████████████████████████████████████

████████████████████████ [262]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit █ to the Rabobank Declaration is consistent with the assertion in Paragraph 157. **DISPUTED** that ████████████████

████████████████████████████████████████████

*See* PJC ¶ 263. **DISPUTED** that ███████████████████████████

████████████████████████████████████████ *See* PJC

¶ 288.

158. █████████████████████████████████████

---

[261] *Id.*, Ex. █ (█████████ Dep. of █████████ Tr. (Rabobank) ("█████ Dep. Tr.") 77:5-16; 80:19-23; 81:18-22; 200:15-19).

[262] *Id.*, Ex. █ (████████ Dep. Tr. 173:2-5).

████████████████████████████████████████████████████████

███████████████[263]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Rabobank Declaration is consistent with the assertions in Paragraph 158. **DISPUTED** that ████████████████████

████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 288.

159.  ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████[264]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Rabobank Declaration is consistent with the assertions in Paragraph 159. **DISPUTED** that ████████████████████

████████████████████████████████████████████████████████

*See* PJC ¶ 263. **DISPUTED** that ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ *See* PJC ¶ 265. **DISPUTED** that ████

---

[263] *Id.*, Ex. █(████ Dep. Tr. 98:18-99:8; 200:20-202:9).
[264] *Id.*, Ex. █████ Dep. Tr. 69:7-70:19; 98:1-99:8; 189:17-191:25; 200:20-201:22).



*See* PJC ¶ 266. **DISPUTED** that any

*See* PJC ¶ 288.

160.

265

266

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a)] that Exhibit █ to the Rabobank Declaration is consistent with the assertions in Paragraph 160. **DISPUTED** that

*See* PJC ¶ 263. **DISPUTED** that

*See* PJC ¶ 288.

161.

---

[265] *Id.*, Ex. █ (██████ Dep. Tr. 16:13-16; 32:9-12; 33:24-25).
[266] *Id.*, Ex. █ (██████ Dep. Tr. 64:13-14; 68:14-18; 135:8).



██████████████████████ [267]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Rabobank Declaration is consistent with the assertions in Paragraph 161. **DISPUTED** that ████████████████████ ████████████████████████████████████ *See* PJC ¶ 263. **DISPUTED** that ████████████████████████████ ███████████████████████████████████ *See* PJC ¶ 52. **DISPUTED** that ██████████████████████████████████ ████████████████████████ *See* PJC ¶ 288.

162.    ███████████████████████████████ ████████████████████████████████████

██████████ [268]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits █ and █ to the Rabobank Declaration are consistent with the assertions in Paragraph 162. **DISPUTED** that ████████████ ███████████████████████████████████ ████████ *See* PJC ¶ 263. **DISPUTED** that ██████████████████ ██████████████████████████████████████ ██████. *See* PJC ¶ 288.

163.    ███████████████████████████████ ████████████████████████ [269]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Rabobank Declaration is

[267] *Id.*, Ex. █ (███████ Dep. Tr. 69:12-24; 109:6-22; 133:4-13; 204:8-11).
[268] *Id.*, Ex. █ (███████ Dep. Tr. 172:23-173:16; 201:15-22); *id.*, Ex. █ (███████ Dep. Tr. 205:9-13).
[269] *Id.*, Ex. █ (███████ Dep. Tr. 191:2-4).

consistent with the assertion in Paragraph 163. **DISPUTED** that ███████████████████

███████████████████████████████████████████████████████████████████

*See* PJC ¶ 263. **DISPUTED** that ████████████████████████████████████████

████████████████████████████████████████████████ *See* PJC

¶ 288.

    164.  ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████[270]████████████████████████████████████████████

████████████████████████████████████████[271]

**PLAINTIFFS' RESPONSE: ADMITTED**.

    165.  ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████████████████████████████[272]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Rabobank Declaration is

consistent with the assertions in Paragraph 165. **DISPUTED** that ████████████████

---

[270] *Id.*, Ex. █ (███████ Dep. Tr. 70:8-11).
[271] *Id.*, Ex. █ (███████ Dep. Tr. 53:18-20; 70:8-11).
[272] *Id.*, Ex. █ (███████ Dep. Tr. 62:3-67:1).



*See* PJC ¶ 263. **DISPUTED** that ███████████████████████████

███████████████████████████████████████████████████████

███ *See* PJC ¶ 267. **DISPUTED** that ██████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████ *See* PJC ¶ 265.

**DISPUTED** that ████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████ *See* PJC ¶ 266. **DISPUTED** that

███████████████████████████████████████████████████████

██████████████████████████ *See* PJC ¶ 288.

166.    ████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████[273] ██████████████████████████████

█████████████████████████████████[274] ████████████████████

███████████████████[275]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,e)] that Exhibit ███ to the Rabobank Declaration is

consistent with the assertions in Paragraph 166. **DISPUTED** that ████████████████████

████████████████████████████ Carmody Decl., PX1471 (██████ Dep. at

64:20-65:4 (██████████████████████████████████████████

---

[273] *Id.*, Ex. ███ (██████████ Dep. of ████████ Tr. (Rabobank) ("██████ Dep. Tr.") 9:9-10; 9:17-19).
[274] *Id.*, Ex. ███ (████████ Dep. Tr. 18:9-11; 125:8-21).
[275] *Id.*, Ex. ████████ Dep. Tr. 24:9-13).

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████ )).

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO.

**166:** Plaintiffs fail to identify any evidence sufficient to create a triable issue of material fact concerning the statement in paragraph 166. Plaintiffs do not cite and quote the deposition testimony of ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████ The cited testimony has nothing whatsoever to do with ████████. The Court should deem Defendants' statement concerning ████████ to be admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

167.    ████████████████████████████████████

████████████████████████████████████████████

████████ [276]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,e] that Exhibit █ to the Rabobank Declaration is consistent with the assertions in Paragraph 167. **DISPUTED** that ████████████████████████ ████████████████████████████ Carmody Decl., PX1471 (████ Dep. at 64:20-65:4 (████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████ )).

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO.

**167:** Plaintiffs fail to identify any evidence sufficient to create a triable issue of material fact concerning the statement in paragraph 167. Plaintiffs do not cite and quote the deposition

---

[276] *Id.*, Ex. █ (████ Dep. Tr. 18:12-25; 126:6-11).

testimony of ████████ ██████ ████ █ ████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████ The cited testimony has nothing whatsoever to do with Mr. Robson. The Court should deem Defendants' statement concerning ████████ to be admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

### *RBC*

168.    ████████ had primary responsibility for RBC's USD LIBOR submissions during the Relevant Period. If ████████ was unavailable, ████████ had responsibility for RBC's USD LIBOR submissions.[277]

**PLAINTIFFS' RESPONSE**: **ADMITTED**.

169.    Plaintiffs did not depose ████████, or any other former or current employee of RBC.[278]

**PLAINTIFFS' RESPONSE**: **ADMITTED**.[(a,b,e)]

### *SocGen*

170.    ████████████████████████████████
████████[279]████████████████████████████████
████████[280]

**PLAINTIFFS' RESPONSE**: **ADMITTED**.

171.    SocGen's ████████████████████████[281]

**PLAINTIFFS' RESPONSE**: **ADMITTED**.

---

[277] Declaration of Brian Poronsky ("RBC Decl."), Ex. 1 (RBC's Suppl. Resp. and Obj. to Pls.' First Set of Interrogs. 5, Dec. 12, 2016).
[278] *Id.* ¶ 17.
[279] Blakemore Decl., Ex. █ (████ Dep. Tr. 7:15-17).
[280] *Id.*, Ex. █ (████ Dep. Tr. 48:1-4).
[281] *Id.*, Ex. █ (████ Dep. Tr. 47:6-10).

172.     █████████████████████████████████████████████

███████████████████████████████████████████[282]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,e] that Exhibit █ to the Blakemore Declaration is consistent with the assertion in Paragraph 172. **DISPUTED** that ████████████████████

████████████████████████████ *See* Carmody Decl., PX0677 (SG-USDMDL-00044787 at 787-89 ██████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████ )); PX0687 & PX0687-A (SG-USDMDL-06401185 (audio) & transcript

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ )); PX0686 & PX0686-A (SG-USDMDL-

---

[282] *Id.*, Ex. █ (████ Dep. Tr. 49:19-50:11).

06401085 (audio) & transcript ███████████████████████████████████

███████████████████████████████████████████.)).

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 172:** Plaintiffs fail to identify any evidence sufficient to create a triable issue of material fact concerning the statement in paragraph 172. In their response, Plaintiffs cite five exhibits, yet these exhibits were not introduced by Plaintiffs. *See* Carmody Decl. ¶¶ 728 ("Exhibit 676-Exhibit 677 have been intentionally omitted."), 741 ("Exhibit 686-Exhibit 688 have been intentionally omitted."). Plaintiffs therefore fail to cite admissible evidence to controvert Defendants' statement in paragraph 172, and the Court should deem Defendants' statement admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

*UBS*



173. ████████████████████████████████████████

███████████████████████████[283]████████████████████

███████████████████████████████████[284]

**PLAINTIFFS' RESPONSE: ADMITTED**.

174. ████████████████████████████████████████

████████████████████████████████████████████████

███████████████████.[285]███████████████████████████████

████████████████████████████████[286]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,c] that Exhibit █ to the UBS Declaration are

consistent with the assertions in Paragraph 174. **DISPUTED** that ███████████████████

████████████████████████████████████████████████

*See* PJC ¶ 263. **DISPUTED** that ████████████████████████████████

---

[283] UBS Decl., Ex. █ (Mar. 21, 2024 Dep. of ████████████ Tr. (UBS) ("██████ Dep. Tr.") 9:1-8; 11:1-4; 71:9-14).
[284] *Id.*, Ex. █ (████████ (UBS) Dep., Ex. A, at 3 (LIBOTCPL0242680)).
[285] *Id.*, Ex. █ (████████ (UBS) Dep., Ex. A, at 3 (LIBOTCPL0242680)).
[286] *Id.*, Ex. █ (████████ (UBS) Dep., Ex. A, at 4 (LIBOTCPL0242680)).

███████████████████████████████████████████████████ *See* PJC ¶ 43.

175.    ██████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████[287]

**PLAINTIFFS' RESPONSE**: **DISPUTED**[(e,f)] that Exhibit █ to the UBS Declaration supports the

assertion in Paragraph 175. *See* UBS Decl., Ex. █ (LIBOTCPL0242680 at '688-71) ███████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████ **DISPUTED** that ███████████████

███████████████████████████████████████████████████████████████

████████████████████ *See* PJC ¶ 291.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 175:**    Plaintiffs improperly interject immaterial facts without specifically controverting Defendants' statement in paragraph 175.  The statements quoted by Plaintiffs in no way contradict the statement in paragraph 175.  First, while Plaintiffs claim that ██████████████████████████ ████████████████████ Exhibit █ describes ████████████████████████████████ ███████████████████████████████████████████████████████ UBS Decl. [ECF No. 4169], Ex. █ (████████████ Dep., Ex. A, at 8-9); *see, e.g.*, *id.*, Ex. █ (████████████ Dep., Ex. A, at 9) (referring to a ████████████████████████████████████).  Additionally, the cited statements describing the ███████████████████████████████ ████████████████████ do not controvert the statement in paragraph 175.  And while Plaintiffs claim that ████████████████████████████████████████████████████

---

[287] *Id.*, Ex. █ (████████ (UBS) Dep., Ex. A, at 3, 9, 11 (LIBOTCPL0242680)).

████████████████████████████████████████████████████

*Id.*, Ex. █ (███████████ Dep., Ex. A, at 10-11); *see also id.*, Ex. █ (MDL_OTC_UBS_0561600 at -600) ███████████ *id.*, Ex. ██ (MDL_OTC_UBS_0050018 at -018) (████████████████████

██████████████████████).  Further, while Plaintiffs claim that

Plaintiffs' own expert, Dr. Leslie Marx, ██████████████████████████

█████████████████████  Defs.' Stmt. ¶ 354.  Because Plaintiffs do not dispute the factual statement in paragraph 175, fail to properly address the statement, and fail to create a genuine dispute of fact concerning the statement, the Court should therefore deem Defendants' statement in paragraph 175 admitted by Plaintiffs.  Fed. R. Civ. P. 56(c), (e).

176.  █████████████████████████████████████

███████████████████████████████████████████

████████████[288]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the UBS Declaration is consistent

with the assertion in Paragraph 176. **DISPUTED** that ███████████████████████

███████████████████████████████████████████

████████████  *See* PJC ¶ 291. **DISPUTED** that any inference can be drawn from this assertion

that UBS did not face financial difficulties during the Relevant Period. *See* PJC ¶ 23.

177.  █████████████████████████████████████

███████████████████████████████████[289]

███████████████████████████████████████████

---

[288] *Id.*, Ex. █ (████████ (UBS) Dep., Ex. A, at 4-6 (LIBOTCPL0242680)) (████████████████████
████████████).
[289] *Id.*, Ex. █ (Apr. 4, 2024 Dep. of ████████ Tr. (UBS) ("█████ Dep. Tr.") 11:24-12:3; 26:23-28:11); *id.*, Ex. █ (████████████████████████████████████████████████████,
MDL_OTC_UBSCH_0031421 at -422).

████████████████████████████████████████ [290]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the UBS Declaration is consistent with the assertions in Paragraph 177. **DISPUTED** that ███████████████████████████

███████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 291. **DISPUTED** that ███████████████████████████

███████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 292.

178.   ███████████████████████████████████████████████

███████████████████████████████████████████████████.[291]

███████████████████████████████████████████████████████████

███████████████████████████[292] ████████████████████████████

███████████████████████████████████████████████████████[293]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that the sources cited in FNs 291-293 are consistent with the assertions in Paragraph 177. **DISPUTED** that ████████████████████

███████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 291. **DISPUTED** that ██████████████████████████

███████████████████████████████████████████████████████████

---

[290] *Id.*, Ex. █ (██████████ (UBS) Dep., Ex. A, at 5 (LIBOTCPL0242680))

████████████████████████████; *id.*, Ex. █ (████████ (UBS) Dep., Ex. A, at 6 (LIBOTCPL0242680)) ████████████████████████████████████████████████); *id.*, Ex. █ (███████████ (UBS) Dep., Ex. A, at 7 (LIBOTCPL0242680))

[291] *Id.*, Ex. █ (MDL_OTC_UBSCH_0031421 at -422).

[292] Statement of Facts to UBS NPA 6 (Dec. 18, 2012) ("UBS DOJ NPA"), Appendix A to UBS Securities Japan Co., Ltd. Plea Agreement (Dec. 19, 2012), *United States of America v. UBS Securities Japan Co., Ltd.*, 3:12-cr-00268, https://www.justice.gov/sites/default/files/criminal-vns/legacy/2013/04/29/2012-12-19-UBS-Statement-of-Facts.pdf; UBS Decl., Ex. █ (██████████ (UBS) Dep., Ex. A, at 6 (LIBOTCPL0242680)).

[293] UBS Decl., Ex █ (████████████ (UBS) Dep., Ex. A, at 6 (LIBOTCPL0242680)).



*See* PJC ¶ 292.

179. ██████████

██████████ [294]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b)] that Exhibits █, █, and █ to the UBS Declaration are consistent with the assertions in Paragraph 178. **DISPUTED** that ██████████

██████████. *See* PJC ¶ 291. **DISPUTED** that ██████████

██████████ *See* PJC ¶ 292.

180. ██████████

██████████ [295]

██████████ [296]

██████████ [297]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b,e)] that Exhibits █ and █ to the UBS Declaration are consistent with the assertions in Paragraph 180. **DISPUTED** that ██████████

██████████

---

[294] *Id.*, Ex. █ (██████ (UBS) Dep., Ex. A, at 6 (LIBOTCPL0242680)) (██████████ ); *id.*, Ex █ (██████ (UBS) Dep., Ex. A, at 9 (LIBOTCPL0242680)); *id.*, Ex. █ (██████████, MDL_OTC_UBS_1001185 at -185); *id.*, Ex. █ ██████████, MDL_OTC_UBS_0939245 at -245).
[295] *Id.*, Ex. █ (██████████, MDL_OTC_UBS_0941520 at -520).
[296] *Id.*, Ex. █ (██████ (UBS) Dep., Ex. A, at 11 (LIBOTCPL0242680)).
[297] *Id.*, Ex. █ (██████ (UBS) Dep., Ex. A, at 11 (LIBOTCPL0242680)); *see id.*, Ex. █ (██████ (UBS) Dep., Ex. A, at 11 (LIBOTCPL0242680)) (██████████

████████████. *See* PJC ¶ 291. **DISPUTED** that ████████████████

███████████████████████████████████████████████████

████████████ *See* PJC ¶ 292.

181.    ██████████████████████████████████

███████████████████████████████████████████████████

██████████████[298]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit █ to the UBS Declaration is consistent with the assertion in Paragraph 181. **DISPUTED** that ████████████████

███████████████████████████████████████████████████

████████████ *See* PJC ¶ 291. **DISPUTED** that any inference can be drawn from this assertion that UBS did not face financial difficulties during the Relevant Period. *See* PJC ¶ 23. **DISPUTED** that ████████████████████████████████████

███████████████████████████████████████ *See* PJC ¶ 292.

182.    ██████████████████████████████████

████████████████████████████████[299]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a)] that Exhibit █ to the UBS Declaration contains the quotation in Paragraph 183.

---

[298] *Id.*, Ex. █ (██████████ (UBS) Dep., Ex. A, at 11 (LIBOTCPL0242680)).
[299] *Id.*, Ex. █ (██████████████████████████, MDL_OTC_1020051 at -051); *see id.*, Ex. █ (██████████ (UBS) Dep., Ex. A, at 6 (LIBOTCPL0242680)) ██████████ *id.*, Ex. █ (████████ h (UBS) Dep., Ex. A, at 10 (LIBOTCPL0242680)) ██████████ *id.*, Ex. █ (██████████ (UBS) Dep., Ex. A, at 11 (LIBOTCPL0242680)) ("██████████████████████████).

183.    █████████████████████████████████████

████████████████████████████████ [300]

**PLAINTIFFS' RESPONSE**: **DISPUTED**[e,f] that █████████████ did not factor into

UBS's USD LIBOR submissions during the Relevant Period. *See*, *e.g.*, Carmody Decl., <u>PX0327</u>

(MDL_OTC_UBS_0050516 at 516-518 (in a June 18, 2008 ██████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████ )); PX1573 (MDL_OTC_UBS_0057398 (in a July 2, 2008

████████████████████████████████████████████████

██████████████████ **DISPUTED** that ██████████████████████████████████

████████████████████████████████████████████ *See* PJC

¶ 291. **DISPUTED** that any inference can be drawn from this assertion that UBS did not face

financial difficulties during the Relevant Period. *See* PJC ¶ 23. **DISPUTED** that ████████████

████████████████████████████████████████████████

████████████████████████ *See* PJC ¶ 292.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO.**
**183**: Plaintiffs first misquote paragraph 183 and then improperly interject immaterial facts without
specifically controverting Defendants' statement in paragraph 183. The documents quoted by
Plaintiffs in no way contradict the statement in paragraph 183. In PX0327, █████████████

████████████████████████████████████████████████

████████████████████████████ PX0327 (MDL_OTC_UBS_0050516 at -
517-518).

████████████████████████████████████████████████

████████████████████ Defs.' Stmt. ¶ 174 (citing UBS Decl., Ex. █ (██████ Dep., Ex.

---

[300] *Id.*, Ex. █ (████████ (UBS) Dep., Ex. A, at 6 (LIBOTCPL0242680)).

A, at 3)). Additionally, ████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████ UBS Decl., Ex. █ (MDL_OTC_UBS_0050311 at -311) (cleaned up for typos). While Plaintiffs also cite PX1573, that document does not support their purported dispute with paragraph 183 because ███████████████████████████████████████████████
███████████████████████████████████████████████████████ Because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement, the Court should thus deem Defendants' statement in paragraph 183 admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

184.    ████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████.[301]                                           [302]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit █ to the UBS Declaration is consistent with the assertions in Paragraph 184. **DISPUTED** that ████████████████████████████

███████████████████████████████████████████████████████ *See* PJC ¶ 263. **DISPUTED** that ████████████████████████████████████████████

████████████████████████████████████████████████ *See* PJC ¶ 52.

**DISPUTED** that ████████████████████████████████████████████████████

███████████████████████████████████ *See* PJC ¶ 291.

185.    ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[301] *Id.*, Ex. █ (██████ (UBS) Dep., Ex. A, at 13 (LIBOTCPL0242680)).
[302] *Id.*, Ex. █ (██████ (UBS) Dep., Ex. A, at 13 (LIBOTCPL0242680)).



███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████ [303]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit ██ to the UBS Declaration is consistent with the assertion in Paragraph 185. **DISPUTED** that ██████████████

███████████████████████████████████████████████████

████████████████ *See* PJC ¶ 291. **DISPUTED** that ██████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████ *See* PJC ¶

265.

186.  ██████████████████████████████████████ [304]

███████████████████████████████████ [305] ██

██████████████████████████████████████ [306]

**PLAINTIFFS' RESPONSE: ADMITTED.**

187.  ██████████████████████████████████████████

███████████████████████████████████████ [307]

[303] *Id.*, Ex. ██ (████████████████████████████████████, MDL_OTC_UBSCH_0086815 at -815).
[304] *Id.*, Ex. ██ (Mar. 15, 2024 Dep. of ████████ Tr. (UBS) ("████ Dep. Tr.") 20:5-21:24).
[305] *Id.*, Ex. ██ (████ Dep. Tr. 22:19-23:2); *id.*, Ex. ██ (UBS's Resp. and Obj. to Pls.' First Coordinated Set of Interrogs. 6-7, July 28, 2016).
[306] *Id.*, Ex. ██ (████ Dep. Tr. 20:5-18, 23:7-22); *id.*, Ex. ██ (████. Tr. 20:5-18; 23:7-22) (████████ ).
[307] *Id.*, Ex. ██ (███████████████████████████████████████████

**PLAINTIFFS' RESPONSE: DISPUTED**[(b,e,f)] that Exhibit**s** ▮▮▮▮▮ to the UBS Declaration

support~~s~~ the assertion in Paragraph 187. *See* UBS Decl., Ex. ▮▮▮▮▮

▮▮▮▮▮ **DISPUTED** that ▮▮▮▮▮

▮▮▮▮▮

▮▮▮▮▮ *See* PJC ¶ 291. **DISPUTED** that ▮▮▮▮▮

▮▮▮▮▮

▮▮▮▮▮. *See* PJC ¶ 292.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 187:**  Plaintiffs improperly interject immaterial facts without specifically controverting Defendants' statement in paragraph 187.  Plaintiffs cite "UBS Decl., Ex. ▮▮," which does not contain the language Plaintiffs quote.  Additionally, the language Plaintiffs do quote concerning ▮▮▮▮▮ does not contradict the statement in paragraph 187, which reflects that ▮▮▮▮▮ *See* Blakemore Decl. [ECF No. 4175], Ex. 29 (Asker Opening ¶ 41) (explaining that ▮▮▮▮▮ Because Plaintiffs do not dispute the factual statement in paragraph 187, fail to properly address the statement, and fail to create a genuine dispute of fact concerning the statement, the Court should deem Defendants' statement in paragraph 187 admitted by Plaintiffs.  Fed. R. Civ. P. 56(c), (e).

**PLAINTIFFS' ERRATA TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 187 SUBMITTED ON FEB. 27, 2025 AND INCORPORATED IN REDLINE ABOVE:**  In Paragraph 187, the text "Exhibit ▮▮ to the UBS Declaration supports" is replaced with "Exhibits ▮▮▮▮▮ to the UBS Declaration support".  In Paragraph 187, the text "UBS Decl., Ex. 14" is replaced with "UBS Decl., Ex. ▮▮.

188. ▮▮▮▮▮

▮▮▮▮▮[308]

▮▮▮▮▮[309]

---

MDL_OTC_UBS_1166422 at -422); *id.*, Ex. ▮▮ (▮▮▮▮▮ to UBS Decl., Ex. 14 (MDL_OTC_1166422), ▮▮▮▮▮, MDL_OTC_UBS_1166423 at -424); *id.*, Ex. ▮▮ (▮▮▮▮▮ Dep. Tr. 33:3-15)

▮▮▮▮▮ *id.*, Ex. ▮▮ (▮▮▮▮▮ Dep. Tr. 27:24-29:3; 33:3-34:24).

[308] *Id.*, Ex. ▮▮ (▮▮▮▮▮ Dep. Tr. 10:11-15; 11:24-12:11; 23:2-18; 28:7-11).

[309] *Id.*, Ex. ▮▮ (▮▮▮▮▮ Dep. Tr. 22:25-23:18; 26:23-27:7; 28:7-11; 76:25-77:10) (▮▮▮▮▮ ▮▮▮▮▮); *id.*, Ex. ▮▮ (Declaration of ▮▮▮▮▮ ("▮▮▮▮ Decl.") ¶ 4).





█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████[310]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibits █, █, and █ to the UBS Declaration are consistent with the assertions in Paragraph 188. **DISPUTED** that ███████████████████

████████ *See* Carmody Decl., PX0728 (█████████ Dep. at 24:9-14 █████████████████

█████████████████████████████████████████████████████████

████████████████████████). **DISPUTED** that ███████████████████

█████████████████████████████████████████████████████████

████████████████████ *See* PJC ¶ 291. **DISPUTED** that ███████████████████

█████████████████████████████████████████████████████████

████████████████████ *See* PJC ¶ 292.

189.    ███████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████[311]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,e)] that Exhibit █ to the UBS Declaration is consistent with the assertion in Paragraph 189. **DISPUTED** that ███████████████████

█████████████████████████████████████████████ *See*

Source Cited in Response to Paragraph 188. **DISPUTED** that ███████████████████

---

[310] *Id.*, Ex. █ (█████ Decl. ¶¶ 7-8); *id.*, Ex. █ (███████████████████████, MDL_OTC_UBSCH_0047512 at -512) ████████████████████ *id.*, Ex. █ █████████████████████ ██████████████████████████████████

[311] *Id.*, Ex. █ (█████ Dep. Tr. 77:11-79:4).

██████████████████████████████████████████████████

*See* PJC ¶ 263. **DISPUTED** that ███████████████████████████████████

███████████████████████████████████████████████ *See* PJC ¶ 52.

**DISPUTED** that ████████████████████████████████████████████

███████████████████████████████████████ *See* PJC ¶ 291.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 189:** Plaintiffs improperly interject immaterial facts without specifically controverting Defendants' statement in paragraph 189. Plaintiffs admit that the statement in paragraph 189 is consistent with ████████████ sworn testimony and simply take issue with the implication of that testimony with respect to Plaintiffs' claims. Additionally, Plaintiffs' statements citing their Joint Counterstatement are not responsive to any assertions made by Defendants in paragraph 189. Because Plaintiffs do not dispute the factual statement in paragraph 189, fail to properly address the statement, and fail to create a genuine dispute of fact concerning the statement, the Court should deem Defendants' statement in paragraph 189 admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

190. ████████████████████████████████████████████

████████████████████████████[312]

**PLAINTIFFS' RESPONSE: DISPUTED.[e,f]** *See*, *e.g.*, Sources Cited in Response to Paragraph 183. **DISPUTED** that █████████████████████████████████████

██████████████████████████████ *See* PJC ¶ 291. **DISPUTED**

that ████████████████████████████████████████████████

███████████████████████████████████████████ *See* PJC ¶

---

[312] *Id.*, Ex. █ (████████ (UBS) Dep., Ex. A, at 14 (LIBOTCPL0242680)) ████████████; *id.*, Ex. █ ████████ MDL_OTC_UBS_0050311 at -311) (████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████ (cleaned up for typos)); *id.*, Ex. █ (████████████████████ MDL_OTC_UBS_0941331 at -331) (████████ said: ██████████████████ *id.*, Ex. █ (████ ████████, MDL_OTC_UBS_0561600 at -600) ██████████; *id.*, Ex. ████████████████ MDL_OTC_UBS_0050018 at -018) (████████████████████████.

292.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 190:** The only support Plaintiffs offer for their purported dispute is a cross-reference to their responses in paragraph 183. One of the two sources cited in paragraph 183, PX0327, is a ██████████████████████████████████████████████████████████ PX0327 (MDL_OTC_UBS_0050516 at -517-518). The other, PX1573, is a ██████████████████████████████████████████████████████████ PX1573 (MDL_OTC_UBS_0057398 at -398). Neither of these two documents contradict the fact that UBS's USD LIBOR submitters ███████████████ as stated in paragraph 190. Additionally, as explained in Defendants' reply to paragraph 183, ████████████████████████████████████████████████████████████████████████ UBS Decl., Ex. ██ (MDL_OTC_UBS_0050311 at -311). Because Plaintiffs fail to identify any evidence sufficient to create a triable issue of material fact concerning the statement in paragraph 190, the Court should deem Defendants' statement in paragraph 190 admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

### C.    Interdealer Brokers

191.  ████████████████████████████████████████████████████
████████████████████████████)[313]█
████████████████████████████████.[314]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,f] ████████████████████████
████████████████████████████████████████████████████████
████████████ **DISPUTED** that Exhibit B to the NatWest Declaration is consistent with the

---

[313] *See, e.g.*, NatWest Decl., Ex. ██ (████████ Dep. Tr. 78:9-14) ("█████████████████████
███████████████████████████████████████████

[314] Blakemore Decl., Ex. ██ (████████ Dep. Tr. 83:12-85:5); Barclays Decl., Ex. ██ (████████ Dep. Tr. 152:2-6); *id.*, Ex. ██ (████████ Dep. Tr. 125:25-126:5); *id.*, Ex. ██ (Declaration of ███████████, dated Aug. 27, 2024); Deutsche Bank Decl., 2 (████ Dep. Tr. 29:20-30:13); *id.*, Ex. 1 (████████ Dep. Tr. 34:2-35:7); HSBC Decl., Ex. ██ (██ ███████ Dep. Tr. 29:8-15); Norinchukin Decl., Ex. ██ (████████ Dep. Tr. 67:14-68:4; 185:24-186:7); Portigon Decl., Ex. ██ (████████ Dep. Tr. 96:23-97:4); Rabobank Decl., Ex. ██ (████████ Dep. Tr. 107:13-16); *id.*, Ex. ██ (████ Dep. Tr. 144:3-18); JPMorgan Decl., Ex. ██ (████████ Dep. Tr. 131:8-132:4; 147:25-148:4).

assertion in Paragraph 192 that the ██████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████6.

192.    One Panel Bank's USD LIBOR submitter testified ████████████████

████████████████████████████████████████████████████

████████████████████████████[315]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the HSBC Declaration is consistent with the assertion in Paragraph 192. **DISPUTED** that ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████. *See* PJC ¶ 266.

193.    ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[315] HSBC Decl., Ex. █ (█████████ Dep. Tr. 119:17-24); *see also, e.g.*, Norinchukin Decl., Ex. █ (█████████ Dep. Tr. 31:19-32:2).

███████████████ [316]

**PLAINTIFFS' RESPONSE: DISPUTED.** *See* PJC ¶ 266.

    **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 193:** Paragraph 266 of Plaintiffs' Joint Counterstatement is not responsive to the statement in paragraph 193. Accordingly, Plaintiffs fail to identify any evidence to controvert Defendants' statement in paragraph 193, and the Court should deem Defendants' statement admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

    194.    FFFP Plaintiffs' expert, Dr. Leslie Marx, testified ████████████████████
██████████████████████████████████████████████████████████. [317]

**OTC PLAINTIFFS' RESPONSE: NO POSITION.**

**FFFP PLAINTIFFS' RESPONSE: ADMITTED**[a,c] that Exhibit 19 to the Blakemore

Declaration is consistent with the assertion in Paragraph 194.

    195.    Dr. Marx testified ████████████████████████████████
██████████████████████████████████████████████████████████

████████. [318]

**OTC PLAINTIFFS' RESPONSE: NO POSITION.**

**FFFP PLAINTIFFS' RESPONSE: DISPUTED**[e,f] that Exhibits 24 and 25 to the Blakemore

Declaration are consistent with the assertion in Paragraph 195, ███████████████████████

---

[316] HSBC Decl., Ex. █ (████████ Dep. Tr. 54:23-25); *see also* Blakemore Decl., Ex. ██ ████████ Dep. Tr. 114:2-115:9); Barclays Decl., Ex. █ (████████ Dep. Tr. 81:23-82:11); Deutsche Bank Decl., Ex. 2 (███████ Dep. Tr. 46:4-6); *id.*, Ex. 1 (████████ Dep. Tr. 51:16-18); HSBC Decl., Ex. █ ████████ Dep. Tr. 279:21-280:3; 282:16-22); *id.*, Ex. █ (████████ Dep. Tr. 121:11-122:6); Norinchukin Decl., Ex. █ (████████ Dep. Tr. 46:19-47:4); Portigon Decl., Ex. █ (████████ Dep. Tr. 59:16-25); Rabobank Decl., Ex. █ (████████ Dep. Tr. 72:20-73:3; 98:1-9); JPMorgan Decl., Ex. █ (████████ Dep. Tr. 86:13-87:3; 132:7-133:5; 141:9-14).
[317] Blakemore Decl., Ex. 19 (L. Marx June 25, 2024 Dep. Tr. 220:9-22).
[318] *Id.*, Ex 24 (Aug. 26, 2024 Dep. of Dr. Leslie Marx Tr. ("L. Marx Aug. 26, 2024 Dep. Tr.") 111:13-24); *id.*, Ex. 25 (Reply Report of Dr. Leslie Marx, dated Aug. 16, 2024 ("Marx Reply") ¶ 66).

████████████████████████████████████████████████████████

*See* Blakemore Decl., Ex. 24 (L. Marx Aug. 25, 2024 Dep. Tr.) at 111:13-24 ███████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ ; *id.*, Ex. 25 at ¶ 66 ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████

196.    Dr. Marx testified ██████████████████████████████████

████████████████████████████████████████████████████████

████████████████[319]

---

[319] *Id.*, Ex. 25 (Marx Reply ¶ 66); *id.*, Ex. 11 (L. Marx June 25, 2024 Dep. Tr. 218:20-219:2); *id.*, Ex. 24 (L. Marx Aug. 26, 2024 Dep. Tr. 111:13-24; 115:21-122:6).

122

**OTC PLAINTIFFS' RESPONSE**: NO POSITION.

**FFFP PLAINTIFFS' RESPONSE: ADMITTED**[(a,e)] that Exhibits 24 and 25 to the Blakemore

Declaration are consistent with the assertion in Paragraph 196.

197.    OTC Plaintiffs' expert, Dr. Michael Cragg, also testified that interdealer brokers interacted in the ordinary course of business with traders from Panel Banks[320] and described in his Opening Report the role of interdealer brokers facilitating transactions between banks, broker-dealers, and other large financial institutions.[321]

**OTC PLAINTIFFS' RESPONSE: DISPUTED**[(e,f)] that Exhibit 26 to the Blakemore Declaration is consistent with the assertion that ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

---

[320] *See id.*, Ex. 26 (July 25, 2024 Dep. of Dr. Michael Cragg Tr. ("M. Cragg July 25, 2024 Dep. Tr.") 332:21-334:17).
[321] *Id.*, Ex. 27 (Opening Report of Dr. Michael Cragg, dated Apr. 19, 2024 ("Cragg Opening") ¶ 116).

**DISPUTED** that ███████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████ *See* PJC ¶ 266.

**FFFP PLAINTIFFS' RESPONSE: NO POSITION.**

IV.     **THE RECORD DOES NOT SUPPORT PLAINTIFFS' CONSPIRACY ALLEGATIONS**

    A.     **There Is No Direct Evidence of a Conspiracy**

        1.     **Panel Bank Witness Testimony**

*Bank of America*

198.     ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████[322]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d,g] that Exhibit ██ to the Blakemore Declaration is consistent with the assertions in Paragraph 198. **DISPUTED** that ████████████████

███████████████████████████████████████████████

██████████████████ *See* PJC ¶ 268.

199.     ███████████████████████████████████

---

[322] *Id.*, Ex. ██ (██████ Dep. Tr. 194:14-195:3).



███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████[323]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,d,g)] that Exhibits ██ and ██ to the Blakemore

Declaration are consistent with the assertions in Paragraph 199. **DISPUTED** that ████████████

███████████████████████████████████████████████████████████

████████████████████████████████ *See* PJC ¶ 268.

200.   ████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████[324]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,d)] that Exhibit ██ to the Blakemore Declaration is

consistent with the assertions in Paragraph 200. **DISPUTED** that ███████████████████████

███████████████████████████████████████████████████████████

███████████████████ *See* PJC ¶ 268.

201.   ████████████████████████████████████████████████

███████████████████████████████[325]

█████████████████████████████████████[326]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,d)] that Exhibit ██ to the Blakemore Declaration is

consistent with the assertions in Paragraph 201. **DISPUTED** that █████████████████████████

---

[323] *Id.*, Ex. ██ (███████ Dep. Tr. 284:14-285:12); *see also id.*, Ex. ██ (██████ Dep. Tr. 275:12-276:1).
[324] *Id.*, Ex. ██ (██████ Dep. Tr. 197:1-14).
[325] *Id.*, Ex. ██ (█████ Dep. Tr. 182:4-16).
[326] *Id.*, Ex. ██ (██████ Dep. Tr. 69:5-8).



See PJC ¶ 268.

202. ███████████████████████████████

███████████████████████████████████

████████.[327]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit █ to the Blakemore Declaration is consistent with the assertion in Paragraph 202. **DISPUTED** that ██████████████████████

████████████████████████████████████

██████████████ See PJC ¶ 268.

203. ███████████████████████████████

████████████████████████████████████[328]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit █ to the Blakemore Declaration is consistent with the assertion in Paragraph 203. **DISPUTED** that ██████████████████████

████████████████████████████████████

██████████████ See PJC ¶ 268.

204. ███████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████[329]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit █ to the Blakemore Declaration is

[327] *Id.*, Ex. █ (████████ Dep. Tr. 285:16-286:8; 288:5-11).
[328] *Id.*, Ex. █ (████████ Dep. Tr. 248:22-249:24).
[329] *Id.*, Ex. █ (████████ Dep. Tr. 197:15-198:8).

consistent with the assertion in Paragraph 204. **DISPUTED** that ███████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████ *See* PJC ¶ 266. **DISPUTED** that ████████████████

████████████████████████████████████████████████████

████████ *See* PJC ¶ 268.

205.   ████████████████████████████████████████

████████████████ ³³⁰ ████████████████████████████████

████████████████████████████████████████████████████ ³³¹

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d)] that Exhibit ███ to the Blakemore Declaration is

consistent with the assertions in Paragraph 205. **DISPUTED** that ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████ *See* PJC ¶ 266. **DISPUTED** that ██████████████████

████████████████████████████████████████████████████

████████ *See* PJC ¶ 268.

206.   ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████ ³³²

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d)] that Exhibit ███ is consistent with the assertions

---

³³⁰ *Id.*, Ex. █ (███████ Dep. Tr 267:5-11).
³³¹ *Id.*, Ex. █ (███████ Dep. Tr. 265:12-266:23).
³³² *Id.*, Ex. █ (███████ Dep. Tr. 287:6-21).

in Paragraph 206. **DISPUTED** that ████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████ *See* PJC ¶ 266.

**DISPUTED** that ██████████████████████████████████████████

███████████████████████████████████████████ *See* PJC ¶ 268.

207. ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████[333]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit ██ is consistent with the assertions

in Paragraph 207. **DISPUTED** that ████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████ *See* PJC ¶ 266.

**DISPUTED** that ██████████████████████████████████████████

███████████████████████████████████████████ *See* PJC ¶ 268.

208. ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████[334]

**PLAINTIFFS' RESPONSE: DISPUTED**.[b,d,e,f] *See* PJC ¶¶ 266 & 268.

209. ███████████████████████████████████████████████████



---

[333] *Id.*, Ex. ██ (████████ Dep. Tr. 286:23-288:11; 248:22-249:8).
[334] *Id.*, Ex. ██ (████████ Dep. Tr. 161:10-13; 197:15-198:8).

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████ [335]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ to the Blakemore Declaration is consistent with the assertions in Paragraph 209. **DISPUTED** that ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████ *See* PJC ¶ 266. **DISPUTED** that ███████████████████████

████████████████████████████████████████████████████████

█████████ *See* PJC ¶ 268.

***Barclays***

210.     ███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ [336] ██████████████████

████████████████████████████████████████████████████████

████████████████ [337]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d,g] that Exhibit ██ to the Barclays Declaration is consistent with the assertions in Paragraph 210. **DISPUTED** that ███████████████

████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 269. **DISPUTED** that testimony regarding alleged good intent or

[335] *Id.*, Ex. ██████████ Dep. Tr. 98:5-100:6; 124:4-127:5; 144:14-145:12).
[336] Barclays Decl., Ex. ██ (████████ Dep. Tr. 20:20-25; 253:18-254:2).
[337] *Id.*, Ex. ██ (████████ Dep. Tr. 166:9-13).

129

altruistic motives is irrelevant in a *per se* antitrust case such as this one. *See FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 427 (1990) ("No matter how altruistic the motives of respondents may have been, it is undisputed that their immediate objective was to increase the price that they would be paid for their services."); *Nat'l Collegiate Athletic Ass'n v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 101 n.23 (1984) ("[It is] well settled that good motives will not validate an otherwise anticompetitive practice.").



211. ███████████████████████████████

████████████████████████████████████████

████████████████████████████ [338]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Barclays Declaration is consistent with the assertions in Paragraph 211. **DISPUTED** that ███████████████████

████████████████████████████████████████

██████████████ *See* PJC ¶ 269. **DISPUTED** that ██████████████████████

████████████████████████████████████████

███████████████████████ *See* PJC ¶ 270.

*Citi*

212. ███████████████████████████████

████████████████████████████████████████

████████████████████ [339]

**PLAINTIFFS' RESPONSE: DISPUTED**[b,d,f] that Exhibit █ to the Citi Declaration is consistent

---

[338] *Id.*, Ex. █ (████████ Dep. Tr. 20:13-16; 60:2-6).
[339] Citi Decl., Ex. █ (████████ Dep. Tr. 256:7-16).

with the assertions in Paragraph 212. Citi Decl., Ex. ▇ (▇▇▇ testified that ▇▇▇

▇▇▇). **DISPUTED** that ▇▇▇

▇▇▇.

*See* PJC ¶ 271.

213. ▇▇▇

▇▇▇

▇▇▇[340]

**PLAINTIFFS' RESPONSE: DISPUTED**[(b,d,f)] that Exhibit ▇ to the Citi Declaration is consistent

with the assertions in Paragraph 213. Citi Decl., Ex. ▇ ▇▇▇

▇▇▇

▇▇▇

▇▇▇

▇▇▇). **DISPUTED** that ▇▇▇

▇▇▇

▇▇▇

▇▇▇ *See* PJC ¶ 266. **DISPUTED** that ▇▇▇

▇▇▇

▇▇▇ *See* PJC ¶ 271.

214. ▇▇▇

▇▇▇[341]

**PLAINTIFFS' RESPONSE: DISPUTED**[(b,d,f)] that Exhibit ▇ to the Citi Declaration is consistent

---

[340] *Id.*, Ex. ▇▇▇ Dep. Tr. 258:16-259:9).
[341] *Id.*, Ex. ▇ (▇▇▇ Dep. Tr. 256:17-257:5; 258:16-259:9); *id.*, Ex. ▇ (▇▇▇. Tr. 88:23-89:7).

with the assertions in Paragraph 214. Citi Decl., Ex. █ ███████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████ **DISPUTED** that ██████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████ *See* PJC ¶ 266. **DISPUTED** that ███████████████

████████████████████████████████████████████████████████████████

███████████████████ *See* PJC ¶ 271.

*Credit Suisse*

215.    ██████████, Credit Suisse's USD LIBOR submitter, testified that ███████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████[342]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d)] that Exhibit █ to the Credit Suisse Declaration is

consistent with the assertions in Paragraph 215. **DISPUTED** that █████████████████

████████████████████████████████████████████████████████████████

███████████████████ *See* PJC ¶ 273.

216.    ██████████ and backup submitter, ██████████, explained that ███████████

████████████████████████████████████████████████████████████████

---

[342] Credit Suisse Decl., Ex. █ (██████ Dep. Tr. 257:4-258:5).



███████████████████████████████████████████[343]

**PLAINTIFFS' RESPONSE: DISPUTED**[(b,e,f)] that Exhibits ██████ to the Credit Suisse Declaration are consistent with the assertions in Paragraph 216. ████████████████████████████████████████████████████████████████ Credit Suisse Decl., Ex. █, ██████ Dep. 139:5-142:6. **DISPUTED** that ███████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████ *See* PJC ¶ 266. **DISPUTED** that █████████████████████████ ████████████████████████████████████████████████ ██████████ *See* PJC ¶ 273.

217.  ████████████████████████████████████████████ ██████████████████████████████████████████[344]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e,f)] that Exhibit █ to the Credit Suisse Declaration is consistent with the assertions in Paragraph 217, and that ████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

---

[343] *Id.*, Ex. █ (██████ Dep. Tr. 125:18-126:9; 141:10-142:6; 126:25-127:15; 135:14-18)*; see also id.*, Ex. ██ (██████████████████████████████████████████, CSAG_00147323); *id.*, Ex. ██ (Internal███ ██████████████, CSAG_00121841); *id.*, Ex. ██ (██████████████████ CSAG_00037029).
[344] *Id.*, Ex. █ (██████ Dep. Tr. 15:8-19; 17:1-18).

*See* Carmody

Decl., ███████████ Dep. 16:12-25; 16:4-11 (██████████████████████

███████████████████████████████████ **DISPUTED**

that ███████████████████████████████████████████████

████████████████████████████████ *See* PJC ¶ 273.

218. ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████.[345]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d,g] that Exhibit ██ to the Credit Suisse

Declaration is consistent with the assertions in Paragraph 218. **DISPUTED** that ████████

█████████████████████████████████████████████████

████████████████████ *See* PJC ¶ 273.

219. ███████████████████████████████████████

███████████████████████████████████████████████████[346]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ to the Credit Suisse Declaration is

consistent with the assertions in Paragraph 219. **DISPUTED** that ████████████████

███████████████████████████████████████████████████

████████████████ *See* PJC ¶ 273.

220. ███████████████████████████████████████

---

[345] *Id.*, Ex. ██ (██████ Dep. Tr. 254:25-255:24; 256:5-24).
[346] *Id.*, Ex. ██ (██████ Dep. Tr. 104:17-105:5).

████████████████████████████████ [347]

**PLAINTIFFS' RESPONSE: DISPUTED** [b,d,f] that Exhibit █ to the Credit Suisse Declaration is

consistent with the assertion in Paragraph 220. *See* Credit Suisse Decl., Ex. █ at 94:25-95:1

██████████████████████████████████████████████████████

████████████████████████████████████████████ **DISPUTED**

that ████████████████████████████████████████████████

█████████████████████████████████████ *See* PJC ¶ 273.

    221.   ████████████████████████████████████████████

███████████████████████████████████████████████████. [348]

**PLAINTIFFS' RESPONSE: ADMITTED** [a] that Exhibit █ to the Credit Suisse Declaration is

consistent with the assertions in Paragraph 221. **DISPUTED** ██████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████. *See*

PJC ¶ 265. **DISPUTED** that ██████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████. *See* PJC ¶ 266. **DISPUTED**

that ████████████████████████████████████████████████

█████████████████████████████████████ *See* PJC ¶ 273.

    222.   ████████████████████████████████████████████

██████████████████████████████████████████████████████

---

[347] *Id.*, Ex. █ (████████ Dep. Tr. 94:21-95:1; 256:21-257:3).
[348] *Id.*, Ex. █ (████████ Dep. Tr. 135:14-136:4).



███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████ .[349]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a,b,d,f] that Exhibit █ to the Credit Suisse Declaration is consistent with the assertion in Paragraph 22. **DISPUTED** that ████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████ *See* PJC ¶ 265. **DISPUTED** that █████████████████████

███████████████████████████████████████████████

████████████████████████████████████ *See* PJC ¶ 266. **DISPUTED** that ████████████████████████████████████████████████████

███████████████████████████████████ *See* PJC ¶ 273.

    223.   ███████████████████████████████████████

███████████████████████████████████████████████

██████████ .[350]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit █ to the Credit Suisse Declaration is consistent with the assertions in Paragraph 223. **DISPUTED** that █████████████████████

███████████████████████████████████████████████

[349] *Id.*, Ex. █ (████ Dep. Tr. 257:4-258:5).
[350] *Id.*, Ex. █ (████ Dep. Tr. 20:12-20).

136

███████████████████████████ *See* PJC ¶ 273.

224.    Plaintiffs identified one Bloomberg message, █████████████████████████

███████████████████████████████████████████[351] This message was

sent from an individual at Barclays, who was not a submitter, to █████████, a Credit Suisse

employee, who in turn forwarded it to Credit Suisse's backup submitter ████████████

████████████████████████████████████████████████████████

██████████████████████████████████████[352] ████████████████

████████████████████████████████████████████████████████

█████████████████[353]

**PLAINTIFFS' RESPONSE: DISPUTED**[(b,e,f)]  that  ████████████████████

████████████████████████████████████████████████████████

███  *see*  Credit Suisse Decl., Ex. ███████████████████████████

███████████████████████  **DISPUTED** that  ███████████████████

████████████████████████████████████████████████████████

█████████████████ *See* PJC ¶ 273.

*Deutsche Bank*

225.    ████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████[354]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,g)] that Exhibits ██ and ██ to the Deutsche Bank

---

[351] *See id.*, Ex. 14 (████████████████████████████████████████, CSUK_0083177).
[352] *Id.*, Ex.██ (████████ Dep. Tr. 182:2-186:11).
[353] *See id.*, Ex.██ (████████ Dep. Tr. 187:12-18); *see also id.*, Ex. 17 (Rule 1006 Summary Exhibit of the Feb. 26, 2008 borrowing transactions of Credit Suisse).
[354] Deutsche Bank Decl., Ex. 2 (████████ Dep. Tr. 206:15-207:8); *id.*, Ex. 1 (████████ Dep. Tr. 215:2-21).

Declaration are consistent with the assertions in Paragraph 225. **DISPUTED** that ███████

███████████████████████████████████████████████████████████

███████████████████████████████. *See* PJC ¶ 274.

    226.  ████████████████████████████████████████████

███████████████████████████████████[355] ████████████████████████

███████████████████████████████████████████████

██████████████[356]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,f)] that Exhibits █ and █ are consistent with the

assertions Paragraph 226. **DISPUTED** that ███████████████████████████████████

███████████████████████████████████████████████████████████

██████ *See* PJC ¶ 274.

    227.  ████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████[357]██████████████████████████

████████████████████████████████████████████████[358]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,g)] that Exhibits █ and █ to the Deutsche Bank

Declaration are consistent with the assertions in Paragraph 227. **DISPUTED** that ██████

███████████████████████████████████████████████████████████

██████████████████████████████ *See* PJC ¶ 274.



---

[355] *Id.*, Ex. 2 (███████ Dep. Tr. 46:12-13; 69:19-22; 88:21-22); *id.*, Ex. 1 (███████ Dep. Tr. 50:23-25).
[356] *See id.*, Ex. 2 (J. King Dep. Tr. 110:14-24); *id.*, Ex. 1 ███████ Dep. Tr. 116:11-22); *see also id.*, Ex. 2 (███
Dep. Tr. 46:10-13; 61:11-13; 186:8-12).
[357] *Id.*, Ex. 2 ███████ Dep. Tr. 206:15-21); *id.*, Ex. 1 (███████ Dep. Tr. 215:2-21).
[358] *Id.*, Ex. 2 ███████ Dep. Tr. 206:22-24).

228. █████████████████████████████████

███████████████████[359]████████████████████████

█████████████████████████████████████████████████

███████[360]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e,f] that Exhibit █ is consistent with the assertions

Paragraph 228. **DISPUTED** that █████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████ *See* PJC ¶ 266.

**DISPUTED** that ██████████████████████████████████

██████████████████████████████████ *See* PJC ¶ 274.

*HBOS*

229. ███████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████[361]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d,g] that Exhibit █ to the Lloyds Bank Declaration

---

[359] *Id.*, Ex. 2 █████ Dep. Tr. 207:9-11).
[360] *Id.*, Ex. 2 █████ Dep. Tr. 90:17-19).
[361] Lloyds Bank Decl., Ex. █ (█████ Dep. Tr. 256:25-258:23).

is consistent with the assertions in Paragraph 230. **DISPUTED** that ███████████

████████████████████████████████████████████████████████████████

███████████████ *See* PJC ¶ 276.

230. ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████ [362]

████████████████████████████████████████████████████████

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,g)] that Exhibit █ to the Lloyds Bank Declaration

is consistent with the assertions in Paragraph 230. **DISPUTED** that ███████████

████████████████████████████████████████████████████████

███████████████. *See* PJC ¶ 276.

*HSBC*

231. ████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[362] *Id.*, Ex. █ (█████████ Dep. Tr. 185:15-186:24).

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████[363]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d,g] that Exhibits ████ of the HSBC Declaration are consistent with the assertion in Paragraph 231. **DISPUTED** that ████████████████

███████████████████████████████████████████████████████████████

███████████ *See* PJC ¶ 278.

232.    ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████.[364]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d,g] that Exhibits ██████ to the HSBC Declaration are consistent with the assertion in Paragraph 232. **DISPUTED** that ████████████

███████████████████████████████████████████████████████████████

███████████ *See* PJC ¶ 278.

233.    ████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████[365]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits ██████ to the HSBC Declaration are consistent with the assertions in Paragraph 233. **DISPUTED** that ████████████████

[363] HSBC Decl., Ex.██ (████████ Dep. Tr. 288:7-19); *id.*, Ex.██ (████████ Dep. Tr. 126:3-25); *id.*, Ex.██ Dep. Tr. 195:18-196:8).

[364] *Id.*, Ex.██ (████████ Dep. Tr. 281:2-6; 288:14-19); *id.*, Ex.██ (████████ Dep. Tr. 126:3-11; 126:20-25); *id.*, Ex.██ (████████ Dep. Tr. 194:1-7).

[365] *Id.*, Ex.██ (████████ Dep. Tr. 136:16-20; 279:21-280:3; 282:16-22); *id.*, Ex.██ (████████ Dep. Tr. 54:9-14; 54:20-55:9; 120:21-24; 123:6-14).



*See* PJC ¶ 265. **DISPUTED** that ▮

▮ *See* PJC ¶ 266. **DISPUTED** that ▮ *See* PJC ¶ 278.

234.    ▮[366]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,f)] that Exhibits ▮ to the HSBC Declaration are consistent with the assertions in Paragraph 234. **DISPUTED** that ▮ *See* PJC ¶ 278.

***JPMorgan***

235.    ▮, JPMorgan's primary USD LIBOR submitter during the Relevant Period, testified that ▮

[366] *Id.*, Ex. ▮ (▮ Dep. Tr. 46:25-47:5); *id.*, Ex.▮ (▮ Dep. Tr. 43:10-44:5).

█████████████████████.[367] ████████ also testified that ████████████████████████████████

████████████████████████████████████[368]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d)] that Exhibit █ to the JPMorgan Declaration is

consistent with the assertion in Paragraph 235. **DISPUTED** that ████████████████████

████████████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 279.

    236.    Contemporaneous communications reflect that JPMorgan ████████████████

████████████████████████████████████████[369]

**PLAINTIFFS' RESPONSE: DISPUTED**[(e)(f)] that Exhibit █ to the JPMorgan Declaration

supports the assertion in Paragraph 234. *See* JPMorgan Decl., Ex. 1 (████████ Dep. Tr.) at 139:13-

139:25 ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████ **DISPUTED** that ████████████████████████████

████████████████████████████████████████████████████████

████████ *See* PJC ¶ 279.*See* PJC ¶ 279.

---

[367] *See* JPMorgan Decl., Ex. █ (████████ Dep. Tr. 261:25-262:13)

████████████████████████████████████████████████████████

████████████████████████████████████████.

[368] *See id.*, Ex. █ (████████ Dep. Tr. 261:25-262:13).

[369] *See id.*, Ex. █ (████████ Dep. Tr. 138:1-139:12)

████████████████████████████████████████████████████████

████████████████████████████████████.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 236:** Plaintiffs dispute that contemporaneous communications reflect that JPMorgan ██████████████████████████████████████████████████ In support of their claimed dispute, Plaintiffs cite no documents evidencing ██████████████████ ████████████████████████████████████████████████ To the contrary, Plaintiffs cite a portion of ██████████████ deposition regarding ████████████████ *See* JPMorgan Decl. [ECF No. 4179], Ex. █ (████████ Dep. Tr. 139:13-139:25) (████████████████████████████████) (emphasis added). As ████████ testified, *Id.*, Ex. █ (████████ Dep. Tr. 138:1-139:12). ██████████ also testified that ████████████████████████████████████████████ *See id.*, Ex. █ (████████ Dep. Tr. 47:9-25; 48:14-18; 141:1-8). Further, Plaintiffs' statement citing paragraph 279 of the Joint Counterstatement is unsupported for the reasons explained in Defendants' Counterstatement Response. *See* Defs.' Counterstmt. Resps. ¶ 279. The Court should deem Defendants' statement admitted because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement. Fed. R. Civ. P. 56(c), (e).

237.    ████████ testified that ██████████████████████████████████████████████

████████████████████████████████████████████[370] testified that ██████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████.[371]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the JPMorgan Declaration is

consistent with the assertions in Paragraph 237. **DISPUTED** that ████████████████████████

████████████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 279.

238.    ████████████ who during the Relevant Period was the ████████████████

████████████████[372] also testified that, ████████████████████████████████████████

████████████████████████████████████████████████████████████ To the

contrary, ████████████████████████████████████████████████[373]

---

[370] *See id.*, Ex. █ (████████ Dep. Tr. 47:9-25; 48:14-18; 141:1-8).
[371] *See id.*, Ex. █ (████████ Dep. Tr. 48:14-18).
[372] *See id.*, Ex. █ (████████████████████████████, JPM_MDL1_USD_00120069). ████████,
[373] *See id.*, Ex. █ (████████ Dep. Tr. 102:22-103:2); *see also id.*, Ex. █ (████████ Dep. Tr. 103:20-24).

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a)] that Exhibits ▮ and ▮ to the JPMorgan Declaration are consistent with the assertions in Paragraph 238. **DISPUTED** that ███████████

███████████████████████████████████████████

████████████████ *See* PJC ¶ 279.

239.     ████████     testified that ████████████████████

████████████████████████████████████████████

████████████████████ further testified that, ███████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████[374]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a)] that Exhibit ▮ to the JPMorgan Declaration is consistent with the assertions in Paragraph 239. **DISPUTED** that ███████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ *See*

PJC ¶ 265. **DISPUTED** that ████████████████████████

████████████████████████████████████████████

██████████████████████████ *See* PJC ¶ 266. **DISPUTED**

that ████████████████████████████████████████████

██████████████████████ *See* PJC ¶ 279.

---

[374] *See id.*, Ex. ▮ (████████ Dep. Tr. 132:7-133:5; 141:9-14).

240. ██████████ testified that ████████████████████████████████

██████████████████ [375]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit █ to the JPMorgan Declaration is consistent with the assertion in paragraph 240. **DISPUTED** that ████████████████

████████████████████████████████████████████████████

██████████████ *See* PJC ¶ 279.

*Lloyds Bank*

241. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ [376]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d,g] that Exhibit 6 to the Lloyds Bank Declaration is consistent with the assertion in Paragraph 241. **DISPUTED** that ████████████████

████████████████████████████████████████████████████

██████████████ *See* PJC ¶ 281.

242. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[375] *See id.*, Ex. █ (██████████ Dep. Tr. 262:19-21).
[376] Lloyds Bank Decl., Ex. 6 (██████████ Dep. Tr. 213:8-214:19).

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████[377]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,d,g)] that Exhibit 8 to the Lloyds Bank Declaration is consistent with the assertions in Paragraph 242. **DISPUTED** that ███████████████

███████████████████████████████████████████████████

████████████████ *See* PJC ¶ 281.

243.    ███████████████████████████████████████

███████████████████████████████████████████████████

█████████[,][378]████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████[379]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,d,g)] Exhibit 5 to the Lloyds Bank Declaration is consistent with the assertions in Paragraph 243. **DISPUTED** that ██████████████

███████████████████████████████████████████████████

████████████████. *See* PJC ¶ 281.

244.    ███████████████████████████████████████

███████████████████████████████████████████████████

---

[377] *Id.*, Ex. █ (███████ Dep. Tr. 218:4-221:1).
[378] *See supra* ¶ 27(a).
[379] Lloyds Bank Decl., Ex. █ (███████ Dep. Tr. 21:21-23:5; 253:15-254:15).

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████[380]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,g)] that Exhibit 6 to the Lloyds Bank Declaration

is consistent with the assertions in Paragraph 244. **DISPUTED** that ████████████

████████████████████████████████████████████████████████

████████████████████ *See* PJC ¶ 281.

245.    ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[380] *Id.*, Ex. █ (████████ Dep. Tr. 234:9-237:24).

███████████████████████████████████████████████. [381]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,d)] that Exhibit 8 to the Lloyds Bank Declaration is consistent with the assertions in Paragraph 245. **DISPUTED** that ██████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████ *See* PJC ¶ 265. **DISPUTED** that ██████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████ *See* PJC ¶ 266. **DISPUTED** that ████████████████████████████████████████████

██████████████████████████████████████ *See* PJC ¶ 281.

*MUFG*

246.    ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████ [382]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e,f)] that Exhibit ██ to the Blakemore Declaration is consistent with the assertions in Paragraph 246. **DISPUTED** that ██████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████ *See* PJC ¶ 266. **DISPUTED** that ████████████████████████████████

████████████████████████████████████████████████

---

[381] *Id.*, Ex. ██ (████████ Dep. Tr. 240:10-246:5).
[382] Blakemore Decl., Ex. ██ (████████ Dep. Tr. 95:17-97:5).

*See* PJC ¶ 282.

*NatWest*

247.  ████████████████████████████████████████

████████████████████████████████████████████

████████████ .[383]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,g)] that Exhibits ██ and ██ to the NatWest

Declaration are consistent with the assertions in Paragraph 247. **DISPUTED** that ████████

████████████████████████████████████████████

██████████████████████ *See* PJC ¶ 283.

248.  ██████████████████████████████████,[384] ████████

████████████████████████████████████████[385]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,g)] that Exhibit ██ to the NatWest Declaration is

consistent with the assertion in Paragraph 248. **DISPUTED** that ████████████

████████████████████████████████████████████

████████████ *See* PJC ¶ 283.

249.  ████████████████████████████████████████

████████████████████████████████████[386]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,g)] that Exhibit ██ to the NatWest Declaration is

---

[383] NatWest Decl., Ex. ██ (████████ Dep. Tr. 208:13–209:01); *id.*, Ex. ██ (████████ (NatWest) Dep., Ex. 70, ¶ 82 ██

████████████████████████████████████████████

████████████), ¶¶ 83, 95 (RBS_MDL_001845435)).
[384] *Id.*, Ex. ██ (████████ (NatWest) Dep., Ex. 70, ¶ 16 (RBS_MDL_001845435)).
[385] *Id.*, Ex. ██ (████████ Dep. of ████████ Tr. (NatWest) ("████████ Dep. Tr.") 162:06-11).
[386] *Id.*, Ex. ██ (████████ Dep. Tr. 162:06-18).

consistent with the assertion in Paragraph 249. **DISPUTED** that ████████████████

████████████████████████████████████████████████████████████████████████

██████████████████ *See* PJC ¶ 283.

250.    ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████[387]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a)] that Exhibit █ to the NatWest Declaration is consistent with the assertions in Paragraph 250. **DISPUTED** that ████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████  *See*

PJC ¶ 265. **DISPUTED** that ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████████ *See* PJC ¶ 266. **DISPUTED**

that ██████████████████████████████████████████████████████████████████

████████████████████████████████ *See* PJC ¶ 283.

251.    ████████████████████████████████████████████████████

██████████████████[388]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a)] that Exhibit █ to the NatWest Declaration is consistent with the assertions in Paragraph 251. **DISPUTED** that ████████████████

████████████████████████████████████████████████████████████████████████

---

[387] *Id.*, Ex. █ (████████ Dep. Tr. 104:24-105:09).
[388] *Id.*, Ex. █ (████████ Dep. Tr. 104:24-105:09).

██████████████████. *See* PJC ¶ 283.

252.  ████████████████████████████████████████

████████████████ [389]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the NatWest Declaration is consistent with the assertions in Paragraph 252. **DISPUTED** that █████████████████████████

█████████████████████████████████████████████

████████████████ *See* PJC ¶ 283.

*Norinchukin*

253.  ██████████, Norinchukin's corporate representative, ██████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████. [390] ████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████████ [391]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d,g] that Exhibit █ to the Norinchukin Declaration is consistent with the assertion in Paragraph 253. **DISPUTED** that █████████████████

█████████████████████████████████████████████

████████████████████ *See* PJC ¶ 286.

---

[389] *Id.*, Ex. ██ (██████ Dep. Tr. 104:21-23).
[390] Norinchukin Decl., Ex. ██████████ Dep. Tr. 221:17-222:7).
[391] *Id.*, Ex. ██ (██████ Dep. Tr. 223:18-224:9).

254. ███████, the individual with primary responsibility for determining Norinchukin's USD LIBOR submissions, ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████.[392]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d,g] that Exhibit█ to the Norinchukin Declaration is consistent with the assertion in Paragraph 254. **DISPUTED** that ████████████

████████████████████████████████

████████████████ *See* PJC ¶ 286.

255. ███████, Norinchukin's backup USD LIBOR submitter, ████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████.[393] ████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████.[394]

[392] *Id.*, Ex. █ (████ Dep. Tr. 37:14-16; 53:6-15; 177:24-178:01; 242:25-243:24).
[393] *Id.*, Ex. ████ Dep. Tr. 26:22-27:3; 243:20-244:18).
[394] *Id.*, Ex ████ Dep. Tr. 83:4-8; 243:8-19).

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,b,d,g] that Exhibit █ to the Norinchukin Declaration is consistent with the assertions in Paragraph 255. **DISPUTED** that ████████████████████

████████████████████████████████████████████████

████████████████ *See* PJC ¶ 286.

256.    ██████████████████████████████████

████████████████████████████████████[395]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,b,d] that Exhibits ████████ to the Norinchukin Declaration are consistent with the assertions in Paragraph 256. **DISPUTED** that ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████ *See* PJC ¶ 266. **DISPUTED** that ████████████

████████████████████████████████████████████████

████████████████. *See* PJC ¶ 286.

257.    ██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████[396]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,b,d] that Exhibits ████████ to the Norinchukin Declaration are consistent with the assertions in Paragraph 257. **DISPUTED** that ████████

████████████████████████████████████████████████

████████████████████████████████████████████████



---

[395] *Id.*, Ex. █ (████ Dep. Tr. 222:22-223:11); *id.*, Ex. █ (████ Dep. Tr. 175:20-25); *id.*, Ex. █ (████ Dep. Tr. 137:14-138:4; 192:6-18).
[396] *Id.*, Ex. ████ Dep. Tr. 222:22-223:11); *id.*, Ex. █ (████ Dep. Tr. 27:19-29:4); *id.*, Ex. █ (████ Dep. Tr. 85:21-86:4, 105:22-24, 137:14-138:4).

███████████████████████████████████ *See* PJC ¶ 266. **DISPUTED** that ████████

████████████████████████████████████████████████████████████

████████████████████████. *See* PJC ¶ 286.

**Portigon**

258.    ████████████████████████████████████████

████████████████████████████████████████████████████████████

████ [397]

**PLAINTIFFS' RESPONSE: DISPUTED**[(b,d,g)] that the quote in Paragraph 258 is a "fact"; the quote is a question posed by Portigon's counsel. **DISPUTED** that ████████████

████████████████████████████████████████████████████████████

███████████████████. *See* PJC ¶ 287.

259.    ████████████████████████████████████████

██████████████████████████████████████████████, [398]

████████████████████████████████████████████████████████████

███████████████████ [399] ███████████████████████████████████

████████████████████████████████████████████ [400]

**PLAINTIFFS' RESPONSE: DISPUTED**[(b,d,g)] that the quotes in Paragraph 259 are "facts"; the quotes are questions posed by Portigon's counsel. **DISPUTED** ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[397] Portigon Decl., Ex. ██ (████████ Dep. Tr. 234:3-10).
[398] *Id.*, Ex. ██ (████████ Dep. Tr. 42:25-43:3).
[399] *Id.*, Ex. ██ (████████ Dep. Tr. 238:5-10).
[400] *Id.*, Ex. ██ (████████ Dep. Tr. 234:19-23).



*See* PJC ¶ 266. **DISPUTED** that

*See* PJC ¶ 287.

260.

].[401]

**PLAINTIFFS' RESPONSE: DISPUTED**[(b,.f)] that the cited source supports the assertion in Paragraph 260, inasmuch as it cites to "*Id.* ¶ 3," but there is no ¶ 3 in Exhibit ▮ to the Portigon Declaration, and ¶ 3 to the Portigon Declaration does not support the assertion in Paragraph 260.

**DISPUTED** that

. *See* PJC ¶ 287.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 260:** Plaintiffs' position that the cited source does not support the assertion in paragraph 260 is wrong. While paragraph 260 contains a typographical error and thus refers to the wrong paragraph of the Portigon Declaration, paragraph 14 of the Portigon Declaration supports the facts set forth in paragraph 260, stating: "Plaintiffs did not elicit testimony from any Portigon witness that Portigon had entered into an agreement with any other USD LIBOR panel member bank to suppress USD LIBOR, to coordinate its LIBOR submissions with those of any other panel bank, or to make its LIBOR submissions at any particular level." Portigon Decl. [ECF No. 4193] ¶ 14. The Court should deem Defendants' statement admitted because Plaintiffs fail to create a genuine dispute of fact concerning the statement. Fed. R. Civ. P. 56(c), (e).

261.

."[402]

---

[401] *Id.* ¶ 3.
[402] *Id.*, Ex. ▮ ( ▮ Dep. Tr. 59:1-6).

██████████████████████████████████████████ [403]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit ██ to the Portigon Declaration is consistent with the assertions in Paragraph 261. **DISPUTED** that ███████████████████

████████████████████████████████████████████████████

███████████████ *See* PJC ¶ 287.

262.    ████████████████████████████████████████████

█████████████████████████████, [404] █████████████████████████████

█████████████████████ [405]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibits █ and █ to the Portigon Declaration are consistent with the assertions in Paragraph 262. **DISPUTED** that ████████████████

████████████████████████████████████████████████████

███████████████ *See* PJC ¶ 287.

263.    ████████████████████████████████████████████

███████████████████████████ [406] █████████████████████████████

███████████████████████████ [407]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibits █ and █ to the Portigon Declaration are consistent with the assertions in Paragraph 263. **DISPUTED** that █████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████. *See* PJC ¶ 266. **DISPUTED** that ████████████████████



---

[403] *Id.*, Ex. █ (████ Dep. Tr. 71:9-13).
[404] *Id.*, Ex. █ (████ Dep. Tr. 72:1-5); *id.*, Ex. █ (████ Dep. Tr. 74:20-23).
[405] *Id.*, Ex. █ (████ Dep. Tr. 75:15-22); *id.*, Ex. █ (████ Dep. Tr. 74:24-75:2).
[406] *Id.*, Ex. █ (████ Dep. Tr. 46:16-20); *id.*, Ex. █ (████ Dep. Tr. 60:25-61:4).
[407] *Id.*, Ex. █ (████ r Dep. Tr. 59:8-60:17).



See PJC ¶ 287.

***Rabobank***

264. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████ [408]

**<u>PLAINTIFFS' RESPONSE</u>: ADMITTED**[a,b,d,e,f,g] that Exhibit █ to the Rabobank Declaration is consistent with the assertions in Paragraph 264. **DISPUTED** that ████████████████

████████████████████████████████████████

████████████████████ See PJC ¶ 288.

265. ████████████████████████████████████

████████████████████████████████████████

████████████████████████. [409]

**<u>PLAINTIFFS' RESPONSE</u>: ADMITTED**[a,b,d,e,g] that Exhibit █ to the Rabobank Declaration is consistent with the assertion in Paragraph 265. **DISPUTED** that ████████████████

████████████████████████████████████████

████████████████████ See PJC ¶ 288.

266. ████████████████████████████████████

---

[408] Rabobank Decl., Ex. █ (██████ Dep. Tr. 196:12-21); *id.*, Ex. █ (██████ Dep. Tr. 200:16-201:14).
[409] *Id.*, Ex. █ (██████ Dep. Tr. 196:24-197:3); *id.*, Ex. █ (██████ Dep. Tr. 201:17-21).

███████████████████████████████████████████████████████

████████████████ .[410]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,e,g)] that Exhibits ██ and ██ to the Rabobank Declaration are consistent with the assertion in Paragraph 266. **DISPUTED** that ████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████ *See* PJC ¶ 265. **DISPUTED** that ████████████████

███████████████████████████████████████████████████████

██████ *See* PJC ¶ 288.

267.    █████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████ [411]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,e,f)] that Exhibits ██ and ██ to the Rabobank Declaration are consistent with the assertion in Paragraph 267. **DISPUTED** that ████████████

███████████████████████████████████████████████████████

████████████████████████████████ *See* PJC ¶ 288.

268.    █████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████ .[412]

---

[410] *Id.*, Ex. (████ Dep. Tr. 197:11-198:1); *id.*, Ex. (████ Dep. Tr. 202:11-16).
[411] *Id.*, Ex. ████ Dep. Tr. 198:19-22); *id.*, Ex. ████ Dep. Tr. 202:18-22).
[412] *Id.*, Ex. (████ Dep. Tr. 198:23-199:2); *id.*, Ex. ██(████ Dep. Tr. 202:23-203:2).

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibits ▌ and ▌ to the Rabobank Declaration are consistent with the assertion in Paragraph 268. **DISPUTED** that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ *See* PJC ¶ 288.

269. ▌▌▌▌▌▌▌▌▌▌▌ ▌▌[413] ▌▌▌▌▌▌▌▌▌

▌▌▌▌[414]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,e)] that that Exhibit ▌ to the Rabobank Declaration is consistent with the assertion in Paragraph 268. **DISPUTED** that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ *See* PJC ¶ 266. **DISPUTED** that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ *See* PJC ¶ 265. **DISPUTED** that ▌▌▌▌▌▌▌▌▌ *See* PJC ¶ 288.

270. ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌



---

[413] *Id.*, Ex. ▌ (▌▌▌ Dep. Tr. 205:4-17).
[414] *Id.*, Ex. ▌ (▌▌▌ Dep. Tr. 199:12-15).

████. [415]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,e)] that that Exhibits █ and █ to the Rabobank Declaration are consistent with the assertion in Paragraph 270. **DISPUTED** that ████████

████████████████████████

████████████████ *See* PJC ¶ 288.

271.   ████████████████████████

████████████████████████

████████████████ [416]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,e)] that that Exhibit █ to the Rabobank Declaration is consistent with the assertion in Paragraph 268. **DISPUTED** that ████████

████████████████████████

████████ *See* PJC ¶ 288.

272.   ████████████████████████

████████████████████████

████████. [417]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,e)] that Exhibit █ to the Rabobank Declaration is consistent with the assertion in Paragraph 272. **DISPUTED** that ████████

████████████████████████

████████████████████████

---

[415] *Id.*, Ex. █ (████ Dep. Tr. 202:10-18); *id.*, Ex. █ (████ Dep. Tr. 203:3-10).
[416] *Id.*, Ex. █ (████ Dep. Tr. 209:15-24).
[417] *Id.*, Ex. █ (████ Dep. Tr. 210:14-211:1).

*See* PJC ¶ 265. **DISPUTED** that ███████████████████████████████

███████████████████████████████ *See* PJC ¶ 288.

**UBS**

273. ███████████████████████████████████████

███████████████████████████████████████

██████████████████████████.[418]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d,e] that Exhibit █ to the UBS Declaration is consistent with the assertions in Paragraph 273. **DISPUTED** that ████████████████

███████████████████████████████████████

████████████ *See* PJC ¶ 291. **DISPUTED** that testimony regarding alleged good intent or altruistic motives is irrelevant in a *per se* antitrust case such as this one. *See FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 427 (1990) ("No matter how altruistic the motives of respondents may have been, it is undisputed that their immediate objective was to increase the price that they would be paid for their services."); *Nat'l Collegiate Athletic Ass'n v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 101 n.23 (1984) ("[It is] well settled that good motives will not validate an otherwise anticompetitive practice.").

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 273:** Plaintiffs fail to identify any evidence sufficient to create a triable issue of material fact concerning the statement in paragraph 273. Additionally, Plaintiffs admit that the statement in paragraph 273 is consistent with ███████████████ sworn testimony and simply take issue with the implication of that testimony with respect to Plaintiffs' claims. Finally, because Plaintiffs seek to support their purported dispute with only legal argument as opposed to controverting evidence, Plaintiffs' statement should be deemed admitted. *See Leeber Realty LLC v. Trustco Bank*, 316 F.

---

[418] UBS Decl., Ex. █ (███████ Dep. Tr. 90:2-11).

Supp. 3d 594, 600 (S.D.N.Y. 2018) ("[L]egal objections Defendant raises . . . do not actually respond to or dispute the specific facts, supported by citations to admissible record evidence."). Because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement, the Court should deem Defendants' statement in paragraph 273 admitted by Plaintiffs.  Fed. R. Civ. P. 56(c), (e).



163

275. ███████████████████████████████████

███████████████████████████████████████

███████████████████████.[424]████████████

███████████████████████████████████.[425]

███████████████████████████████████████

███████████████████████████████████████

███████████.[426]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e,g)] that ████████ submitted a declaration after his deposition attesting to the assertions in Paragraph 275. **DISPUTED** that ███████████████

████████████████████████████████. *See* Source Cited in Response to Paragraph 188. **DISPUTED** that ██████████████

███████████████████████████████████████

██████████████ *See* PJC ¶ 291. **DISPUTED** that ████████████████

███████████████████████████████████████

██████████████████ *See* PJC ¶ 292. **DISPUTED** that testimony regarding alleged good intent or altruistic motives is irrelevant in a *per se* antitrust case such as this one. *See FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 427 (1990) ("No matter how altruistic the motives of respondents may have been, it is undisputed that their immediate objective was to increase the price that they would be paid for their services."); *Nat'l Collegiate Athletic Ass'n v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 101 n.23 (1984) ("[It is] well settled that good motives will not validate an otherwise anticompetitive practice.").

---

[424] *Id.*, Ex. █████ Decl. ¶ 15).
[425] *Id.*, Ex. █████ Decl. ¶ 15).
[426] *Id.*, Ex. █████ Decl. ¶ 15).

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 275:**
Plaintiffs improperly interject immaterial facts without specifically controverting Defendants'
statement in paragraph 275. Plaintiffs admit that ▮▮▮▮▮▮▮▮ submitted a sworn declaration
attesting to the assertions in paragraph 275 and simply take issue with the implication of that
testimony with respect to Plaintiffs' claims. Further, because Plaintiffs seek to support their
purported dispute with only legal argument as opposed to controverting evidence, Plaintiffs'
statement should be deemed admitted. *See Leeber Realty LLC v. Trustco Bank*, 316 F. Supp. 3d
594, 600 (S.D.N.Y. 2018) ("[L]egal objections Defendant raises . . . do not actually respond to or
dispute the specific facts, supported by citations to admissible record evidence."). Because Plaintiffs
do not dispute the factual statement in paragraph 275, fail to properly address the
statement, and fail to create a genuine dispute of fact concerning the statement, the Court should
deem Defendants' statement in paragraph 275 admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

2.    **BBA Witness Testimony**



276.    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[427]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d,e] that Exhibit ▮ to the Blakemore Declaration is
consistent with the assertion in Paragraph 276. **DISPUTED** that ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ *See* PJC ¶¶ 268, 269, 271, 273, 274, 276, 278, 279, 281, 282, 283, 286-291.

277.    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮.[428]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d,e] that Exhibit ▮ to the Blakemore Declaration is
consistent with the assertion in Paragraph 277. **DISPUTED** that ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[427] Blakemore Decl., Ex. ▮ (▮▮▮▮ Dep. Tr. 190:12-191:13; 192:14-193:11).
[428] *Id.*, Ex. ▮▮▮▮ Dep. Tr. 191:2-19; 193:13-25).

██████████ . *See* PJC ¶¶ 268, 269, 271, 273, 274, 276, 278, 279, 281, 282, 283, 286-291.

278.    ██████████████████████████████████

██ .[429]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,e)] that Exhibit ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 278. **DISPUTED** that ████████████

██████████████████████████████████

██████████ . *See* PJC ¶¶ 268, 269, 271, 273, 274, 276, 278, 279, 281, 282, 283, 286-291.

279.    ██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████ .[430]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,e)] that Exhibit ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 279. **DISPUTED** that ████████████

██████████████████████████████████

██████████ . *See* PJC ¶¶ 268, 269, 271, 273, 274, 276, 278, 279, 281, 282, 283, 286-291.

280.    ██████████████████████████████████

██████████████████████████████████

██████████████ .[431]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d,e)] that Exhibit ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 280. **DISPUTED** that ████████████

██████████████████████████████████



[429] *Id.*, Ex. ██ (██████ Dep. Tr. 199:10-15).
[430] *Id.*, Ex. ██ (Mar. 28, 2024 Dep. of ████████ Tr. (BBA) ("██████ Dep. Tr.") 179:12-16; 180:17-182:23).
[431] *Id.*, Ex. ██ (██████ Dep. Tr. 179:20-180:7; 182:24-183:3; 183:9-13; 184:15-185:5; 203:1-6).

████████████████████████████████████████████████████████████

███████████. *See* PJC ¶¶ 268, 269, 271, 273, 274, 276, 278, 279, 281, 282, 283, 286-291.

281. ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████.[432]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d,e] that Exhibit ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 281. **DISPUTED** that ████████████████

████████████████████████████████████████████████████████████

████████████ *See* PJC ¶¶ 268, 269, 271, 273, 274, 276, 278, 279, 281, 282, 283, 286-291.

### 3.    Government Investigation Findings

*Bank of America*

282.    None of the inquiries conducted by U.S. government regulators—the CFTC, SEC, and DOJ—regarding Bank of America's USD LIBOR submissions resulted in findings of any adverse conduct on the part of Bank of America, much less that it entered into a conspiracy to suppress LIBOR, and Plaintiffs have not alleged otherwise.[433]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] as to the assertion in Paragraph 282. **DISPUTED** that ████████████████████████████████████████████████████

████████████████████████████████████████████. *See* PJC ¶ 268; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of

---

[432] *Id.*, Ex. ██ (███████ Dep. Tr. 180:8-11; 183:14-184:7; 185:6-16).
[433] *See e.g.*, Corrected Fourth Consolidated Am. Compl. ¶¶ 6-7, 253-291, *Mayor and City Council of Baltimore, et al., v. Credit Suisse AG*, 1:11-md-2262-NRB (S.D.N.Y. Oct. 12, 2022), ECF No. 3555 ("OTC Compl.").

absence.'") (citing cases).

***Barclays***

283.    On June 27, 2012, Barclays entered an NPA with the DOJ "related to Barclays' submissions of benchmark interest rates, including . . . LIBOR" and other conduct unrelated to this litigation.[434]

**PLAINTIFFS' RESPONSE: ADMITTED**.

284.    As part of its resolution with the DOJ, Barclays admitted in a Statement of Facts (the "Barclays DOJ SOF") that "on some occasions" between August 2007 and January 2009 Barclays unilaterally made USD LIBOR submissions that were "lower than Barclays otherwise would have submitted" because Barclays "sought to avoid inaccurate negative media attention about Barclays' financial health as a result of its high LIBOR submission relative to other banks."[435]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] as to the assertion in Paragraph 284. **DISPUTED** that ███████████████████████████████████████████████████████ ███████████████████████████████████████. *See* PJC ¶ 269; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

285.    The Barclays DOJ SOF does not state that Barclays conspired with other USD LIBOR Panel Banks to persistently suppress USD LIBOR.[436]

---

[434] Barclays NPA (June 27, 2012), https://www.justice.gov/iso/opa/resources/9312012710173426365941.pdf.
[435] Barclays NPA, *supra* note 434, App'x A ¶¶ 36, 40.
[436] Barclays NPA, *supra* note 434, App'x A.

**PLAINTIFFS' RESPONSE**: ADMITTED[(a,b,e)] as to the assertion in Paragraph 285. **DISPUTED** that ███████████████████████████████████████████████████████████ ███████████████████████████████████████████ *See* PJC ¶ 269; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

286.    Barclays' USD LIBOR-related conduct was also the subject of investigations conducted by the CFTC, FCA, and a working group of State AGs representing 44 states and the District of Columbia.[437]

**PLAINTIFFS' RESPONSE**: ADMITTED.

287.    No finding or other statements published by the DOJ, CFTC, FCA, or State AGs indicate that Barclays conspired with other USD LIBOR Panel Banks to persistently suppress USD LIBOR.[438]

**PLAINTIFFS' RESPONSE**: DISPUTED[(b,e,f)] that the CFTC made "[n]o findings or other statements" that "indicate[d] that Barclays conspired with other USD LIBOR Panel Banks to persistently suppress USD LIBOR. *See, e.g.*, CFTC-Barclays Order at 21; finding that a Barclays manager told Barclays' submitters that if Barclays submitted "twenty basis points above the 'pack'" that "'it's going to cause a shitstorm.'"); id. at 23 (finding that in April 2008, after the Wall Street Journal published an article speculating that Libor submissions were inaccurately low, the Barclays senior Dollar submitter told the treasury supervisor that his LIBOR submissions had been "lower than where he thought he could obtain funds" and the Barclays manager replied that he

---

[437] Barclays Decl. ¶¶ 61-62.
[438] *Id.*

169

could be at the top of the pack, but "not sort of be ten basis points above the next."). **DISPUTED** that the FCA made "[n]o findings or other statements" that "indicate[d] that Barclays conspired with other USD LIBOR Panel Banks to persistently suppress UD LIBOR. *See* Barclays-FCA Order ¶ 114; concluding that Barclays reduced its LIBOR submissions to bring its submissions closer to those of other Panel Banks). **DISPUTED** that the State AGs made "[n]o findings or other statements" that "indicate[d] that Barclays conspired with other USD LIBOR Panel Banks to persistently suppress USD LIBOR. *See, e.g.*, Barclays State AG Order ¶¶ 19-20; 27-29; finding that "Barclays managers, at times, instructed Barclays USD LIBOR submitters not to be an "outlier" compared to other Contributor Panel banks, even if Barclays contributed the highest rate. At other times, certain Barclays managers instructed submitters to submit rates "in line" with other contributing banks."). **DISPUTED** that ███████████████████████████

████████████████████████████████████████████████████

*See* PJC ¶ 269; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 287:

Plaintiffs fail to identify any admissible evidence sufficient to create a triable issue of material fact concerning the statement in paragraph 287. Plaintiffs' purported disputes all rest on the unsupported and implausible assumption that in order to make a submission in relation to the submission(s) of one or more other Panel Banks, a Panel Bank necessarily had to conspire with other Panel Banks. This assumption conflicts with and ignores the uncontroverted evidence Defendants have adduced establishing that, absent any collusion, ample information was available to market participants through legitimate sources concerning expectations of where USD LIBOR would ultimately fix. *See, e.g.*, Defendants' Joint Memorandum of Law in Support of Their Motion for Summary Judgment on "Upstream Issues" ("Defs.' Joint Mot. for Summary Judgment") [ECF No. 4166] at 62, 79; Blakemore Decl., Ex. 29 (Asker Opening ¶ 17); *id.*, Ex. 20 (Asker FFFP Reb. ¶ 32). Accordingly, the Court should deem Defendants' statement admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

*Citi*

288.    On May 25, 2016, the CFTC and Citi entered into a consent order regarding Citi's interest rate benchmark submission process, in which Citi declined to admit or deny the CFTC's findings or conclusions.[439] The CFTC did not make any findings or allegations that Citi participated in a conspiracy with other Panel Banks to persistently suppress USD LIBOR.[440]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 288. **DISPUTED** that ███████████████████████████████████████████████████████████

███████████████████████████████████████ *See* PJC ¶ 271; *see In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

289.    On June 13, 2018, Citi reached a settlement agreement with a group of 42 State AGs to resolve their investigation into whether Citi manipulated various interest rate benchmarks including USD LIBOR.[441] Citi neither admitted nor denied the allegations set forth in the parties' settlement agreement.[442] The State AGs did not make any findings or allegations that Citi participated in a conspiracy with other Panel Banks to persistently suppress USD LIBOR.[443]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 289. **DISPUTED** that ███████████████████████████████████████████████████████████

███████████████████████████████████████. *See* PJC ¶ 271; *see In re Bystolic Antitrust*

---

[439] Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions, *In the Matter of Citibank, N.A.*, CFTC Docket No. 16-16 (May 25, 2016), https://www.cftc.gov/sites/default/files/idc/groups/public/@lrenforcementactions/documents/legalpleading/enfcitibankisdaorder052516.pdf.

[440] *Id.*

[441] Citi-State AGs Settlement Agreement, https://www.oag.state.va.us/consumer-protection/files/Lawsuits/Citibank-Executed-Settlement-Agreement-June-13-2018-all-parties.pdf.

[442] *Id.* ¶¶ 39, 68, 74.

[443] *See generally id.*

*Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

### *Credit Suisse*

290.  ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████ .[444]

**PLAINTIFFS' RESPONSE: ADMITTED.**

291.    Not one investigation into Credit Suisse resulted in any settlements, sanctions, findings of wrongdoing, or admissions of any kind, or any finding that Credit Suisse was part of a conspiracy to systemically suppress LIBOR.[445]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] as to the assertion in Paragraph 291. **DISPUTED** that ████████████████████████████████████████████████████

████████████████████████████████████████ *See* PJC ¶ 273; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

### *Deutsche Bank*

292.    Beginning in 2010, Deutsche Bank responded to requests for information from various regulatory and law enforcement agencies in connection with industry-wide investigations concerning the setting of multiple interbank and/or dealer offered rates, including USD LIBOR.

---

[444] Credit Suisse Decl., Ex. 16 (Credit Suisse's Suppl. Resp. and Obj. to Pls.' Notice of Rule 30(b)(6) Dep. of Credit Suisse AG, dated Oct. 3, 2024).
[445] *Id*.

The regulatory and law enforcement agencies conducting these investigations included, among

others, the DOJ, SEC, CFTC, EC, FCA, DFS, State AGs, WEKO, MAS, CCB, BaFin, and SFO.[446]

**PLAINTIFFS' RESPONSE: ADMITTED**

293.    The findings and conclusions of certain of those regulatory and law enforcement

agencies are set forth in the statement of facts incorporated into the DPA Deutsche Bank entered

into with the DOJ, dated April 23, 2015,[447] the Consent Order Deutsche Bank entered into with

the DFS, dated April 23, 2015,[448] the Consent Order Deutsche Bank entered into with the CFTC,

---

[446] Press Release, DOJ, Deutsche Bank's London Subsidiary Agrees to Plead Guilty in Connection with Long-Running Manipulation of LIBOR (Apr. 23, 2015), https://www.justice.gov/opa/pr/deutsche-banks-london-subsidiary-agrees-plead-guilty-connection-long-running-manipulation (noting SEC's, BaFin's, and SFO's roles in IBOR investigations); Release Number 7159-15, CFTC, Deutsche Bank to Pay $800 Million Penalty to Settle CFTC Charges of Manipulation, Attempted Manipulation, and False Reporting of LIBOR and Euribor (Apr. 23, 2015), https://www.cftc.gov/PressRoom/PressReleases/7159-15; Press Release, EC, AMENDED – Antitrust: Commission fines banks € 1.49 billion for participating in cartels in the interest rate derivatives industry (Dec. 4, 2013), https://ec.europa.eu/commission/presscorner/detail/en/IP_13_1208; Press Release, FCA, Deutsche Bank fined £227 million by Financial Conduct Authority for LIBOR and EURIBOR failings and for misleading the regulator (Apr. 23, 2015), https://www.fca.org.uk/news/press-releases/deutsche-bank-fined-%C2%A3227-million-financial-conduct-authority-libor-and-euribor; Press Release, DFS, NYDFS Announces Deutsche Bank to Pay $2.5 Billion, Terminate and Ban Individual Employees, Install Independent Monitor for Interest Rate Manipulation (Apr. 23, 2015), https://www.dfs.ny.gov/reports_and_publications/press_releases/pr1504231; Press Release, Pennsylvania Attorney General, Attorney General Shapiro Announces $220 Million Settlement with Deutsche Bank for Manipulating Interest Rate Benchmarks (Oct. 25, 2017), https://www.attorneygeneral.gov/taking-action/attorney-general-shapiro-announces-220-million-settlement-with-deutsche-bank-for-manipulating-interest-rate-benchmarks/; Press Release, WEKO, COMCO fines banks for participating in Yen LIBOR / Euroyen TIBOR cartels (Dec. 21, 2016), https://www.weko.admin.ch/weko/en/home/medien/press-releases/nsb-news.msg-id-65051.html; Mark Thompson, *Singapore raps 20 banks for trying to rig rates*, CNN Business (June 14, 2013), https://money.cnn.com/2013/06/14/news/companies/singapore-banks-sibor/index.html; *Canada Competition Bureau drops yen Libor probe*, Reuters (Jan. 3, 2014), https://www.reuters.com/article/cbusiness-us-libor-idCABREA020XP20140103/; Press Release, SFO, SFO concludes investigation into LIBOR manipulation (Oct. 18, 2019), https://www.sfo.gov.uk/2019/10/18/sfo-concludes-investigation-into-libor-manipulation/; *see also* SFO, Case Information, EURIBOR, https://www.sfo.gov.uk/cases/euribor/.

[447] DPA, *United States of America* v. *Deutsche Bank AG*, No. 3:15-CR-61 (Apr. 23, 2015), https://www.justice.gov/sites/default/files/opa/press-releases/attachments/2015/04/23/db_dpa.pdf ("Deutsche Bank DOJ DPA"); Deutsche Bank DOJ DPA Statement of Facts, https://www.justice.gov/sites/default/files/opa/press-releases/attachments/2015/04/23/db_statement_of_facts.pdf.

[448] Consent Order Under New York Banking Law §§ 44 and 44-a, *In the Matter of Deutsche Bank AG, Deutsche Bank AG, New York Branch* (Apr. 23, 2015), https://www.dfs.ny.gov/system/files/documents/2020/04/ea150423_ deutsche_bank.pdf ("Deutsche Bank DFS Consent Order").

dated April 23, 2015, [449] the Final Notice issued by the FCA, dated April 23, 2015, [450] and the settlement Deutsche Bank reached with the State AGs, dated October 25, 2017. [451]

**PLAINTIFFS' RESPONSE: ADMITTED.**

294.    No regulatory or law enforcement agency made any finding that Deutsche Bank participated in any conspiracy with other USD LIBOR Panel Banks to persistently suppress USD LIBOR or that any such conspiracy existed. [452]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] as to the assertion in Paragraph 294. **DISPUTED** that ███████████████████████████████████████████████████████████████

████████████████████████████████████. *See* PJC ¶ 274; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

*HSBC*

---

[449] Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions, *In the Matter of Deutsche Bank AG*, CFTC Docket No. 15-20 (Apr. 23, 2015), https://www.cftc.gov/sites/default/files/idc/groups/public/@lrenforcementactions/documents/legalpleading/enfdeutscheorder042315.pdf ("Deutsche Bank CFTC Order"). As stated in footnote 1 to the CFTC Order, Deutsche Bank did not consent to the use of the CFTC Order, or the findings and conclusions contained therein, by any party other than the CFTC or in any proceeding not brought by the CFTC or to which the CFTC is not a party. Nothing in this Rule 56.1 Statement should be construed to waive Deutsche Bank's rights as set forth in footnote 1 of the CFTC Order.

[450] FCA Final Notice (Apr. 23, 2015), https://www.fca.org.uk/publication/final-notices/deutsche-bank-ag-2015.pdf ("Deutsche Bank FCA Final Notice").

[451] Deutsche Bank-State AGs Settlement Agreement (Oct. 25, 2017), https://ag.ny.gov/sites/default/files/db_settlement_agreement_signed.pdf ("Deutsche Bank State AGs Settlement").

[452] *See, e.g.*, Deutsche Bank DOJ DPA Statement of Facts, *supra* note 447, ¶¶ 17-35 (describing USD LIBOR conduct to benefit trading positions); Deutsche Bank DFS Consent Order, *supra* note 448, at 1 (finding that Deutsche Bank "manipulated or attempted to manipulate" LIBOR submissions by "submitting rates that would benefit Deutsche Bank's trading positions"); Deutsche Bank CFTC Order, *supra* note 449, at 10-14 (describing alleged USD LIBOR conduct to benefit trading positions); *see also id.* ¶¶ 4.38-4.45 (describing alleged "instances of collusion" with other Panel Banks with respect to Euribor and JPY LIBOR, not USD LIBOR); Deutsche Bank State AGs Settlement, *supra* note 451, ¶¶ 20-22 (describing alleged USD LIBOR and other IBOR conduct to benefit trading positions).

295. 

.[453]

**PLAINTIFFS' RESPONSE: ADMITTED**.

296.

.[454]

[456]

**PLAINTIFFS' RESPONSE: ADMITTED**.

297.    In each of the U.S. and U.K. investigations into HSBC's USD LIBOR submissions during the Relevant Period, HSBC was not charged, did not enter into a guilty plea or regulatory settlement, and did not pay any regulatory fine as a result of any such investigation.[457]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] as to the assertion in Paragraph 297. **DISPUTED** that

*See* PJC ¶ 278; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

*JPMorgan*

298.    JPMorgan received subpoenas and requests for documents and, in some cases, interviews, from federal and state agencies and entities, including the DOJ, CFTC, SEC, the

---

[453] *See* HSBC Decl., Ex. ▮ (███████████████████, HSBC-USDLIBORLIT-0007685).
[454] *See id.*, Ex. ▮ (HSBC-USDLIBORLIT-0007685 at -685-686).
[455] *See id.*, Ex. ▮ (HSBC-USDLIBORLIT-0007685 at -685-686).
[456] *See id.*, Ex. ▮ (HSBC-USDLIBORLIT-0007685).
[457] *Id.* ¶ 4; *see also id.*, Ex. ▮ (████████ Dep. Tr. 289:4-25).

Federal Reserve Bank of New York, and various State AGs, as well as the EC, FCA, CCB, WEKO, and other regulatory authorities and banking associations around the world, in connection with the setting of LIBOR, including, in some instances, USD LIBOR.[458] None of these inquiries resulted in any fines, penalties, or adverse findings against JPMorgan with respect to USD LIBOR, including that JPMorgan engaged in any suppression of or participated in any conspiracy to suppress USD LIBOR.[459] Plaintiffs have never alleged otherwise.[460]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a,b,e] as to the assertion in Paragraph 298. **DISPUTED** that ███████████████████████████████████████████████████████████████

█████████████████████████████████████████████ *See* PJC ¶ 279; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

### *Lloyds Bank and HBOS*

299. On July 28, 2014, LBG and Lloyds Bank agreed with three government authorities—the DOJ, CFTC, and FCA—to resolve investigations regarding Lloyds Bank and HBOS's interest rate benchmark submission process.[461] LBG entered a not guilty plea in the

---

[458] *See* JPMorgan Chase & Co., Annual Report (Form 10-K) 293 (Dec 31, 2011), https://jpmorganchaseco.gcs-web.com/node/81481/html.

[459] *See* JPMorgan Decl. ¶ 26.

[460] *See, e.g.*, OTC Compl.; Revised Second Am. Compl., *Principal Funds, Inc. v. Bank of America Corp.*, 1:11-md-2262-NRB (S.D.N.Y. July 10, 2019), ECF No. 2910 ("Principal Funds Compl."); Third Am. Compl., *Fed. Nat'l Mortg. Ass'n v. Barclays Bank PLC*, 1:13-cv-7720-NRB (S.D.N.Y. Sept. 2, 2022), ECF No. 246 ("Fannie Mae Compl.").

[461] *See* DPA, *U.S. v. Lloyds Banking Group plc*, No. 14-CR-00165 (AWT) (July 28, 2014), https://www.justice.gov/criminal/criminal-fraud/file/836371/dl?inline ("Lloyds DPA"); Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions, *In the Matter of Lloyds Banking Group plc and Lloyds Bank plc*, CFTC Docket No. 14-18 (July 28, 2014), https://www.cftc.gov/sites/default/files/idc/groups/public/@lrenforcementactions/documents/legalpleading/enflloyds orderdf072814.pdf ("Lloyds CFTC Order"); FCA Final Notice to Lloyds Bank plc, Bank of Scotland plc (July 28, 2014), https://www.fca.org.uk/publication/final-notices/lloyds-bank-of-scotland.pdf ("Lloyds FCA Final Notice").

district court proceeding commenced, and subsequently voluntarily discontinued, in connection with the DOJ investigation.[462]

**PLAINTIFFS' RESPONSE**: ADMITTED[(a,b,e)] as to the assertion in Paragraph 299. **DISPUTED** that ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ *See* PJC ¶¶ 276, 281; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

300.    Each of the resolutions contained or appended allegations reflecting these authorities' investigative findings; Lloyds Bank and HBOS's resolution with the DOJ described three isolated requests of USD LIBOR submitters to adjust submissions on a particular day and in a particular direction to benefit the banks' own trading position.[463]

**PLAINTIFFS' RESPONSE**: ADMITTED[(a,b,e)] as to the assertion in Paragraph 300. **DISPUTED** that ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████. *See* PJC ¶¶ 276, 281; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

301.    None of the resolutions resulted in any finding by any government authority, or any admission by LBG or Lloyds Bank, that Lloyds Bank or HBOS conspired with any other Panel

---

[462] *See* Lloyds Bank Decl., Ex. 9 (Courtroom Mins. of Initial Appearance, *U.S. v. Lloyds Banking Group plc*, No. 14-cr-00165-AWT (D. Ct. July 28, 2014) (reflecting plea of "not guilty"); *id.*, Ex. 10 (August 8, 2016 Order granting government's motion to dismiss *U.S. v. Lloyds Banking Group plc*).

[463] *See* Lloyds DPA, *supra* note 461, Attachment A; Lloyds CFTC Order, *supra* note 461, at 4-17; Lloyds FCA Final Notice, *supra* note 461.

Bank (or any other person or entity) to persistently suppress LIBOR.[464]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 301. **DISPUTED**

that ███████████████████████████████████████████████████████

███████████████████████████████████████████████. *See* PJC ¶¶ 276,

281; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub*

*nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence

of absence.'") (citing cases).

*NatWest*

302.    The DOJ, CFTC, and FCA conducted investigations of NatWest concerning

various LIBORs, including USD LIBOR.[465]

**PLAINTIFFS' RESPONSE**: **ADMITTED**.

303.    On February 5, 2013, NatWest entered into a DPA with the DOJ (the "NatWest

DOJ DPA").[466]

**PLAINTIFFS' RESPONSE**: **ADMITTED.**

304.    The NatWest DOJ DPA does not contain any allegations, findings, or admissions

that a conspiracy existed among the Panel Banks to suppress USD LIBOR, that NatWest was

involved in a conspiracy to suppress USD LIBOR, or that NatWest suppressed its USD LIBOR

---

[464] *See* Lloyds DPA, *supra* note 461, Attachment A; Lloyds CFTC Order, *supra* note 461, at 4-17; Lloyds FCA Final Notice, *supra* note 461.
[465] *See* DPA, *U.S. v. Royal Bank of Scotland plc* (Feb. 5, 2013), https://www.justice.gov/atr/case-document/file/509081/dl; *In the Matter of The Royal Bank of Scotland plc and RBS Securities Japan Limited*, CFTC Docket No. 13-14 (Feb. 6, 2013) https://www.cftc.gov/sites/default/files/idc/groups/public/@lrenforcementactions/documents/legalpleading/enfrbsorder020613.pdf; FCA, Final Notice to the Royal Bank of Scotland plc ¶ 7 (Feb. 6, 2013), https://www.fca.org.uk/publication/final-notices/rbs.pdf.
[466] DPA, *U.S. v. Royal Bank of Scotland plc*, *supra* note 465.

submissions.[467]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] as to the assertion in Paragraph 304. **DISPUTED**

that 

. *See* PJC ¶ 283; *see also In re Bystolic*

*Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*,

101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing

cases).

305.     On February 6, 2023, the CFTC issued an Order Instituting Proceedings Pursuant

to Section 6(c) and 6(d) of the Commodity Exchange Act, Making Findings and Imposing

Remedial Sanctions to NatWest (the "NatWest CFTC Order").[468]

**PLAINTIFFS' RESPONSE: ADMITTED**.

306.     The NatWest CFTC Order does not contain any allegations, findings, or admissions

that a conspiracy existed involving NatWest to suppress USD LIBOR or that NatWest manipulated

USD LIBOR submissions.[469]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] as to the assertion in Paragraph 306. **DISPUTED**

that

. *See* PJC ¶ 283; *see also In re Bystolic*

*Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*,

101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing

---

[467] *See id.*
[468] *See In the Matter of The Royal Bank of Scotland plc and RBS Securities Japan Limited*, CFTC Docket No. 13-14, *supra* note 465.
[469] *See id.*

cases).

307.    On February 6, 2013, the FCA issued a Final Notice to NatWest.[470]

**PLAINTIFFS' RESPONSE**: **ADMITTED.**

308.    The FCA Final Notice to NatWest does not contain any allegations, findings, or admissions that a conspiracy existed involving NatWest to suppress USD LIBOR or that NatWest manipulated USD LIBOR submissions.[471]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 308. **DISPUTED** that ███████████████████████████████████████████████████████████

███████████████████████████████████████████ *See* PJC ¶ 283; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

*Norinchukin*

309.    The CFTC and DOJ investigated Norinchukin's submission of USD LIBOR during the Relevant Period.[472] Norinchukin was not subject to any criminal liability and was not required to pay any fines for any of its actions regarding USD LIBOR.[473]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 309. **DISPUTED** that ██████████████████████████████████████████████████████████

---

[470] *See* FCA, Final Notice to the Royal Bank of Scotland plc, *supra* note 465.
[471] *See id.* ¶ 7 (in connection with USD LIBOR, alleging only that, over a more than four-year period, NatWest traders made "at least 5 written requests to influence" USD LIBOR submissions, "although it does not appear that these requests were taken into account" and nowhere alleging that these "requests to influence" submissions were related to any conspiracy).
[472] Norinchukin Decl., Ex. ██ (████████ Dep. Tr. 51:2-23).
[473] *Id.*, Ex. ██ (████████ Dep. Tr. 54:2-11).

████████████████████████████████████████ *See* PJC ¶ 286; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

### *Portigon*

310.    None of the inquiries conducted by the CFTC, SEC, DOJ, or the offices of the Attorneys General of the States of New York and Florida regarding Portigon's USD LIBOR submissions resulted in findings of any adverse conduct on the part of Portigon, much less that it entered into a conspiracy to suppress LIBOR, and Plaintiffs have not alleged otherwise.[474]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 310. **DISPUTED** that ████████████████████████████████████████████████████ ███████████████████████████████████████. *See* PJC ¶ 287; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

### *Rabobank*

311.    On October 29, 2013, Rabobank agreed with government authorities to resolve investigations regarding Rabobank's interest rate benchmark submission process. Certain of these government authorities—the DOJ, CFTC, FCA, and Dutch National Public Prosecutor's Office for Financial, Economic and Environmental Offences in Amsterdam in coordination with De

---

[474] *See, e.g.*, Am. Compl. ¶¶ 129-150, *Fed. Deposit Ins. Corp. v. Bank of Am. Corp.*, 1:14-CV-01757-NRB (S.D.N.Y. Oct. 7, 2014), ECF No. 23; *see also* Revised Third Am. Compl. ¶¶ 231-261, *Fed. Home Loan Mortg. Corp. v. Bank of Am. Corp.*, 1:13-CV-03952-NRB (S.D.N.Y. July 8, 2019), ECF No. 333.

Nederlandsche Bank N.V.—issued written resolutions relevant to Rabobank's USD LIBOR submission process.[475]

**PLAINTIFFS' RESPONSE: ADMITTED**.

312.    Each of the resolutions contained or appended allegations reflecting the authorities' investigative findings.[476]

**PLAINTIFFS' RESPONSE: ADMITTED**.

313.    None of the resolutions contained any finding by any government authority, or any admission by Rabobank, that Rabobank conspired with any other Panel Bank (or any other person or entity) to persistently suppress USD LIBOR.[477]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] as to the assertion in Paragraph 313. **DISPUTED** that ██████████████████████████████████████████████████████████████ ██████████████████████████████████████ *See* PJC ¶ 288; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

*RBC*

314.    RBC produced documents in response to inquiries from the CFTC, DOJ, SEC, the

---

[475] *See* Revised Second Am. Compl. Ex. 18, *Principal Fin. Grp., Inc., et al. v. Bank of Am. Corp.*, 1:11-md-2262-NRB (S.D.N.Y. July 8, 2019), ECF No. 2898-18 ("Rabobank CFTC Order"); Revised Second Am. Compl. Ex. 19, *Principal Fin. Grp., Inc., et al. v. Bank of Am. Corp.*, 1:11-md-2262-NRB (S.D.N.Y. July 8, 2019), ECF No. 2898-19 ("Rabobank DOJ DPA and Statement of Facts"); De Nederlandsche Bank N.V. Letter to the Executive Board and the Supervisory Board of Rabobank (Oct. 29, 2013), https://silo.tips/download/attn-dr-p-moerland-and-ir-w-dekker ("Rabobank DNB Letter"); FCA Final Notice to Rabobank (Oct. 29, 2013), https://www.fca.org.uk/publication/final-notices/rabobank.pdf; *Rabobank pays Dutch Public Prosecutor € 70 million to Settle LIBOR-investigation*, OPENBAAR MINISTERIE (Oct. 29, 2013), https://perma.cc/ULC7-CVPZ.
[476] *See supra* note 475.
[477] *See supra* note 475.

Attorney General of the State of New York, and the Attorney General of the State of Florida relating to RBC's USD LIBOR submissions.[478]

**PLAINTIFFS' RESPONSE: ADMITTED**.

315.   There is no evidence that RBC was subject to any enforcement actions, fines, or adverse findings as a result of any of these inquiries, or otherwise related to RBC's USD LIBOR submissions.[479]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] as to the assertion in Paragraph 315. **DISPUTED** that ███████████████████████████████████████████████████████████ ███████████████████████████████████████ *See* PJC ¶ 289; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

*SocGen*

316.   On June 4, 2018, SocGen agreed with the CFTC and DOJ to resolve investigations regarding SocGen's interest rate benchmark submission process.[480]

**PLAINTIFFS' RESPONSE: ADMITTED**.

317.   Each of the resolutions contained or appended allegations reflecting these

---

[478] *See* RBC Decl., Ex. 2 (RBC's Resp. to Req. 38-40 of Pls.' First Coordinated Set of Req. for Produc. of Doc. to Defs. 7, dated Feb. 29, 2016 (referring to documents RBC produced to "Department of Justice, Commodity Futures Trading Commission, Securities and Exchange Commission, Florida Attorney General or New York Attorney General"); *see also id.*, Ex. 3 (Resp. to Req. 1-37 and 41-69 of Pls.' First Coordinated Set of Req. for Produc. of Doc. to Defs. 7, dated Mar. 15, 2016).

[479] *Id.* ¶ 16.

[480] *See* Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions, *In the Matter of Société Générale S.A.*, CFTC Docket No. 18-14 (June 4, 2018), https://www.cftc.gov/sites/default/files/2018-06/enfsocietegeneralesaorder060418.pdf ("SocGen CFTC Order"); Blakemore Decl., Ex. 3 (SocGen DOJ DPA).

authorities' investigative findings.[481]

**PLAINTIFFS' RESPONSE**: **ADMITTED**.

318.    None of the resolutions resulted in any finding by any government authority, or any admission by SocGen, that SocGen conspired with any other Panel Bank (or any other person or entity) to persistently suppress USD LIBOR.[482]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] that the SocGen CFTC Order and SocGen DOJ NPA are consistent with the assertion in Paragraph 318. **DISPUTED** that ███████████████

████████████████████████████████████████████████████████████████

████████████████████████    *See* PJC ¶ 290; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

## *UBS*

319.    In December 2012, various government regulators concluded multi-year global investigations into UBS's alleged misconduct in relation to various LIBOR currencies.[483]

**PLAINTIFFS' RESPONSE**: **ADMITTED**.

320.    ████████████████████████████████████████████████████████████

---

[481] *See supra* note 480.

[482] *See supra* note 480.

[483] UBS DOJ NPA, *supra* note 292; Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act Making Findings and Imposing Remedial Sanctions, *In the Matter of UBS AG and UBS Securities Japan Co., Ltd.*, CFTC Docket No. 13-09 (Dec. 19, 2012) ("UBS CFTC Order"), https://www.cftc.gov/sites/default/files/idc/groups/public/@lrenforcementactions/documents/legalpleading/enfubsor der121912.pdf; UBS FCA Final Notice (Dec. 19, 2012) ("UBS FCA Final Notice"), https://www.fca.org.uk/publication/final-notices/ubs.pdf; FINMA Investigation into the Submission of Interest Rates for the Calculation of Interest Reference Rates such as LIBOR by UBS, FINMA Summary Report UBS LIBOR (Dec. 19, 2012) ("UBS FINMA Report"), https://www.finma.ch/en/~/media/finma/dokumente/dokumentencenter/8news/medienmitteilungen/2012/12/201212 19-summary-report-ubs-libor.pdf?sc_lang=en&hash=9618F5EA194789BD97A83FD4F4EA239A.

████████████████████████████████████████████.[484] UBS ███████
████████████████████████████████████████████████████████████████
███████

**PLAINTIFFS' RESPONSE**: **ADMITTED**.

321.    On December 18 and 19, 2012, UBS agreed with four government authorities—the DOJ (through an NPA), CFTC, FCA, and FINMA—to resolve investigations regarding UBS's interest rate benchmark submission process.[486]

**PLAINTIFFS' RESPONSE**: **ADMITTED**.

322.    UBS did not admit or deny the findings or conclusions contained in the UBS CFTC Order, except to the extent that UBS admitted findings in any related action by the DOJ or any other governmental agency or office.[487]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 322. **DISPUTED** that ████████████████████████████████████████████████████████████████
████████████████████████████████████████ *See* PJC ¶ 291; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

323.    On May 20, 2015, UBS entered a plea agreement ("UBS Plea Agreement") based on an alleged breach of the UBS DOJ NPA, but the underlying factual basis for the breach did not

---

[484] UBS Decl. ¶ 5.
[485] *Id.* ¶ 6.
[486] UBS DOJ NPA, *supra* note 292; UBS CFTC Order, *supra* note 483; UBS FCA Final Notice, *supra* note 483; UBS FINMA Report, *supra* note 483.
[487] UBS CFTC Order, *supra* note 483, at 1.

concern USD LIBOR.[488]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 323. **DISPUTED**

that ███████████████████████████████████████████████████████████████

███████████████████████████████████████████. *See* PJC ¶ 291; *see also In re Bystolic*

*Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*,

101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing

cases).

324.    On December 21, 2018, UBS entered a settlement with forty State AGs ("UBS

State AG Settlement"), resolving all claims arising out of alleged conduct related to various

LIBOR currencies.[489] UBS did not admit or deny the allegations contained in the UBS State AG

Settlement, except to the extent that it admitted such allegations in the UBS DOJ NPA Statement

of Facts.[490]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 324. **DISPUTED**

that ███████████████████████████████████████████████████████████████

███████████████████████████████████████████. *See* PJC ¶ 291; *see also In re Bystolic*

*Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*,

101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing

cases).

325.    The UBS DOJ NPA, UBS Plea Agreement, UBS CFTC Order, UBS FCA Final



---

[488] UBS Plea Agreement, *United States of America v. UBS AG*, 3:15-cr-00076 (May 20, 2015) ("UBS Plea Agreement"), https://www.justice.gov/opa/file/485141/dl?inline; *id.* at 1-2; *see* Ex. 1 to UBS Plea Agreement ("Factual Basis for Breach").
[489]    UBS    State    AGs    Settlement    Agreement    (Dec.    21,    2018), https://ag.ny.gov/sites/default/files/ubs_settlement_agreement.pdf.
[490] *Id.* ¶ 15.

Notice, UBS FINMA Report, and UBS State AG Settlement did not contain (i) any findings of a conspiracy to fix pricing; (ii) any findings that UBS conspired with another Panel Bank or an interdealer broker to manipulate USD LIBOR; or (iii) any findings that UBS engaged in any efforts to influence any other Panel Bank's USD LIBOR submissions.[491]

**PLAINTIFFS' RESPONSE: DISPUTED.**[(b,e,f)] *See*, *e.g.*, UBS DOJ NPA at ¶ 102 (starting in August 2007, UBS management directed the U.S. Dollar LIBOR submitters to "err on the low side" of submissions relative to other banks to protect UBS's reputation); *id.* at ¶ 115 (starting in April 2008, managers informed UBS Dollar submitters to "aim to be in the middle of the pack"); *id.* at ¶ 116 (immediately after this directive, UBS's LIBOR submissions were in the middle of the pack); *id.* at ¶ 220 (the week of June 16, 2008, a senior manager directed the Dollar Libor submitters to lower their submissions to "get in line with the competition"); *id.* at ¶ 122 (for about 10 months following this directive, UBS 3-month Dollar Libor submission was identical to the published fix, and it was quite consistent with the published fix for the other tenors"); *id.* at ¶ 123 (this happened even though the significant disruptions to financial markets during this period affected financial institutions in different ways); *see also* UBS CFTC Order at 2, 41-52; UBS FCA Final Notice at ¶¶ 110-126; UBS FINMA Report at 8; UBS State AG Settlement at ¶¶ 18, 27, 28.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 325:** Plaintiffs fail to identify any evidence sufficient to create a triable issue of material fact concerning the statement in paragraph 325. The statements quoted by Plaintiffs in no way contradict the statement in paragraph 325. All of the statements from regulatory settlements quoted by Plaintiffs refer to *intra*bank communications and do not contradict the fact that the government investigations did not contain (i) any findings of a conspiracy to fix pricing; (ii) any findings that UBS conspired with another Panel Bank or an interdealer broker to manipulate USD LIBOR; or (iii) any findings that UBS engaged in any efforts to influence any other Panel Bank's USD LIBOR submissions. *See* UBS DOJ NPA ¶¶ 102, 115-116, 120-123 (quoting internal communications where UBS employees suggested that UBS submitters should "err on the low

---

[491] *See, e.g.*, UBS DOJ NPA, *supra* note 292, at 35; UBS CFTC Order, *supra* note 483, at 41; UBS FCA Final Notice, *supra* note 483, at 19; FINMA Report, *supra* note 483, at 8; UBS State AG Settlement, *supra* note 489, at 6 (all citing only intrabank (*i.e.*, UBS) communications and failing to allege any interbank conduct with respect to USD LIBOR).

side" or be "in the middle of the pack"); UBS CFTC Order at 2, 41-52 (same); UBS FCA Final Notice ¶¶ 110-126 (same); UBS FINMA Report at 8 (same); UBS State AG Settlement ¶¶ 18, 27, 28 (same).  "Err on the low side" does not reflect a conspiracy;

████████████████████████████████████████████████████  *See* Defs.' Stmt. ¶ 177 (citing UBS Decl., Ex. ██ (████████████ Dep., Ex. A, at 5-7)).  Further, with respect to ████████████

████████████████████████████████████████████████████

██████████████████████████████████  *Id.* ¶ 181 (quoting UBS Decl., Ex. ██ (██████████ Dep., Ex. A, at 11)).  Plaintiffs' purported dispute rests on their incorrect assumption that ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████  Defs.' Joint Mot. for Summary Judgment at 62 (citing Defs.' Stmt. ¶¶ 39, 71, 87, 91-93, 136, 193, 233, 239, 257); *see also* Blakemore Decl., Ex. 29 (Asker Opening ¶ 17); *id.*, Ex. 41 (Asker OTC Reb. ¶ 32).  Because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement, the Court should deem Defendants' statement in paragraph 325 admitted by Plaintiffs.  Fed. R. Civ. P. 56(c), (e).

326.    No government investigation resulted in any finding by any government authority, or any admission by UBS, that UBS conspired with any other Panel Bank (or any other person or entity) to suppress USD LIBOR at any time.[492]

**PLAINTIFFS' RESPONSE**: **DISPUTED.**[(b,e,f)] *See* Sources Cited in Response to Paragraph 325.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 326:**  The only support Plaintiffs offer for their purported dispute is a cross-reference to their "Sources Cited in Response to Paragraph 325."  None of the sources cited in response to paragraph 325 are sufficient to create a triable issue of material fact concerning the statement in paragraph 326.  None of those sources contradict the fact that no government investigation resulted in any finding by any government authority or any admission by UBS, that UBS conspired with any other Panel Bank (or any other person or entity) to suppress USD LIBOR at any time.  All of the statements from regulatory settlements quoted by Plaintiffs refer to *intra*bank communications which do not suggest a conspiracy.  *See* UBS DOJ NPA ¶¶ 102, 115-116, 120-123 (quoting internal communications where UBS employees suggested that UBS submitters should "err on the low side" or be "in the middle of the pack"); UBS CFTC Order at 2, 41-52 (same); UBS FCA Final Notice ¶¶ 110-126 (same); UBS FINMA Report at 8 (same); UBS State AG Settlement ¶¶ 18, 27, 28 (same).  "Err on the low side" does not reflect a conspiracy; ████████████████████████

████████████████████████████████████████  *See* Defs.' Stmt. ¶ 177 (citing UBS Decl., Ex.

---

[492] *See* UBS DOJ NPA, *supra* note 292; UBS CFTC Order, *supra* note 483; UBS FCA Final Notice, *supra* note 483; UBS FINMA Report, *supra* note 483; UBS State AG Settlement, *supra* note 489.

( ██████████ Dep., Ex. A, at 5-7)).  Further, with respect to ██████████

██████████

██████████ *Id.* ¶ 181 (quoting UBS Decl., Ex. █ ( █ ██████ h Dep., Ex. A, at 11)).  Plaintiffs' purported dispute rests on their incorrect assumption that ██████

██████████

██████████

██████ Defs.' Joint Mot. for Summary Judgment at 62 (citing Defs.' Stmt. ¶¶ 39, 71, 87, 91-93, 136, 193, 233, 239, 257); *see* Blakemore Decl., Ex. 29 (Asker Opening ¶ 17); *id.*, Ex. 41 (Asker OTC Reb. ¶ 32).  Because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement, the Court should deem Defendants' statement in paragraph 326 admitted by Plaintiffs.  Fed. R. Civ. P. 56(c), (e).

## B.    The Evidence Is Inconsistent with Plaintiffs' Conspiracy Allegations

327.    Plaintiffs allege that the Panel Banks conspired to submit "within the pack" in order to avoid being the "odd man out."[493] Plaintiffs and their experts do not propose how ██████ should be measured or defined.[494]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that OTC Plaintiffs agree that the they are alleging that the Panel Banks' conspiracy was aimed at keeping all of the Panel Banks near "the pack"—a phase frequently used by the Panel Banks when referring to the weight of the other Panel Banks' LIBOR submissions—so that they could avoid standing out and to ensure that all of the Panel Banks' reputations remained (mostly) intact by avoiding unwanted scrutiny about their financial health during a time of great stress in the financial markets. **DISPUTED** ██████

██████████ *See* Carmody Decl., PX1472 at 106:10-20 (Cragg. Sept. 2024 Dep. ; ██████████

██████████

██████████

---

[493] *E.g.*, OTC Compl. ¶¶ 83, 100-101.
[494] Blakemore Decl., Ex. 26 (M. Cragg July 25, 2024 Dep. Tr. 55:20-56:2); *id.*, Ex. 19 (L. Marx June 25, 2024 Dep. Tr. 85:10-14, 90:3-91:9).

██████████████████████████████████████████████

██████████████████████████████████████████████

████████ *id*. at 127:2-6 ████████████████████████

██████████████████████████████████████████████

████████ *id*. at 326:2-6 ████████████████████████

██████████████████████████████████████████████

██████████████████████████

**FFFP PLAINTIFFS' RESPONSE: DISPUTED**(b,e,f) that this Paragraph accurately reflects the conspiracy FFFP Plaintiffs allege. FFFP Plaintiffs allege that during the Relevant Period Defendant Panel Banks conspired to disregard the LIBOR rules in order to make artificially low LIBOR submissions and coordinated to conceal an agreement to disregard the LIBOR rules. *See* Am. Compl., *Federal Deposit Insurance Corporation v. Bank of America et al.*, No. 1:14-cv-01757 (S.D.N.Y. October 6, 2014); Stipulation of Voluntary Dismissal, *Federal Deposit Insurance Corporation v. Bank of America et al*., No. 1:14-cv-01757 (S.D.N.Y. April 23, 2021). ADMITTED[(a,b,e)], however, that consistent with and as a consequence of this alleged conspiracy, Defendants often expressed a desire to keep their LIBOR submissions within "the pack" of other Panel Banks' submissions in order to avoid being viewed as an outlier. FFFP Plaintiffs apply no special definition to the term, "the Pack," outside of its plain meaning, and construe it within the context of how Defendants regularly invoke the phrase throughout the record. ██████████████

██████████████████████████████████████████████

████████████████████████████████████ Carmody Decl., PX0317

(Marx Reply Report at ¶ 57, ████████████████████████████

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ PX0316 (Marx Opening Report at § V.B.1.).

                1.      **Expert Evidence Regarding Panel Bank Submissions and the Alleged Conspiracy**

        328.  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬.[495]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 328 are Dr. Asker's opinions. **DISPUTED** that Dr. Asker's opinions are correct. *See* Carmody Decl., PX1267 (Cragg Rebuttal Report at ¶ 5a (▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[495] *Id.*, Ex. 29 (Opening Report of Prof. John Asker, dated Apr. 19, 2024 ("Asker Opening") ¶ 50).

**FFFP PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,c)]

329. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████. [496]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[(a,c,e)] that Paragraph 329 are Dr. Asker's opinions. **DISPUTED** that Dr. Asker's opinions are correct. *See* Carmody Decl., PX1267 (Cragg Rebuttal Report at § 5.4 ██████████████████████████████████████ ████████████████████████████ *id*. (Cragg Rebuttal Report at ¶ 5c ████ ████████████████████████████████████████████████ ████████████████████████████████████ *id*. (Cragg Rebuttal Report at ¶ 76 ████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████ PX1269 (Cragg Opening Report at ¶ 83 ██████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████

**FFFP PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,c)]

---

[496] *Id*., Ex. 29 (Asker Opening ¶ 50).

330. ███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████.[497]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 330 are Dr. Asker's

opinions. **DISPUTED** that Dr. Asker's opinions are correct. *See* Carmody Decl., PX1267 (Cragg

Rebuttal Report at ¶ 62 ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████); *id.* at ¶ 69 ███████████████

███████████████████████████████████████████████████

███████████████████).

**FFFP PLAINTIFFS' RESPONSE: ADMITTED**[a,b,c]

331. ███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[497] *Id.*, Ex. 29 (Asker Opening ¶ 63).

████████████████████████████████████████████████████████████████.[498]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 331 are Dr. Asker's opinions. **DISPUTED** that Dr. Asker's opinions are correct. *See* Carmody Decl., PX1267 (Cragg Rebuttal Report at ¶¶ 62 & 69)).

**FFFP PLAINTIFFS' RESPONSE: ADMITTED**[a,b,c]

332. ████████ ████ [499] ████████████████████████████████



[498] *Id.*, Ex. 29 (Asker Opening ¶ 63).
[499] *Id.*, Ex. 29 (Asker Opening, Exs. 8, 9).





333. ████████████████████████████████████████

████████████████████████████████████████████

████████████.[500]

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: DISPUTED**. ████████████████

████████████████████████████████████. *See* Carmody Decl., PX0315

(Marx Rebuttal Report at ¶ 97).

334. ████████████████████████,[501] ██████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████.[502]

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: ADMITTED**.

335. ████████████████████████████████████████

████████████████████████████████████████████.[503]

**OTC PLAINTIFFS' RESPONSE: NO POSITION.**

[500] *Id.*, Ex. 48 (Rebuttal Report of Dr. Leslie Marx, dated June 18, 2024 ("Marx Reb.") ¶ 97).
[501] For the avoidance of doubt, in citing or quoting the reports of Plaintiffs' proffered experts herein, Defendants do not concede the admissibility of the reports.
[502] Blakemore Decl., Ex. 2 (Snow Opening ¶¶ 222, 250).
[503] *Id.*, Ex. 2 (Snow Opening ¶ 250).

**FFFP PLAINTIFFS' RESPONSE:** **ADMITTED** as to Dr. Snow's baseline model.

336.　[REDACTED] [504] [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

**OTC PLAINTIFFS' RESPONSE:** **NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE:** **ADMITTED**. [(a,b,c)]

[REDACTED]

---

[504] *Id.*, Ex. 30 (Reply Report of Prof. John Asker Replying to the June 18, 2024 Rebuttal Report of Prof. Leslie Marx, dated Aug. 16, 2024 ("Asker FFFP Reply"), Ex. 1).

337. ███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████.[505]

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: ADMITTED,**[a,b,c] without accounting for statistical significance.

338. ███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████.[506]

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: ADMITTED,**[a,b,c] without accounting for statistical significance.

339. ███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[505] *Id.*, Ex. 30 (Asker FFFP Reply ¶ 29).
[506] *Id.*, Ex. 30 (Asker FFFP Reply ¶ 29).

███████████████████.[507]

**OTC PLAINTIFFS' RESPONSE: ADMITTED** that ██████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

**FFFP PLAINTIFFS' RESPONSE: NO POSITION**.

340.    ███████████████████████████████████

███████████████████████████████████████.[508]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**.

**FFFP PLAINTIFFS' RESPONSE: NO POSITION**.

341.    ████████████[509] ███████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that the assertions in Paragraph 341 and Exhibit 1 are Dr. Asker's calculations. **DISPUTED** that Dr. Asker's computations have any relevance to Defendants' antitrust liability. *See United States v. Socony-Vacuum Oil Co.*, 310 U.S.

---

[507] *Id.*, Ex. 1 (Bernheim Opening ¶¶ 90-197).

[508] *Id.*, Ex. 1 (Bernheim Opening ¶ 110 Figs. 21-35).

[509] *Id.*, Ex. 31 (Reply Report of Prof. John Asker Replying to the June 18, 2024 Rebuttal Report of Dr. Michael Cragg, dated Aug. 16, 2024 ("Asker OTC Reply"), Ex. 1).

150, 224 (1940) (holding that unlawful "[p]rice fixing agreements may or may not be aimed at complete elimination of price competition"); *United States v. Beaver*, 515 F.3d 730, 739 (7th Cir. 2008) (holding that Section 1 "does not outlaw only perfect conspiracies" and noting that "[i]t is not uncommon for members of a price-fixing conspiracy to cheat on one another occasionally, and evidence of cheating certainly does not, by itself, prevent the [plaintiff] from proving a conspiracy.").

**FFFP PLAINTIFFS' RESPONSE: NO POSITION**.



342.

████████████████████████████████████████████████

████████████████ .[510]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that the assertions in Paragraph 342 are Dr. Asker's calculations. **DISPUTED** that Dr. Asker's computations have any relevance to Defendants' antitrust liability. *See United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 224 (1940) (holding that unlawful "[p]rice fixing agreements may or may not be aimed at complete elimination of price competition"); *United States v. Beaver*, 515 F.3d 730, 739 (7th Cir. 2008) (holding that Section 1 "does not outlaw only perfect conspiracies" and noting that "[i]t is not uncommon for members of a price-fixing conspiracy to cheat on one another occasionally, and evidence of cheating certainly does not, by itself, prevent the [plaintiff] from proving a conspiracy.").

**FFFP PLAINTIFFS' RESPONSE: NO POSITION**.

343.    ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████ .[511]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that the assertions in Paragraph 343 are Dr. Asker's calculations. **DISPUTED** that Dr. Asker's computations have any relevance to Defendants' antitrust liability. *See United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 224 (1940) (holding that unlawful "[p]rice fixing agreements may or may not be aimed at complete

---

[510] *Id.*, Ex. 31 (Asker OTC Reply ¶ 23).
[511] *Id.*, Ex. 31 (Asker OTC Reply ¶ 23).

elimination of price competition"); *United States v. Beaver*, 515 F.3d 730, 739 (7th Cir. 2008) (holding that Section 1 "does not outlaw only perfect conspiracies" and noting that "[i]t is not uncommon for members of a price-fixing conspiracy to cheat on one another occasionally, and evidence of cheating certainly does not, by itself, prevent the [plaintiff] from proving a conspiracy.").

**FFFP PLAINTIFFS' RESPONSE:** **NO POSITION.**

344.    ████ ████ [512] ████████████████████████████

████████████████████████████████████████████████

████████████████████████████

**OTC PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b,e)] that the assertions in Paragraph 344 are Dr. Hubbard's calculations. **DISPUTED** that Dr. Hubbard's computations have any relevance to Defendants' antitrust liability. *See United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 224 (1940) (holding that unlawful "[p]rice fixing agreements may or may not be aimed at complete elimination of price competition"); *United States v. Beaver*, 515 F.3d 730, 739 (7th Cir. 2008) (holding that Section 1 "does not outlaw only perfect conspiracies" and noting that "[i]t is not uncommon for members of a price-fixing conspiracy to cheat on one another occasionally, and evidence of cheating certainly does not, by itself, prevent the [plaintiff] from proving a conspiracy.").

**FFFP PLAINTIFFS' RESPONSE:** **NO POSITION**.

---

[512] *Id.*, Ex. 32 (Rebuttal Report of Prof. Glenn Hubbard Replying to the Apr. 19, 2024 Expert Report of Prof. Douglas Bernheim, dated June 18, 2024 ("Hubbard OTC Reb."), Ex. 36).



345. <span style="background:black">████████████████████████████████████</span>

<span style="background:black">████████████████████████████████████</span>

<span style="background:black">████████████████████████████████████</span>

<span style="background:black">██████████████████</span>[513]

**OTC PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] that Exhibit 32 to the Blakemore Declaration is consistent with the assertion in Paragraph 345. **DISPUTED** that Dr. Hubbard's computations have any relevance to Defendants' antitrust liability. *See United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 224 (1940) (holding that unlawful "[p]rice fixing agreements may or may not be aimed at complete elimination of price competition"); *United States v. Beaver*, 515

---

[513] *Id.*, Ex. 32 (Hubbard OTC Reb. ¶ 133).

F.3d 730, 739 (7th Cir. 2008) (holding that Section 1 "does not outlaw only perfect conspiracies" and noting that "[i]t is not uncommon for members of a price-fixing conspiracy to cheat on one another occasionally, and evidence of cheating certainly does not, by itself, prevent the [plaintiff] from proving a conspiracy.").

**FFFP PLAINTIFFS' RESPONSE: NO POSITION**.

346. ██████████████████████████████████████████

████████████████████████████████.[514]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 26 to the Blakemore Declaration is consistent with the assertion in Paragraph 344. **DISPUTED** that there is any requirement for ██████████████████████████████████████

██████████████████ PX1582 (Cragg Sur-Rebuttal Report at § 5.1).

**FFFP PLAINTIFFS' RESPONSE: NO POSITION**.

347. █████████████████████████████████████████

████████,[515] ██████████████████,[516] █████████

██████████████,[518]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e,f)] that Exhibit 28 is consistent with the assertions in Paragraph 347. **DISPUTED** that there is any requirement for ████████████████

████████████████████████████ *See* Carmody Decl., PX1582

---

[514] *Id*., Ex. 26 (M. Cragg July 25, 2024 Dep. Tr. 78:2-79:8; 83:12-20).
[515] *Id.*, Ex. 26 (M. Cragg July 25, 2024 Dep. Tr. 79:21-80:2).
[516] *Id.*, Ex. 26 (M. Cragg July 25, 2024 Dep. Tr. 78:2-79:8, 83:12-20).
[517] *Id.*, Ex. 26 (M. Cragg July 25, 2024 Dep. Tr. 88:12-20).
[518] *Id.*, Ex. 26 (M. Cragg July 25, 2024 Dep. Tr. 88:22-89:1).

(Cragg Sur-Rebuttal Report at § 5.1).

**FFFP PLAINTIFFS' RESPONSE: NO POSITION**.

348. ██████████████████████████████████████████████

██████ .[519] ██████████████████████████████████████

████████████████ .[520] ████████████████████████████████

████████████ .[521]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e,f] that Exhibit 26 to the Blakemore

Declaration is consistent with the assertions in Paragraph 348. **DISPUTED** that ███████████

███████████████████████████████████████████. *See* Carmody

Decl., PX1472 (M. Cragg July 25, 2024 Dep.) at 105:11-106:5 (███████████████████

████████████████████████████████████████████████████

██████████); PX1267 (Cragg Rebuttal Report at ¶ 114) ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████ PX1268 at ¶ 16 (Cragg Reply Report) ██████████

████████████████████████████████████████████████████

---

[519] *Id.*, Ex. 26 (M. Cragg July 25, 2024 Dep. Tr. 106:7-11).
[520] *Id.*, Ex. 26 (M. Cragg July 25, 2024 Dep. Tr. 105:11-106:5).
[521] *Id.*, Ex. 26 (M. Cragg July 25, 2024 Dep. Tr. 36:8-17) ████████████████████
████████████████████████████████████████████████████
████████████████████████████████████ ; *id.*, Ex. 26 (M. Cragg July 25, 2024 Dep. Tr. 39:14-18)
████████████████████████████████████

████████████████████████████████████████████████████████████ *id*. at

¶ 114 ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████ **DISPUTED** that Dr. Cragg did not conduct any economic analysis of the

Panel Banks' incentives to suppress LIBOR. *See* PX1472 (M. Cragg July 25, 2024 Dep. 36:8-17

██████████████████████████████████████████████████; PX1269 (Cragg

Opening Report) at ¶¶ 108-109.

**FFFP PLAINTIFFS' RESPONSE: NO POSITION**.

349.  ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████.[522]

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: DISPUTED**. █████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████ Carmody Decl., PX0316 (Marx Opening Report

at ¶ 113). ████████████████████████████████████████████████

---

[522] *Id.*, Ex. 7 (Marx Opening ¶ 113).

████████████████████████████████. *Id*. (Marx Opening Report at § IV.A.1).

350.    ███████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████.[523].

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: DISPUTED**.████████████████

FFFP Plaintiffs dispute that the cited source is consistent with the assertion made in this Paragraph.

*See* Blakemore Decl., Ex. 7 at ¶ 336 ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

351.    ███████████████████████████████████████

████████████████████████████████████████████

████████████████[524]

---

[523] *Id.*, Ex. 7 (Marx Opening ¶ 336) ███████████████████████████████████████

[524] *Id.*, Ex. 19 (L. Marx June 25, 2024 Dep. Tr. 316:12-17).

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: DISPUTED**. This is an inaccurate characterization of Dr.

Marx's testimony. ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████ *See* Blakemore Decl., Ex. 19 at 216:12-17, █████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████. *See* Carmody Decl., PX0315 (Marx Rebuttal Report at § III.D.2); PX0317 (Marx

Reply Report at § IV).

352.   ████████████████████████████████████████

███████████████████████████████████████████████

████████████████[525]

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: ADMITTED** that █████████████████████

███████████████████████ *See* Carmody Decl., PX0317 (Marx Reply Report at ¶¶ 199-207).

353.   ████████████████████████████████████████

---

[525] *Id.*, Ex. 19 (L. Marx June 25, 2024 Dep. Tr. 95:5-19, 99:12-100:6, 149:16-150:8).

██████████████████████████████████████████.[526]

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: ADMITTED** that ████████████████

███████████████████ *See* Carmody Decl., PX0317 (Marx Reply Report at ¶¶ 199-207).

354.     ████████████████████████████████████████

████████████████████████████████████████████████████

████████████.[527]

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: DISPUTED.** FFFP Plaintiffs dispute that ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

**AGREED** that ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████ *See*

Blakemore Decl., Ex. 24 at 72:11-18; *see also* Carmody Decl., PX0317 (Marx Reply Report at ¶ 75, n. 173).

355.     ████████████████████████████████████████

---

[526] *Id.*, Ex. 24 (L. Marx Aug. 26, 2024 Dep. Tr. 177:2-11).
[527] *Id.*, Ex. 24 (L. Marx Aug. 26, 2024 Dep. Tr. 72:6-13)███████████████████

██████████████████████████████████████

████████████████████████████████████████████████

████████ .[528]

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: ADMITTED**[a]

356.    ████████████████████████████████████

████████████████ .[529]

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: ADMITTED**[a] that ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[528] *Id.*, Ex. 24 (L. Marx Aug. 26, 2024 Dep. Tr. 113:20-114:20).
[529] *Id.*, Ex. 7 (Marx Opening ¶ 170).

Carmody Decl., PX0316 (Marx OpeningReport at ¶ 170).

**ADMITTED** that ████████████████████████████████

████████████████████████████████████████████████████

███████████████████████

357.  ████████████████████████████████████████

████,,530 ███████████████████████████████████████

██████████████.531

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: ADMITTED**[a] that ████████

████████████████████████████████████████████████████

████ See Blakemore Decl., Ex. 24 at 117:23-118:24.

358.  ████████████████████████████████████████

████████████████████████████████████████████████████

██.532

---

[530] *Id.*, Ex. 24 (L. Marx Aug. 26, 2024 Dep. Tr. 116:7-12, 117:23-118:4).
[531] *Id.*, Ex. 24 (L. Marx Aug. 26, 2024 Dep. Tr. 123:9-18).
[532] *Id.*, Ex. 7 (Marx Opening ¶¶ 308-309).

**OTC PLAINTIFFS' RESPONSE**: **NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE**: **DISPUTED**. This does not accurately characterize the cited materials. ████████████████████████████████████ ████████████████████████████████ *See* Carmody Decl., PX0316 (Marx Opening Report at ¶¶ 308-309).

359.     ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████ ,"[533]

**OTC PLAINTIFFS' RESPONSE**: **NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE**: **DISPUTED**. ████████████████████

████████████████████████████████████████

████████████████████████ *See* Blakemore Decl., Ex. 20 ¶ 42; *see also* Carmody Decl., PX0317 (Marx Reply Report at ¶¶ 415-420).

360.     ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████[534]

---

[533] *Id.*, Ex. 20 (Asker FFFP Reb. ¶ 42 (emphasis added)).
[534] *Id.*, Ex. 20 (Asker FFFP Reb. ¶¶ 8, 42).

█████████████████████████████████████████████████████

████████████████ .[535]

**OTC PLAINTIFFS' RESPONSE: NO POSITION**.

**FFFP PLAINTIFFS' RESPONSE: ADMITTED**[a,c]

     2.    **Documents and Panel Bank Witness Testimony Indicating Absence of Interbank Collaboration**

*Bank of America*

    361.   ████████████████████████████████████

██████████████████████████████████████████[536]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 361. **DISPUTED** that ███████████████

███████████████████████████████████████████████████

███████████████ *See* PJC ¶ 268.

    362.   ████████████████████████████████████

█████████████████████████████████████████████████████

████████████████ .[537]

---

[535] *Id.*, Ex. 29 (Asker Opening, Ex. 10).
[536] *Id.*, Ex. ██ (Bloomberg Chat from ████████████████████████, Apr. 16, 2009, ████ ████████); *id.*, Ex. ██ (Bloomberg Chat from ███████████████, among others, Apr. 16, 2008, ████████) (Bloomberg Chat from ███████████████ *see also id.*, Ex. ██ (Email from ████████ ██████████████████████████████████ *id.*, Ex. ██ (Bloomberg Chat from ████████████ █████████████████████████
[537] *Id.*, Ex. ██ ████████ (E-mail from ████████████); *id.*, Ex. ██ ██ . ████ Dep. Tr 49:12-56:17; 303:13-20).



**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits ██ and ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 362. **DISPUTED** that ███████████ ███████████████████████████████████████████████████████████████ ████████████████████████ *See* PJC ¶ 268.

***Barclays***

363.    On August 31, 2007, an article in the *Financial Times* noted that "Barclays rushed to reassure investors and depositors . . . after it was forced by what it said was a technical glitch to borrow from the Bank of England's emergency reserves for the second time in just over a week." The article stated, "the episode is embarrassing for Barclays" but that "Barclays stressed it was not facing any financial difficulties."[538]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit ██ to the Barclays Declaration is consistent with the assertion in Paragraph 363. **DISPUTED** that ████████████████████ ████████████████████████ *See* PJC ¶ 13

364.    On August 31, 2007, an article in the *Financial Times* noted that Barclays "had been forced to borrow £1.6bn from the Bank of England's emergency lending facility . . . The explanation turned out to be a blend of coincidence and, arguably, incompetence, rather than a big lender in trouble" and that "Barclays finds itself in a wretched position."[539]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit ██ to the Barclays Declaration is consistent with the assertion in Paragraph 364. **DISPUTED** that ████████████████████ ████████████████████████ *See* PJC ¶ 13.

---

[538] Barclays Decl., Ex. 60 (*Barclays reassures after more borrowing*, Financial Times (Aug. 31, 2007)).
[539] Barclays Decl., Ex. 61 (*Barclays/interbank*, Financial Times (Aug. 30, 2007)).

365.    ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████[540]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,b] that Exhibit █ to the Barclays Declaration is consistent with the assertion in Paragraph 365. **DISPUTED** that ██████████████████

████████████████████████████████████████████████████

██████████████ *See* PJC ¶ 269.

366.    On September 3, 2007, a *Bloomberg* article titled "Barclays Takes a Money-Market Beating" stated that Barclays' 3M USD LIBOR submission was "5.75 percent . . . the highest rate among the 16 Institutions canvassed" and asked "[s]o what the hell is happening at Barclays . . . that is prompting its peers to charge it premium interest rates in the money market?"[541]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,b] that Exhibit █ to the Barclays Declaration is consistent with the assertion in Paragraph 366. **DISPUTED** that ██████████████████

████████████████████████████████████████████████████

██████████████ *See* PJC ¶ 269.

367.    ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[540] Barclays Decl., Ex. █ (██████████████████████████████████████████
██████████████).
[541] *Id.*, Ex. 10 (*Barclays Takes a Money-Market Beating*, Bloomberg, Sep. 3, 2007).

██████████████████████████████████"542

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b)] that Exhibit ██ to the Barclays Declaration is consistent with the assertion in Paragraph 367. **DISPUTED** that ████████████████████ ████████████████████████████████████ ███████████████ *See* PJC ¶ 269.

368.    ██████████████████████████████████

████████████████████████████████████

██████████████████████████████████543

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b)] that Exhibit ██ to the Barclays Declaration is consistent with the assertion in Paragraph 368. **DISPUTED** that ████████████████████ ████████████████████████████████████ ███████████████ *See* PJC ¶ 269.

369.    ██████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████544

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b)] that Exhibit ██ to the Barclays Declaration is consistent with the assertion in Paragraph 369. **DISPUTED** that ████████████████████ ████████████████████████████████████

---

542 *Id.*, Ex. ████████████████████████████████████
543 *Id.*, Ex. ██████(████████████████████████████).
544 *Id.*, Ex. ██████(████████████████████████████).

██████████████. *See* PJC ¶ 269.

370. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████[545]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e,f)] that Exhibit ██ to the Barclays Declaration

contains the quote in Paragraph 370, as well as the following: ██████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████ **DISPUTED** that ██████████

████████████████████████████████████████

████████████████████ *See* PJC ¶ 269.

371. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████[546]

---

[545] *Id.*, Ex. ██ (██████████████████████████
██).
[546] *Id.*, Ex. ██ ████████████████████████████
████████████████████████████████████)).

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit ███ to the Barclays Declaration is consistent with the assertion in Paragraph 371. **DISPUTED** that ███████████████████ ███████████████████████████████████████ ███████████████ *See* PJC ¶ 269. **DISPUTED** that ████████████ ████████████. *See* PJC ¶ 13.

372.    The Barclays DOJ SOF states that "[d]uring approximately November 2007 through approximately October 2008, certain employees at Barclays sometimes raised concerns with individuals at the BBA, the FCA, the Bank of England, and the Federal Reserve Bank of New York concerning the diminished liquidity available in the market and their views that the Dollar LIBOR fixes were too low and did not accurately reflect the market."[547]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,e] that the Barclays DOJ SOF contains the quoted text in Paragraph 372, as well as the following: "In some of those communications, those employees advised that all of the Contributor Panel Banks, including Barclays, were contributing rates that were too low. Those employees attempted to find a solution that would allow Barclays to submit honest rates without standing out from other members of the Contributor Panel, and they expressed the view that Barclays could achieve that goal if other banks submitted honest rates. These communications, however, were not intended and were not understood as disclosures through which Barclays self-reported misconduct to authorities. Indeed, after the communications, Barclays continued improperly to take concerns about negative publicity into account when making its submissions. Moreover, on other occasions, those employees did not provide full and accurate information during their conversations with these external parties. Further, at least one occasion when Barclays's Dollar LIBOR submissions were questioned by the media, Barclays

---

[547] Barclays NPA, *supra* note 434, App'x A ¶ 42.

responded that Barclays always posted correct LIBORs." **DISPUTED** that ████████████

████████████████████████████████████████████████████████

████████████████████████████ *See* PJC ¶ 269. **DISPUTED** that ████████████

████████████████████████████████████████████████████████

████████████████████████████ *See* PJC ¶ 270.

373.    The Federal Reserve Bank of New York acknowledged that between "fall of 2007 and early 2008," Barclays regularly communicated their concerns that "some banks could be underreporting their LIBOR" and that "reported 'Libors' appeared unrealistically low."[548]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,e] that the document identified in Defendants' FN 548 is consistent with the assertion in Paragraph 373. **DISPUTED** that ████████████

████████████████████████████████████████████████████████

████████████████████████ *See* PJC ¶ 269. **DISPUTED** that ████████████

████████████████████████████████████████████████████████

████████████████████████ *See* PJC ¶ 270.

374.    ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████[549]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,f] that **the audio transcripted excerpted in** Exhibit ██ to the Barclays Declaration contains the quote in Paragraph 374, as well as the following: ██

████████████████████████████████████████████████████████

---

[548] *See New York Fed Responds to Congressional Request for Information on Barclays – LIBOR Matter*, Fed. Rsrv. Bank of N.Y. (July 13, 2012), https://www.newyorkfed.org/newsevents/news/markets/2012/Barclays_LIBOR_Matter.html.
[549] Barclays Decl., Ex. ██ (████████████████████████████████████████████████
████████████████████████████████████



**DISPUTED** that ███████████████████████████████████████████

███████████████████████████████████████ *See* PJC ¶ 269. **DISPUTED**

that ████████████████████████████████████████████████████████

████████████████████████████████████████████████ *See* PJC ¶

270.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 374:**    Plaintiffs improperly interject immaterial facts without specifically controverting Defendants' statement in paragraph 374. *See supra* note 2.  In so doing, Plaintiffs misquote Barclays' Exhibit 17.  Contrary to Plaintiffs' assertion, Exhibit 17 does not contain the language referenced by Plaintiffs.  Because Plaintiffs do not dispute the factual statement in paragraph 374, the Court should deem Defendants' statement admitted by Plaintiffs.  Fed. R. Civ. P. 56(c), (e).



375.  ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████[550]███████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████[551]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits ██ and ██ to the Barclays Declaration

are consistent with the assertions in Paragraph 375. **DISPUTED** that ████████████████

██████████████████████████████████████████████████████████████

██████████████████████ *See* PJC ¶ 269. **DISPUTED** that ███████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████ *See* PJC ¶ 270.

376. ██████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████[552]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,f] that Exhibit ██ to the Barclays Declaration

contains the quoted text in Paragraph 376, as well as the following: ████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████ **DISPUTED** that █████████████████████████████████

---

[550] *Id.*, Ex. ██ (████████████████████████

[551] *Id.*, Ex. ██ (█████████████████████████████████████████

[552] *Id.*, Ex. ██ (████

████████████ *id.*, Ex. ██ (████████████████████████████

██████████████████████████████).

██████████████████████████████████████████████████. *See* PJC ¶

269. **DISPUTED** that ███████████████████████████████████

████████████████████████████████████████████████████████

███████ *See* PJC ¶ 270.

377.  ████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████[553]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,f)] that Exhibit ███ to the Barclays Declaration

contains the quoted text in Paragraph 377, as well as the following: ██████████████

█████████████████████████████████████████ **DISPUTED** that

████████████████████████████████████████████████████████

███████████████████████████████ *See* PJC ¶ 269. **DISPUTED** that ███

████████████████████████████████████████████████████████

███████████████████████████████████████ *See* PJC ¶ 270.

378.  ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████[554]██████████████████████

████████████████████████████████████████████████████████

---

[553] *Id.*, Ex. ██ (██████████████████████████████████████).
[554] *Id.*, Ex. ██ (████████████████████████
██████████████████████████).



██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████ [555]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,f)] that ~~and that~~ Exhibit ██ to the Barclays

Declaration contains the second quoted text in Paragraph 378, ~~and~~ that Exhibit ██ to the Barclays

Declaration contains the first quoted text in Paragraph 378, ~~as well as~~**and that Exhibits** ███

██ **also contain** the following**, respectively**: "████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████ **DISPUTED** that █████████████████████████

██████████████████████████████████████████ *See* PJC

¶ 269. **DISPUTED** that any █████████████████████████████████████

██████████████████████████████████████████████████

████████ *See* PJC ¶ 270.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO.
378:**    Plaintiffs improperly interject immaterial facts without specifically controverting
Defendants' statement in paragraph 378.  *See supra* note 2.  In so doing, Plaintiffs misattribute the
following quote to Barclays' Exhibit ██ : ████████████████████████████████████
██████████████  This language appears in Barclays' Exhibit ██, not Barclays' Exhibit ██.  Barclays
Decl. [ECF No. 4177], Ex. ██ (BAR-DAP-000009424).  Because Plaintiffs do not dispute the

---

[555] *Id.*, Ex. ██ (████████████████████████████████████████
████████████████████).

factual statement in paragraph 378, the Court should deem Defendants' statement admitted by Plaintiffs.  Fed. R. Civ. P. 56(c), (e).

**PLAINTIFFS' ERRATA TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 378 SUBMITTED ON FEB. 27, 2025 AND INCORPORATED IN REDLINE ABOVE:**  In Paragraph 378, the text "that and that" is replaced with "that".  In Paragraph 378, the text "and that" is replaced with "that".  In Paragraph 378, the text "as well as the following:" is replaced with "and that Exhibits ███ also contain the following, respectively:".  In Paragraph 378, the text "Barclays Decl., Ex. ██ is replaced with "Barclays Decl., Exs. ██████".

379.    On May 13, 2008, *Bloomberg* published an article in which Tim Bond, Barclays' then London Head of Global Asset Allocation was quoted as saying, "[t]he Libor numbers that the banks reported to the BBA were a lie . . . [t]hey had been all along. The BBA has been trying to investigate them and that's why banks have started to report the right numbers."[556] On May 29, 2008, Mr. Bond was quoted in another *Bloomberg* article as saying, "[t]he [LIBOR] rates the banks were posting to the BBA became a little bit divorced from reality" and that, in addition to Barclays, "[o]ther banks tried to push their head above the parapet on occasions as well, but with every attempt . . . were met with a lot of rumor and innuendo."[557]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,f)] that Exhibit 25B to the Barclays Declaration contains the second quoted text in Paragraph 379 and that Exhibit 25A to the Barclays Declaration contains the first quoted text in Paragraph 379, as well as the following: "April Warning LIBOR rates jumped after the [BBA] said April 16[, 2008] that any member banks found to be misquoting rates will be banned. The cost of borrowing in dollars for three months rose 18 basis points to 2.91 percent in the following two days, the biggest increase since the start of the credit squeeze last August [2007]. The one-month rate climbed 14 basis points, the most since November [2007]." Barclays Decl., Ex. 25A. **DISPUTED** that ███████████████████████████

---

[556] *Id.*, Ex. 25A (*Libor Set for Overhaul as Credibility Doubted*, Bloomberg, May 13, 2008).
[557] *Id.*, Ex. 25B (Gavin Finch & Elliott Gotkine, *Libor Banks Misstated Rates Amid Rout, Bond at Barclays Says*, Bloomberg, May 29, 2008).

████████████████████████████████████████████████

*See* PJC ¶ 269. **DISPUTED** that ██████████████████████████████

████████████████████████████████████████████████

████████████     *See* PJC ¶ 270.

380.    ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████[558]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,f] that Exhibit 26 to the Barclays Declaration

contains the quoted text in Paragraph 380, as well as the following: ██████████████████

██████████████████████ Barclays Decl., Ex. 26. **DISPUTED** that █████████████████

████████████████████████████████████████████████

████████████     *See* PJC ¶ 263. **DISPUTED** that ████████████████████

████████████████████████████████████████████████

██████     *See* PJC ¶ 269. **DISPUTED**  that ██████████████████████

████████████████████████████████████████████████

██████████████████     *See* PJC ¶ 270.

381.    ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████.[559]

████████████████████████████████████████████████

[558] *Id.*, Ex. ██ (████████████████████████████████████).
[559] *Id.*, Ex. ██ (Mar. 14, 2024 Dep. of ████████████ Tr. (Barclays) ██████████ Dep. Tr.") 159:19-24).

225

████████████████████████ 560 ███████████████████████████████████

███████████████████████████████████████████████████████████

██████████ ,,561 █████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████. 562

**PLAINTIFFS' RESPONSE: ADMITTED**(a,d,e) that Exhibit █ to the Barclays Declaration is consistent with the assertions in Paragraph 381. **DISPUTED** that ██████████████████████ ████████████████████████████████████████████████████████

*See* PJC ¶ 263. **DISPUTED** that █████████████████████████████████████ ███████████████████████████████████████████████ *See* PJC ¶ 269. **DISPUTED** that ████████████████████████████████████████████ ████████████████████████████████████████████████████████

██████ *See* PJC ¶ 270.

382.   █████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████ ,,563 ███████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

---

560 *Id.*, Ex. █ (████████ Dep. Tr. 224:23-225:2); *see also id.*, Ex. █ (████████ Dep. Tr. 305:16-21; 307:19-25).
561 *Id.*, Ex. █ (████████ Dep. Tr. 174:13-17); *see also id.*, Ex. █ (████████ Dep. Tr. 268:10-12).
562 *Id.*, Ex. █ (████████ Dep. Tr. 287:8-17; *see also id.*, Ex. █ ("███████████████████████████████████ ████████████████████).
563 *Id.*, Ex. █ (████████ Dep. Tr. 118:11-13); *see also id.*, Ex. █ ████████████████████).

████████████████████████ [564]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,d,e)] that Exhibit █ to the Barclays Declaration is consistent with the assertion in Paragraph 382. **DISPUTED** that ████████████████████ ████████████████████████████████████ *See* Carmody Decl., ████████████████████████████████

████████████████████████████████████

**DISPUTED** that the Bank of England had any authority or responsibility for overseeing USD LIBOR during the Relevant Period. *See* Wheatley Review – Final Report ¶ 3.1; noting the lack of public oversight in the LIBOR setting process); Wheatly Review – Discussion Paper ¶ 2.27; "Oversight of LIBOR is the responsibility of the Foreign Exchange and Money Markets Committee (FX&MM). Its remit includes the design of the benchmark and the governance and scrutiny of all data and panel bank contributions. One of the important functions played by FX&MM is to set, and periodically review, the parameters against which submissions are verified by Thomson Reuters. The Fixings and Oversight subcommittees of FX&MM are respectively responsible for investigating issues with submissions, and taking necessary action against contributors."). **DISPUTED** that ████████████████████ ████████████████████████ *See* PJC ¶ 269.

383.   ████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

---

[564] *Id.*, Ex. █ (████████ Dep. Tr. 283:21-285:19).



███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████[565]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,b] that Exhibit ██ to the Barclays Declaration is consistent with the assertion in Paragraph 383. **DISPUTED** that ███████████████████████████ ███████████████████████████████████████████████████████ ██████████████████. *See* PJC ¶ 269. **DISPUTED** that the Federal Reserve Bank of New York or the World Bank had any authority or responsibility for overseeing USD LIBOR during the Relevant Period. *See* Sources Cited in Response to Paragraph 382.

384.    ███████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████[566]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,b] that Exhibit ██ to the Barclays Declaration is consistent with the assertion in Paragraph 384. **DISPUTED** that the Federal Reserve Bank of New York or the World Bank had any authority or responsibility for overseeing USD LIBOR during the Relevant Period. *See* Sources Cited in Response to Paragraph 382. **DISPUTED** that ██ ███████████████████████████████████████████████████████ ██████████████████████████████ *See* PJC ¶ 269.

385.    ███████████████████████████████████████████████

---

[565] *Id.*, Ex. ██ (███████████████████████████████████████████ ██████████████████████████████████).
[566] *Id.*, Ex. ██ (███████████████████████████████████).



███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████[567]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,b] that Exhibit ██ to the Barclays Declaration is consistent with the assertion in Paragraph 385. **DISPUTED** that the Federal Reserve Bank of New York or the World Bank had any authority or responsibility for overseeing USD LIBOR during the Relevant Period. *See* Sources Cited in Response to Paragraph 382. **DISPUTED** that ██

███████████████████████████████████████████████

██████████████████████████ *See* PJC ¶ 269.

386.   ████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████[568]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,b] that Exhibit ██ to the Barclays Declaration is consistent with the assertion in Paragraph 386. **DISPUTED** that the Federal Reserve Bank of New York or the World Bank had any authority or responsibility for overseeing USD LIBOR during the Relevant Period. *See* Sources Cited in Response to Paragraph 382. **DISPUTED** that ██

███████████████████████████████████████████████

██████████████████████████ *See* PJC ¶ 269.

387.   ████████████████████████████████████

---

[567] *Id.*, Ex. ██ (████████████████████████████████████████

[568] *Id.*, Ex. ██ (████████████████████████████████████████
██████████████).

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████[569]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b)] that Exhibit ██ to the Barclays Declaration contains the quotes in Paragraph 387, as well as the following: ████████████

████████████████████████████████████████████████████

████████████████████████████████████████

████████████████ **DISPUTED** that the FCA had any authority or responsibility for overseeing USD LIBOR during the Relevant Period. *See* Sources Cited in Response to Paragraph 382.

**DISPUTED** that ████████████████████████████████████████

████████████████████████████████████████ *See* PJC ¶ 269.

388.    ██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[569] *Id.*, Ex. ██ (██████████████████████████████████████).



[570]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit ▊ to the Barclays Declaration is consistent with the assertion in Paragraph 388. **DISPUTED** that the Federal Reserve Bank of New York or the World Bank had any authority or responsibility for overseeing USD LIBOR during the Relevant Period. *See* Sources Cited in Response to Paragraph 382. **DISPUTED** that ▊

*See* PJC ¶ 269.

389. 

[571]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit ▊ to the Barclays Declaration is consistent with the assertion in Paragraph 389. **DISPUTED** that the FCA had any authority or responsibility for overseeing USD LIBOR during the Relevant Period. *See* Sources Cited in Response to Paragraph 382. **DISPUTED** that 

*See* PJC ¶ 269.

390. 

---

[570] *Id.*, Ex. ▊ ( ).
[571] *Id.*, Ex. ▊ (



[BLACK REDACTION BLOCKS] [572]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a,b] that Exhibit ▮ to the Barclays Declaration is consistent with the assertion in Paragraph 390. **DISPUTED** that the FCA had any authority or responsibility for overseeing USD LIBOR during the Relevant Period. *See* Sources Cited in Response to Paragraph 382. **DISPUTED** that [BLACK REDACTION BLOCK]

[BLACK REDACTION BLOCK]

*See* PJC ¶ 269. **DISPUTED** that [BLACK REDACTION BLOCK]

[BLACK REDACTION BLOCK]

[BLACK REDACTION BLOCK] *See* PJC ¶ 270.

391.    [BLACK REDACTION BLOCK]

[BLACK REDACTION BLOCK]

[BLACK REDACTION BLOCK] [573]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit ▮ to the Barclays Declaration is consistent with the assertion in Paragraph 391. **DISPUTED** that the Federal Reserve Bank of New York or the World Bank had any authority or responsibility for overseeing USD LIBOR during

---

[572] *Id.*, Ex. ▮ ( [BLACK REDACTION BLOCK] ).
[573] *Id.*, Ex. ▮ ( [BLACK REDACTION BLOCK]

the Relevant Period. *See* Sources Cited in Response to Paragraph 382. **DISPUTED** that ███

███████████████████████████████████████████████████████

███████████████████████████████ *See* PJC ¶ 269.

392.    ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████[574]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,f)] that Exhibit ██ to the Barclays Declaration

contains the quote in Paragraph 392, as well as the following: ████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████ **DISPUTED** that the Federal Reserve Bank of New York or the

World Bank had any authority or responsibility for overseeing USD LIBOR during the Relevant

Period. *See* Sources Cited in Response to Paragraph 382. **DISPUTED** that ████████████████

███████████████████████████████████████████████████████

███████████████████████████████ *See* PJC ¶ 269.

393.    ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[574] *Id.*, Ex. ██ (██████████████████████████████████).

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████ [575]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,f] that Exhibit ██ to the Barclays Declaration

contains the quote in Paragraph 394, as well as the following: ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████ **DISPUTED** that the Federal Reserve Bank of New York or the World Bank had any

authority or responsibility for overseeing USD LIBOR during the Relevant Period. *See* Sources

Cited in Response to Paragraph 382. **DISPUTED** that ████████████████████

████████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 269.

394.  ██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ [576]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,f] that Exhibit ██ to the Barclays Declaration

contains the quote in Paragraph 395, as well as the following: ████████████████████

---

[575] *Id.*, Ex. ██ ████████████████████████████████████████ ).

[576] *Id.*, Ex. ██ (██████████████████████████████████ ).

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

**DISPUTED** that the Federal Reserve Bank of New York or the World Bank had any authority or responsibility for overseeing USD LIBOR during the Relevant Period. *See* Sources Cited in Response to Paragraph 382. **DISPUTED** that ████████████████████████

██████████████████████████████████████████████

*See* PJC ¶ 269.

395.    ████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████[577]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b)] that Exhibit ██ to the Barclays Declaration is consistent with the assertion in Paragraph 396. **DISPUTED** that the Federal Reserve Bank of New York or the World Bank had any authority or responsibility for overseeing USD LIBOR during the Relevant Period. *See* Sources Cited in Response to Paragraph 382. **DISPUTED** that ██

---

[577] *Id.*, Ex. ██ (████████████████████████████

██████████████████████████



███████████████████████████████████████████████████████

█████████████████████████████████. *See* PJC ¶ 269. **DISPUTED** that ██████████

█████████████████████████████████████████████████████████

████████████████████████████████ *See* PJC ¶ 270.

### *Citi*

396.    ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████[578]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b)] that Exhibit █ to the Citi Declaration is consistent

with the assertion in Paragraph 397. **DISPUTED** that ████████████████████████████

█████████████████████████████████████████████████████████

████████████ *See* PJC ¶ 271. **DISPUTED** that ███████████████████████████

█████████████████████████████████████████████████████████

███████████████████ See PJC ¶ 272.

### *Credit Suisse*

397.    At times, ████████████████████████████████████████████

█████████████████████████[579]█████████████████████████████[580]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a)] that Exhibit █ to the Credit Suisse Declaration is

consistent with the second assertion in Paragraph 397. **DISPUTED**[(e,f)] that Exhibit █ to the Credit

Suisse Declaration support the first assertion in Paragraph 397. *See* Credit Suisse Decl., Ex. █

---

[578] Citi Decl., Ex. █ (Email from ██████████████████████, Apr. 17, 2008, Citi-USD01813253).
[579] Credit Suisse Decl., Ex. █ (██████ Dep. Tr. 168:13-169:2); *see also id.*, Ex. █ (Email from ████████
████████████████ CS_00009409).
[580] *Id.*, Ex. █ (██████ Dep. Tr. 99:7-13) ████████████████████████████████████████
████████████████████████████████████████████████████

( ███ Dep.) at 168:5-169:23 ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ **DISPUTED** that ████████████████████

████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 273.

398.    ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████.[581]

**PLAINTIFFS' RESPONSE: DISPUTED**[(e,f)] that Exhibit █ to the Credit Suisse Declaration is consistent with the assertion in Paragraph 398. *See* Credit Suisse Decl., Ex. █ ( ████ Dep.) at 161:16-163:3 ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[581] *Id.*, Ex. █ ( ████ Dep. Tr. 161:16-163:3).

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████ **DISPUTED** that ███████████

███████████████████████████████████████████████████

██████████████████. *See* PJC ¶ 273.

*Deutsche Bank*

399.   ████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████[582]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit 17 to the Deutsche Bank Declaration is consistent with the assertion in Paragraph 399. **DISPUTED** that ████████████████

███████████████████████████████████████████████████

████████████████████████*See* PJC ¶ 274.

400.   ████████████████████████████████████████████

███████████████████████████████████████████████████

---

[582] Deutsche Bank Decl., Ex. 17 (Bloomberg Chat Between ██████ and █████████, Aug. 29, 2007, DB-USDMDL 00310457).

███████████████████████████████████████

███████████████████████████████████████

██[583]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit 18 to the Deutsche Bank Declaration is consistent with the assertion in Paragraph 400. **DISPUTED** that ████████████████ ███████████████████████████████████████ ███████████████████ *See* PJC ¶ 274. **DISPUTED** that ████████████ ███████████████████████████████████████ █████████████████████████████████. See PJC ¶ 275.

401.    ███████████████████████████████████████ ███████████████████████████████████████ █████████████████████████████████████[584]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit 19 to the Deutsche Bank Declaration is consistent with the assertion in Paragraph 401. **DISPUTED** that ███████████ ███████████████████████████████████████ █████████████ *See* PJC ¶ 274.

402.    ███████████████████████████████████████ ██████████████████████████[585]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit 20 to the Deutsche Bank Declaration is consistent with the assertion in Paragraph 402. **DISPUTED** that ████████████

[583] *Id.*, Ex. 18 (████ (Deutsche Bank) Dep., Ex. ██ 0041A, at 2 (transcript of DB-USDMDL 01360321)); *see also id.*, Ex. 2 (████ Dep. Tr. 180:23-181:12).
[584] *Id.*, Ex. 19 (Email from ████ to ████, June 19, 2009, DB-USDMDL 00615591).
[585] *Id.*, Ex. 20 (Reuters Chat Between ████ (Deutsche Bank) and ████ (Tullett Prebon), May 1, 2010, DB-USDMDL 01253719).

████████████████████████████████████████████████████████

████████████████. *See* PJC ¶ 274.

### *HSBC*

403.  ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ [586]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the HSBC Declaration is consistent with the assertion in Paragraph 403. **DISPUTED** that ████████████████████████

████████████████████████████████████████████████████████

████████████ *See* PJC ¶ 278.

404.  ████████████████████████████████████████████

████████████████████████████████████ [587]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the HSBC Declaration is consistent with the assertion in Paragraph 404. **DISPUTED** that ████████████████████████

████████████████████████████████████████████████████████

████████████ *See* PJC ¶ 278.

### *JPMorgan*

405.  ████████████████████████████████████████████

████████████████████████████████████ ,,[588] ████████████████

---

[586] HSBC Decl., Ex. █ (████████████████████████, HSBC-USDLIBORLIT-0137819).
[587] *Id.*, Ex. █ (████████████████████████, HSBC-USDLIBORLIT-0545963).
[588] *See, e.g.*, JPMorgan Decl., Ex. 7 (Bloomberg Chat from ████████████ Apr. 23, 2008, JPM_MDL1_USD_00115256) ████████████████████

███████████████████████████████████████████████████████████████

██████████████████[589]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,f)] that Exhibit █ to the JPMorgan Declaration

contains the first quote in Paragraph 405, as well as the following: ████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████ JPMorgan Decl., Ex. ██ **ADMITTED** that

Exhibit 8 to the JPMorgan Declaration contains the second quote in Paragraph 405, as well as the

following: the ████████████████████████████████████████████████

████████████████████████████████ *Id.*, Ex.. 7. **DISPUTED**

that ███████████████████████████████████████████████████████

██████████████████████████████████ *See* PJC ¶ 279. **DISPUTED** that ███

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████. *See* PJC ¶ 280.

406.   ██████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████.[590] ███

███████████████████████████████████████████████████████████████

[589] *See id.*, Ex. 8 (Bloomberg Chat from █████████████████████████████████, Apr. 16, 2008, JPM_MDL1_USD_00115064).

[590] *See id.*, Ex. 9 (Bloomberg Chat from ███████████████████ (BBA), Dec. 6, 2007, JPM_MDL1_USD_00039245); *id.*, Ex. 10 (Email from ██ ███████ ██ ██ ███████, Apr. 2, 2008, JPM_MDL1_USD_00039315) ██████████████████████████████

█████████████████████████████████████████[591]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,f)] that Exhibit █ to the JPMorgan Declaration

contains the first quote in Paragraph 406, and that Exhibit █ to the JPMorgan Declaration includes

the following: ███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████ JPMorgan Decl., Ex.█ **ADMITTED** that Exhibit █ to

the JPMorgan Declaration is consistent with the assertions in Paragraph 406. **DISPUTED** that█

████████████████████████████████████████████████████████

████████████████████████████████ *See* PJC ¶ 279. **DISPUTED** that ███████████

████████████████████████████████████████████████████████

████████████████████████████████████████████. *See* PJC ¶ 280.

407.    ██████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████[592] For example, ██████████████████████████

---

[591] *See id.*, Ex. █ (Email from ██████████████, Dec. 18, 2007, JPM_MDL1_USD_00112728) (███████████

████████████████████████████████████████████████████████

████████████ *see also id.*, Ex. █ (Email from ████████

████████████████████████████████████████████████████████

██ █ █████ *id.*, Ex. █ (Bloomberg Chat from ██ ████████████████, Apr. 1, 2008,
JPM_MDL1_USD_00100510); *id.*, Ex. █ (Email from ████████████, Apr. 17, 2008, JPM_MDL1_USD_00092942) (██

███████████████████████████████████████████

[592] *See id.*, Ex. █ (Email Between ███████████████████████, May 23, 2008, JPM_MDL1_USD_00083131); *id.*, Ex. █ (Email from ██████
████████████████████████████ May 22, 2008, JPM_MDL1_USD_00117619); *see also id.*, Ex. █
(Email Between █████████████, May 23, 2008, JPM_MDL1_USD_00094569).



███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████[593]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b)] that Exhibits ██████████ to the JPMorgan Declaration are consistent with the first assertion in Paragraph 407, and that Exhibit ██ to the JPMorgan Declaration is consistent with the assertion in Paragraph 407. **DISPUTED** that the Bank of England or Federal Reserve Bank of New York had any authority or responsibility for overseeing USD LIBOR during the Relevant Period. *See* Sources Cited in Response to Paragraph 382. **DISPUTED** that ██████████████████████████████████████████████████████████████████████████████████████. *See*, *e.g.*, PJC §§ III.A; III.C; III.D; IX.A; & IX.C. **DISPUTED** that ██████████████████████████████████████████████ *See* PJC ¶ 279. **DISPUTED** that ████████████████████████████████████████████████████████████████████████████████████████ ██████ *See* PJC ¶ 280.

***Lloyds Bank***

408. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████.[594]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a)] that Exhibit ██ to the Lloyds Bank Declaration is

---

[593] *Id.*, Ex. ██ (JPM_MDL1_USD_00117619).
[594] ███████████████████████████████

consistent with the assertion in Paragraph 408. **DISPUTED** that ███████████████

████████████████████████████████████████████████████████████████████████

███████████████████. *See* PJC ¶ 281.

*NatWest*

409.   ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████[595]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit G to the NatWest Declaration is

consistent with the assertion in Paragraph 409. **DISPUTED** ████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████ *See* PJC ¶ 284. **DISPUTED** ████████████

████████████████████████████████████████████████████████████████████

████████████████████████ *See* PJC ¶ 283.

410.   ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

---

[595] NatWest Decl., Ex. █ (Email from ████████ to ████████████████, Nov. 29, 2007, RBS_MDL_000004100 at -100); *see also id.*, Ex. ██ (██ ████████ (NatWest) Dep., Ex. 70, ¶ 128 (RBS_MDL_001845435) ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ [596]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the NatWest Declaration is consistent with the assertion in Paragraph 410. **DISPUTED** that ██████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████. *See* PJC ¶ 284. **DISPUTED** that ██████████

████████████████████████████████████████████████████████████

██████████████████████████████. *See* PJC ¶ 283.

411.    ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ [597]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the NatWest Declaration is consistent with the assertion in Paragraph 411. **DISPUTED** that ████████████████

████████████████████████████████████████████████████████████

██████████████████████████ *See* PJC ¶ 284. **DISPUTED** that ██████████

████████████████████████████████████████████████████████████

████████████████████ *See* PJC ¶ 283.

412.    ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

[596] *Id.*, Ex. █ (Email from ██████████ to ████████████████████████, Oct. 16, 2007, RBS_MDL_000080939 at -939).
[597] *Id.*, Ex. █ (██████████ (NatWest) Dep., Ex. 39, ¶ 53 (RBS_MDL_001846978) ████████████████████████████████████████████████████████████████
█████.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████[598]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,f] that Exhibit █ to the NatWest Declaration contains the quote in Paragraph 412, as well as the following: █████████████████████

██████████████████████████████████████████████████████

███████████████████ NatWest Decl., Ex. █ **DISPUTED** that ████████████████

██████████████████████████████████████████████████████

████████████████████████████. *See* PJC ¶ 284. **DISPUTED** that ████████████

██████████████████████████████████████████████████████

████████████████████████ *See* PJC ¶ 283.

413.  ████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████[599]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,f] that Exhibit █ to the NatWest Declaration contains the quote in Paragraph 413, as well as the following: ██████████████████████

---

[598] *Id.*, Ex. █ (Dec. 7, 2023 Dep. of ███████ (NatWest) ██████ Dep. Tr."), Ex. 1 (RBS_MDL_001045385 at -386)).

[599] *Id.*, Ex. █ (██████ (NatWest) Dep., Ex. 6 (RBS_MDL_001364910 at -911)).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████ NatWest Decl., Ex. █ **DISPUTED** that ████████████████

████████████████████████████████████████████████████

████████████████████████████ *See* PJC ¶ 284. **DISPUTED** that ████████████

████████████████████████████████████████████████████

████████████████████████ *See* PJC ¶ 283.

***Rabobank***

    414. █████████████████████████████████████████

███████████████████████████████████████████████.[600]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a)] that the Exhibits ██████ to the Rabobank

Declaration are consistent with the assertion in Paragraph 414. **DISPUTED** that ████████

████████████████████████████████████████████████████

████████████████████████ *See* PJC ¶ 288.

    415. █████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[600] Rabobank Decl., Ex. 8 (Bloomberg Chat Between ██████ and ██████████, Apr. 17, 2008, RABO_METZLER_0079741) (██████████████████████); *id.*, Ex. 9 (Bloomberg Chat Between ████████████████), Apr. 16, 2008, RABO_METZLER_0081576 at -576) (███████████████████████████████████████ *see also id.*, Ex.█ (██████ Dep. Tr. 162:1-10).

████████████████████████████████████████████

███████████████████████████ [601]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,f] that Exhibit ██ to the Rabobank Declaration

contains the quote in Paragraph 415, as well as the following: ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████ **DISPUTED** that the

Federal Reserve Bank of New York had any authority or responsibility for overseeing USD

LIBOR during the Relevant Period. *See* Sources Cited in Response to Paragraph 382. **DISPUTED**

that ████████████████████████████████████████

███████████████████████████. *See* PJC ¶ 288.

*RBC*

416.  ████████████████████████████████████

██████. [602]

[601] *Id.*, Ex. ██ (███████ Dep., Ex. 24-1, at 5-6 (RABO_METZLER_0179325)).
[602] RBC Decl., Ex. 4 (Email from ██████████ to ████████ and ███████████████, Apr. 18, 2008, RBCOTC0060611) ███████████████████████████████████████████
████████████████████████████████████████████████
████████████████████ *id.*, Ex. 5 (Email from ████████████ to ██████ ████████████████████████

248

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits ███████ to the RBC Declaration are consistent with the assertion in Paragraph 416. **DISPUTED** that ███████████████

███████████████████████████████████████████

██████████████ *See* PJC ¶ 289.

417.    ████████████████████████████████████.[603]

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit 7 to the RBC Declaration is consistent with the assertion in Paragraph 417. **DISPUTED** that ████████████████████

███████████████████████████████████████████

██████████████ *See* PJC ¶ 289.

*UBS*

418.    ███████████████████████████████████████

█████████████████████████████████[604]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the UBS Declaration is consistent

---

████████████████████████████████████████████

██████████████████ *id.*, Ex. 6 (Email from ██████████ to █████ and ████)

████████████████████████████████████████████

██████████████████████████████████████████

[603] *Id.*, Ex. 7 (Email from ████████████ ) to █████████ ), ██████████████████ ), and ███████ May 20, 2009, RBCOTC0195503).
[604] *See, e.g.*, UBS Decl., Ex. █ (██████████████████████████, MDL_OTC_UBS_0939445 at -445).

with the assertion in Paragraph 418. **DISPUTED** that ████████████████████

████████████████████████████████████████████████████████

█████████████ *See* PJC ¶ 291.

419.    ███████████████████████████████████████████████

██████████████████████████████████████████████[605]

███████████████████████████████████████████████████

███████████"[606]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ and ██ to the UBS Declaration are

consistent with the assertions in Paragraph 419. **DISPUTED** that ███████████████████

████████████████████████████████████████████████████████

█████████████ *See* PJC ¶ 291.



### 3.    Representative Facts Illustrating the Differing Financial Conditions of the Panel Bank Defendants

*Bank of America*

420.    Bank of America is a U.S. bank that was headquartered in Charlotte, North Carolina

during the Relevant Period.[607]

**PLAINTIFFS' RESPONSE: ADMITTED.**

421.    ██████████████████████████████████████████████

███████████████████████████████████[608]



---

[605] *Id.*, Ex. ██ (MDL_OTC_UBS_0939445 at -445).
[606] *Id.*, Ex. ██ (████████████████████████████████████, MDL_OTC_UBS_0050506 at -507).
[607] Blakemore Decl., Ex. ██ (████████ Dep. Tr. 25:18-21).
[608] *Id.*, Ex. ██ (████████ Dep. Tr. 26:11-28:6).


**PLAINTIFFS' RESPONSE**: ADMITTED.

422.  ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████.[609]

**PLAINTIFFS' RESPONSE**: ADMITTED[a,e] that Exhibit ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 422.

423.  ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████.[610]

**PLAINTIFFS' RESPONSE**: ADMITTED[a,e] that Exhibits ██ and ██ to the Blakemore Declaration are consistent with the assertion in Paragraph 423.

424.  Bank of America was an AA rated bank during the Relevant Period.[611]

**PLAINTIFFS' RESPONSE**: ADMITTED[a,e] that Exhibit ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 424. **DISPUTED** that any inference can be drawn from this assertion that Bank of America did not face financial difficulties during the Relevant Period. *See* PJC ¶ 12.

425.  ███████████████████████████████████████████████

---

[609] *Id.*, Ex. ██████ Dep. Tr. 47:6-48:3) (███████████████████████████████
████████.

[610] *Id.*, Ex. (██████ Dep. Tr. 47:6-19); *see also id.*, Ex. (██████ Dep. Tr. 206:24-25) ██████
█████████████████████████████████████

[611] *Id.*, Ex. (██████ Dep. Tr. 203:15-204:14).

██████████████████████████████████[612]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,e] that Exhibit 56 to the Blakemore Declaration is consistent with the assertion in Paragraph 425. **DISPUTED** that any inference can be drawn from this assertion that Bank of America did not face financial difficulties during the Relevant Period. *See* PJC ¶ 12.

426.    ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██ s.[613]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibits ███ to the Blakemore Declaration are consistent with the assertion in Paragraph 426. **DISPUTED** that any inference can be drawn from this assertion that Bank of America did not face financial difficulties during the Relevant

---

[612] *Id.*, Ex. ██ (███ Dep. Tr. 73:7-21).
[613] *Id.*, Ex. ██ (Email from ████████, Apr. 21, 2008, ███████) (████████████████████████, Nov. 9, 2008, ██████████); *id.*, Ex. ██ (Email from ████████, Aug. 28, 2009, ███████) (██████████); *id.*, Ex. 66 (███████ Sept. 23, 2009, BOFA-LIB0015970) ██████████ *id.*, Ex. ██ (Presentation on ██████, July 17, 2007, BOFA-LIB0845895 at -999) (credit rating presentation stating that "Bank of America Remains in an Exceptional Liquidity Position and Continues to be an Industry Leader in Liquidity Management."); *id.*, Ex. ██ (██████████ July 17, 2009, ██████████) (██████████; *id.*, Ex. ██ (Bank of America Presentation, ██████); *id.*, Ex. ██ (Email from ████████, Dec. 4, 2007, ██████████████████████████████



▮▮ *See* PJC ¶ 12.

427. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[614]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibits ▮▮ to the Blakemore Declaration is consistent with the assertion in Paragraph 427. **DISPUTED** that any inference can be drawn from this assertion that Bank of America did not face financial difficulties during the Relevant Period. *See* PJC ¶ 12.

428. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[615]▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮.[616]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibits 72 to the Blakemore Declaration is consistent with the assertion in Paragraph 428. **DISPUTED** that any inference can be drawn from this assertion that Bank of America did not face financial difficulties during the Relevant Period. *See* PJC ¶ 12.

429. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[614] *Id.*, Ex. ▮ (▮▮▮▮▮▮▮▮▮▮▮) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see also id.*, Ex. ▮▮ (Email from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). 
[615] *Id.*, Ex. ▮▮ (Email from ▮▮▮▮▮, Apr. 2, 2008, ▮▮▮▮▮▮▮▮) (▮▮▮▮▮▮▮▮▮▮▮▮). 
[616] *Id.*, Ex. ▮ (▮▮▮▮▮▮▮).



███████████████████████████████████████, [617] ████████

███████████████████████████████████████████████

██████████████████████████. [618]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibits ████████ to the Blakemore Declaration are consistent with the assertion in Paragraph 429. **ISPUTED** that any inference can be drawn from this assertion that Bank of America did not face financial difficulties during the Relevant Period. *See* PJC ¶ 12.

*Barclays*

430.    █████████████████████████████████

██████████████████████████████████████████████████

███████████████ █████████████████████████████████

███████████████████████████████████████████. [620] ███

██████████████████████████████████████████████████

██████████████████. [621]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a)] that Exhibit █ to the Barclays Declaration is consistent with the assertion in Paragraph 430. **DISPUTED** that ████████████████████



[617] *Id.*, Ex. ████████ Dep. Tr. 68:15-69:20).
[618] *Id.*, Ex. █ (████████████) (████████████████████████

████████████████████████████████████████████████████

[619] ████████████████████████████████████████
[620] ████████████████████████████
[621] █████████████████████

███████████████████████████████████████████████ *See* PJC

¶ 13.

431.  ████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████,,622 █████████████████████

██████████████████████████████████████████████

████████████,,623

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits █ and █ to the Barclays Declaration

are consistent with the assertions in Paragraph 431. **DISPUTED** that █████████████

█████████████████████████████████████. *See*

PJC ¶ 13.

432.  ████████████████████████████████████

███████████████████████████████,,624

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Barclays Declaration is

consistent with the assertion in Paragraph 432. **DISPUTED** that ██████████████

█████████████████████████████████. *See* PJC

¶ 13.

433.  ████████████████████████████████████

██████████████████████████████████████████████

[622] *Id.*, Ex. █ (████████ Dep. Tr. 78:1-7).
[623] *Id.*, Ex. █ (██████████████████████████████████).
[624] *Id.*, Ex. █ (Feb. 15, 2024 Dep. of █████████ Tr. (Barclays) █████ Dep. Tr.") 121:20-22).

255

██████████████████████████████████████████ 625 ███████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ ,,626 ████████████

███████████████████████████████████████████████████████ . 627

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits ████████████ to the Barclays

Declaration are consistent with the assertions in Paragraph 433. **DISPUTED** that ████████

████████████████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 13.

434.   ██████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████ ,,628 Yet,███████████

████████████████████████ 629 ████████████████████████████████████

███████████████████████████████████████████████████ 630

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits ███████████ to the Barclays Declaration

are consistent with the assertions in Paragraph 434. **DISPUTED** that ████████████████

████████████████████████████████████████████████████████████. *See*

PJC ¶ 13.

---

[625] *Id.*, Ex. █ (███████████████████████████████████████████████
████). 
[626] *Id.*, Ex. █ (████████████████████████████████████████████████
████). 
[627] *Id.*, Ex. █ (████████████████████████████████████████████████
████). 
[628] *Id.*, Ex. █ (████████████████████████████████████████████████
████). 
[629] *Id.*, Ex. █ (███████████████████████████). 
[630] *Id.*, Ex. █ (████████████████████████████████████████████████
████).

435.    ████████████████████████████████████████████

████████████████████████████████████████[631]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a)] that Exhibit ██ to the Barclays Declaration is consistent with the assertion in Paragraph 435. **DISPUTED** that ████████████████████

████████████████████████████████████████ *See* PJC

¶ 13.

436.    ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████[632]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a)] that Exhibit ██ to the Barclays Declaration is consistent with the assertion in Paragraph 436. **DISPUTED** that ████████████

████████████████████████████████████████. *See* PJC

¶ 13.

437.    ████████████████████████████████████████████

████████████████████████████████████████████

████████████”[633]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a)] that Exhibit ██ to the Barclays Declaration is consistent with the assertion in Paragraph 437. **DISPUTED** that ████████████████

─────────────────

[631] *Id.*, Ex. ██ (████████████████████████████████████).
[632] *Id.*, Ex. ██ (██████████████████████████████████████).
[633] *Id.*, Ex. ██ (████████████████████████████████████).



████████████████████████████████████████████ *See* PJC

¶ 13.

438.  ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████[634]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a)] that Exhibit ██ to the Barclays Declaration is

consistent with the assertion in Paragraph 438. **DISPUTED** that ████████████████████

████████████████████████████████████████████████. *See* PJC

¶ 13.

439.  ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████[635]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a)] that Exhibit ██ to the Barclays Declaration is

consistent with the assertion in Paragraph 439. **DISPUTED** that ██████████████████████

████████████████████████████████████████ *See* PJC

¶ 13.

440.    In its 2007 Annual Report, Barclays' Form 20-F noted that Barclays' "liquidity

position remained strong due to its deep retail funding base, its diversity of institutional funding

sources across tenors, counterparties and geographies and its limited reliance on securitisation as

a funding source."[636]

---

[634] *Id.*, Ex. ██ (█████████████████████████████████).
[635] *Id.*, Ex. ██ (████████████████████████████████████████████).
[636] *Id.*, Ex. 57 (Barclays PLC, 2007 Annual Report (Form 20-F) 66 (Mar. 26, 2008)).

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit 57 to the Barclays Declaration is consistent with the assertions in Paragraph 440. **DISPUTED** that ███████████████████ ██████████████████████████████████████████████. *See* PJC ¶ 13.

441.    In its 2008 Annual Report, Barclays' Form 20-F noted, "Barclays maintained a strong liquidity profile in 2008, sufficient to absorb the impact of a stressed funding environment."[637]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit 58 to the Barclays Declaration is consistent with the assertions in Paragraph 441. **DISPUTED** that ████████████████ ██████████████████████████████████████████████. *See* PJC ¶ 13.

*Citi*

442.    ████████████████████████████████████████████ ████████████████████████████████████████[638]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibits ██████████ to the Citi Declaration are consistent with the assertion in Paragraph 442. **DISPUTED** that any inference can be drawn from this assertion that Citi did not face financial difficulties during the Relevant Period. *See* PJC ¶ 14.

443.    ████████████████████████████████████████████ ████████████████████████████████████████████

---

[637] *Id.*, Ex. 58 (Barclays PLC, 2008 Annual Report (Form 20-F) 113 (Mar. 24, 2009)).
[638] Citi Decl., Ex. █ (██████████ Dep. Tr. 36:19-37:22); *id.*, Ex. █ (Nov. 9, 2023 Dep. of ██████████ Tr. (Citi) ("██████ Dep. Tr.") 43:25-44:11); *id.*, Ex. █ (██████████ Dep. Tr. 118:7-18).

■■■■■■.[639]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit ▮ to the Citi Declaration is consistent with the assertion in Paragraph 443. **DISPUTED** that any inference can be drawn from this assertion that Citi did not face financial difficulties during the Relevant Period. *See* PJC ¶ 14.

*Credit Suisse*



444.

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit ▮ to the Credit Suisse Declaration is consistent with the assertion in Paragraph 444. **DISPUTED** that any inference can be drawn from this assertion that Credit Suisse did not face financial difficulties during the Relevant Period. *See* PJC ¶ 15.

445.

---

[639] *Id.*, Ex. ▮ (Dec. 7, 2023 Dep. of ■■■■ Tr. (Citi) ■■■■ Dep. Tr.") 55:12-20.
[640] Credit Suisse Decl., Ex. ▮ (■■■■ Dep. Tr. 132:9-133:25).

███████████████████████████████████████████. [641]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Credit Suisse Declaration is consistent with the assertion in Paragraph 445. **DISPUTED** that any inference can be drawn from this assertion that Credit Suisse did not face financial difficulties during the Relevant Period. *See* PJC ¶ 15.

446.   ███████████████████████████████

███████████████████████████████████████████

████████████████████ [642]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Credit Suisse Declaration is consistent with the assertion in Paragraph 446. **DISPUTED** that any inference can be drawn from this assertion that Credit Suisse did not face financial difficulties during the Relevant Period. *See* PJC ¶ 15.

447.   ███████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████. [643]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Credit Suisse Declaration is consistent with the assertion in Paragraph 447. **DISPUTED** that any inference can be drawn from this assertion that Credit Suisse did not face financial difficulties during the Relevant Period. *See*

---

[641] *Id.*, Ex. █ (████████ Dep. Tr. 65:24-67:3).
[642] *Id.*, Ex. █ (████████ Dep. Tr. 110:15-113:9).
[643] *Id.*, Ex. █ (████████ Dep. Tr. 132:19-133:24) ███████████████████████████████████

PJC ¶ 15.

448. 
[644]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit ▮ to the Credit Suisse Declaration is consistent with the assertion in Paragraph 448. **DISPUTED** that any inference can be drawn from this assertion that Credit Suisse did not face financial difficulties during the Relevant Period. *See* PJC ¶ 15.

*Deutsche Bank*

449.
[645]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit 3 to the Deutsche Bank Declaration is consistent with the assertion in Paragraph 449. **DISPUTED** that any inference can be drawn from this assertion that Deutsche Bank did not face financial difficulties during the Relevant Period. *See* PJC ¶ 16.

450.    Deutsche Bank's credit ratings also remained strong during the Relevant Period. In its 2009 Annual Review, Deutsche Bank reported that "[i]n the reporting year, Deutsche Bank was one of the few larger international banks to retain its long-term ratings by Moody's (Aa1), Standard

---

[644] *Id.*, Ex. ▮ (▮▮▮▮ Dep. Tr. 90:21-92:12).
[645] Deutsche Bank Decl., Ex. 3 (▮▮▮▮ Dep. Tr. 43:9-11).

& Poor's (A+) and Fitch (AA-)."[646]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the source cited in FN 646 is consistent with

the assertions in Paragraph 450. **DISPUTED** that any inference can be drawn from this assertion

that Deutsche Bank did not face financial difficulties during the Relevant Period. *See* PJC ¶ 16.

451.    Deutsche Bank's 2010 Annual Review reported that, in 2010, "Deutsche Bank

retained its long-term ratings from Standard & Poor's (A+) and Fitch (AA-), whereas Moody's

carried out a downgrading in March to Aa3."[647]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the source cited in FN 647 is consistent with

the assertions in Paragraph 450. **DISPUTED** that any inference can be drawn from this assertion

that Deutsche Bank did not face financial difficulties during the Relevant Period. *See* PJC ¶ 16.

*HSBC*

452.    

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the Exhibits in FNs 648-650 are consistent

---

[646] *See* Deutsche Bank Annual Review 30 (2009), https://investor-relations.db.com/files/documents/annual-reports/DB_Annual_Review_2009.pdf?language_id=1.
[647] *See* Deutsche Bank Annual Review 40 (2010), https://investor-relations.db.com/files/documents/annual-reports/DB_Annual_Review_2010.pdf?language_id=1.
[648] Credit Suisse Decl., Ex. ▉ (▉▉▉ Dep. Tr. 153:17-19); Deutsche Bank Decl., Ex. ▉ (▉▉▉ Dep. Tr. 42:14-16); HSBC Decl., Ex. ▉ (▉▉▉ Dep. Tr. 190:20-191:2).
[649] HSBC Decl., Ex. ▉ (▉▉▉▉, SG-USDMDL-01956874).
[650] *Id.*, Ex. ▉ (▉▉▉ Dep. Tr. 284:6-285:9).

with the assertions in Paragraph 452. **DISPUTED** that any inference can be drawn from this assertion that HSBC did not face financial difficulties during the Relevant Period. *See* PJC ¶ 17.

453.    ███████████████████████████████████████████

███████████████████████████████████████████

████████████████.[651] ███████████████████████████████.[652]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibits 20 and 22 to the JPMorgan Declaration are consistent with the assertions in Paragraph 453. **DISPUTED** that any inference can be drawn from this assertion that HSBC did not face financial difficulties during the Relevant Period. *See* PJC ¶ 17.

454.    ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████.[653] ███████████

███████████████████████████████████████████

██████.[654]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibits ████████ to the HSBC Declaration are consistent with the assertions in Paragraph 454. **DISPUTED** that any inference can be drawn from this assertion that HSBC did not face financial difficulties during the Relevant Period. *See* PJC ¶ 17.

---

[651] JPMorgan Decl., Ex. 20 (Opening Report of Dr. Dennis Carlton dated April 19, 2024 ("Carlton Opening") ¶ 30, Table 2).
[652] *Id.*, Ex. 22 (Reply Report of Dr. Dennis Carlton dated Aug. 16, 2024 ("Carlton Reply") ¶ 39, Tables 3-4).
[653] HSBC Decl., Ex. █ (████████ Dep. Tr. 285:11-13); *id.*, Ex. █ ████████ Dep. Tr. 118:13-15); *id.*, Ex. █ (█ ████ Dep. Tr. 189:22-190:2).
[654] *Id.*, Ex. █ (████████ Dep. Tr. 285:14-16); *id.*, Ex. █ (████████ Dep. Tr. 118:13-15); *id.*, Ex. █ (███ Dep. Tr. 190:7-12).

455. ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████[655]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibits ██████ to the HSBC Declaration are consistent with the assertions in Paragraph 455. **DISPUTED** that any inference can be drawn from this assertion that HSBC did not face financial difficulties during the Relevant Period. *See* PJC ¶ 17.

456. ██████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████.[656]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the HSBC Declaration is consistent with the assertion in Paragraph 456. **DISPUTED** that any inference can be drawn from this assertion that HSBC did not face financial difficulties during the Relevant Period. *See* PJC ¶ 17.

457.    HSBC did not take part in the October 2008 government bailout, nor did HSBC need or receive funding from the central banks during the financial crisis.[657]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibits 8 ██████ to the HSBC Declaration are consistent with the assertions in Paragraph 457. **DISPUTED** that any inference can be drawn from this assertion that HSBC did not face financial difficulties during the Relevant Period. *See*

---

[655] *Id.*, Ex. █ (███████ Dep. Tr. 55:11-17; 57:17-20; 283:22-284:5); *id.*, Ex. █ (███████ Dep. Tr. 118:7-15).
[656] *Id.*, Ex. █ (███████ Dep. Tr. 101:18-22).
[657] *Id.*, Ex. 8 (*HSBC offers small firms share of $5bn*, The Independent, Dec. 7, 2008, HSBC-USDLIBORLIT-0556986); *id.*, Ex. █ (███████ Dep. Tr. 41:3-8).

PJC ¶ 17.



458. ███████████████████████████████████

███████████████████████████████████████

████████████████████.[658]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a)] that Exhibits █ to the HSBC Declaration is consistent with the assertions in Paragraph 458. **DISPUTED** that any inference can be drawn from this assertion that HSBC did not face financial difficulties during the Relevant Period. *See* PJC ¶ 17.

459. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████.[659] ████████████████████

███████████████████████████████████████

█████████████.[660]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b,d)] that Exhibit █ to the HSBC Declaration is consistent with the assertions in Paragraph 460. **DISPUTED** that any inference can be drawn from this assertion that HSBC did not face financial difficulties during the Relevant Period. *See* PJC ¶ 17.

*JPMorgan*

460.    During the financial crisis, JPMorgan was highly liquid and a large lender of

---

[658] *Id.*, Ex. █ (███ Dep. Tr. 196:2-15).
[659] *Id.*, Ex. █ ███ Dep. Tr. 192:10-193:4).
[660] *Id.*, Ex. ███ Dep. Tr. 192:10-193:4).

unsecured, short-term funds to other Panel Banks.[661]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the source cited in FN 661 is consistent with the assertions in Paragraph 460. **DISPUTED** that ███████████████████████████████ ███████████████████████████████████████. *See* PJC ¶ 18.

461.    JPMorgan's excess liquidity and strong balance sheet during the financial crisis contributed to its role as an acquirer of other financial institutions or their assets during that period, including Bear Stearns and the assets of Washington Mutual.[662] JPMorgan's acquisition of Bear Stearns in early 2008 was at the request of the U.S. government.[663]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the sources cited in FNs 662 and 663 are consistent with the assertions in Paragraph 461. **DISPUTED** that any inference can be drawn from this assertion that "JPMorgan's acquisition of Bear Stearns in early 2008 was at the request of the U.S. government." *See* The Financial Crisis Inquiry Commission, *The Financial Crisis Inquiry Report: Final Report of the National Commission on the Causes of the Financial and Economic Crisis in the U.S.* 290 (Jan. 2011), https://www.govinfo.gov/content/pkg/GPO-FCIC/pdf/GPO-FCIC.pdf ("On Sunday, March 16, JP Morgan informed the New York Fed and the Treasury that it was interested in a deal if it included financial support from the Fed."). **DISPUTED** that ███

---

[661] *See* JPMorgan Shareholder Letter, 2008 Annual Report 13 (2009), https://www.jpmorganchase.com/content/dam/jpmc/jpmorgan-chase-and-co/investor-relations/documents/2008-AR-Complete-AR.pdf (JPMorgan "remain[ed] very active in the interbank market (where banks lend to each other) and . . . had on average $40 billion to $50 billion out in the interbank market each night").

[662] *See* The Financial Crisis Inquiry Commission, The Financial Crisis Inquiry Report: Final Report of the National Commission on the Causes of the Financial and Economic Crisis in the U.S. 290 (Jan. 2011), https://www.govinfo.gov/content/pkg/GPO-FCIC/pdf/GPO-FCIC.pdf (explaining JPMorgan was the "only candidate with the size and stature to make a credible offer [to acquire Bear Stearns] within 48 hours."); Rob Cox & Dwight Cass, *JPMorgan Leads in Deal Rankings*, N.Y. Times (Nov. 20, 2008), https://www.nytimes.com/2008/11/21/business/21views.html ("JPMorgan has stood tall in the crisis. Its avoidance of questionable subprime securities left it with fewer assets to write down, and capital to acquire Bear Stearns and Washington Mutual.").

[663] *See* The Financial Crisis Inquiry Report: Final Report of the National Commission on the Causes of the Financial and Economic Crisis in the U.S., *supra* note 662; Andrew Ross Sorkin, *JP Morgan Pays $2 a Share for Bear Stearns*, N.Y. Times (Mar. 17, 2008), https://www.nytimes.com/2008/03/17/business/17bear.html.

███████████████████████████████████████████████████████

██████████████████ *See* PJC ¶ 18.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 461:** Plaintiffs dispute that any "inference" can be drawn from the citations contained in paragraph 461, footnotes 662 and 663, that the U.S. government requested JPMorgan acquire Bear Stearns. No inference is necessary, however, as the cited sources by Defendants in footnotes 662 and 663 directly support that the government made this request. With respect to the March 17, 2008 New York Times article, the article states that the deal was "done at the behest of the Fed and the Treasury Department." *See* Andrew Ross Sorkin, *JP Morgan Pays $2 a Share for Bear Stearns*, N.Y. Times (Mar. 17, 2008), https://www.nytimes.com/2008/03/17/ business/17bear.html. Further, the Financial Crisis Inquiry Commission's report details how the U.S. government ushered the deal through. As noted in the Report, JPMorgan initially resisted the deal. *See* The Financial Crisis Inquiry Commission, The Financial Crisis Inquiry Report: Final Report of the National Commission on the Causes of the Financial and Economic Crisis in the U.S. 289 (Jan. 2011), https://www.govinfo.gov/content/pkg/GPO-FCIC/pdf/GPO-FCIC.pdf. JPMorgan then met with the President of the Federal Reserve Bank of New York ("N.Y. Fed"), Timothy Geithner, and Treasury Secretary Henry Paulson, which resulted in the N.Y. Fed. making a large loan to Bear Stearns through JPMorgan. *See id.* After Bear Stearns began to fail shortly after the loan was announced, JPMorgan then informed the N.Y. Fed. that it would be interested in a deal on the condition that the N.Y. Fed. provided financing, which it then did. *See id.* at 290. Further, Plaintiffs' statement citing paragraph 18 of the Joint Counterstatement is unsupported for the reasons explained in Defendants' Counterstatement Response. *See* Defs.' Counterstmt. Resps. ¶ 18. The Court should deem Defendants' statement admitted because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement. Fed. R. Civ. P. 56(c), (e).

462.    JPMorgan continued to have strong credit ratings during the financial crisis.[664]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the source cited in FN 664 is consistent with

the assertions in Paragraph 462. **DISPUTED** that ████████████████████████████████

████████████████████████████████████████. *See* PJC ¶ 18.

463.    JPMorgan received government funding under the TARP in the fall of 2008, not

because JPMorgan needed the funds, but because it was asked to do so by the Treasury, Federal

---

[664] *See* S&P Global, Research Update: JPMorgan Chase & Co. Outlook Revised To Negative From Stable; 'AA-/A-1+' Rating Affirmed 2 (June 2, 2008), https://disclosure.spglobal.com/ratings/en/regulatory/article/-/view/sourceId/6499968 ("JPM has fared better than its peers in the current period of market dislocations. . . .").

Reserve, and others, and because it recognized that if healthy banks like JPMorgan did not accept the funding, then other banks that needed the funds might be reluctant to do so.[665] JPMorgan was among the first banks to repay the TARP funding in June 2009.[666]

**PLAINTIFFS' RESPONSE:** **DISPUTED**[(a,b,e)] that the source cited in FN 665 is consistent with the assertions in Paragraph 463. *See* JPMorgan Shareholder Letter, 2008 Annual Report 12-13 (2009),     https://www.jpmorganchase.com/content/dam/jpmc/jpmorgan-chase-and-co/investor-relations/documents/2008-AR-Complete-AR.pdf ("We felt that accepting the TARP funds was the right thing to do for the U.S. financial system, even though it may not have been as beneficial for JPMorgan Chase as it was for some of the others"; further noting that TARP funds comprised 14% of JPMorgan's total capital). **DISPUTED** that the source cited in FN 666 supports the second assertion in Paragraph 463. *See* Carmody Decl., *JPMorgan and 9 Other Banks Repay TARP Money*,     N.Y.     Times:     DealBook     (June     17,     2009), https://archive.nytimes.com/dealbook.nytimes.com/2009/06/17/jpmorgan-repays-treasury-as-tarp-exits-continue/; "JPMorgan Chase and nine other big banks said Wednesday that they had repaid the federal assistance money that they received in the fall during the height of the financial crisis. . . . To exit the program completely, JPMorgan . . . will also need to repurchase the Treasury's warrants to buy their common stock."). **DISPUTED** that ████████████ ██████████████████████████████████████████████████████████████.

*See* PJC ¶ 18.

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 463: Plaintiffs dispute that the citations in paragraph 463, footnotes 665 and 666, support the

---

[665] *See* JPMorgan Shareholder Letter, 2008 Annual Report, *supra* note 661, at 12 (explaining that TARP program had "asymmetric benefits" to participating banks—*i.e.*, "it was least beneficial to strong companies like [JPM] and vice versa.").

[666] *See JPMorgan and 9 Other Banks Repay TARP Money*, N.Y. Times: DealBook (June 17, 2009), https://archive.nytimes.com/dealbook.nytimes.com/2009/06/17/jpmorgan-repays-treasury-as-tarp-exits-continue/.

assertions regarding JPMorgan's receipt of TARP funding in the fall of 2008. Contrary to Plaintiffs' assertions, the citations support the statements that JPMorgan accepted TARP funding to encourage other banks to do so (rather than because it needed the funding), and that JPMorgan was among the first banks to repay the loans. For instance, the Shareholder Letter in JPMorgan's 2008 Annual Report notes that "[w]e did not ask for the TARP capital infusion, and we did not feel we needed it . . . . That said, we believe that accepting the TARP funds was the right thing to do for the U.S. financial system – and that JPMorgan Chase should not be parochial or selfish and stand in the way of actions that the government wanted to take to help the whole financial system." *See* JPMorgan Shareholder Letter, 2008 Annual Report 12 (2009), https://www.jpmorganchase.com/content/dam/jpmc/jpmorgan-chase-and-co/investor-relations/documents/2008-AR-Complete-AR.pdf. Plaintiffs also misleadingly quote the June 17, 2009 New York Times article, which states that JPMorgan had paid back the loans by June 2009: "JPMorgan said it had returned $25 billion, with interest, to the government—money that the bank's chief executive, Jamie Dimon, has said it never needed in the first place." *JPMorgan and 9 Other Banks Repay TARP Money*, N.Y. Times: DealBook (June 17, 2009), https://archive.nytimes.com/dealbook.nytimes.com/2009/06/17/jpmorgan-repays-treasury-as-tarp-exits-continue/. Further, Plaintiffs' statement citing paragraph 18 of the Joint Counterstatement is unsupported for the reasons explained in Defendants' Counterstatement Response. *See* Defs.' Counterstmt. Resps. ¶ 18. The Court should deem Defendants' statement admitted because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement. Fed. R. Civ. P. 56(c), (e).

       464.    The contemporaneous communications of JPMorgan personnel, ███████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████.[667] JPMorgan's public disclosures during the Relevant Period similarly reflect its safety and liquidity.[668]



[667] *See, e.g.*, JPMorgan Decl., Ex. ██ (Email from ███████████, Oct. 2, 2008, JPM_MDL1_USD_00101780) (███████████████████████████████████████ *id.*, Ex. ██ (████████████████████████████████████, Oct. 2009, JPM_MDL1_USD_00080848 at -850) ███████); *see also id.*, Ex. ██ (██████ Dep. Tr. 83:9-17) ████████████████████████████████████████████████ ███); *id.*, Ex. ██ (████ Dep. of ██████ Tr. (JPMorgan) ████████████████████████████████████

[668] *See* 2008 Annual Report, *supra* note 661, at 11 ("We maintained a high level of liquidity… Strong liquidity is a constant for us."); *id.* at 13 (JPMorgan "remain[ed] very active in the interbank market (where banks lend to each

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that the sources cited in FNs 667 and 668 are consistent with the assertions in Paragraph 464. **DISPUTED** that ████████████████ ████████████████████████████████████████████████████████████ *See* PJC ¶ 18.

465.    ████████████████████████████████████████████████████
████████████████████████████████████████████████████████[669]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit 39 to the Barclays Declaration is consistent with the assertion in Paragraph 465. **DISPUTED** that ████████████████████ ████████████████████████████████████████████████████████████ *See* PJC ¶ 18.

***Lloyds Bank***

466.    Before LBG's acquisition of HBOS, "Lloyds TSB had pursued a more prudent strategy than other UK banks and as a result its pre-tax income growth between 2003 and 2007 was below the UK average. Lloyds TSB decided to limit its exposure to higher risk business segments such as non-prime mortgage lending, higher risk wholesale segments etc. For this reason[,] Lloyds TSB was resilient to the banking crises: in 2008 Lloyds TSB made a profit of

___

other) and . . . had on average $40 billion to $50 billion out in the interbank market each night"); *id.* at 76 ("The increase from December 31, 2007, in deposits with banks reflected a higher level of interbank lending."); JPMorgan Chase & Co., 2009 Annual Report (Form 10-K) 27-28 (Feb. 24, 2010), https://www.jpmorganchase.com/content/dam/jpmc/jpmorgan-chase-and-co/investor-relations/documents/2009-AR.pdf ("We consistently maintained extremely high capital levels. We kept our liquidity extremely high.… We always maintained excess liquidity at the bank holding company. We had and continue to have enough cash or cash equivalents on hand to fund ourselves for more than two years, even in the event that we are unable to borrow from the unsecured credit markets at all.").

[669] *See, e.g.*, Barclays Decl., Ex. ██ (██████████████████████) ████████████████ Deutsche Bank Decl., Ex. ██ (████████ Dep. Tr. 41:13-42:4) ████████████████████████████ ████████████████████████).

£845 million. . . ."[670]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b,e)] that Exhibit 11 to the Lloyds Bank Declaration is consistent with the assertion in Paragraph 466. **DISPUTED** that any inference can be drawn from this assertion that Lloyds Bank did not face financial difficulties during the Relevant Period. *See* PJC ¶ 19.

467. ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████[671]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a)] that Exhibit 6 to the Lloyds Bank Declaration is consistent with the assertions in Paragraph 467. **DISPUTED** that any inference can be drawn from this assertion that Lloyds Bank did not face financial difficulties during the Relevant Period. *See* PJC ¶ 19.

468. In 2008, Lloyds Bank obtained liquidity from the Bank of England's Special Liquidity Scheme and HM Treasury's Credit Guarantee Scheme for short-term funding.[672]

**PLAINTIFFS' RESPONSE:** **DISPUTED**[(b,e)] that the money received by Lloyds Bank pursuant to the Bank of England's Special Liquidity Scheme and HM Treasury's Credit Guarantee Scheme were "short-term funding." *See* Christian McNamara, *The United Kingdom's Credit Guarantee Scheme (U.K. GFC)*, 2 J. of Financial Crises 3, 927-947, https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3718007 ("Under the Guarantee Scheme,

---

[670] Lloyds Bank Decl., Ex. 11 (U.K. Restructuring of Lloyds Banking Group ¶ 8, State aid No. N 428/2009 (Nov. 18, 2009), https://ec.europa.eu/competition/state_aid/cases/232373/232373_1069315_136_2.pdf).

[671] *Id.*, Ex. ██ (████████ Dep. Tr. 73:7-20).

[672] *Id.*, Ex. 3 (LBG 2008 Report 14).

eligible institutions could pay a risk-based fee and issue debt with terms of up to three years that would be guaranteed by HM Treasury."); Sarah John, et al., *The Bank of England's Special Liquidity Scheme* (Bank of England, Q1 2012), https://www.bankofengland.co.uk/-/media/boe/files/quarterly-bulletin/2012/the-boes-special-liquidity-scheme.pdf ("Under the terms of the SLS, banks . . . could, for a fee, swap high-quality mortgage-backed and other securities that had temporarily become illiquid for UK Treasury bills, for a period of up to three years.").

**DISPUTED** that any inference can be drawn from this assertion that Lloyds Bank did not face financial difficulties during the Relevant Period. *See* PJC ¶ 19.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 468:** Plaintiffs do not dispute that the material cited at footnote 672 supports Defendants' assertion in paragraph 468. Plaintiffs' purported dispute concerning "short-term funding" is one of characterization and description, not a dispute of material fact, and therefore should be disregarded. In addition, the first publication cited in Plaintiffs' response is inadmissible hearsay and not capable of being converted into admissible evidence. *See* Fed. R. Civ. P. 56(c)(2). The Court should deem Defendants' statement admitted because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement. Fed. R. Civ. P. 56(c), (e).

469.    In anticipation of the closing of LBG's acquisition of HBOS, on January 13, 2009, HM Treasury subscribed for approximately 2.597 billion shares in LBG, reflecting substantial capital it had put into the bank; this gave the U.K. government a 30.2% interest in Lloyds Bank's ordinary share capital. Upon the acquisition of HBOS, the U.K. government's percentage interest in LBG's ordinary share capital grew to 43.4%.[673]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit 12 to the Lloyds Bank Declaration is consistent with the assertions in Paragraph 469. **DISPUTED** that the UK Government's investment of £20.3 billion in Lloyds was anything other than a government bailout. *See* Federico

---

[673]    *Id.*, Ex. 12 (Lloyds Banking Group, *Annual Report and Accounts 2009* 216, https://www.lloydsbankinggroup.com/assets/pdfs/investors/annual-report/2009-download-links/2009_lbg_annual_report.pdf).

Mor, *Bank rescues of 2007-09: outcomes and costs*, Briefing Paper No. 5748 (House of Commons Library Oct. 8, 2018), https://researchbriefings.files.parliament.uk/documents/SN05748/SN05748.pdf (calling the UK Government's investment in Lloyds as a "rescue"; "From September 2007 to December 2009, the then Labour Government made a number of interventions to support the banking sector generally and several banks specifically. It injected £137 billion of public money in loans and capital to stabilise the financial system, most of which has been recouped over the years"; "Most of the Government cash was used to 'recapitalise' (give fresh capital to) the ailing banks. The Government bought shares of HBOS and Lloyds TSB (which became the Lloyds Banking Group in January 2009)"). **DISPUTED** that any inference can be drawn from this assertion that Lloyds Bank did not face financial difficulties during the Relevant Period. *See* PJC ¶ 19.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 469:** Plaintiffs do not dispute Defendants' assertion and explicitly admit that the material cited at footnote 673 supports that assertion. Plaintiffs' purported dispute concerning "the UK Government's investment" is one of characterization and description, not a dispute of material fact. The statements in Plaintiffs' response in no way contradict the statement in paragraph 469 and therefore should be disregarded. The Court should deem Defendants' statement admitted because Plaintiffs fail to properly address the statement and fail to create a genuine dispute of fact concerning the statement. Fed. R. Civ. P. 56(c), (e).

*MUFG*

470. ██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████.[674]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ to the Blakemore Bank Declaration is consistent with the assertions in Paragraph 471.

---

[674] Blakemore Decl., Ex. ██ (████████ Tr. 28:4-23).

*NatWest*

471.    NatWest is a U.K.-based bank.[675]

**PLAINTIFFS' RESPONSE: ADMITTED**.

472.    ██████████████████████████████████████████

██████████████████████████████████████[676]███████████

███████████.[677]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 9 of the Blakemore Declaration is consistent with the assertion in Paragraph 472. **DISPUTED** that ████████████

████████████████████████████████████████████. *See* Carmody Decl. PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report) § III; PX0696 (Snow Reply Report at §§ III & IV); *see also* PJC ¶ 263.

473.    ██████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████[678]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 9 of the Blakemore Declaration is consistent with the assertion in Paragraph 473. **DISPUTED** that ████████████████

██████████████████████████████████████████ *See*

---

[675] *See* NatWest Decl., Ex. █ (████████ (NatWest) Dep., Ex. 70, ¶ 14 (RBS_MDL_001845435)).
[676] ████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████ *See* Blakemore Decl.,
Ex. █ (Hubbard Opening ¶ 46 n.80; ¶¶ 41-44) ████████████████
████████
[677] *Id.*, Ex. 9 (Hubbard Opening, Ex. 8A).
[678] *Id.*, Ex. 9 (Hubbard Opening, Ex. 8B).

Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV); *see also* PJC ¶ 263.

474. ███████████████████████████████████████████

████████████████████████████████████████████████

██████████████████[679]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,b,e] that Exhibit 45 of the Blakemore Declaration is consistent with the assertion in Paragraph 474. **DISPUTED** that ██████████████████

████████████████████████████████████████. *See* Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV); *see also* PJC ¶ 263.

475. ███████████████████████████████████████████

████████████████████████████████████████████████

██████████████████[680]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[a,b,e] that Exhibit 45 of the Blakemore Declaration is consistent with the assertion in Paragraph 475. **DISPUTED** that ██████████████████

████████████████████████████████████████████ *See* Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III &

---

[679] *Id.*, Ex. 45 (Reply Report of Prof. Glenn Hubbard Replying to the June 18, 2024 Rebuttal Report of Dr. Karl Snow, dated Aug. 16, 2024 ("Hubbard FFFP Reply"), Ex. 1C).
[680] *Id.*, Ex. 45 (Hubbard FFFP Reply, Ex. 1D).

IV); *see also* PJC ¶ 263.

476. ██████████████████████████████████████

███████[681] ██████████████████████████████████████
██████████.[682]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a,b,e] that Exhibit 9 of the Blakemore Declaration is consistent with the assertion in Paragraph 476. **DISPUTED** that these █████████████ ████████████████████████████████████ *See* Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV); *see also* PJC ¶ 263.

477. ██████████████████████████████████████
████████████████████████████████████████[683]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a,b,e] that Exhibit 9 of the Blakemore Declaration is consistent with the assertion in Paragraph 477. **DISPUTED** that █████████████ ██████████████████████████████. *See* Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV); *see also* PJC ¶ 263.

478. ██████████████████████████████████████

---

[681] ██████████████████████████████████████████. *See id.*, Ex. 9 (Hubbard Opening § V.C).
[682] *Id.*, Ex. 9 (Hubbard Opening, Ex. 9A).
[683] *Id.*, Ex. 9 (Hubbard Opening, Ex. 9B).

██████████████████████████████████████████████████[684]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 45 of the Blakemore Declaration is consistent with the assertion in Paragraph 478. **DISPUTED** that ████████████████████ ███████████████████████████████████████████. *See* Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV); *see also* PJC ¶ 263.

479. ████████████████████████████████████████
████████████████████████████████████████████████
████████.[685]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 45 of the Blakemore Declaration is consistent with the assertion in Paragraph 479. **DISPUTED** that ████████████████████ ███████████████████████████████████████ *See* Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV); *see also* PJC ¶ 263.

480. ████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████[686]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 9 of the Blakemore Declaration is

---

[684] *Id.*, Ex. 45 (Hubbard FFFP Reply) █████████████████████████
███████████).

[685] *Id.*, Ex. 45 (Hubbard FFFP Reply) (████████████████████████
██████████).

[686] *Id.*, Ex. 9 (Hubard Opening, Ex. 8A).

consistent with the assertion in Paragraph 480. **DISPUTED** that ███████████████ ██████████████████████████████████████████████████████████. *See* Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV; *see also* PJC ¶ 263.

481.    ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████.[687]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit 9 of the Blakemore Declaration is consistent with the assertion in Paragraph 481. **DISPUTED** that ███████████████ ███████████████████████████████████████████. *See* Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV; *see also* PJC ¶ 263.

482.    ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████.[688]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit 45 of the Blakemore Declaration is consistent with the assertion in Paragraph 482. **DISPUTED** that ███████████████ ███████████████████████████████████████████. *See* Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening

---

[687] *See id.*, Ex. 9 (Hubbard Opening, Ex. 8B).
[688] *Id.*, Ex. 45 (Hubbard FFFP Reply, Ex. 1C).

Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV); *see also* PJC ¶ 263.

483. ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████ [689]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit 45 of the Blakemore Declaration is consistent with the assertion in Paragraph 483. **DISPUTED** that ██████████████████

███████████████████████████████████████████. *See* Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV); *see also* PJC ¶ 263.

484. ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████. [690]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit 9 of the Blakemore Declaration is consistent with the assertion in Paragraph 484. **DISPUTED** that ██████████████████

███████████████████████████████████████████. *See* Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV); *see also* PJC ¶ 263.

---

[689] *Id.*, Ex. 45 (Hubbard FFFP Reply, Ex. 1D).
[690] *Id.*, Ex. 9 (Hubbard Opening, Ex. 9A).

485. ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████.[691]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit 9 of the Blakemore Declaration is consistent with the assertion in Paragraph 485. **DISPUTED** that ████████████████████████ ████████████████████████████████████ *See* Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV); *see also* PJC ¶ 263.

486. ████████████████████████████████████

████████████████████████████████████████████

████████████████████████.[692]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibit 45 of the Blakemore Declaration is consistent with the assertion in Paragraph 486. **DISPUTED** that ████████████████████ ████████████████████████████████. *See* Carmody Decl., PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5); PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV); *see also* PJC ¶ 263.

487. ████████████████████████████████████

████████████████████████████████████████████

---

[691] *See id.*, Ex. 9 (Hubbard Opening, Ex. 9B).
[692] *Id.*, Ex. 45 (Hubbard FFFP Reply) (████████████████████████████████ ██████████████.

█████████████████████████████████████████████████████.[693]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b,e)] that Exhibit 45 of the Blakemore Declaration is consistent with the assertion in Paragraph 487. **DISPUTED** that █████████████████

████████████████████████████████████████████████. *See* Carmody Decl.,

PX1024 (Bernheim's Rebuttal Report at ¶¶ 34-35); PX0695 (Snow Opening Report at § 5);

PX0694 (Snow Rebuttal Report at § III); PX0696 (Snow Reply Report at §§ III & IV); *see also*

PJC ¶ 263.

### Norinchukin

488.    Norinchukin is a cooperative bank.[694] Its primary members comprise agricultural,

forestry, and fishery cooperatives.[695]

**PLAINTIFFS' RESPONSE:** **ADMITTED**.

489.    Norinchukin uses its members' funds to invest in financial instruments and extend

loans, distributing profits from those activities to its cooperative members.[696]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b,e)] that Exhibits ████ to the Norinchukin

Declaration are consistent with the assertion in Paragraph 489. **DISPUTED** that any inference can

---

[693] *Id.*, Ex. 45 (Hubbard FFFP Reply) (████████████████████████████████████████

█████████).

[694]    Norinchukin    Decl.,    Ex.    7    (Annual    Report,    Norinchukin,    2    (Aug.    2007),

https://www.nochubank.or.jp/en/ir/annual_report/pdf/ar07_all.pdf); *id.*, Ex. 8 (Annual Report, Norinchukin, 6 (Aug.

2008),    https://www.nochubank.or.jp/en/ir/annual_report/pdf/ar_2008_00.pdf);    *id.*,    Ex.    9    (Annual    Report,

Norinchukin, 7 (Aug. 2009), https://www.nochubank.or.jp/en/ir/annual_report/pdf/ar_2009.pdf); *id.*, Ex. 10 (Annual

Report, Norinchukin, 7 (Aug. 2010), https://www.nochubank.or.jp/en/ir/annual_report/pdf/ar_2010.pdf).

[695] *Id.*, Ex. 7 (Annual Report, Norinchukin, *supra* note 694); *id.*, Ex. 8 (Annual Report, Norinchukin, *supra* note 694,

at 1); *id.*, Ex. 9 (Annual Report, Norinchukin, *supra* note 694, at 1); *id.*, Ex. 10 (Annual Report, Norinchukin, *supra*

note 694, at 1).

[696] *Supra* note 694.

be drawn from this assertion that Norinchukin did not face financial difficulties during the Relevant Period. *See* PJC ¶ 20.

490. ██████████ the individual with primary responsibility for determining Norinchukin's USD LIBOR submissions, ████████████████████████

████████████████████████████████████████████████
█████████████████████████████.[697]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,e] that Exhibits ████████ to the Norinchukin Declaration are consistent with the assertion in Paragraph 490. **DISPUTED** that ████████

████████████████████████████████████████████████

██████████ *See* PJC ¶ 20.

491. During the financial crisis, ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████
██████████.[698]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,e] that Exhibit ██ to the Norinchukin Declaration is consistent with the assertion in Paragraph 491. **DISPUTED** that ████████████████

████████████████████████████████████████████████. *See* PJC ¶ 20.

492. Norinchukin's London Branch ████████████████████████

---

[697] Norinchukin Decl., Ex ██ (██████████ Dep. Tr. 172:2-19); *id.*, Ex. ██ (████ (Norinchukin) Dep., Ex. 4, at 20 (NB-USDMDL-00645605)).
[698] *Id.*, Ex. ██ ██████ (Norinchukin) Dep., Ex. 34, at 34 (NB-USDMDL-00610956)).



**PLAINTIFFS' RESPONSE: ADMITTED**[a,c] that Exhibit ▮ to the Norinchukin Declaration is consistent with the assertion in Paragraph 492. **DISPUTED** that ▮▮▮▮▮▮▮▮▮▮▮. *See* PJC ¶ 20.

493. ▮▮▮▮▮▮▮▮▮▮▮▮.[702]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,c] that Exhibit ▮ to the Norinchukin Declaration is consistent with the assertions Paragraph 493. **DISPUTED** that ▮▮▮▮▮▮▮▮▮▮▮ *See* PJC ¶ 20.

*Portigon*

494.    During the Relevant Period, Portigon was a German joint stock company owned in significant part by the German state of North Rhine-Westphalia and regional bank associations.[703]

**PLAINTIFFS' RESPONSE: ADMITTED**.

---

[699] *Id.*, Ex. ▮ (▮▮ (Norinchukin) Dep., Ex. 34, at 35 (NB-USDMDL-00610956)).
[700] *Id.*, Ex. ▮ (▮▮ (Norinchukin) Dep., Ex. 34, at 35 (NB-USDMDL-00610956)).
[701] *Id.*, Ex. ▮ (▮▮ (Norinchukin) Dep., Ex. 34, at 36, 37 (NB-USDMDL-00610956)) ▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮).
[702] *Id.*, Ex. ▮ (▮▮ (Norinchukin) Dep., Ex. 34, at 35 (NB-USDMDL-00610956)).
[703] Portigon Decl., Ex. 4 (Decision of the EC on the State aid No C 43/2008 (ex N 390/2008) implemented by Germany for the restructuring of WestLB AG ¶¶ 12-13 (May 12, 2009) (the "2009 EC Decision")).

495.    "From the middle of 2007 the ongoing turmoil in the financial markets affected [Portigon's] structured portfolio investments, which included exposures to U[.]S[.] subprime real estate loans. The *mark-to-market* valuations of the securities suffered, and [Portigon] was unable to refinance the structured portfolio by selling notes on the market."[704]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] that Exhibit 4 to the Portigon Declaration is consistent with the assertion in Paragraph 495.

496.    Portigon reported a net loss of €1.2 billion for fiscal year 2007.[705]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] that Exhibit 5 of the Portigon Declaration is consistent with the assertion in Paragraph 496.

497.    In November 2007, Moody's downgraded Portigon's unsecured deposit and debt ratings from A1 to A2, with a negative outlook, citing Portigon's "profit warning for the financial year 2007" and the bank's "structural lack of profitability," among other factors.[706] At the time, S&P left unchanged its long-term rating of A-, with a negative outlook, and DBRS left unchanged its rating of A (high).[707]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] that Exhibit 5 of the Portigon Declaration is consistent with the assertion in Paragraph 497.

498.    "Due to the negative impact which the financial market crisis had on the results reported in [Portigon's] 2007 annual financial statements, the resulting threat of further rating downgrades and the ongoing volatility in the valuation of structured securities in the current fiscal

---

[704] *Id*. ¶ 16.
[705] *Id.*, Ex. 5 (Financial Report 2007 of WestLB AG 15 (the "2007 Portigon Financial Report")).
[706] *Id.*, Ex. 6 (Rating Action: Moody's downgrades WestLB's ratings 1 (Nov. 14, 2007)).
[707] *Id.*, Ex. 5 (2007 Portigon Financial Report 7).

year, [Portigon's] owners reached an agreement on February 8, 2008 to strengthen the Bank's capital base and introduce a comprehensive risk shield."[708] Additional planned restructuring measures included "an almost 50% reduction of balance sheet and [risk-weighted assets] respectively, the sale of the bank as a whole or in parts in form of an open tender procedure, the sale of nearly all subsidiaries . . . and the closure of the majority of the bank's locations."[709]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibits 4 and 5 of the Portigon Declaration are consistent with the assertion in Paragraph 498.

499.    Portigon reported a net profit of €100 million for 2008.[710]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 7 of the Portigon Declaration is consistent with the assertion in Paragraph 499.

500.    Also in 2008, S&P "placed [Portigon] on credit watch with negative implications."[711]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 7 of the Portigon is consistent with the assertion in Paragraph 500.

501.    Portigon reported a net loss of €294.9 million for 2009.[712]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 8 of the Portigon Declaration is consistent with the assertion in Paragraph 501.

---

[708] *Id.*, Ex. 4 (2007 Portigon Financial Report 50); *id.*, Ex. 5 (2009 EC Decision ¶ 17) ("The owners essentially agreed on a structure to ring-fence substantial risks in the bank's structured portfolios, which shall be secured by a risk shield of 5 billion."); *id.*, Ex. 5 (2009 EC Decision ¶ 19) ("The risk shield provide[d] the legal basis for the transfer of impaired assets from [Portigon] to a special purpose vehicle" that was "equivalent to an 'individual' bad bank which benefit[ted] from a state guarantee.").
[709] *Id.*, Ex. 4 (2009 EC Decision ¶ 71).
[710] *Id.*, Ex. 7 (Single-Entity Accounts 2008 of WestLB AG 19).
[711] *Id.*, Ex. 7 (Single-Entity Accounts 2008 of WestLB AG 9).
[712] *Id.*, Ex. 8 (Single-Entity Accounts 2009 of WestLB AG 18 (the "2009 Portigon Single-Entity Accounts")).

502.    In 2009, S&P lowered its long-term rating for Portigon to BBB+ with a negative outlook.[713] S&P explained: "The negative outlook reflects our view that [Portigon] will find it difficult in the short to medium term to cope with the impact of the recession on its remaining loan book, the financial market crisis, and the restructuring process needed to reduce nonstrategic businesses, capital leverage, funding needs, and cost base."[714] Moody's placed its long-term A2 rating for Portigon on review, and DBRS left its ratings unchanged.[715]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibits 8 and 9 of the Portigon Declaration are consistent with the assertion in Paragraph 502.

503.    In December 2009, Germany submitted a modified restructuring plan for Portigon to the EC.[716]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 10 of the Portigon Declaration is consistent with the assertion in Paragraph 503.

504.    Portigon reported a net profit of €0 for 2010.[717]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 11 of the Portigon Declaration is consistent with the assertion in Paragraph 504.

505.    On May 4, 2010, Moody's lowered its long-term rating for the bank to A3.[718]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 11 of the Portigon Declaration is consistent with the assertion in Paragraph 505.

---

[713] *Id.*, Ex. 9 (S&P's Ratings Direct 3 (Oct. 15, 2009)).
[714] *Id.*, Ex. 9 (S&P's Ratings Direct 3 (Oct. 15, 2009)).
[715] *Id.*, Ex. 8 (2009 Portigon Single-Entity Accounts 11).
[716] *Id.*, Ex. 10 (Decision of the EC on the State aid C 40/2009 and C 43/2008 for the restructuring of WestLB AG ¶ 4 (Dec. 20, 2011) (the "2011 EC Decision")).
[717] *Id.*, Ex.11 (Single-Entity Accounts 2010 of WestLB AG 22).
[718] *Id.*, Ex. 11 (Single-Entity Accounts 2010 of WestLB AG 12).

506.    In 2011, Germany submitted to the EC a restructuring plan that amounted to "an orderly winding-down" of Portigon.[719]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 10 of the Portigon Declaration is consistent with the assertion in Paragraph 506.

### Rabobank

507.    Rabobank is a cooperative food and agricultural bank headquartered in Utrecht, Netherlands.[720]

**PLAINTIFFS' RESPONSE: ADMITTED**.

508.    Rabobank was the only Panel Bank that received S&P's highest credit rating of "AAA" throughout the Relevant Period.[721]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibits █ to the Rabobank Declaration and Exhibits 33, 2, 3, and 4 to the Blakemore Declaration are consistent with the assertion in Paragraph 508. **DISPUTED** that ███████████████████████████████████████████ ████████████████████████████████  *See* PJC ¶ 21.

509.    Throughout the Relevant Period, rating agencies remarked on Rabobank's uniquely strong liquidity position during the financial crisis in their reports regarding Rabobank:

    a.    In January 2008, S&P observed that Rabobank's "[l]iquidity remains strong . . . .

---

[719] *Id.*, Ex. 10 (2011 EC Decision ¶ 175); *see generally id.*, Ex. 10 (2011 EC Decision ¶¶ 14-15).
[720] Declaration of ███████ ("█████ Decl.") ¶ 1.
[721] Rabobank Decl., Ex. █ ███████ Dep. Tr. 44:6-9) ████████████████████████████████████
████████); *see also* Blakemore Decl., Ex. 33 (Rebuttal Report of Dr. Karl Snow, dated June 18, 2024 ("Snow Reb.") Figs. 34, 35); █████ Decl., Ex. 1 (S&P Credit Report: Rabobank Nederland 17-18 (Jan. 14, 2008) (identifying Rabobank's Credit Rating as AAA/Stable/A-1+)); *id.*, Ex. 2 (S&P Rating Report: Rabobank Nederland 2 (June 15, 2009) (identifying Rabobank's Credit Rating as AAA/Stable/A-1+)); *id.*, Ex. 3 (S&P Rating Report: Rabobank Nederland 1 (Dec. 16, 2009) (identifying Rabobank's Counterparty Credit Rating as AAA/Negative/A-1+)); *id.*, Ex. 4 (S&P Rating Report: Rabobank Nederland 1 (Dec. 10, 2010) (identifying Rabobank's Counterparty Credit Rating as AAA/Negative/A-1+)).

Rabobank is coping well with the reduced liquidity in the international banking markets. This is due to its strong internal liquidity and funding mix."[722]

b.  In the same report, S&P further observed that "Rabobank is currently benefiting slightly from a 'flight to quality' effect."[723]

c.  In June and December 2009, S&P observed that Rabobank's "funding and liquidity positions are strong and anchored by its market-leading domestic retail deposit base, which received a strong net inflow in 2008."[724]

d.  In September 2008, Fitch observed that "as a highly rated entity, Rabo has access to the money and capital markets even in difficult circumstances."[725]

e.  In the same report, Fitch further observed that Rabobank has a "[g]ood liquidity position" and "Rabo's funding mix is well diversified."[726]

f.  In November 2008, Moody's observed that "[l]iquidity management is viewed as a strength given the [Rabobank's] important retail deposit base, which proved more than resilient since the beginning of the financial crisis, and especially in the turmoil of September/October [2008]."[727]

g.  Moody's reports from August 2009, March 2010, and April 2010 observed that "Rabobank was one of the few institutions worldwide capable of maintaining its

---

[722] Jongmans Decl., Ex. 1 (S&P Credit Report: Rabobank Nederland 3, 9 (Jan. 14, 2008)).

[723] *Id.*; *see also id.*, Ex. 3 (S&P Rating Report: Rabobank Nederland 7 (Dec. 16, 2009) (same); *id.*, Ex. 4 (S&P Rating Report: Rabobank Nederland 8 (Dec. 10, 2010) (same)).

[724] *Id.*, Ex. 2 (S&P Credit Opinion: Rabobank Nederland 2 (June 15, 2009); *id.*, Ex. 3 (S&P Rating Report: Rabobank Nederland 1 (Dec. 16, 2009)).

[725] *Id.*, Ex. 5 (Fitch Credit Analysis: Rabobank Group 8 (Sept. 10, 2008)); *see also id.*, Ex. 6 (Fitch Credit Analysis: Rabobank Group 8 (Dec. 9, 2009) (same)); *id.*, Ex. 7 (Fitch Credit Rating Report: Rabobank Group 8 (Aug. 17, 2010) (same)).

[726] *Id.*, Ex. 5 (Fitch Credit Analysis: Rabobank Group 8 (Sept. 10, 2008)).

[727] *Id.*, Ex. 8 (Moody's Credit Opinion: Rabobank Nederland 4 (Nov. 28, 2008)); *see also id.*, Ex. 9 (Moody's Credit Opinion: Rabobank Nederland 3 (Aug. 14, 2009) (same)); *id.*, Ex. 10 (Moody's Credit Opinion: Rabobank Nederland 4 (Mar. 12, 2010) (same)); *id.*, Ex. 11 (Moody's Credit Analysis: Rabobank Nederland 12 (Apr. 29, 2010) (same)).

access to market funding all through" the 2008 liquidity squeeze.[728]

h.  In its April 2010 report, Moody's also observed that "Rabobank did not need any form of support from the Dutch government at any point during the [financial] crisis."[729]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] that Exhibits 1-11 of the Jongmans Declaration are consistent with the assertion in Paragraph 509. **DISPUTED** that ███████████████████████ ████████████████████████████████████████████████████████████

*See* PJC ¶ 21.

510. ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ [730]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] that Exhibit █ of the Rabobank Declaration is consistent with the assertion in Paragraph 509. **DISPUTED** that ████████████████████ ████████████████████████████████████████████████ *See* PJC

¶ 21.

511. ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████. [731]

---

[728] *Id.*, Ex. 9 (Moody's Credit Opinion: Rabobank Nederland 3 (Aug. 14, 2009)); *see also id.*, Ex. 10 (Moody's Credit Opinion: Rabobank Nederland 4 (Mar. 12, 2010) (same); *id.*, Ex. 11 (Moody's Credit Analysis: Rabobank Nederland 12 (Apr. 29, 2010) (same)).
[729] *Id.*, Ex. 11 (Moody's Credit Analysis: Rabobank Nederland 1 (Apr. 29, 2010)).
[730] Rabobank Decl., Ex. █ (███████████ Dep. Tr. 36:3-10) ██████████████████████████ ████████████████).
[731] *See, e.g.*, *id.*, Ex. 11 (Email Between █████████████████, among others, Aug. 17, 2007,

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] that Exhibit ■ of the Rabobank Declaration is consistent with the assertions in Paragraph 511. **DISPUTED** that Exhibit ■ to the Rabobank Declaration is consistent with the assertion in Paragraph 511. *See* Rabobank Decl., Ex. ■



**DISPUTED** that Exhibit ■ to the Rabobank Declaration is consistent with the assertion in Paragraph 511. *See id.* Ex. 10

**DISPUTED** that

. *See* PJC ¶ 21.

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 511:

Plaintiffs impermissibly both admit and dispute that Exhibit 11 of the Rabobank Declaration is consistent with the assertions in paragraph 511. *See Risco v. McHugh*, 868 F. Supp. 2d 75, 86 n.2 (S.D.N.Y. 2012) (plaintiff's response to defendant's Rule 56.1 statement is deficient where, among other significant defects, counsel both admitted and denied the same asserted fact). In addition, the statements quoted by Plaintiffs in support of their denial in no way contradicts the statement in paragraph 511. The Court should deem Defendants' statement admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

---

RABO_METZLER_0198753 at -755) ■



*id.*, Ex. 12 (Email Between

, Mar. 27, 2008, RABO_METZLER_0199224) (

*id.*, Ex. ■ (          (Rabobank) Dep., Ex. 24-1, at 2 (RABO_METZLER_0179325))

512.    ████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████ [732]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] that Exhibit █ of the Rabobank Declaration is consistent with the assertions in Paragraph 512. **DISPUTED** that ████████████████████

████████████████████████████████████████████ *See* PJC

¶ 21.

### *RBC*

513.    RBC maintained a AA- credit rating by S&P throughout the Relevant Period, and its Moody's credit rating ranged from Aaa to Aa1.[733] The credit rating assigned to RBC's senior debt in 2010 was Aaa by Moody's and AA- by S&P.[734]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] that Exhibit 11 of the RBC Declaration and Exhibit 33 of the Blakemore Declaration are consistent with the assertions in Paragraph 513. **DISPUTED** that any inference can be drawn from this assertion that RBC did not face financial difficulties during the Relevant Period. *See* PJC ¶ 22.

514.    RBC's debt ratings remained unchanged from 2007 to 2010.[735] In 2008, RBC reported net income of CDN 4.555 billion and revenues of CDN 21.582 billion.[736] In 2009, RBC

---

[732] *See, e.g., id.,* Ex. ████████████████████████████████

██████████████████████████ ; Barclays Decl., Ex. ██████████

████████████████████████████████████████████████

[733] Blakemore Decl., Ex. 33 (Snow Reb. Figs. 34, 35).

[734] *See* RBC Decl., Ex. 11 (RBC Annual Report 47 (2010)).

[735] *See id.,* Ex. 8 (RBC Annual Report 97-98 (2007)); *id.,* Ex. 9 (RBC Annual Report 111 (2008)); *id.,* Ex. 10 (RBC Annual Report 53 (2009)); *id.,* Ex. 11 (RBC Annual Report 47 (2010)).

[736] *See id.,* Ex. 9 (RBC Annual Report 1 (2008)).

reported net income of CDN 3.858 billion (CDN 4.9 billion adjusted net income) and revenues of CDN 29.106 billion.[737] In 2010, RBC reported net income of CDN 5.2 billion and revenues of CDN 28.330 billion.[738]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibits 8-11 of the RBC Declaration are consistent with the assertions in Paragraph 514. **DISPUTED** that any inference can be drawn from this assertion that RBC did not face financial difficulties during the Relevant Period. *See* PJC ¶ 22.

515.    ████████████████████████████████████████████████
████████████████████████████[739]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibits 6, 12, and 13 of the RBC Declaration are consistent with the assertions in Paragraph 515. **DISPUTED** that any inference can be drawn from this assertion that RBC did not face financial difficulties during the Relevant Period. *See* PJC ¶ 22.

***UBS***

516.    During the Relevant Period, UBS was one of the "world's largest wealth manager[s], a leading institutional asset manager, and the largest retail and commercial bank in Switzerland."[740]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit 25 to the UBS Declaration is consistent with the assertion in Paragraph 516. **DISPUTED** that any inference can be drawn from

---

[737] *See id.*, Ex. 10 (RBC Annual Report 1, 6 (2009)).
[738] *See id.*, Ex. 11 (RBC Annual Report 1, 6 (2010)).
[739] *Id.*, Ex. ██ ████████ Dep. Tr. 91:3-19); *see also id.*, Ex. ██ (████ (BBA) Dep., Ex. 6, at 2-3 (JE 0006A))
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████
[740] UBS Decl., Ex. 25 (S&P's Global Credit Portal RatingsDirect Research Update: UBS 2 (June 3, 2008)); *id.*, Ex. 26 (S&P's UBS Global Credit Portal RatingsDirect Research Update: UBS 3 (Dec. 16, 2009)).



this assertion that UBS did not face financial difficulties during the Relevant Period. *See* PJC ¶ 23.

517.  ███████████████████████████████████. [741] ████

████████████████████████████████████████████

███████. [742] Between 2007 and 2010, half or more of UBS's funding originated from currencies

other than USD. [743]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibits ██ and 27-28 are consistent with

the assertions in Paragraph 517. **DISPUTED** that any inference can be drawn from this assertion

that UBS did not face financial difficulties during the Relevant Period. *See* PJC ¶ 23.

518.  At the start of the financial crisis and until April 1, 2008, UBS maintained ████

████████████████████████████████████████████

███████████████████████. [744]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibits 34 and 35 to the Blakemore

Declaration are consistent with the assertions in Paragraph 518. *See e.g.*, Blakemore Decl., Ex. 35

████████████████████████████████████████████

████████████████████████████████████████████

██████████████  **DISPUTED** that any inference can be drawn from this assertion that

UBS did not face financial difficulties during the Relevant Period. *See* PJC ¶ 23.

519.  ████████████████████████████████████████

<hr />

[741] *Id.*, Ex. ██ (███ Decl. ¶ 9).
[742] *Id.*, Ex. ███ Decl. ¶ 9).
[743] *Id.*, Ex. 27 (UBS 2007 Annual Report 54 (Mar. 25, 2008)) (49% of UBS's funding originated from currencies other than USD); *id.*, Ex. 28 (UBS 2008 Annual Report 150 (Mar. 11, 2009)) (52%); *id.*, Ex. 29 (UBS 2009 Annual Report 147 (Mar. 15, 2010)) (57%); *id.*, Ex. 30 (UBS 2010 Annual Report 151 (Mar. 15, 2011)) (56%).
[744] Blakemore Decl., Ex. 34 (Rebuttal Report of Prof. Glenn Hubbard Replying to the Apr. 19, 2024 Expert Report of Dr. Karl Snow, dated June 18, 2024 ("Hubbard FFFP Reb."), Ex. 41, at 6); *id.*, Ex. 35 (███████████████████████████
██████████████████████████.



████████████████████████████████████████████████████████████████

████████████████████,,[745]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b,e)] that Exhibit ██ to the Blakemore Declaration is consistent with the assertions in Paragraph 519. **DISPUTED** that any inference can be drawn from this assertion that UBS did not face financial difficulties during the Relevant Period. *See* PJC ¶ 23.

520.    ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████.[746]

**PLAINTIFFS' RESPONSE:** **DISPUTED**[(b,e)] that Exhibits ██ and ██ to the Blakemore Declaration are consistent with the assertions in Paragraph 520. *See* UBS Decl., Ex. ████████

████████████████████████████); *id.*, Ex. ██ (same). **DISPUTED** that any inference can be drawn from this assertion that UBS did not face financial difficulties during the Relevant Period. *See* PJC ¶ 23.

521.    Between April 1, 2008 and May 31, 2010, █████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[745] UBS Decl., Ex. ██ (████████████████████████████, MDL_OTC_UBSCH_0060673 at -678).

[746] *See, e.g.*, *id.*, Ex. ██ (████████████████████████████████████████
████████████████████████████████*id.*, Ex. ██ (██
████████████████, MDL_OTC_UBS_1004366 at -367) (██
████████████████████████████████████

███████.[747] UBS's receipt of support from the SNB "cap[ped] its losses" and also may have "address[ed] the uncertainty among customers."[748]

**PLAINTIFFS' RESPONSE: ADMITTED**(a,b,e) that Exhibits ██, 34, and 35 to the Blakemore Declaration are consistent with the assertions in Paragraph 521. **DISPUTED** that any inference can be drawn from this assertion that UBS did not face financial difficulties during the Relevant Period. *See* PJC ¶ 23.



[747] *Id.*, Ex. 34 (S&P's RatingsDirect Research Update: UBS 2-3 (Dec. 19, 2008)) (emphasizing UBS's "intrinsic credit profile and extraordinary external support" from the Swiss government and the SNB); *id.*, Ex. 35 (S&P's Global Credit Portal RatingsDirect Research Update: UBS 2 (Apr. 20, 2009)) ("The ratings on UBS remain underpinned by our view of its capitalization and liquidity. We saw that it raised significant capital in 2008 to offset losses…."); *see also id.*, Ex. ██ (██████ Decl. ¶ 10).

[748] *Id.*, Ex. 34 (S&P's Report 3 (Dec. 19, 2008)).

[749] *Id.*, Ex. ██ (██████ Dep. Tr. 77:11-79:4)

[750] *Id.*, Ex. ██ (██████ Dep. Tr. 78:23-79:4).

██████ [51]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a,b,d,e] that Exhibit █ to the Blakemore Declaration is consistent with the assertions in Paragraph 522. **DISPUTED** that ████████████████████ ██████████████████████████████████. *See* Source Cited in Response to Paragraph 188. **DISPUTED** that any inference can be drawn from this assertion that UBS did not face financial difficulties during the Relevant Period. *See* PJC ¶ 23.

## V.    THE RECORD DOES NOT SUPPORT PLAINTIFFS' PERSISTENT SUPPRESSION ALLEGATIONS

### A.    There Is No Evidence of Systematic or Persistent Suppression of LIBOR Submissions

#### 1.    Panel Bank Witness Testimony

*Bank of America*

523.    ████████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████ [752]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit 55 to the Blakemore Declaration is consistent with the assertion in Paragraph 523. **DISPUTED** that Exhibit █ to the Blakemore Declaration supports the assertion in Paragraph 523. Blakemore Decl, Ex. ██████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

---

[751] *Id.*, Ex. █ (██████ Dep. Tr. 78:13-19).
[752] Blakemore Decl., Ex. █ (██████ Dep. Tr. 194:2-13); *see also id.*, Ex. █ (██████, June 19, 2009, ██████) ████████████████████████ ██████████.

█████████ **DISPUTED** that ████████████████████████████

█████████████████████████████████████ *See* PJC

¶ 268. **DISPUTED** that ████████████████████████████████

███████████████████████ *See* PJC ¶ 263.

524. ██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████ [753]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ to the Blakemore Declaration is

consistent with the assertion in Paragraph 524. **DISPUTED** that ████████████████

████████████████████████████████████████

███████████████ *See* PJC ¶ 268. **DISPUTED** that ██████████████

██████████████████████████████████. *See*

PJC ¶ 263.

525. ██████████████████████████████████████

████████████████████████████████████████████████

████ „[754]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ to the Blakemore Declaration is

consistent with the assertion in Paragraph 525. **DISPUTED** that ████████████████

████████████████████████████████████████

███████████████. *See* PJC ¶ 268. **DISPUTED** that ██████████████

████████████████████████████████████████ *See*

---

[753] *Id.*, Ex. ██ (████████ Dep. Tr. 204:9-14).
[754] *Id.*, Ex. ██ (████████ Dep. Tr. 89:1-12).

PJC ¶ 263.

526. ████████████████████████████

████████████████████████████████████

██████ ██████████████████████ [756]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 526. **DISPUTED** that ████████████████████

████████████████████████████████████

████████████ *See* PJC ¶ 268. **DISPUTED** that ████████████████████

████████████████████████████████████ *See*

PJC ¶ 263.

527. ████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████ [757]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit ██ to the Blakemore Declaration is consistent with the assertion in Paragraph 527. **DISPUTED** that ████████████████████

████████████████████████████████████

---

[755] *Id.*, Ex. ██ (██████ Dep. Tr. 59:24-61:17).
[756] *Id.*, Ex. ██ (██████ Dep. Tr. 181:2-7; 60:11-14).
████████████████████████████ *Id.*, Ex. ██ (██████ Dep. Tr. 234:19-21); *see also id.*, Ex. ██ (██████ Dep. Tr. 180:21-25; 182:15-16; 188:15-17; 223:22-23; 225:11-12; 230:2-4; 230:7-8; 235:22-24; 236:7-8).
[757] *Id.*, Ex. ██ (Email from ████████████, among others, Aug. 10, 2007, ████████); *see also id.*, Ex. ██ (Bloomberg Chat from ████████ Apr. 8, 2009, BOFA-LIB0047850) (████████████████████████████████).

██████████████████████. *See* PJC ¶ 268. **DISPUTED** that ███████████████████

███████████████████████████████████████████████. *See*

PJC ¶ 263.

528.  ████████████████████████████████████

███████████████████████████████████████████

██████████████[758] █████████████████████████

███████████████████████████████████████████

████████████████████████████████████[759]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit ██ to the Blakemore Declaration is

consistent with the assertion in Paragraph 527. **DISPUTED** that ███████████████████

███████████████████████████████████████████

███████████████████ *See* PJC ¶ 268.

529.  ████████████████████████████████████

████████████████████████████[760]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ to the Blakemore Declaration is

consistent with the assertion in Paragraph 527. **DISPUTED** that ███████████████████

███████████████████████████████████████████

███████████████████ *See* PJC ¶ 268.

*Citi*

530.  ████████████████████████████████████

---

[758] *Id.*, Ex. ██ (Email from ███████████████████████████████,
Apr. 16, 2008, ████████████████████).
[759] *Id.*, Ex. ██ (████████████████).
[760] *Id.*, Ex. ██ (████████ Dep. Tr. 196:6-16).



**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ▉ to the Citi Declaration is consistent with the assertions in Paragraph 530. **DISPUTED** that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* PJC ¶ 271.

531. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉[762]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ▉ to the Citi Declaration is consistent with the assertion in Paragraph 531. **DISPUTED** that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* PJC ¶ 271.

532. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉[763]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit ▉ to the Citi Declaration is consistent with the assertion in Paragraph 532. **DISPUTED** that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[761] Citi Decl., Ex. ▉ (▉▉▉ Dep. Tr. 254:21-256:6).
[762] *Id.*, Ex. ▉ (▉▉▉ Dep. Tr. 42:21-43:1); *Id.*, Ex. ▉ (▉▉▉ Dep. Tr. 255:14-19).
[763] *Id.*, Ex. ▉ (▉▉▉ Witness Statement ¶ 69).

██████████. *See* PJC ¶ 271. **DISPUTED** that testimony regarding alleged good intent or altruistic motives is irrelevant in a *per se* antitrust case such as this one. *See FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 427 (1990) ("No matter how altruistic the motives of respondents may have been, it is undisputed that their immediate objective was to increase the price that they would be paid for their services."); *Nat'l Collegiate Athletic Ass'n v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 101 n.23 (1984) ("[It is] well settled that good motives will not validate an otherwise anticompetitive practice.").

533. ████████████████████████████████████████

████████████████████████████████████████████

██████████████████[764]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ to the Citi Declaration is consistent with the assertion in Paragraph 533. **DISPUTED** that █████████████████████████ ████████████████████████████████████████. *See* PJC ¶ 263. **DISPUTED** that ████████████████ ████████████████████████████████████ *See* PJC ¶ 271.

*Credit Suisse*

534. ████████████████████████████████████████

████████████████████████████████████████████

██████████████.[765]

**PLAINTIFFS' RESPONSE: DISPUTED**[b,e,f] that Exhibits ██ and ██ to the Credit Suisse Declaration are consistent with the assertions in Paragraph 534. Credit Suisse Decl. Ex.████

---

[764] *Id.*, Ex. ██ (████████ Dep. Tr. 44:7-17).
[765] Credit Suisse Decl., Ex. ██ (████████ Dep. Tr. 89:10-14); *Id.*, Ex. ██ (████████ Dep. Tr. 165:8-15).

Dep. Tr. at 164:13-165:15 ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ **DISPUTED** that ████████████

████████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 263. **DISPUTED** that ████████████

████████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 273. **DISPUTED** that testimony regarding alleged good intent or altruistic motives is irrelevant in a *per se* antitrust case such as this one. *See FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 427 (1990) ("No matter how altruistic the motives of respondents may have been, it is undisputed that their immediate objective was to increase the price that they would be paid for their services."); *Nat'l Collegiate Athletic Ass'n v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 101 n.23 (1984) ("[It is] well settled that good motives will not

validate an otherwise anticompetitive practice.").

535. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████. [766]

**PLAINTIFFS' RESPONSE: DISPUTED**[b,d,f] that Exhibit █ to the Credit Suisse Declaration is

consistent with the assertions in Paragraph 535. **DISPUTED** that ████████████████

████████████████████████████████████████████

*See* PJC ¶ 263. **DISPUTED** that ████████████████████████

████████████████████████████████████████ *See* PJC

¶ 273.

536. ████████████████████████████████████████

██████████████████████████████████████ ██ ███

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████,,[768] █████████████

████████████████████████████. [769]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit █ to the Credit Suisse Declaration is

consistent with the assertion in Paragraph 536. **DISPUTED** that █████████████████

████████████████████████████████████████████

---

[766] *Id.*, Ex. █ (████████ Dep. Tr. 129:1-131:1; 255:20-24).
[767] *Id.*, Ex. █████████ Dep. Tr. 254:19-24).
[768] *Id.*, Ex. ██████ Dep. Tr. 258:6-15).
[769] *Id.*, Ex. ██████ Dep. Tr. 258:16-21).

*See* PJC ¶ 263. **DISPUTED** that ████████████████████████████████

████████████████████████████████████████████████████ *See* PJC

¶ 273.

### *Deutsche Bank*

537.   ██████████████████████████████████████████

██████████████████████████████████████████████████████

██████ ,"770

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b] that Exhibit █ to the Deutsche Bank Declaration

is consistent with the assertion in Paragraph 537. **DISPUTED** that ████████████████

████████████████████████████████████████████████████

██████ *See* PJC ¶ 263. **DISPUTED** that ████████████████████████

████████████████████████████████████████████████████

██████ *See* PJC ¶ 274.

### *HBOS*

538.   ██████████████████████████████████████████

██████████████████████████████████████████████ ████████

██████████████████████████████████████████████████████

██████ .772

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Lloyds Bank Declaration is

consistent with the assertions in Paragraph 538. **DISPUTED** that ████████████████████

---

770 Deutsche Bank Decl., Ex. 5 (██████ (Deutsche Bank) Dep., Ex. ██ 0014 (DB-USDMDL 00058701)); *see also id.*, Ex. 1 (██████ Dep. Tr. 81:10-82:6); *id.*, Ex. 6 ██████ (Deutsche Bank) Dep., Ex. ██ 0011 (DB-USDMDL 00908672)); *id.*, Ex. 7 (██████ (Deutsche Bank) Dep., Ex. ██ 0014A, at 1-2 (transcript of DB-USDMDL 01360420)).
771 Lloyds Bank Decl., Ex. █ (██████ Dep. Tr. 94:13-16).
772 *Id.*, Ex. █ (██████ Dep. Tr. 153:1-7).

*See* PJC ¶ 263. **DISPUTED** that ████████████████████████████████████████ ████████████████████████████████████████ *See* PJC ¶ 276. **DISPUTED** that ████████████████████████████ ████████████████████████████████████████ ████ *See* PJC ¶ 277.

539.  ████████████████████████████████████████
████████████████████[773]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit █ to the Lloyds Bank Declaration is consistent with the assertion in Paragraph 540. **DISPUTED** that ████████████ ████████████████████████████████████████ ████████████ *See* PJC ¶ 276. **DISPUTED** that ████████████ ████████████████████████████████████████ ████████████ *See* PJC ¶ 277. **DISPUTED** that testimony regarding alleged good intent or altruistic motives is irrelevant in a *per se* antitrust case such as this one. *See FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 427 (1990) ("No matter how altruistic the motives of respondents may have been, it is undisputed that their immediate objective was to increase the price that they would be paid for their services."); *Nat'l Collegiate Athletic Ass'n v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 101 n.23 (1984) ("[It is] well settled that good motives will not validate an otherwise anticompetitive practice.").

*HSBC*

---

[773] *Id.*, Ex. █ (██████ Dep. Tr. 270:9-18).

540. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ [774]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibits ████ to the HSBC Declaration is consistent with the assertion in Paragraph 540. **DISPUTED** that ███████████████

████████████████████████████████████████████

*See* PJC ¶ 263. **DISPUTED** that ███████████████████████████

████████████████████████████████████████ *See* PJC ¶ 278.

541. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████ [775]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibits ████ to the HSBC Declaration are consistent with the assertions in Paragraph 541. **DISPUTED** that ███████████

████████████████████████████████████████████

█████████████████ *See* PJC ¶ 278.

542. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ [776]

**PLAINTIFFS' RESPONSE: DISPUTED**[b,d] that ████████ testified consistently with the

---

[774] HSBC Decl., Ex. █ (████████ Dep. Tr. 281:2-10; 281:16-23); *id.*, Ex. █ (████████ Dep. Tr. 118:16-23; 119:2-10).

[775] *Id.*, Ex. █ (████████ Dep. Tr. 281:11-15); *id.*, Ex. █ (████████ Dep. Tr. 118:24-119:1).

[776] *Id.*, Ex. █ (████████ Dep. Tr. 194:9-195:6).

assertions in Paragraph 542. *See* HSBC Decl., Ex. ▉ (▉▉▉▉ Dep. Tr. at 194:9-195:6 ▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ **DISPUTED** that

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* PJC ¶ 263. **DISPUTED** that ▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉. *See* PJC ¶ 278.

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 542:

**542:**  Plaintiffs fail to identify any evidence sufficient to create a triable issue of material fact concerning the statement in paragraph 542.  The deposition testimony quoted by Plaintiffs as the basis for their denial is the same testimony cited by Defendants.  The testimony does not support Plaintiffs' denial because Defendants' statement is a near-verbatim quote from the testimony.  The Court should deem Defendants' statement in paragraph 542 to be admitted by Plaintiffs.  Fed. R. Civ. P. 56(c), (e).

*JPMorgan*

543⎟ ▉▉▉▉▉▉ testified that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉[777] As ▉▉▉▉▉▉ testified, ▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[777] *See* JPMorgan Decl., Ex. ▉ (▉▉▉▉ Dep. Tr. 46:11-47:25).

█████████████████████████████████.[778]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibits █████ to the JPMorgan Declaration are consistent with the assertions in Paragraph 543. **DISPUTED** that ████████████ ██████████████████████████████████████████████████████

████ *See* PJC ¶ 263. **DISPUTED** that ██████████████████████████ ██████████████████████████████████████████████████████

████ *See* PJC ¶ 279.

*Lloyds Bank*

544. ██████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████.[779]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a,b,d] that Exhibit █ to the Lloyds Bank Declaration is consistent with the assertions in Paragraph 544. **DISPUTED** that ██████████████ ██████████████████████████████████████████████████████

██████████████████████ *See* PJC ¶ 281.

545. ██████████████████████████████████████████

---

[778] *See id.*, Ex. █ (████████ Dep. Tr. 83:9-25; 50:18-22; 55:24-56:8); *see also id.*, Ex. █ (████████ Dep. Tr. 118:2-119:16; 123:12-22; 127:4-14; 127:22-129:21).
[779] Lloyds Bank Decl., Ex. █ (████████ Dep. Tr. 213:8-215:4; 216:18-217:24).



█████████████████████████████████████████████████ . ⁷⁸⁰ ██

████████████████████████████████████████████████████

█████████████ . ⁷⁸¹

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d)] that Exhibit █ to the Lloyds Bank Declaration is consistent with the assertions in Paragraph 545. **DISPUTED** that ███████████████

████████████████████████████████████████████████████

███████████████ *See* PJC ¶ 281.

546.    ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████ . ⁷⁸²

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d)] that Exhibit █ to the Lloyds Bank Declaration is consistent with the assertions in Paragraph 546. **DISPUTED** that ███████████████

████████████████████████████████████████████████████

███████████████ *See* PJC ¶ 281.

547.    ████████████████████████████████████████

███████████████████████████████████████████ ⁷⁸³

⁷⁸⁰ *Id.*, Ex. █ (███████ Dep. Tr. 223:15-19).
⁷⁸¹ *Id.*, Ex. █ (███████ Dep. Tr. 223:15-224:15).
⁷⁸² *Id.*, Ex. █ (███████ Dep. Tr. 223:14-225:6).
⁷⁸³ *Id.*, Ex. █ (███████ Dep. Tr. 254:10-15).

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a,b,d] that Exhibit 5 to the Lloyds Bank Declaration is consistent with the assertion in Paragraph 547. **DISPUTED** that ████████████

████████████████████████████████████████████████████████

████████████ *See* PJC ¶ 281.

*MUFG*

548. ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████.[784]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit █ to the Blakemore Declaration is consistent with the assertions in Paragraph 548. **DISPUTED** that ████████████

████████████████████████████████████████████████████████

████████. *See* PJC ¶ 282.

*NatWest*

549. ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████[785]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a] that Exhibit █ to the NatWest Declaration is consistent with the assertion in Paragraph 549. **DISPUTED** that ████████████

---

[784] Blakemore Decl., Ex. █ (████████ Dep. Tr. 77:2-78:4).
[785] *See* NatWest Decl., Ex. █ (████████ (NatWest) Dep., Ex. 70, ¶ 35 (RBS_MDL_001845435) (emphasis in original)).

████████████████████████████████████████████████

*See* PJC ¶ 263.

550.    ████████████████████████████████████████

████████████████████████████████████████████████

███████████████████[786]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the NatWest Declaration is

consistent with the assertion in Paragraph 550. **DISPUTED** that ██████████████████

████████████████████████████████████████████████

*See* PJC ¶ 263. **DISPUTED** that ████████████████████████████████

█████████████████████████████████████████    *See* PJC ¶

283.

551.    ████████████████████████████████████████

████████████████████████████████████████████████

████████████████.[787]

**PLAINTIFFS'  RESPONSE: ADMITTED**[a,f] that Exhibit █ to the NatWest Declaration

contains the quote in Paragraph 551, as well as the following: ███████████████████

█████████████████████████████████████████    *See* NatWest

Decl., Ex. B (P. Walker Dep. at 135:9-19). **DISPUTED** that ██████████████████████

████████████████████████████████████████████████

████████████.  *See* PJC ¶ 283.

---

[786] *See id.*, Ex. █ (████████ (NatWest) Dep., Ex. 70, ¶ 35 (RBS_MDL_001845435)).
[787] *See id.*, Ex. █ (████████ Dep. Tr. 135:9-19).



552. ██████████████████████████████████████████

████████████████████████████████.[788]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit ██ to the NatWest Declaration is consistent with the assertion in Paragraph 552. **DISPUTED** that ████████████████████

████████████████████████████████████████████

███████████████████████████████. *See* PJC ¶ 284. **DISPUTED** that ██████████

████████████████████████████████████████████

███████████████████████. *See* PJC ¶ 283.

553. ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████,"[789]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that Exhibits ██ and ██ to the Blakemore Declaration are consistent with the assertions in Paragraph 553. **DISPUTED** that ██████████

████████████████████████████████████████████

████████████████ *See* PJC ¶ 263.

554. ██████████████████████████████████████

---

[788] *Id.*, Ex. ██ (████████ Dep. Tr. 32:8-12) ████████████████████████████

*id.*, Ex. ██ (████████ Dep. Tr 38:3-7) ███████████████████████████████████

███████; *id.*, Ex. ██ (████████ Dep. Tr 47:23-48:3) ████████████████████████

████████████████████████████████████████████

[789] *See* Blakemore Decl., Ex. 36 (Sept. 6, 2024 Dep. of Prof. John Asker Tr. ("J. Asker Dep. Tr.") 156:14-160:05); *id.*, Ex. 37 (Sept. 11, 2024 Dep. of Prof. Glenn Hubbard Tr. ("G. Hubbard Dep. Tr.") 154:15-158:24).

██████████████████████████████████████████████████████

███████████████████████ [790]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a)] that Exhibits █ and █ to the NatWest Declaration are consistent with the assertion in Paragraph 554. **DISPUTED** that ██████████████

██████████████████████████████████████████████████████

█████████████████████████████████████ *See* PJC ¶ 284. **DISPUTED** that ███

██████████████████████████████████████████████████████

███████████████████████████ *See* PJC ¶ 283.

*Norinchukin*

555. ████████████, the individual with primary responsibility for determining Norinchukin's USD LIBOR submissions, ████████████████████████████████

██████████████████████████████████████ [791]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a)] that Exhibit █ to the Norinchukin Declaration is consistent with the assertion in Paragraph 555. **DISPUTED** that █████████████████

████████████████████████████████████████████████████.

*See* PJC ¶ 263. **DISPUTED** that ████████████████████████████

██████████████████████████████████████ *See* PJC

¶ 286.

556. ██████████████████████████████████████████████

██████████████████████████████████████████████████████

---

[790] *See* NatWest Decl., Ex. █ (█████ Dep. Tr. 17:7-18) ████████████████

███████████████; *id.*, Ex. █ (█████ Dep. Tr. 17:25-18:25; 18:12-29:6; 31:7-11); *id.*, Ex. C (████ (NatWest) Dep., Ex. 70, ¶ 81 (RBS_MDL_001845435)).

[791] Norinchukin Decl., Ex. █ (█████ Dep. Tr. 149:19-150:10; 151:22-152:4; 177:24-178:1).

███████ [792]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit █ to the Norinchukin Declaraiton is consistent with the assertion in Paragraph 556. **DISPUTED** that ████████████

███████████████████████████████

███████████████. *See* PJC ¶ 286.

557.     ███████, Norinchukin's backup USD LIBOR submitter, ████████████

███████████████████████████████

███████████████. [793] ████████████

███████████████████████████ [794]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit █ to the Norinchukin Declaration is consistent with the assertions in Paragraph 558. **DISPUTED** that ████████████

███████████████████████████████

*See* PJC ¶ 263. **DISPUTED** that ████████████████████

███████████████████████████████ *See* PJC

¶ 286.

558.     ████████████████████████████████

███████████████████████████████ [795]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit █ to the Norinchukin Declaraiton is consistent with the assertion in Paragraph 558. **DISPUTED** that ████████████

███████████████████████████████



---

[792] *Id.*, Ex. █ (███████ Dep. Tr. 242:10-23).
[793] *Id.*, Ex. █ (███████ Dep. Tr. 244:19-24).
[794] *Id.*, Ex. █ (███████ Dep. Tr. 106:7-18).
[795] *Id.*, Ex. █ (███████ Dep. Tr. 242:7-15).

██████████████████████. *See* PJC ¶ 286.

***Portigon***

559.  ███████████████████████████████████████

█████████████████████████████[796]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit █ to the Portigon Declaration is consistent with the assertion in Paragraph 559. **DISPUTED** that ████████████████████

████████████████████████████████████████████

███████████████  *See* PJC ¶ 287.

560.  ███████████████████████████████████████

█████████████████████████████[797]

**PLAINTIFFS' RESPONSE: DISPUTED**[b,e,f] that Paragraph 4 to the Portigon Declaration is consistent with the assertion in Paragraph 560. *See* Portigon Decl. ¶ 4 ("Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the transcript of the deposition of Joyce Taylor taken on March 14, 2024"). **DISPUTED** that ████████████████████████

████████████████████████████████████  *See* PJC ¶ 287.

> ### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 560:
> Plaintiffs' position that the cited source does not support the assertion in paragraph 560 is wrong. While paragraph 560 contains a typographical error and thus refers to the wrong paragraph of the Portigon Declaration, paragraph 15 of the Portigon Declaration supports the facts set forth in paragraph 560, stating:  "Plaintiffs did not elicit testimony from any Portigon witness that Portigon submitted LIBOR rates that it believed to be inappropriate or artificially low."  Portigon Decl. ¶ 15.  The Court should deem Defendants' statement admitted because Plaintiffs fail to create a genuine dispute of fact concerning the statement.  Fed. R. Civ. P. 56(c), (e).

---

[796] Portigon Decl., Ex. 3 ████████████. Tr. 234:11-235:13).
[797] *Id.* ¶ 4.

*Rabobank*

561. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████ [798]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit █ to the Rabobank Declaration is consistent with the assertions in Paragraph 561. **DISPUTED** that ████████████████

████████████████████████████████████████████████

████████████ *See* PJC ¶ 288.

562. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████. [799]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit █ to the Rabobank Declaration is consistent with the assertion in Paragraph 562. **DISPUTED** that ████████████████

████████████████████████████████████████████████

████████████ *See* PJC ¶ 288.

563. ████████████████████████████████████████████

████████████████████████████████████████ [800]

**PLAINTIFFS' RESPONSE: DISPUTED.**[b,e] *See* Carmody Decl., PX106 at 3-4 (admitting that Rabobank's ████████████████████████████████████████████

---

[798] Rabobank Decl., Ex. █ (████████ Dep. Tr. 179:15-24; 199:16-20; 204:3-12).
[799] *Id.*, Ex. ████████ Dep. Tr. 204:1-12).
[800] *Id.*, Ex. █ (████████ Dep. Tr. 199:21-200:7).

[REDACTED]

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 563:** Plaintiffs fail to identify any admissible evidence sufficient to create a triable issue of material fact concerning the statement in paragraph 563. The document Plaintiffs cite and quote from in support of their dispute is a [REDACTED]

[REDACTED] Such documents are inadmissible hearsay. *See, e.g.*, *United States v. Ray*, 2022 WL 558146, at *15 (S.D.N.Y. Feb. 24, 2022) (FBI Form 302 was hearsay and did not qualify as a party admission or an adoptive admission under FRE 801(d)(2)); *see also United States v. Toole*, 2012 WL 464219, at *2 (W.D.N.Y. Feb. 13, 2012) (even if FBI Form 302 was admitted, it "would only have been useful as fodder for impeachment"), *aff'd sub nom. United States v. Williams*, 526 F. App'x 80 (2d Cir. 2013).

[REDACTED] *See, e.g.*, *U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 337 F.R.D. 70, 74 n.2 (S.D.N.Y. 2020) ("An FD-302 is a form used by the FBI to summarize an interview."), *objections overruled*, 2021 WL 391298 (S.D.N.Y. Feb. 4, 2021). [REDACTED]

[REDACTED] . *See* Supplemental Declaration of Mark. D. Villaverde in Further Support of Defendants' Joint Motion for Summary Judgment on "Upstream" Issues ("Rabobank Reply Decl."), Ex. 1 ([REDACTED] Dep. Tr. 151:3-9; 154:6-13; 156:15-19). Further, there is no credible basis to characterize statements of a former employee as admissions by Rabobank. *See Virag v. Goodwill Indus. of W. Conn., Inc.*, 2015 WL 540607, at *1 n.2 (D. Conn. Feb. 10, 2015) (witness's statement not admissible as admission of party opponent where witness was "no longer employed" by defendant at the time when the statement was made), *aff'd sub nom. Virag v. Goodwill of W. & N. Conn., Inc.*, 632 F. App'x 54 (2d Cir. 2016). [REDACTED]

[REDACTED] *See* Defs.' Stmt. ¶ 166. Finally, the record evidence indisputably contravenes Plaintiffs' response. [REDACTED]

[REDACTED] *see* 56.1 Resps. ¶¶ 154-155, 166, [REDACTED] . *See* Defs.' Stmt. ¶ 166 (citing Rabobank Decl. [ECF No. 4185], Ex. 5 (P. Robson Dep. Tr. 24:9-13)).

██████████████████████████████████████████████████

██████████ *See* Rabobank Reply Decl., Ex. 1 (██████ Dep. Tr. 151:3-9). █████

██████████████████████████████████████ *Id.*, Ex. 1 (██████ Dep. Tr. 156:15-19).

Accordingly, the Court should deem Defendants' statement in paragraph 563 to be admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

564. ████████████████████████████████████████

███████████████████████████████████████[801] ███████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████[802]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,d] that Exhibit █ to the Rabobank Declaration is consistent with the assertions in Paragraph 563. **DISPUTED** that ██████████████

███████████████████████████████████████████████████

██████████████ *See* PJC ¶ 288.

565. ████████████████████████████████████████

██████████████████████████████[803]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the Rabobank Declaration is consistent with the assertion in Paragraph 565. **DISPUTED** that ██████████████

███████████████████████████████████████████████████

██████████████ *See* PJC ¶ 288.

---

[801] *Id.*, Ex. █ (██████ Dep. Tr. 205:15-18).
[802] *Id.*, Ex. █ (██████ Dep. Tr. 199:20-200:14).
[803] *Id.*, Ex. █ (████████ Dep. Tr. 98:2-6; 101:2-6; 104:22-25).

566.  ███████████████████████████████████████

███████████████████████████████████ ██ . [804]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,d)] that Exhibit █ to the Rabobank is consistent with

the assertion in Paragraph 566. **DISPUTED** that ████████████████████

███████████████████████████████████████████████████████

██████ *See* PJC ¶ 288.

*UBS*

567.  Evidence shows that ███████████████████████████████

████████████████ . [805]

**PLAINTIFFS' RESPONSE: DISPUTED** that ███████████████████████

███████████████████████████████████████████████████████

*See* PJC ¶ 291.

568.  ███████████████████████████████████████

███████████████████████████████████████████████████████



████████████████████████████████████.[806]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b)] that Exhibits ██ and █ to the UBS Declaration are consistent with the assertion in Paragraph 568. **DISPUTED** that ██████████████████████ ████████████████████████████████████████ ████████████ *See* PJC ¶ 291.

569.    ████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████[807]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b)] that Exhibit █ to the UBS Declaration is consistent with the assertion in Paragraph 569. **DISPUTED** that ████████████ did ████████████ ████████████████, *e.g.*, Carmody Decl., PX0744 (████████████ Dep. at 14:10-15:1 (**UBS**: ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████ **DISPUTED** that ████████████████████████████████████████ ████████████████████████████████████████. *See, e.g., id.* (████████████ Dep. at 9:14-16; 10:13-15 (UBS: ████████████ ████████████████████████████████████████ ██████████████████████ **DISPUTED** that ████████████ ████████████████████████████████████████ ████████████████. *See* PJC ¶ 291.

---

[806] *Id.*, Ex. ██ ████ Decl. ¶ 7); *id.*, Ex. █ (████████ (UBS) Dep., Ex. A, at 11 (LIBOTCPL0242680)).
[807] *Id.*, Ex. █ ████████ (UBS) Dep., Ex. A, at 10-11 (LIBOTCPL0242680)).

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 569:**    Plaintiffs improperly interject immaterial facts without specifically controverting Defendants' statement in paragraph 569.  Plaintiffs do not dispute that ███████████████ ███████████████████████████████████████████████████ ██████████████████████████████ Defs.' Stmt. ¶ 569 (quoting UBS Decl., Ex. █ (█████████ Dep., Ex. A, at 10-11)).  The statements quoted by Plaintiffs in no way contradict the statement in paragraph 569.  The fact that ███████████████████ █████████████████████████████████████████████████████ ███████████████████████████████████████████████

The record evidence reflects that █████████████████████ ████████████████████████████████████ UBS Decl., Ex. Dep., Ex. A, at 15); *id.*, Ex. █████████████ Dep., Ex. 18, at 2) (███████████████████ ████████████████████████████████████████████████ Because Plaintiffs do not dispute the factual statement in paragraph 569, fail to properly address the statement, and fail to create a genuine dispute of fact concerning the statement, the Court should deem Defendants' statement in paragraph 569 admitted by Plaintiffs.  Fed. R. Civ. P. 56(c), (e).



570.    ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████[808]

**PLAINTIFFS' RESPONSE: ADMITTED**[a] that Exhibit █ to the UBS Declaration is consistent with the assertion in Paragraph 570.  **DISPUTED** that ███████████████████████ ████████████████████████████████████████████████████████████████ ███████████████.  *See* PJC ¶ 291.

571.    ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████"[809]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,c] that Exhibit █ to the UBS Declaration is consistent with the assertion in Paragraph 571.  **DISPUTED** that ██████████████████

---

[808] *Id.*, Ex. █ (█████████ (UBS) Dep., Ex. A, at 14 (LIBOTCPL0242680)).
[809] *Id.*, Ex. █ (█████ Dep. Tr. 33:10-15; 35:5-7).

████████████████████████████████████████████. *See* Carmody Decl., PX1480

███ Dep. at 44:8-45:4 (**UBS**: ███████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████ **DISPUTED** that ██████████████████████████████

████████████████████████████████████████████████ *See* PJC

¶ 291.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 571:** Plaintiffs improperly interject immaterial facts without specifically controverting Defendants' statement in paragraph 571. Plaintiffs admit that the evidence is consistent with the statement in paragraph 571, and simply take issue with the implication of that evidence with respect to Plaintiffs' claims. ████████████████████████████████████████████
████████████████████████████████ Because Plaintiffs do not dispute the factual statement in paragraph 571, fail to properly address the statement, and fail to create a genuine dispute of fact concerning the statement, the Court should deem Defendants' statement in paragraph 571 admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

572. ██████████████████████████████████████████████

████████.[810] ███████████████████████████████████████████

███████████████████████████████████████.[811] ████████████

███████████████████████████████████████.[812] ████████████

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that Exhibit ██ to the UBS Declaration is

consistent with the assertions in Paragraph 572. **DISPUTED** that ████████████████████

████████████████████████████████████████████████. *See*

Source Cited in Response to Paragraph 188. **DISPUTED** that ███████████████████████

[810] *Id.*, Ex. ██(████ Decl. ¶ 8).
[811] *Id.*, Ex. ██(████ Decl. ¶ 12).
[812] *Id.*, Ex. ██(████ Decl. ¶ 13).



█████████████████████████████████████████████

████████████ *See* PJC ¶ 291.

573. ████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████ 813█

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████ ,,814

**PLAINTIFFS' RESPONSE: ADMITTED**[a,e] that Exhibit █ to the UBS Declaration is consistent with the assertion in Paragraph 572. **DISPUTED** that ██████████████████████████████████████ ██████████████████████████████████████. *See* Source Cited in Response to Paragraph 188. **DISPUTED** that ██████████████████ ████████████████████████████████████████████. *See* PJC ¶ 291.

574. ████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████ 815

**PLAINTIFFS' RESPONSE: ADMITTED**[a,e] that Exhibit █ to the UBS Declaration is consistent

---

813 *Id.*, Ex. █ (████████ Dep. Tr. 77:19-78:6).
814 *Id.*, Ex. █ ████████ Dep. Tr. 78:22-79:4).
815 *Id.*, Ex. █ (████████ Dep. Tr. 78:13-19).

with the assertion in Paragraph 572. **DISPUTED** that ████████████████████

████████████████████████████████████ *See* Source Cited in

Response to Paragraph 188. **DISPUTED** that ████████████████████████

████████████████████████████████████████████

*See* PJC ¶ 291.

## 2.    Government Investigation Findings

*Bank of America*

575.    The investigations into Bank of America's USD LIBOR submissions conducted by

U.S. Government Regulators[816] did not result in any factual findings that Bank of America

suppressed its USD LIBOR submissions, much less that it did so systematically throughout the

Relevant Period.[817]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] as to the assertion in Paragraph 575. **DISPUTED**

that ████████████████████████████████████████████████████

████████████████████████████████ *See* PJC ¶ 268; *see also In*

*re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson*

*Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of

absence.'") (citing cases).

*Barclays*

576.    As part of its resolution with the DOJ, Barclays admitted that "on some occasions"

between August 2007 and January 2009 Barclays unilaterally made LIBOR submissions that were

"lower than Barclays otherwise would have submitted" because it "sought to avoid inaccurate

---

[816] *See supra* note 433.
[817] Blakemore Decl. ¶ 96.

negative media attention about Barclays' financial health as a result of its high LIBOR submissions relative to other banks."[818] But, Barclays' did not admit to what those "occasions" were.[819]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] as to the assertion in Paragraph 576. **DISPUTED** that ███████████████████████████████████████████████████ ███████████████████████████████████ *See* PJC ¶ 269; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

*Citi*

577.    As reflected in Citi's consent order with the CFTC and settlement agreement with 42 different State AGs, no investigation resulted in any finding by any government authority—or any admission by Citi—that Citi systematically suppressed LIBOR during the Relevant Period.[820]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] as to the assertion in Paragraph 577. **DISPUTED** that ██████████████████████████████████████ ███████████████████████████████████ *See* PJC ¶ 271; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

*Credit Suisse*

578.    ███████████████████████████████████████████████████

---

[818] Barclays NPA, *supra* note 434, App'x A ¶¶ 36-39.
[819] *Id.*
[820] *See* Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions, *supra* note 439; Citi-State AGs Settlement Agreement, *supra* note 441.

████████████████████████████████████████████████████

████████████ .[821]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] as to the assertion in Paragraph 578. **DISPUTED**

that ████████████████████████████████████████████

████████████████████████████████ *See* PJC ¶ 273; *see also In*

*re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson*

*Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of

absence.'") (citing cases).

579.    █████████████████████████████████████████

████████████████████ .[822]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] as to the assertion in Paragraph 579. **DISPUTED**

that ████████████████████████████████████████████

████████████████████████████████ . *See* PJC ¶ 273; *see also In*

*re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson*

*Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of

absence.'") (citing cases).

*Deutsche Bank*

580.    No regulatory or law enforcement agency found that Deutsche Bank persistently

and systematically suppressed its USD LIBOR submissions across all tenors during the Relevant

---

[821] Credit Suisse Decl., Ex. 16 (Credit Suisse's Suppl. Resp. and Obj. to Pls.' Notice of Rule 30(b)(6) Dep. of Credit Suisse AG, dated Oct. 3, 2024).
[822] *Id.*

Period.[823]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 580. **DISPUTED**

that ███████████████████████████████████████████████████████████

███████████████████████████████████████████ *See* PJC ¶ 274; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

581.    Instead, regulatory and law enforcement agencies concluded that Deutsche Bank traders engaged in opportunistic, up-and-down manipulation and attempted manipulation intended to benefit trading positions.[824]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 581. **DISPUTED**

that ███████████████████████████████████████████████████████████

███████████████████████████████████████████. *See* PJC ¶ 274; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

582.    Regulatory and law enforcement agencies also concluded that, from 2008 to 2009,

---

[823] *See, e.g.*, Deutsche Bank DOJ DPA Statement of Facts, *supra* note 447, ¶¶ 17-35; Deutsche Bank DFS Consent Order, *supra* note 448, at 1; Deutsche Bank CFTC Order, *supra* note 449, at 10-14; Deutsche Bank FCA Final Notice, *supra* note 450, ¶¶ 4.22, 4.27, 4.31; Deutsche Bank State AGs Settlement, *supra* note 451, ¶¶ 20-22.
[824] *See, e.g.*, Deutsche Bank DOJ DPA Statement of Facts, *supra* note 447, ¶¶ 17-35; Deutsche Bank DFS Consent Order, *supra* note 448, at 1; Deutsche Bank CFTC Order, *supra* note 449, at 10-14; Deutsche Bank FCA Final Notice, *supra* note 450, ¶¶ 4.22, 4.27, 4.31; Deutsche Bank State AGs Settlement, *supra* note 451, ¶¶ 20-22. Deutsche Bank agreed and stipulated in the Deutsche Bank DOJ DPA Statement of Facts that the information in the Statement of Facts was true and accurate, and it stipulated to the underlying facts contained in the Deutsche Bank DFS Consent Order. Deutsche Bank DOJ DPA Statement of Facts, *supra* note 447, at 1; Deutsche Bank DFS Consent Order, *supra* note 448, at 1.

Deutsche Bank derivatives traders "employed a trading strategy that bet on the widening of the spread between 1 month, 3 month, and 6 month USD LIBOR, among other currencies, that would result from the dislocation of financial markets."[825] "On almost every day during this time," Deutsche Bank's USD LIBOR submitter "altered [Deutsche Bank]'s USD LIBOR submissions to align with the needs of this trading strategy, *i.e.* persistently low 1 month and high 3 and 6 month USD LIBOR submissions."[826]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 582. **DISPUTED** that ███████████████████████████████████████████████████████████ ███████████████████████████████████████████. *See* PJC ¶ 274; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

### HSBC

583.    No governmental investigation found that HSBC submitted artificially suppressed USD LIBOR rates during the Relevant Period.[827] HSBC was not charged, did not enter a guilty plea or regulatory settlement, and did not pay any regulatory fine as a result of any governmental investigation related to HSBC's USD LIBOR submissions.[828]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 583. **DISPUTED** that ███████████████████████████████████████████████████████████

---

[825] Deutsche Bank DOJ DPA Statement of Facts, *supra* note 447, at 1, ¶ 24; *see also* Deutsche Bank State AGs Settlement, *supra* note 451, ¶ 16. Deutsche Bank agreed and stipulated in the DOJ DPA Statement of Facts that the information in the Statement of Facts was true and accurate. Deutsche Bank DOJ DPA Statement of Facts, *supra* note 447, at 1.

[826] Deutsche Bank DOJ DPA Statement of Facts, *supra* note 447, ¶ 24. Deutsche Bank agreed and stipulated in the DOJ DPA Statement of Facts that the information in the Statement of Facts was true and accurate. *Id.* at 1.

[827] HSBC Decl. ¶ 3.

[828] *Id.* ¶ 4; *id.*, Ex. █ (███████ Dep. Tr. 289:4-14).

██████████████████████████████████████████ *See* PJC ¶ 278; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

### JPMorgan

584.    The inquiries received by JPMorgan from various government entities did not result in any fines or adverse findings against JPMorgan.[829]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] as to the assertion in Paragraph 584. **DISPUTED** that ██████████████████████████████████████████████████

████████████████████████████████████████. *See* PJC ¶ 279; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

### Lloyds Bank and HBOS

585.    No regulator investigating LBG found persistent suppression of LIBOR in any currency or interbank collusion with respect to USD LIBOR by Lloyds Bank or HBOS.[830]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] as to the assertion in Paragraph 585. **DISPUTED** that ███████████████████████████████████████████████████

███████████████████████████████████████. *See* PJC ¶ 281; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing

---

[829] *See supra* Section IV.A.3.
[830] *See supra* Section IV.A.3.

cases).

### NatWest

586.    The DOJ, CFTC, and FCA conducted regulatory investigations of NatWest concerning various currency LIBORs, including USD LIBOR.[831] Neither the resulting DOJ DPA, CFTC Order, nor FCA Final Notice contained any allegations, findings, or admissions that NatWest suppressed USD LIBOR submissions or participated in a conspiracy to suppress USD LIBOR.[832]

**PLAINTIFFS' RESPONSE:** ADMITTED[(a,b,e)] as to the assertion in Paragraph 586. **DISPUTED** that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* PJC ¶ 283; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

### Norinchukin

587.    The CFTC and DOJ investigated Norinchukin's submission of USD LIBOR during the Relevant Period.[833]

**PLAINTIFFS' RESPONSE:** ADMITTED[(a,b,e)] as to the assertion in Paragraph 587. **DISPUTED** that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* PJC ¶ 286; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson*

---

[831] *See supra* note 465.
[832] *See supra* note 465.
[833] Norinchukin Decl., Ex. ▮ (▮▮▮▮ Dep. Tr. 51:2-23).

*Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

588.    Norinchukin was not subject to criminal liability and was not required to pay any fines for any of its actions regarding USD LIBOR.[834]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 588. **DISPUTED** that ███████████████████████████████████████████████████████ ████████████████████████████████████████ *See* PJC ¶ 286; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

### Portigon

589.    The investigations into Portigon's USD LIBOR submissions conducted by government regulators did not result in any factual findings that Portigon suppressed its USD LIBOR submissions, much less that it did so systematically throughout the Relevant Period.[835]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 589. **DISPUTED** that ███████████████████████████████████████████████████████ ████████████████████████████████████ *See* PJC ¶ 287; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

---

[834] *Id.*, Ex. █ (████████ Dep. Tr. 54:2-11).

[835] *See, e.g.*, Am. Compl. ¶¶ 129-150, *Fed. Deposit Ins. Corp. v. Bank of Am. Corp.*, 1:14-CV-01757-NRB (S.D.N.Y. Oct. 7, 2014), ECF No. 23; *see also* Revised Third Am. Compl. ¶¶ 231-261, *Fed. Home Loan Mortg. Corp. v. Bank of Am. Corp.*, 1:13-CV-03952-NRB (S.D.N.Y. July 8, 2019), ECF No. 333.

*Rabobank*

590.    Following the conclusion of government investigations of Rabobank's interest rate benchmark submission process, no regulator or government authority issued any finding that Rabobank engaged in any persistent suppression of its USD LIBOR submissions, and Rabobank did not admit to any such suppression of its USD LIBOR submissions.[836]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 590. **DISPUTED** that ███████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ *See* PJC ¶ 288; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

*RBC*

591.    Investigations into RBC's USD LIBOR submissions conducted by the CFTC, DOJ, SEC, the Attorney General of the State of New York, and the Attorney General of the State of Florida did not result in any enforcement actions, fines, or adverse findings against RBC.[837]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 591. **DISPUTED** that ███████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ *See* PJC ¶ 289; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

---

[836] *See supra* note 475.
[837] RBC Decl. ¶ 16.

*SocGen*

592.    None of the resolutions issued by governmental entities at the conclusion of their investigations of SocGen contained any finding, or any admission by SocGen, that SocGen engaged in any systematic artificial suppression of its USD LIBOR submissions.[838]

**PLAINTIFFS' RESPONSE: DISPUTED** [(b,e,f)] that "[n]one of the resolutions issued by governmental entities at the conclusion of their investigations of SocGen contained any finding, or any admission by SocGen, that SocGen engaged in any systematic artificial suppression of its USD LIBOR submissions." *See* CFTC-SocGen at 13 (SocGen made "false, misleading, or knowingly inaccurate" USD LIBOR submissions with the goal of protecting SocGen's repuation and negative market perceptions); *id*. at 23 (SocGen's Global Head of Treasury communicated concerns to SocGen's CFO and Head of SCIB that Soc Gen's "low reputation-based LIBOR submissions could give rise to accusations of 'market manipulation'" and were "outside the rules of the BBA governing how LIBOR submissions should be made and what they should reflect.").

**DISPUTED** that ██████████████████████████████████████████████ ████████████████████████████████████████████████ *See* PJC ¶ 290; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 592:** Plaintiffs fail to identify any evidence sufficient to create a triable issue of material fact concerning the statement in paragraph 592.  The CFTC did not find *systematic* artificial suppression of SocGen's USD LIBOR submissions.  To the extent the CFTC found that SocGen "made false, misleading, or knowingly inaccurate U.S. Dollar LIBOR submissions . . . to protect the reputation of [SocGen]," the CFTC found that such conduct occurred "[f]rom May 2010 through July 2012"—largely outside the Relevant Period.  SocGen CFTC Order at 13.  The SocGen CFTC Order also makes clear that to the extent SocGen's Global Head of Treasury

---

[838] *See supra* note 480.

communicated concerns to SocGen's CFO and Head of SCIB that SocGen's "'low reputation-based LIBOR submissions could give rise to accusations of 'market manipulation'" and were "outside the rules of the BBA governing how LIBOR submissions should be made and what they should reflect," this occurred outside of the Relevant Period. *Id.* at 23 (citing four communications dated post-May 2010). The Court should deem Defendants' statement admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

### *UBS*

593.    Government regulators, including the DOJ, CFTC, FCA, and FINMA, and 40 State AGs, conducted multi-year investigations into UBS's alleged misconduct in relation to various LIBOR currencies, including USD LIBOR.[839] No government regulator found that UBS engaged in persistent or systematic suppression of its USD LIBOR submissions during the Relevant Period.[840] No government regulator found that UBS participated in a conspiracy to suppress USD LIBOR during the Relevant Period.[841]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e)] as to the assertion in Paragraph 593, **DISPUTED** that ███████████████████████████████████████████████████████████ ███████████████████████████████████. *See* PJC ¶ 291; *see also In re Bystolic Antitrust Litig.*, 657 F. Supp. 3d 337, 355 (S.D.N.Y. 2023), *aff'd sub nom. Watson Lab'ys, Inc.*, 101 F.4th 223 (2d Cir. 2024) ("The 'absence of evidence is not evidence of absence.'") (citing cases).

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 593**: Plaintiffs *admit* that after multi-year investigations, no government regulator found that UBS participated in a conspiracy to suppress USD LIBOR during the Relevant Period. Plaintiffs provide no factual support as to why no inference may be drawn that UBS ███████████ ████████████████████████████████████, given that Plaintiffs have access to the same set of documents as the government regulators who conducted the investigations. Defs.' Stmt. ¶ 5. Additionally, because Plaintiffs seek to support their purported dispute with only legal argument as opposed to controverting evidence, Plaintiffs' statement

---

[839] *See supra* Section IV.A.3.
[840] *See, e.g.*, UBS CFTC Order, *supra* note 483; UBS DOJ NPA, *supra* note 292; UBS Plea Agreement, *supra* note 488; UBS FINMA Report, *supra* note 483; UBS FCA Final Notice, *supra* note 483.
[841] *See, e.g.*, UBS CFTC Order, *supra* note 483; UBS DOJ NPA, *supra* note 292; UBS Plea Agreement, *supra* note 488; UBS FINMA Report, *supra* note 483; UBS FCA Final Notice, *supra* note 483.

should be deemed admitted.  *See Leeber Realty LLC v. Trustco Bank*, 316 F. Supp. 3d 594, 600 (S.D.N.Y. 2018) ("[L]egal objections Defendant raises . . . do not actually respond to or dispute the specific facts, supported by citations to admissible record evidence.").  Because Plaintiffs do not dispute the factual statement in paragraph 593, fail to properly address the statement, and fail to create a genuine dispute of fact concerning the statement, the Court should deem Defendants' statement in paragraph 593 admitted by Plaintiffs.  Fed. R. Civ. P. 56(c), (e).

594.    While certain managers relayed guidance for USD LIBOR submitters to err on the low side or make submissions in the "middle of the pack,"[842] ███████████████████

████████████████████████████████████████████████████████

█████████████████.[843]

██████████,"[844]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that that the sources cited in FNs 842-844 are consistent with the assertion in Paragraph 594. **DISPUTED** that ███████████████

████████████████████████████████████████████

██████████████████████████████████████  *See* PJC ¶ 292.

595.    ███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████[845]

████████████████████████,"[846]

████████████████████████████████████████

---

[842] UBS DOJ NPA, *supra* note 292, ¶ 100; UBS FINMA Report, *supra* note 483, §§ 2.2.2-2.2.3; UBS FCA Final Notice, *supra* note 483, ¶¶ 113-116, 120-121; UBS CFTC Order, *supra* note 483, at 41.
[843] *See, e.g.*, UBS Decl., Ex. █ (██████ (UBS) Dep., Ex. A, at 6 (LIBOTCPL0242680)); *id.*, Ex. █ (██████ (UBS) Dep., Ex. A, at 11 (LIBOTCPL0242680)); *supra* ¶¶ 177, 181.
[844] UBS Decl., Ex. █ (██████ (UBS) Dep., Ex. A, at 11 (LIBOTCPL0242680)); *id.*, Ex. █ (██████ (UBS) Dep., Ex. A, at 11 (LIBOTCPL0242680)) (██████ ██████).
[845] *Id.*, Ex. █ (██████ (UBS) Dep., Ex. A, at 11 (LIBOTCPL0242680)).
[846] *Id.*, Ex. █ (██████ (UBS) Dep., Ex. A, at 12-13 (LIBOTCPL0242680)).



**PLAINTIFFS' RESPONSE: ADMITTED**[a,e] that Exhibit ▉ to the UBS Declaration is consistent with the assertion in Paragraph 595. **DISPUTED** that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* PJC ¶ 292.

### 3.    Findings by Courts Adjudicating Private Actions with Similar Evidence

*NatWest*

596.    In 2013, private claimant, PAG, brought an action against NatWest in the U.K. High Court of Justice, Chancery Division (the "PAG Court") alleging manipulation of GBP and USD LIBOR.[848]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,b,e] that *Property All. Grp. Ltd. v. Royal Bank of Scotland plc*, [2016] EWHC 3342 (Ch) (21 Dec. 2016) ("PAG Judgment"), https://www.bailii.org/ew/cases/EWHC/Ch/2016/3342.pdf is consistent with the assertion in Paragraph 596.

597.    PAG asserted fraudulent misrepresentation and breach of contract claims against NatWest based on, among other things, "lowballing."[849]

---

[847] *Id.*, Ex. ▉▉▉▉ (UBS) Dep., Ex. A, at 11 (LIBOTCPL0242680)).
[848] *See Property All. Grp. Ltd. v. Royal Bank of Scotland plc*, [2016] EWHC 3342 (Ch) (21 Dec. 2016) ("PAG Judgment"), https://www.bailii.org/ew/cases/EWHC/Ch/2016/3342.pdf.
[849] *Id.* ¶ 2.

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the PAG Judgment is consistent with the assertion in Paragraph 597.

598.    PAG alleged that from at least 2006 until about November 2011, NatWest made LIBOR submissions to benefit its trading positions.[850]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the PAG Judgment is consistent with the assertion in Paragraph 598.

599.    PAG alleged that from around August 2007, NatWest engaged in "lowballing."[851]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the PAG Judgment is consistent with the assertion in Paragraph 599.

600.    PAG alleged that NatWest engaged in "financial crisis manipulation" by "[making] LIBOR submissions when, as a result of the worldwide financial crisis and an increasing shortage of liquidity, [NatWest] was either (i) unable to borrow funds at all on the interbank market; or (ii) unable to borrow funds at the rate that it was submitting to the BBA."[852]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the PAG Judgment is consistent with the assertion in Paragraph 600.

601.    In 2016, the PAG Court conducted a full trial on the merits considering, inter alia: (i) documentary evidence in the form of communications and trading data "over the period from 1 January 2007 to 7 June 2011 . . . in order to compare [NatWest's] actual LIBOR submissions against a reconstructed model of its actual borrowing transactions"; (ii) fact witness testimony

---

[850] *Id.* ¶ 427.
[851] *Id.* ¶ 441.
[852] *Id.* ¶ 448.

from certain individuals relevant to NatWest's LIBOR submission process; and (iii) "a large amount of expert evidence" comparing NatWest's borrowing transactions to submissions.[853]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the PAG Judgment is consistent with the assertion in Paragraph 601.

602.    The PAG Court determined that under "a proper construction of the BBA LIBOR Definition . . . it [wa]s not necessary for a Panel Bank to have been able to borrow money of the particular tenor and currency in order to make a submission at 11 am on a particular day."[854]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the PAG Judgment is consistent with the assertion in Paragraph 602. **DISPUTED** that ███████████████████████████████████ ██████████████████████████████████████████████████████ *See* PJC ¶ 263.

603.    The PAG Court determined that under BBA's Terms of Reference, on days where a Panel Bank had no market offer, the Panel Bank was "required to use its market knowledge to supply an appropriate rate that is, so far as is possible, a fair and accurate reflection of that bank's opinion of its cost of funds."[855]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the PAG Judgment is consistent with the assertion in Paragraph 603. **DISPUTED** that ██████████████████████████████████ ██████████████████████████████████████████████████████ *See* PJC ¶ 263.

604.    Following 39 days of trial, the PAG Court "held that there was no evidence of manipulation by [NatWest] of . . . dollar LIBOR" and rejected PAG's allegations concerning

---

[853] *Id.* ¶¶ 12-14, 255, 317-318, 335-341, 345-359, 539.
[854] *Id.* ¶ 464.
[855] *Id.* ¶ 468 (quoting BBA Terms of Reference).

"trader manipulation," "lowballing," and "financial crisis misrepresentation."[856]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that the PAG Judgment is consistent with the

assertion in Paragraph 604. **DISPUTED** that ████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

See PJC ¶ 283.

605.    In March 2018, the U.K. Court of Appeal (Civil Division) affirmed the PAG

Court's judgment and dismissed PAG's appeal in its entirety.[857]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,b,e)] that *Property Alliance Group Ltd v The Royal*

*Bank of Scotland plc*, [2018] EWCA Civ 355 ¶ 143 (02 March 2018) ("PAG Appeal")

https://www.judiciary.uk/wp-content/uploads/2018/03/pag-v-rbs.pdf  is  consistent  with  the

assertion in Paragraph 605. **DISPUTED** that ████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

See PJC ¶ 283.

### B.    The Evidence Is Inconsistent with Plaintiffs' Allegations of Persistent Suppression

606.    ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████.[858]

**PLAINTIFFS' RESPONSE: ADMITTED** the ████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

---

[856] *Property Alliance Group Ltd v The Royal Bank of Scotland plc*, [2018] EWCA Civ 355 ¶ 143 (02 March 2018) ("PAG Appeal") https://www.judiciary.uk/wp-content/uploads/2018/03/pag-v-rbs.pdf; PAG Judgment ¶¶ 453-475).
[857] PAG Appeal ¶¶ 160, 176.
[858] Blakemore Decl., Ex. 37 (G. Hubbard Dep. Tr. 117:21-118:13).



███████████████████████████████████████████████████

████████████████ *See* Blakemore Decl., Ex. 37 (G. Hubbard Dep. at 117:21-118:13 ████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████ **DISPUTED** that ████████████

███████████████████████████████████████████████████

███████████████████████████ . *See* Carmody Decl., PX1582 (Cragg Sur-Rebuttal Report

at ¶ 114 ██████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████ PX1026 (Bernheim Opening Report at § VII.A.2);

PX0695 (Snow Opening Report at ¶¶ 55-56).

607.    ██████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████[859]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 607 describes Dr. Hubbard's

_____

[859] *Id.*, Ex. 9 (Hubbard Opening ¶¶ 48, 53, 57, 62).

methodology. **DISPUTED** that Dr. Hubbard applied the correct methodology. *See* Carmody Decl., PX1024 (Bernheim Rebuttal Report at §§ IV & V); PX0694 (Snow Rebuttal Report at § III).

608.



**PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that the assertions in Paragraph 608 and Tables 8A and 8B are Dr. Hubbard's opinions. **DISPUTED** that Dr. Hubbard's opinions are correct. *See* Carmody Decl., PX1024 (Bernheim Rebuttal Report at §§ IV & V); PX0694 (Snow Rebuttal Report at § III.A & Figs. 2-5).

---

[860] *Id.*, Ex. 9 (Hubbard Opening Exhibits 8A and 8B, reproduced below).
[861] *Id.*, Ex. 9 (Hubbard Opening ¶ 60).
[862] *Id.*, Ex. 9 (Hubbard Opening, Exs. 8A, 8B).



609.



**PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that the assertions Paragraph 609 and Tables 9A and 9B are Dr. Hubbard's opinions. **DISPUTED** that Dr. Hubbard's opinions are correct. *See* Carmody Decl., PX1024 (Bernheim Rebuttal Report at §§ IV & V); PX0694 (Snow Rebuttal Report at § III.A & Figs. 2-5).

---

[863] *Id.*, Ex. 9 (Hubbard Opening ¶ 62).
[864] *Id.*, Ex. 9 (Hubbard Opening, Exs. 9A, 9B).



610.  ██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████[865]. ██████████

████████████████████████████[866]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[a,c,e] that the assertions in Paragraph 610 and Tables

10A and 10B are Dr. Hubbard's opinions. **DISPUTED** that Dr. Hubbard's opinions are correct.

*See* Carmody Decl., PX1024 (Bernheim Rebuttal Report at §§ IV & V); PX0694 (Snow Rebuttal

---

[865] *Id.*, Ex. 9 (Hubbard Opening ¶ 63).
[866] *Id.*, Ex. 9 (Hubbard Opening, Ex. 10A, 10B).

Report at § III.A & Figs. 2-5).





*Credit Suisse*

611.     There is no record evidence that Credit Suisse ████████████████████ ████████████████████[867]

**PLAINTIFFS' RESPONSE: DISPUTED**[b,e,f] that Exhibits 26 and 27 to the Credit Suisse Declaration are consistent with the assertion in Paragraph 611. *See* Credit Suisse Decl., Ex. 27 at ¶¶ 110-111 (Cragg Opening Report) ████████████████████

████████████████████

████████████████████

████████████████████

████████████████████

---

[867] *See id.*, Ex. 27 (Cragg Opening ¶¶ 110-111); *id.*, Ex. 26 (M. Cragg July 25, 2024 Dep. Tr. 41:5-11; 50:1-5; 104:9-105:20).



Ex. 26 (Cragg July 25, 2024 Dep.) at 104:9-105:20

**DISPUTED** that

*See* Carmody Decl., PX0730 ( Dep. at 198:24-199:15



PX1294 (CSAG_00123208)

PX0747 ( ██████ Dep.

at 115:18-116:14

**DISPUTED** that

*See* PJC ¶ 273.

612.

.[868] Credit Suisse's expert, Dr. Divya Mathur, evaluated

[869]

---

[868] Credit Suisse Decl., Ex. 15 (Rebuttal Report of Dr. Divya Mathur, dated June 18, 2024 ("Mathur Reb.") ¶ 80).
[869] *Id.*, Ex. 15 (Mathur Reb. ¶¶ 85, 94 (similar)).

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 612 are Dr. Mathur's opinions. **DISPUTED** that Dr. Mathur's opinions are correct. *See* Carmody Decl., <u>PX1025</u> (Bernheim Reply Report at § VII.C-VII.E). **DISPUTED** that ███████████████████████ ███████████████████████████████████████████████████████████ ██████████████████ *See* PJC ¶ 273.

**FFFP PLAINTIFFS' RESPONSE: NO POSITION.**

613.    According to Dr. Mathur, ███████████████████████████████ ███████████████████████████████████████████[870]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 613 are Dr. Mathur's opinions. **DISPUTED** that Dr. Mathur's opinions are correct. *See* Carmody Decl., <u>PX1025</u> (Bernheim Reply Report at § VII.C-VII.E). **DISPUTED** that ███████████████████████ ███████████████████████████████████████████████████████████ ██████████████████ *See* PJC ¶ 273.

**FFFP PLAINTIFFS' RESPONSE: NO POSITION.**

614.    Dr. Mathur finds that, ██████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████[871]

---

[870] *Id.*, Ex. 15 (Mathur Reb. ¶ 95); *see also id.*, Ex. 15 (Mathur Reb. Figs. 5.1, 5.2, 5.3, 5.4) (██████████████████████████████████).
[871] *Id.*, Ex. 15 (Mathur Reb. ¶ 95).

351

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 614 are Dr. Mathur's opinions. **DISPUTED** that Dr. Mathur's opinions are correct. *See* Carmody Decl., PX1025 (Bernheim Reply Report at § VII.C-VII.E). **DISPUTED** that ███████████████████████

██████████████████████████████████████████████

████████████████ *See* PJC ¶ 273.

**FFFP PLAINTIFFS' RESPONSE: NO POSITION.**

615. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████"[872]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 615 are Dr. Mathur's opinions. **DISPUTED** that Dr. Mathur's opinions are correct. *See* Carmody Decl., (Bernheim Reply Report) at § VII.C-VII.E. **DISPUTED** that █████████████████████

████████████████████████████████████████████████

████████████████ *See* PJC ¶ 273.

**FFFP PLAINTIFFS' RESPONSE: NO POSITION.**

616. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████[873]

---

[872] *Id.*, Ex. 15 (Mathur Reb. ¶ 95 n.244).
[873] *Id.*, Ex. 15 (Mathur Reb. ¶ 95 n.242).

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 616 are Dr. Mathur's opinions. **DISPUTED** that Dr. Mathur's opinions are correct. *See* Carmody Decl., <u>PX1025</u> (Bernheim Reply Report at § VII.C-VII.E). **DISPUTED** that ███████████████████

████████████████████████████████████████████████████

███████████████ *See* PJC ¶ 273.

**FFFP PLAINTIFFS' RESPONSE: NO POSITION.**

617. ████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████[874]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 617 are Dr. Mathur's opinions. **DISPUTED** that Dr. Mathur's opinions are correct. *See* Carmody Decl., <u>PX1025</u> (Bernheim Reply Report at § VII.C-VII.E). **DISPUTED** that ███████████████████

████████████████████████████████████████████████████

███████████████ *See* PJC ¶ 273.

**FFFP PLAINTIFFS' RESPONSE: NO POSITION.**

618. ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[874] *Id.*, Ex. 15 (Mathur Reb. ¶ 95 n.244 (emphasis added)).

██████████ ▀▀[875] ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████ [876]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 618 are Dr. Mathur's opinions. **DISPUTED** that Dr. Mathur's opinions are correct. *See* Carmody Decl., PX1025 (Bernheim Reply Report at § VII.C-VII.E). **DISPUTED** that ████████████████████ ████████████████████████████████████████

██████████████████ *See* PJC ¶ 273.

**FFFP PLAINTIFFS' RESPONSE: NO POSITION.**

619. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████ [877] ██████████████████████████████

████████████████████████████████████████

████████████████████████████████ ▀▀[878]

**OTC PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 619 are Dr. Mathur's opinions. **DISPUTED** that Dr. Mathur's opinions are correct. *See* Carmody Decl., PX1025

---

[875] *Id.*, Ex. 15 (Mathur Reb. ¶ 95 n.244 (emphasis added)).
[876] *Id.*, Ex. 15 (Mathur Reb. ¶ 95 n.242).
[877] *Id.*, Ex. 15 (Mathur Reb. ¶ 95 n.244).
[878] *Id.*, Ex. 15 (Mathur Reb. ¶ 95 n.242).

(Bernheim Reply Report at § VII.C-VII.E). **DISPUTED** that ███████████████████

████████████████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 273.

**FFFP PLAINTIFFS' RESPONSE:** **NO POSITION.**

620.  ████████████████████████████████████████████████████

███████████████████████████████████████[879]

**OTC LAINTIFFS' RESPONSE: ADMITTED**[(a,c,e)] that Paragraph 620 are Dr. Mathur's opinions. **DISPUTED** that Dr. Mathur's opinions are correct. *See* Carmody Decl., <u>PX1025</u> (Bernheim Reply Report at § VII.C-VII.E). **DISPUTED** that ███████████████████

████████████████████████████████████████████████████████████████████

████████████████ *See* PJC ¶ 273.

**FFFP PLAINTIFFS' RESPONSE:** **NO POSITION.**

621.    Dr. Mathur's expert report ████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████[880]

**PLAINTIFFS' RESPONSE: AGREED**[(a,e,f)] that Exhibit █ to the Credit Suisse Declaration is consistent with the assertion in Paragraph 621. **DISPUTED** that Exhibit █ to the Credit Suisse Declaration is consistent with the assertion in Paragraph 621. *See* Credit Suisse Decl., Ex. ████

████████████████████████████████████████████████████████████████████

---

[879] *Id.*, Ex. 15 (Mathur Reb. ¶ 96 (emphasis added)).
[880] Credit Suisse Decl., Ex. █ (████████ Dep. Tr. 252:25-253:10).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████ **DISPUTED** that ████████████████████████████████

████████████████████████████████████████████████████

███████████████████ *See* PJC ¶ 273. **DISPUTED** that ████████████████████

████████████████████████████████████████████████████ *See* PJC ¶

263.

*JPMorgan*

622.    JPMorgan's independently retained expert, Dr. Dennis Carlton, ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████""[881]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,c,e)] that Paragraph 622 are Dr. Carlton's opinions.

**DISPUTED** that Dr. Carlton's opinions are correct. *See* Carmody Decl., PX1024 (Bernheim

Rebuttal Report at § VII.C). **DISPUTED** that ███████████████████████████████████

████████████████████████████████████████████████████

[881] JPMorgan Decl., Ex. 20 (Carlton Opening ¶¶ 36, 37-42).

███████ *See* PJC ¶ 279.

623.    Dr. Carlton ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████.[882]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 623 are Dr. Carlton's opinions.

**DISPUTED** that Dr. Carlton's opinions are correct. *See* Carmody Decl., PX1025 (Bernheim Reply

Report at ¶¶ 271-272 & Fig. 45); PX1582 (Cragg Sur-Rebuttal Report at ¶¶ 147-151 ██████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████)); PX0315 (Marx Rebuttal Report at §§ IV.C.1-IV.C.7); PX0694 (Snow Rebuttal Report

at §§ VI.C-VI.D). **DISPUTED** that ███████████████████████████████

████████████████████████████████████████████████████. *See* PJC

¶ 279.

624.    ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████[883]████████████████████████████

████████████████████████████████████████████████████████████

---

[882] *Id.*, Ex. 20 (Carlton Opening ¶¶ 23-27).
[883] *Id.*, Ex. 20 (Carlton Opening ¶ 29).

357

███████████████████████████████████████████████████

███████████████████████████████████████████████████.[884]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,c,e] that Paragraph 624 are Dr. Carlton's opinions.

**DISPUTED** that Dr. Carlton's opinions are correct. *See* Carmody Decl., <u>PX1025</u> (Bernheim Reply

Report at ¶¶ 271-272 & Fig. 45); PX1024 (Bernheim Rebuttal Report at ¶¶ 61-63; PX1582 (Cragg

Sur-Rebuttal Report at ¶¶ 147-151); PX1267 (Cragg Rebuttal Report at ¶ 21); ████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████); PX0315 (Marx Rebuttal Report at

§ IV.C.); PX0694 (Snow Rebuttal Report at § VI.D.2). **DISPUTED** that ████████████████

███████████████████████████████████████████████████

███████ *See* PJC ¶ 18. **DISPUTED** that ████████████████████████████████

███████████████████████████████████████████████████

███████ *See* PJC ¶ 279.


**FFFP PLAINTIFFS' SEPARATE RESPONSE**: **DISPUTED** that Dr. Carlton's opinions apply

to the FFFP Plaintiffs' Relevant Period. *See* JPMorgan Decl., Ex. 20 at ¶ 30 ██████████

███████████████████████████████████████████████).

625.    Despite JPMorgan being one of the safest Panel Banks, if not the safest,

Dr. Bernheim's ████████████████████████████████████████████████████

---

[884] *Id.*, Ex. 20 (Carlton Opening ¶ 30).

████████████████████████████████████, [885] ████████████████████████

██████████████████████████████ [886] Dr. Carlton ███████████████████

████████████████████████████████████████████████████████ [887]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,c,e)] that Paragraph 625 are Dr. Carlton's opinions.

**DISPUTED** that Dr. Carlton's opinions are correct. *See* Carmody Decl., PX1025 (Bernheim Reply

Report at § IV.F); PX1582 (Cragg Sur-Rebuttal Report at ¶¶ 147-151); PX0694 Snow Rebuttal

Report) at §§ VI.A–VI.D. **DISPUTED** that ████████████████████████████

████████████████████████████████████████. *See* PJC ¶ 18. **DISPUTED**

that ████████████████████████████████████████████████████████████

████████████████████████████████████. *See* PJC ¶ 279.

626.    Dr. Carlton ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ [888]

**PLAINTIFFS' RESPONSE:** **ADMITTED**[(a,c,e)] that Paragraph 626 are Dr. Carlton's opinions.

**DISPUTED** that Dr. Carlton's opinions are correct. *See* Carmody Decl., PX1025 (Bernheim Reply

Report at § IV.F); PX1582 (Cragg Sur-Rebuttal Report at § 6.1.2; *id.* (Cragg Sur-Rebuttal Report

at ¶ 142 ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████,

---

[885] *Id.*, Ex. 21 (Rebuttal Report of Dennis W. Carlton, dated June 18, 2024 ("Carlton Reb.") ¶ 77).
[886] *Id.*, Ex. 21 (Carlton Reb. ¶ 75).
[887] *Id.*, Ex. 21 (Carlton Reb. ¶ 74).
[888] *Id.*, Ex. 21 (Carlton Reb. ¶ 23); *see also id.*, Ex. 22 (Carlton Reply ¶ 16).

██████████████████████████████████████ PX1267 (Cragg Rebuttal

Report at ¶ 22 ██████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████ PX0694 (Snow Rebuttal Report at §§

VI.A-VI.D); PX0315 (Marx Rebuttal Report at ¶¶ 76-84). **DISPUTED** that ████████████

███████████████████████████████████████. *See* Carmody Decl.,

PX1569 (Cragg Opening Report at ¶ 111 ██████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████ (footnotes omitted); PX0317 (Marx Reply Report at ¶ 198 ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

**DISPUTED** that ████████████████

████████████████ *See* PJC ¶

18. **DISPUTED** that ████████████████████

████████████████ *See* PJC ¶ 279.

### C. The Evidence Is Inconsistent with Plaintiffs' Profit-Motive Theory of Suppression

*Barclays*

627. ████████████████████████. [889]

<u>**PLAINTIFFS' RESPONSE:**</u> **ADMITTED**[a,c] that ████████████

████████████████████████████████

████████████████ **DISPUTED** that ████████████

████████████████ *See* PJC ¶ 293.

*Citi*

628. ████████████████████████

████████████████████████████████

████████████ [890] ████████████████

████████████ [891] ████████████████

---

[889] *See, e.g.*, Barclays Decl., Ex. █ (████████████████
████) (████████████████████
[890] Citi Decl., Ex. █ ██████ Witness Statement ¶ 31).
[891] *Id.*, Ex. █ (██████ Witness Statement ¶ 31).

███████████████████████████████████████████████████████████████

████████████████████[892]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,e] that Exhibits █ and █ to the Citi Declaration are consistent with the assertions in Paragraph 628.

**OTC PLAINTIFFS' ADDITIONAL RESPONSE: DISPUTED** that ███████████████████████

██████████████████████████████████ *See* PJC ¶ 293.

*Credit Suisse*

629.    Credit Suisse's corporate representative, ██████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████[893]

**PLAINTIFFS' RESPONSE: DISPUTED**[b,d] that the quote in Paragraph 629 is a "fact"; the quote is a question posed by Credit Suisse's counsel. *See* Credit Suisse Decl., Ex. █ (████████ Dep. Tr. 246:2-15). **DISPUTED** that Exhibit █ to the Credit Suisse Declaration supports the assertion in Paragraph 629. *See* Credit Suisse Decl., Ex. █.

---

[892] *Id.*, Ex. █ (██████████. Tr. 268:10-24).
[893] Credit Suisse Decl., Ex. █ (████████ Dep. Tr. 246:2-15)
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████).

**OTC PLAINTIFFS' ADDITIONAL RESPONSE: DISPUTED** that ██████████████████ ██████████████████████████████████████. *See* PJC ¶ 293.

*HBOS*

630. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████.[894]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,e)] that Exhibit 1 to the Lloyds Bank Declaration is consistent with the assertions in Paragraph 630.

**OTC PLAINTIFFS' ADDITIONAL RESPONSE: DISPUTED** that ██████████████████ ████████████████████████████████████ *See* PJC ¶ 293.

*Lloyds Bank*

631. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████.[895]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,e)] that Exhibits █ and █ to the Lloyds Bank Declaration is consistent with the assertions in Paragraph 631.

---

[894] Lloyds Bank Decl., Ex.█ (█████ Dep. Tr. 259:11-261:9).
[895] *Id.*, Ex.█ (█████ Dep. Tr. 215:16-216:16); *id.*, Ex.█ (█████ Dep. Tr. 221:12-222:12).

**OTC PLAINTIFFS' ADDITIONAL RESPONSE: DISPUTED** that ███████████████ ███████████████████████████ *See* PJC ¶ 293.

*NatWest*

632.    ████████████████████████████████████

████████████████████████████.[896] ███████████████

████████████████████████████████████████

███████████████████.[897]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,e,f] that Exhibit █ to the NatWest Declaration is consistent with the second assertions in Paragraph 632. **DISPUTED** that Exhibit █ to the NatWest Declaration supports the first assertion in Paragraph 632. *See* NatWest Decl., Ex. █ (██████ Dep. at 38:11-39:6 (███████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████

**OTC PLAINTIFFS' ADDITIONAL RESPONSE: DISPUTED** that ███████████████ ███████████████████████████. *See* PJC ¶ 293.

*Norinchukin*

633.    The individuals responsible for submitting Norinchukin's USD LIBOR rates ███

████████████████████████████████████

---

[896] NatWest Decl., Ex. ██████ Dep. Tr. 38:23-39:6).
[897] *See id.*, Ex. █ (██████ Dep. Tr. 48:13-49:12).

███████████████████████████████[898]. ████████████████████████████

████████████████████████████████████████████████████████████████

████████████  ██████████ █ █████ ████  █████████ █ █████████  ███████████

████████████████████████████████████████████[899]

**PLAINTIFFS' RESPONSE: ADMITTED**[(a,e)] that Exhibits ████████ to the Norinchukin

Declaration are consistent with the assertions in Paragraph 633. **DISPUTED** that Norinchukin's

USD LIBOR submitters ███████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████ *See* Carmody Decl., ~~PX~~ **PX** █████ ███████████████ Depo. at 227:16-18

(**Norinchukin**: ███████████████████████████████████████████████████

████████████ PX ████ (██████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████. **DISPUTED** that ███████████████████████████████████████████

████████████████████████████████████████████████████ *See id.*

**OTC PLAINTIFFS' ADDITIONAL RESPONSE: DISPUTED** that ██████████████████████

████████████████████████████████████████████. *See* PJC ¶ 293.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO.
633:** In paragraph 633 of Defendants' Statement, Norinchukin stated that the individuals

---

[898] Norinchukin Decl., Ex. █ ████ Dep. Tr. 224:20-225:8); *id.*, Ex. █ (██████ Dep. Tr. 242:19-243:1).
[899] *Id.*, Ex. █ ████ Dep. Tr. 225:9-23); *id.*, Ex. █ (████████ Dep. Tr. 123:16-124:3); *id.*, Ex. █ (██████ Dep. Tr. 243:2-7).

responsible for submitting USD LIBOR rates █████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████ In response, Plaintiffs dispute that Norinchukin's USD LIBOR submitters ████
████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████ Plaintiffs incorrectly identify
the cited testimony as testimony from Norinchukin's 30(b)(6) witness, ████████████ (PX1481);
the testimony cited in Plaintiffs' Response to paragraph 633 is testimony from the deposition of
████████████ taken pursuant to Rule 30(b)(1).  *See* Supplemental Declaration of Tom A.
Paskowitz in Further Support of Defendants' Joint Motion for Summary Judgment on "Upstream"
Issues ("Norinchukin Reply Decl."), Ex. █ (████████ Dep. Tr. 227:16-18).  In any event, Plaintiffs
do not dispute the underlying material fact that Norinchukin's USD LIBOR submitters ████
████████████████████████████████████████████████████████████

Plaintiffs have not proffered any evidence demonstrating that Norinchukin's USD LIBOR
submitters ████████ The record evidence demonstrates that Norinchukin's USD LIBOR submitters
██████████████████████████████████████████████████████.  *See* Norinchukin
Decl. [ECF No. 4180], Ex. █ ████████ Dep. Tr. 220:12-221:16; 225:9-23); *id.*, Ex. █ ████████
Dep. Tr. 27:19-28:25; 123:16-124:3); *id.*, Ex. █ (████████ Dep. Tr. 243:2-7); *id.*, Ex. █ ███
Dep., Ex. 35, at 2).  Because Plaintiffs do not dispute the factual statement in paragraph 633, fail
to properly address the statement, and fail to create a genuine dispute of fact concerning the
statement, the Court should therefore deem Defendants' statement in paragraph 633 admitted by
Plaintiffs.  Fed. R. Civ. P. 56(c), (e).

**<span style="color:red">PLAINTIFFS' ERRATA TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO.
633 SUBMITTED ON FEB. 27, 2025 AND INCORPORATED IN REDLINE ABOVE</span>**<span style="color:red">:  In
Paragraph 633, the text "PX███ (████████ Depo. . . .)" is replaced with "PX███ (████████
Depo. . . .)".</span>

***Rabobank***

      634.  ██████████████████████████████████████████

██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████████████████.[900]

**PLAINTIFFS' RESPONSE: ADMITTED**[a,e] that Exhibits █ and █ to the Rabobank Declaration

---

[900] Rabobank Decl., Ex.█ ████████ Dep. Tr. 202:19-203:5); *id.*, Ex.█ (████████ Dep. Tr. 203:11-23).

are consistent with the assertions in Paragraph 634.

**OTC PLAINTIFFS' ADDITIONAL RESPONSE:** DISPUTED that ███████████
█████████████████████████████████████████████. *See* PJC ¶ 293.

*UBS*

635.    Documents show ███████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████[901]

██████████████████████████████████████████████[902]

████████████████████████████████████████████.[903]

████████████████████████████████

██████████.[904] The UBS DOJ NPA found only "two occasions" in which UBS traders "made

---

[901] UBS Decl., Ex. ██ (███████ (UBS) Dep., Ex. A, at 4 (LIBOTCPL0242680) (██████████████████
[902] *Id.*, Ex. ██ (███████████████████████████████████████████████
███████████████ *id.*, Ex. ██ (████████h (UBS) Dep., Ex. A, at 17 (LIBOTCPL0242680))
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
[903] *Id.*, Ex. ██ (███████ (UBS) Dep., Ex. 19, at 1 (MDL_OTC_UBS_0112819 at -819))
███████████████████████████████████████ *id.*, Ex. ██ (███████ (UBS) Dep.,
Ex. A, at 4 (LIBOTCPL0242680))████████████████████████████████ *id.*, Ex. ██
████████h (UBS) Dep., Ex. A, at 5 (LIBOTCPL0242680))█████████; *id.*, Ex. ██ (███
███████████████████████ MDL_OTC_UBS_1361658 at -658)██████████████████
████████████████; *id.*, Ex. ██ (██
██████████████ MDL_OTC_UBS_1361693 at -693)██████████████████████████
████████████████████████████████████████████████████████████████
████████████████)); *id.*, Ex. ██ (██
████████████████ MDL_OTC_UBS_1361816 at -816)██████████████████████
[904] *Id.*, Ex. ██ (██ Decl. ¶ 13).

requests for favorable Dollar LIBOR submissions," one of which was not within the Relevant Period, and both of which were rejected.[905]

**PLAINTIFFS' RESPONSE: AGREED**[a,e] that the cited materials are consistent with the assertions in Paragraph 635. **DISPUTED** that ███████████████████████████████ ███████████████████████████████████████ *See* Carmody Decl., PX0350 (MDL_OTC_UBS_0999851 ██████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ █████████████████████████████████████ **DISPUTED** that ████████ ████████████████████████████████████████████████ ████████ *See* Source Cited in Response to Paragraph 188. **DISPUTED** that the UBS DOJ NPA cleared UBS of the conduct at issue in this litigation. *See* UBS DOJ NPA at ¶ 102 (starting in August 2007, UBS directed its USD LIBOR submitters to "err on the low side" of submissions relative to other banks to protect UBS's reputation); *id*. at ¶¶ 115-116 (in April 2008, UBS directed submissions to be "in the middle of the pack," after which UBS's USD LIBOR submissions moved to the middle of the pack); *id*. at ¶¶ 120-122 (starting in June 2008, UBS directed its USD LIBOR submitters to "get in line with the competition" because UBS was an outlier relative to other Panel banks, and for the following 10-months, UBS's 3-month USD LIBOR submission matched the published USD LIBOR fix exactly, and its other USD LIBOR submissions were "largely consistent" with the published USD LIBOR fix).

---

[905] UBS DOJ NPA, *supra* note 292, ¶¶ 88-90; UBS DOJ NPA, *supra* note 292, ¶ 89 ("The LIBOR submitter did not accommodate the derivatives trader's request."); UBS DOJ NPA, *supra* note 292, ¶ 90 (a request by a trader to lower UBS's USD LIBOR submission made outside the Relevant Period was "not accommodate[d]" and the trader was "informed . . . that s/he should not send such a communication").

**OTC PLAINTIFFS' ADDITIONAL RESPONSE:** **DISPUTED** that ███████████

█████████████████████████████████████. *See* PJC ¶ 293.

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO PARAGRAPH NO. 635:** Plaintiffs improperly interject immaterial facts without specifically controverting Defendants' statement in paragraph 635. Plaintiffs "AGREE[] that the cited materials are consistent with" the fact that ███████████████████████████████████████ ████████████ Plaintiffs simultaneously dispute that ████████████████ ████████████████████████ and the OTC Plaintiffs dispute that UBS "did not profit from the alleged conspiracy," yet fail to identify any evidence sufficient to support their disputes or create a triable issue of material fact concerning the statement in paragraph 635. Plaintiffs cite a quote from ██████████████████████████ ████████████████████████████████ *See* Defs.' Stmt. ¶¶ 173, 177. In any event, the quoted material does not come close to suggesting that UBS ██████████████████████ ████████████████████████████████████████████ ███████████████████ *See id.* ¶ 177 (citing UBS Decl., Ex. █ (██████████ Dep., Ex. A, at 5-7)). Further, with respect to ████████████████████████████████████ ████████████████████████████████████████████ ████████████ *Id.* ¶ 181 (quoting UBS Decl., Ex. █ (██████████ Dep., Ex. A, at 11)). Additionally, to the extent the OTC Plaintiffs reference an alleged conspiracy, OTC Plaintiffs' purported dispute rests on their incorrect assumption that ██████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████ Defs.' Joint Mot. for Summary Judgment at 62 (citing Defs.' Stmt. ¶¶ 39, 71, 87, 91-93, 136, 193, 233, 239, 257); *see* Blakemore Decl., Ex. 29 (Asker Opening ¶ 17); *id.*, Ex. 41 (Asker OTC Reb. ¶ 32. Finally, "DISPUTE[] that the UBS DOJ NPA cleared UBS of the conduct at issue in this litigation" is vague and not responsive to any assertions made by Defendants in paragraph 635. Because Plaintiffs do not dispute the factual statement in paragraph 635, fail to properly address the statement, and fail to create a genuine dispute of fact concerning the statement, the Court should deem Defendants' statement in paragraph 635 admitted by Plaintiffs. Fed. R. Civ. P. 56(c), (e).

**D.    The Alternative Benchmark Plaintiffs Use to Estimate "But-For" LIBOR**

636.    ICAP served interrogatory responses in the MDL stating:

a.    ████████████████████████████████████████

████████  ██████  ████  ████  ████  ██████  ████  ████



██████████ „906

b. ████████████████████████████████████████
████████████████████████████████████████

████████ 907

c. ████████████████████████████████████████

███████████████████████████ 908

d. ████████████████████████████████████████

████████████████████████████████████████

████████████████████ „909

e. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████ 910

f. ████████████████████████████████████████

████████████████████████████████████████

████████████████████ 911

g. ████████████████████████████████████████

906 Blakemore Decl., Ex. 38 (ICAP Capital Markets LLC's Second Resp. to "Questions from Defendants re: ICAP transactional data production" 1 (Dec. 12, 2016)).

907 *Id.*, Ex. 38 (ICAP Capital Markets LLC's Second Resp. to "Questions from Defendants re: ICAP transactional data production" 1, 6 (Dec. 12, 2016)).

908 *Id.*, Ex. 38 (ICAP Capital Markets LLC's Second Resp. to "Questions from Defendants re: ICAP transactional data production" 2 (Dec. 12, 2016)).

909 *Id.*, Ex. 39 (ICAP Capital Markets LLC's First Resp. to "Questions from Defendants re: ICAP transactional data production" 5 (Nov. 28, 2016)).

910 *Id.*, Ex. 39 (ICAP Capital Markets LLC's First Resp. to "Questions from Defendants re: ICAP transactional data production" 5 (Nov. 28, 2016)).

911 *Id.*, Ex. 39 (ICAP Capital Markets LLC's First Resp. to "Questions from Defendants re: ICAP transactional data production" 5 (Nov. 28, 2016)).

██ .[912]

h.      ███████████████████████████████████████████

████████ .[913]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e,f)] that Exhibit 38 to the Blakemore Declaration is consistent with contained in Paragraph 636 (a), (b), (c), (d), (e), and (f). *See also* Carmody Decl., PX1025 (Bernheim Reply Report at §§ III.A.2, III.C, III.D, & IV.B.2). **DISPUTED** that Exhibit 38 of the Blakemore Declaration is consistent with the assertion in Paragraph 636(g). *See* Blakemore Decl., Ex. 38 (response limited to 6m Eurodollar). **DISPUTED** that Exhibit 38 of the Blakemore Declaration is consistent with the assertion in Paragraph 636(h). *Id*. ████████████

██████████████████████████████████

637.     ███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ [914]

**PLAINTIFFS' RESPONSE**: **ADMITTED**[(a,b,e,f)] that the quote in Paragraph 637 appears in Exhibit 40 to the Blakemore Declaration. *See also* Carmody Decl., PX1025 (Bernheim Reply Report at § III.C.1). **DISPUTED that** ████████████████████. *See* Blakemore Decl., Ex. 40 ████████████████████████████████

---

[912] *Id.*, Ex. 38 (ICAP Capital Markets LLC's Second Resp. to "Questions from Defendants re: ICAP transactional data production" 6 (Dec. 12, 2016)) (Response to second part of Question 17, ████████████

████████████████████████████████████

██████ .

[913] *Id.*, Ex. 38 (ICAP Capital Markets LLC's Second Resp. to "Questions from Defendants re: ICAP transactional data production" 6 (Dec. 12, 2016))

████████████████████████████████████

████████████████████████████████████

████████████████████████████████

[914] *Id.*, Ex. 40 (Email from ███████ (RK&O) to ████████████████████████

████████████████ ).

638. █████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████ [915]

**<u>OTC PLAINTIFFS' RESPONSE</u>: NO POSITION.**

**<u>FFFP PLAINTIFFS' RESPONSE</u>: DISPUTED** that the percentages identified in Paragraph 368

are correct. *See* Carmody Decl., PX0696 (Snow Reply Report at Figs. 45 & 46).

---

[915] *Id.*, Ex. 34 (Hubbard FFFP Reb. ¶ 65).

Dated: April 10, 2025
      New York, New York

Respectfully submitted,


/s/ Arthur J. Burke
Arthur J. Burke
Sheila R. Adams James
Patrick W. Blakemore
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Fax: (212) 450-4800
arthur.burke@davispolk.com
sheila.adams@davispolk.com
patrick.blakemore@davispolk.com

*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., Merrill Lynch & Co., Merrill Lynch Capital Services, Inc., and Merrill Lynch International Bank*

/s/ Jeffrey T. Scott
Jeffrey T. Scott
Matthew J. Porpora
Jonathan S. Carter
Stephen H. O. Clarke
Mark A. Popovsky
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Fax: (212) 558-3588
scottj@sullcrom.com
porporam@sullcrom.com
carterjo@sullcrom.com
clarkest@sullcrom.com
popovskym@sullcrom.com

*Attorneys for Defendant Barclays Bank PLC*

*/s/ Andrew A. Ruffino*
Andrew A. Ruffino
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
aruffino@cov.com

Andrew D. Lazerow
Stephen M. Rees
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
alazerow@cov.com
srees@cov.com

*Attorneys for Defendants Citibank, N.A.,*
*Citigroup Inc., and Citigroup Financial*
*Products, Inc.*

*/s/ David R. Gelfand*
David R. Gelfand
Robert C. Hora
Andrew B. Lichtenberg
Stephen P. Morgan
MILBANK LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Fax:  (212) 530-5219
dgelfand@milbank.com
rhora@milbank.com
alichtenberg@milbank.com
smorgan1@milbank.com

Mark D. Villaverde
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Fax:  (213) 629-5063
mvillaverde@milbank.com

*Attorneys for Defendant Coöperatieve*
*Rabobank U.A. (f/k/a Coöperatieve Centrale*
*Raiffeisen-Boerenleenbank B.A.)*

/s/ Herbert S. Washer

Jason Hall
Herbert S. Washer
Joel Kurtzberg
Edward N. Moss
Lauren Perlgut
Adam S. Mintz
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, New York 10005
Telephone: (212) 701-3000
Fax: (212) 269-5420
jhall@cahill.com
hwasher@cahill.com
jkurtzberg@cahill.com
emoss@cahill.com
lperlgut@cahill.com
amintz@cahill.com

*Attorneys for Defendants Credit Suisse AG,
Credit Suisse Group AG and Credit Suisse
International*

/s/ Aidan Synnott

Aidan Synnott
Hallie S. Goldblatt
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Fax: (212) 757-3990
asynnott@paulweiss.com
hgoldblatt@paulweiss.com

*Attorneys for Defendant Deutsche Bank AG*

375

/s/ Roger B. Cowie
Roger B. Cowie
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Fax: (214) 740-8800
roger.cowie@troutman.com

J. Matthew Goodin
Julie C. Webb
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0472
Fax: (312) 896-6472
matt.goodin@troutman.com
julie.webb@troutman.com

*Attorneys for Defendants HSBC Holdings plc, HSBC Bank plc, and HSBC Bank USA, N.A.*

/s/ Alan C. Turner
Alan C. Turner
Rachel S. Sparks Bradley
425 Lexington Ave.
New York, New York 10017-3954
Telephone: (212) 455-2000
Fax: (212) 455-2502
aturner@stblaw.com
rachel.sparksbradley@stblaw.com

Abram Ellis
900 G Street NW, Ste. 900
Washington DC, 20001
Telephone: (202) 636-5500
Fax: (202) 636-5502
aellis@stblaw.com

*Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., JPMorgan Dublin plc, JPMorgan Markets Limited, and Bear Stearns Capital Markets, Inc.*

/s/ Marc J. Gottridge

Marc J. Gottridge
Lisa J. Fried
HERBERT SMITH FREEHILLS NEW
YORK LLP
200 Park Avenue
New York, New York 10166
Telephone: (917) 542-7600
Fax: (917) 542-7601
marc.gottridge@hsf.com
lisa.fried@hsf.com

Benjamin A. Fleming
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Fax: (212) 918-3100
benjamin.fleming@hoganlovells.com

*Attorneys for Defendants Lloyds Banking
Group plc, Bank of Scotland plc, Lloyds
Bank plc (f/k/a Lloyds TSB Bank plc) and
HBOS plc*

/s/ David S. Lesser

David S. Lesser
Jamie S. Dycus
Jenny Pelaez
Brian Donovan
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 556-2261
Fax: (212) 556-2100
dlesser@kslaw.com
jdycus@kslaw.com
jpelaez@kslaw.com
bdonovan@kslaw.com

G. Patrick Montgomery
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 737-5444
Fax: (202) 626-3737
pmontgomery@kslaw.com

*Attorneys for Defendants NatWest Markets
plc (f/k/a The Royal Bank of Scotland plc)
and NatWest Group plc (f/k/a/ The Royal
Bank of Scotland Group plc)*

/s/ Brian J. Poronsky
Brian J. Poronsky
J. Matthew Haws
Shannon C. Gross
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Brian.poronsky@katten.com
Matthew.haws@katten.com
Shannon.gross@katten.com

*Attorneys for Defendant Royal Bank of Canada*

/s/ Steven J. Fink
Steven J. Fink
LAW OFFICE OF STEVEN J. FINK PLLC
100 Wall Street, 15th Floor
New York, NY 10005
Telephone: (646) 802-6976
steven.fink@sjfinkpllc.com

Lisa C. Cohen
SCHINDLER COHEN & HOCHMAN
100 Wall Street, 15th Floor
New York, NY 10005
Telephone: (212) 277-6325
lcohen@schlaw.com

*Attorneys for Defendants Portigon AG (f/k/a WestLB AG) and Westdeutsche Immobilien Servicing AG (f/k/a Westdeutsche ImmobilienBank AG)*

/s/ Jefferson E. Bell
Eric J. Stock
Jefferson E. Bell
Kathryn N. Salvaggio
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
estock@gibsondunn.com
jbell@gibsondunn.com
ksalvaggio@gibsondunn.com

*Attorneys for Defendants UBS AG and UBS Limited*